UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>All Cases | MDL No. 1:23-md-03083-ADB |

**MDL Order No. 3**
**(Initial Status Conference)**

BURROUGHS, D.J.

Counsel are hereby ordered to meet and confer prior to the initial case management conference, which will take place on November 30, 2023 at 2:00 PM in Courtroom 17 at 1 Courthouse Way, Boston, Massachusetts, and to provide to the Court, by November 22, 2023, a report, or reports if there isn't agreement, that provides at least the following:

1. The names of a limited number of counsel designated to represent each of the different constituencies at the initial case management conference.

2. A spreadsheet identifying each individual case and counsel that have appeared in each case. The spreadsheet shall also indicate if there are different types of cases (e.g. class actions vs. individual actions).

3. A list of proposed agenda items for the initial case management conference.

4. A proposed procedure and schedule for managing this litigation as efficiently as possible.[1]

5. A schedule for providing the Court, shortly after selection of the case management structure as discussed in paragraph 4, <u>supra</u>, with a case management plan that includes at least the following:

    a. a proposed case schedule;

    b. a plan for the parties to exchange information about the factual bases for their claims and defenses;

    c. a proposed plan for efficient discovery; and

    d. a list and short description of any likely pretrial issues or motions and a plan for addressing them.

6. A schedule for additional management conferences with the Court.

7. Identification of:

    a. any pending motions and whether they need to be addressed or are moot;

    b. any existing orders or schedules and whether they should be vacated or modified;

    c. the principal factual and legal issues likely to be presented in the MDL.

8. Whether consolidated pleadings should be prepared to account for the multiple actions included in the MDL.

9. Whether the Court should consider measures to facilitate settlement of some or all actions and if so a suggested structure.

---

[1] If the proposed structure contemplates various roles for counsel, any proposal should be as specific as possible, including for example: (1) the responsibilities and authority of counsel in any particular role; (2) the structure, responsibilities, and authority of any proposed group of counsel; (3) whether any counsel roles should be regularly reviewed; (4) any limits on activity by counsel that are not in a designated role; (5) proposed methods of communication with the Court, including frequency of status meetings, whether there should be a remote option, etc.; (6) compensation, fee and expense allocation; and (7) efficient and cost-effective case management protocols, including guidelines for staffing, hearing attendance, meeting attendance, travel and administrative expenses, time keeping and rates, and use of outside vendors for case tasks.

10. How to manage the filing of new actions in the MDL proceedings.

11. Whether related actions have been filed or are expected to be filed in other courts, and whether to consider possible methods for coordinating with them.

12. Whether and what matters should be referred to a magistrate judge or a master.

13. Whether the Court should consider a technical advisor, an independent expert or a special master.

**SO ORDERED.**

October 30, 2023

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE