# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>All Cases | MDL No. 1:23-md-03083-ADB-PGL |

## CORRECTED[1] SUPPLEMENTAL RESPONSE TO PLAINTIFFS' JOINT STATUS REPORT FOR THE NOVEMBER 30, 2023 INITIAL CASE MANAGEMENT CONFERENCE

---

[1] This filing is identical to ECF No. 153, but with corrections made to the signature block.

Pursuant to MDL Order No. 3, Counsel in the undersigned actions identified below respectfully submit this supplemental response to the Status Report filed by certain Plaintiffs' counsel in the *In re: MOVEit Customer Data Security Breach Litigation*, MDL No. 1:23-md-03083.

Undersigned counsel join in and adopt the statements made in the Status Report filed by Plaintiffs in response to Questions 1-12, except as to the position taken in Plaintiffs' Status Report as to Fed. R. Civ. P. 23(g)(3) submissions. Although undersigned counsel agree that the Court should appoint interim class counsel expeditiously, undersigned counsel believe that any submissions should occur *after* the upcoming Initial Case Management Conference, whereas certain other Plaintiffs' counsel have indicated that they intend to file their Rule 23(g)(3) submissions simultaneously with or shortly after the filing of Plaintiffs' Status Report.

Undersigned counsel believe this is an important distinction between Plaintiffs, as undersigned counsel seek to have the benefit of the Court's guidance as to the potential organizational structures, a schedule for submissions, and identification of any specific information the Court seeks to be included with the submissions.

For example, certain previous MDL courts have required individual applications seeking specific positions or roles in the MDL, whereas other courts have entertained applications on behalf of a group of attorneys and firms. Consistent with the Manual for Complex Litigation, Fourth, § 10.221, proposed organizational structures traditionally include firms and attorneys appointed to serve as "Lead Counsel," "Liaison Counsel," and attorneys appointed to committees to perform specific tasks such as discovery, or preparing briefs. *Id.* For example, in complex class actions and data breach actions, courts have appointed "traditional" leadership structures which include multiple firms serving as "Lead Counsel" with additional firms serving on a

"Steering Committee" at the direction of lead counsel and firms serving as liaison counsel with the court. Alternatively, courts in other complex class actions and data breach actions have approved leadership structures and appointed multiple different firms to serve as "Lead Counsel" based on a specific defendant or defendant group. Those courts have also included appointments to a "Steering Committee" based on the defendant or defendant group with specific firms serving as "Liaison Counsel" or "Coordinating Counsel" amongst the various cases. Other complex class actions and mass tort actions have appointed "Coordinating Counsel" to oversee all of the various actions while leaving litigation against specific defendant groups to individual teams who are appointed by the court. Undersigned counsel believe that a robust discussion of these proposed scenarios should occur, at the Court's discretion, at the November 30th, 2023 Initial Case Management Conference, prior to the Court's considering and ruling on the appointment of interim class counsel.

  Moreover, given the number of firms who may be potentially interested in serving in a leadership role, undersigned counsel believe that a discussion as to the specific information the Court wishes to receive, along with parameters as to the length and substance of such applications, should occur at the Initial Case Management Conference and that the Court should establish a deadline and a hearing date for the Court to consider such applications. This would be consistent with the guidance provided in the Manual for Complex Litigation, Fourth § 10.224. ("Although the court should move expeditiously and avoid unnecessary delay, an evidentiary hearing may be needed to bring all relevant facts to light or to allow counsel to state their case for appointment and answer questions from the court about their qualifications (the court may call for the submission of résumés and other relevant information). Such a hearing is particularly appropriate when the court is unfamiliar with the attorneys seeking appointment."). Additionally,

given the number of firms who have filed actions, it may be of interest to the Court to appoint certain firms and attorneys who have minimal prior experience in leadership roles in complex class actions to foster the development and growth of the bar, and to open opportunities for those that traditionally have been foreclosed from participation in MDL litigation.[2] Undersigned counsel also believe that the parties should discuss at the Initial Case Management Conference whether it will be necessary to have certain counsel for Defendants designated to coordinate amongst all Defendants as well as related actions that may be pending in other jurisdictions.

In keeping with the foregoing concepts, undersigned counsel propose that the Court consider an interim class counsel structure that is consistent with the guidance from the Manual for Complex Litigation, Fourth as well as recent multidistrict litigation class action data breach cases. Undersigned counsel would like to discuss a proposed structure that would include something similar to the following:

- A) two to four firms appointed as Plaintiffs' co-lead counsel who will have the duties set forth in Section 10.221 of the Manual for Complex Litigation, Fourth;
- B) one firm appointed as Plaintiffs' coordinating liaison counsel who will have the duties of communicating with the Court and oversight over the litigation;
- C) one firm appointed to serve as Plaintiffs' state court coordinating liaison who will have the duties of working with attorneys litigating related state court actions;
- D) ten firms appointed to serve as Plaintiffs' executive committee who will be assigned to specific aspects of the litigation and assigned to specific

---

[2] *See* Bolch Judicial Institute, Duke Law School, Guidelines and Best Practices for Large and MassTort MDLs, at 45 (2d ed., Sept. 2018), https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch (explaining that there is a substantial benefit in increasing leadership appointments for appropriately-qualified younger attorneys in large consolidated class litigation, as it "will improve the likelihood of consideration of diverse ideas and perspectives").

        subcommittees such as a pleading committee, discovery committee, briefing committee, expert committee, and investigation committee;

E)        two firms appointed to serve as Plaintiffs' settlement liaison whereby such attorneys will coordinate with co-lead counsel and the members of the other committees to coordinate their efforts to settle the actions; and

F)        six firms appointed to serve on a leadership development committee whereby attorneys with less experience in complex litigation will participate in all aspects of the case, with co-lead counsel and the members of the other committees providing these individuals with the experience necessary to lead future complex class actions.

Undersigned counsel look forward to discussing these issues with the Parties and the Court.

Date: November 22. 2023

Respectfully submitted,

By: */s/ Gary F. Lynch*
Gary F. Lynch
Nicholas A. Colella
Patrick D. Donathen
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
gary@lcllp.com
nickc@lcllp.com
patrick@lcllp.com

Katrina Carroll
**LYNCH CARPENTER LLP**
111 W. Washington St., Suite 1240
Chicago IL 60602
(312) 750.1265
katrina@lcllp.com

*Counsel for Plaintiffs in:*
*Harris v. Pension Benefit Information, LLC*, *et al.*, No. 1:23-cv-12816
*Eslinger v. CareSource*, No. 1:23-cv-12571
*Evangelista v. National Student Clearinghouse*, No. 1:23-cv-01499
*Moore v. Nuance Communications, Inc.*, No. 1:23-cv-12446
*Canterbury v. Performance Health Technology, LTD*, No. 3:23-cv-01197
*Smith v. Radius Global Solutions*, No. 0:23-cv-03182
*Seidner v. Arietis Health, LLC*, No. 2:23-cv-00944

Melissa H. Maxman (*pro hac vice forthcoming*)
Alisa Lu (*pro hac vice forthcoming*)
**COHEN & GRESSER LLP**
2001 Pennsylvania Ave, NW, Suite 300
Washington, DC 20006
(202) 851-2070
mmaxman@cohengresser.com
alu@cohengresser.com

5

*Counsel for Plaintiff in:*
*Harris v. Pension Benefit Information, LLC, et al.*, No. 1:23-cv-12816

Jonathan S. Abernethy (BBO# 632945)
**COHEN & GRESSER LLP**
800 Third Ave
New York, NY 10022
(212) 707-1322
jabernethy@cohengresser.com

*Counsel for Plaintiff in:*
*Moore v. CareSource, Inc. et al.*, No. 1:23-cv-12574

Jonathan M. Jagher
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
(610) 234.6486
jjagher@fklmlaw.com

*Counsel for Plaintiff in:*
*Harris v. Pension Benefit Information, LLC, et al.*, No. 1:23-cv-12816

Daniel R. Karon
**KARON LLC**
700 W. St. Clair Ave.
Suite 200 Cleveland, OH 44113
(216) 622-1851
dkaron@karonllc.com

*Counsel for Plaintiff in:*
*Moore v. CareSource, Inc. et al*, No. 1:23-cv-12574

Karen H. Riebel
Kate M. Baxter-Kauf
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
khriebel@locklaw.com
Kmbaxter-kauf@locklaw.com

*Counsel for Plaintiff in:*
*Williams v. Pension Benefit Information, et al.*,
No. 1:23-cv-12508

Joseph P. Guglielmo (Bar No. 671410)
Amanda M. Rolon (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444
jguglielmo@scott-scott.com
arolon@scott-scott.com

*Counsel for Plaintiffs in:*
*Casey v. Progress Software Corp.*, No. 1:23-cv-11913
*Guitang v. Talcott Resolution Life Insurance Co.*, No. 1:23-cv-12509
*Young et al v. Progress Software Corp.*, No. 1:23-cv-12342
*Matheson v. Hartford Life and Accident Insurance Co.*, No. 3:23-cv-01122
*Cater v. Hartford Life and Accident Insurance Co.*, No. 3:23-cv-01160
*Washington v. Hartford Life and Accident Insurance Co.*, No. 3:23-cv-01164
*Moore v. Nuance Communications, Inc.*, No. 1:23-cv-12446

Andrea R. Gold (*pro hac vice forthcoming*)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW #1010
Washington, DC 20006
(202) 973-0900
agold@tzlegal.com

*Counsel for Plaintiff in:*
*Eslinger v. CareSource*, No. 1:23-cv-12571

Patrick J. Sheehan (BBO# 639320)
**WHATLEY KALLAS, LLP**
101 Federal Street, 19th Floor
Boston, MA 02110
(617) 203-8459

psheehan@whatleykallas.com

*Counsel for Plaintiffs in:*
*Gilson v. Progress Software Corp.*, No. 1:23-cv-11552
*Moore et al. v. Progress Software Corp.*, No. 1:23-cv-11669

Brian C. Gudmundson
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
(612) 341-0400
brian.gudmundson@zimmreed.com

*Counsel for Plaintiffs in*
*Harris v. Pension Benefit Information, LLC, et al.*, No. 1:23-cv-12816
*White et al. v. Pension Benefit Information LLC, et al.*, No. 0:23-cv-2254
*Eslinger v. CareSource*, No. 1:23-cv-12571
*Moore v. Nuance Communications, Inc.*, No. 1:23-cv-12446
*Smith v. Radius Global Solutions LLC*, No. 0:23-cv-03182
*Seidner v. Arietis Health, LLC*, No. 2:23-cv-00944
*Madden v. Radius Global Solutions LLC*, No. 0:23-cv-02670
*French v. Radius Global Solutions, LLC*, No. 0:23-cv-02992

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: November 22, 2023                                   */s/ Gary F. Lynch*
                                                                              Gary F. Lynch