## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE:  MOVEIT CUSTOMER DATA
SECURITY BREACH LITIGATION

This Document Relates To: All Cases

MDL No. 1:23-md-03083-ADB

### DEFENDANTS' INITIAL STATUS CONFERENCE REPORT

In late May 2023, Progress Software Company ("PSC") discovered that an unauthorized threat actor exploited a previously unknown vulnerability in its file transfer software, MOVEit. As a result, the threat actor was able to access data from government, public, and private organizations worldwide.  Among the affected entities were those who directly contracted with PSC and themselves used MOVEit to facilitate the exchange of data.  Some direct users utilized the software exclusively for their own data transfer purposes; others used it primarily to carry out contractual obligations to other organizations (*i.e.*, vendors).  Other entities were indirectly impacted.  These entities typically shared their customers' or employees' data with vendors and, as a result of the vendor's use of MOVEit, the threat actor was able to access that information.

Within days of the data breach being announced, Plaintiffs began filing class action lawsuits all over the country.  Those suits named—in various combinations—not just PSC, who owned and sold the software, but any identifiable downstream entity.  Consequently, to date, Plaintiffs have brought suit against over sixty (60) defendants.  And, because Plaintiffs frequently filed multiple lawsuits against the same defendant(s), there are well over 200 cases in federal court (with many others having been filed in state court).  On October 4, 2023, the Judicial Panel on Multidistrict Litigation ordered the transfer of an initial batch of ten (10) cases to this Court, while indicating the reasoning in its opinion was largely applicable to the dozens of other cases that had

1

been filed in federal court.  On October 30, 2023, this Court entered an initial set of orders applicable to this multidistrict litigation.

Pursuant to the Court's Order No. 3, counsel for Defendants Progress Software Corporation; Ipswitch, Inc.; Pension Benefit Information LLC; The Berwyn Group, Inc.; Johns Hopkins University; Johns Hopkins Health System Corporation; Teachers Insurance and Annuity Association of America; Arietis Health, LLC, Performance Health Technology Ltd.; Genworth Financial, Inc. (and the related Genworth entities); F&G Annuities & Life, Inc; American National Insurance Company; International Business Machines Corporation; Maximus, Inc.; Maximus Federal Services, Inc.; Unum Group; MassMutual Ascend Life Insurance Company; Corebridge Financial, Inc.; American General Life Insurance Co; FMR LLC; Fidelity Investments Institutional Operations Company LLC; Bank of America Corporation; Chevron Federal Credit Union; Data Media Associates, LLC; The Independent Order of Foresters; Global Atlantic Financial Group, LLC (and related entities); Franklin Mint Federal Credit Union; University of Massachusetts Chan Medical School (and related entities); University of Rochester; Jackson National Life Insurance Company; The Charles Schwab Corporation; TD Ameritrade, Inc.; Hartford Life and Accident Insurance Company; Lumico Life Insurance Company; Talcott Resolution Life Insurance (and related entities); Standard Insurance Company (and related entities); CareSource; Milliman, Inc. (and related entities); MEMBERS Life Insurance Company; CMFG Life Insurance Company; TMG Health Inc.; The Prudential Insurance Company of America; EMS Management & Consultants, Inc.; Financial Institution Service Corp.; Ernst & Young Investment Advisers LLP; Continental Casualty Company; Massachusetts Executive Office of Health and Human Services; the State of Oregon; Athene Annuity and Life Company; and Sun Life and Health Insurance

Company (U.S.) respectfully submit this Initial Status Conference Report in advance of the Initial Case Management Conference scheduled for 2:00 p.m. on November 30, 2023.

Although counsel for various Plaintiffs and various Defendants have met and conferred in connection with the parties' written submissions and shared draft submissions, on account of the continuously expanding roster of cases that comprise this MDL (and the resulting expanding roster of counsel), the parties were not able to make a single joint submission.  The parties, however, have made a short joint submission highlighting the areas in which Defendants and Plaintiffs appear largely in agreement, if not fully aligned.  Moreover, as Defendants have advised Plaintiffs' counsel, they anticipate that joint submissions will be the ordinary case management practice in the near future.  Appointment of Plaintiffs' leadership and selection of Defendants' liaison counsel will enable more seamless exchange among the parties and preparation of joint submissions.  In the interim, Defendants state as follows in response to the information requested pursuant to the Court's Order No. 3:

1.      **Names of counsel designated to represent Plaintiffs and Defendants at the initial case management conference:**

Each Defendant that joins in this Initial Status Conference Report reserves all rights and does not, at this juncture, authorize any counsel other than the counsel engaged by that Defendant to represent it.  However, for purposes of efficiency, Defendants identify the following attorneys who may speak at the November 30, 2023 Initial Case Management Conference, though Defendants will coordinate in advance to minimize the number of speakers:

| Counsel | Law Firm | Client(s) |
|---|---|---|
| Jeff Tsai<br>Eric Forni | DLA Piper LLP | • Progress Software Corporation<br>• Ipswitch, Inc. |

| Counsel | Law Firm | Client(s) |
|---------|----------|-----------|
| Paulyne Gardner<br>Claudia McCarron | Mullen Coughlin | • Pension Benefit Information (Vendor[1])<br>• The Berwyn Group (Vendor Contracting Entity) |
| Aravind Swaminathan | Orrick Herrington & Sutcliffe LLP | • Johns Hopkins University (Direct User)<br>• Johns Hopkins Health System Corporation (Direct User)<br>• Teachers Insurance and Annuity Association of America (Vendor Contracting Entity)<br>• Arietis Health, LLC (Vendor)<br>• Performance Health Technology Ltd. (Vendor) |
| Jack Pirozzolo<br>Eamon Joyce | Sidley Austin LLP | • Genworth Financial, Inc. (and related Genworth entities) (Vendor Contracting Entity)<br>• F&G Annuities & Life, Inc. (Vendor Contracting Entity)<br>• American National Insurance Company (Direct User) |
| Alison Holt Ryan | Hogan Lovells LLP | • International Business Machines Corp. (Direct User)<br>• Maximus, Inc. and Maximus Federal Services, Inc. (Direct User)<br>• Unum Group (Direct User) |
| Carole Rendon<br>Gilbert Keteltas | BakerHostetler LLP | • Chevron Federal Credit Union (Direct User)<br>• Data Media Associates, LLC (Vendor)<br>• Franklin Mint Federal Credit Union (Direct User) |

---

[1] The "Direct User," "Vendor Direct User"/"Vendor," "Vendor Contracting Entity," and "Vendor Contracting Entity Customers" designations are explained in § 4, *infra*.

4

| Counsel | Law Firm | Client(s) |
|---------|----------|-----------|
| | | • Global Atlantic Financial Group, LLC (and related entities) (Vendor Contracting Entity)<br>• The Independent Order of Foresters (Vendor Contracting Entity Customer)<br>• University of Massachusetts Chan Medical School (and related entities) (Direct User)<br>• University of Rochester (Direct User)<br>• Multiple state court defendants |
| John LaSalle | Boies Schiller Flexner LLP | • Jackson National Life Insurance Company (Vendor Contracting Entity) |
| Nathaniel Mendell | Morrison & Foerster LLP | • FMR LLC (Vendor Contracting Entity)<br>• Fidelity Investments Institutional Operations Company LLC (Vendor Contracting Entity) |
| Alexander Southwell<br><br>Brian Kelly | Gibson Dunn & Crutcher LLP<br><br>Nixon Peabody LLP | • The Charles Schwab Corporation (Direct User)<br>• TD Ameritrade, Inc. (Direct User) |
| Craig Mariam<br>Michael Dailey | Gordon Rees Scully Mansukhani, LLP | • Milliman, Inc. (Vendor Contracting Entity)<br>• Milliman Solutions, LLC (Vendor Contracting Entity)<br>• MEMBERS Life Insurance Company (Vendor Contracting Entity Customer)<br>• CMFG Life Insurance Company (Vendor Contracting Entity Customer) |

| Counsel | Law Firm | Client(s) |
|---------|----------|-----------|
| Scott Christie | McCarter & English LLP | • Valley National Bancorp and Valley National Bank (Vendor Contracting Entity) |

2.      **Spreadsheet identifying each individual case and counsel that have appeared in each case:**

Defendants have coordinated with Plaintiffs to prepare a spreadsheet identifying individual cases and counsel.  Defendants understand that counsel at Hagens Berman Sobol Shapiro LLP will be submitting that spreadsheet to the Court alongside their November 22, 2023, submission. Defendants refer the Court to that attachment.

3.      **List of proposed agenda items for the initial case management conference:**

In addition to items the Court would like to address, Defendants propose the following agenda for the Initial Case Management Conference:

- Status of ongoing filings into the MDL and impact on case scheduling.

- Identification of lead counsel for Plaintiffs or briefing schedule to address competing lead counsel proposals.

- Stay of discovery pending resolution of initial motions practice, including motions to dismiss and motions to compel arbitration (collectively "motions to dismiss").

- Proposals for case management or briefing schedule.

- Litigation and settlement tracks.

- Schedule for MDL status conferences.

- Application of local rules to motion practice/briefing schedule (or parties to coordinate on all briefing schedules).

- Coordination with related state court actions.

**4.**     **Proposed procedure and schedule for managing this litigation:**

Defendants' proposed procedure is guided by the JPML's recognition that centralization is warranted because "[a]ll actions can be expected to share common and complex factual questions as to how the MOVEit vulnerability occurred, the circumstances of the unauthorized access and data exfiltration, and Progress's response to it."  Transfer Order, JPML MDL No. 3083, Dkt. No. 312, at 3.  However, the JPML also recognized that inquiry will be necessary into "the response of various downstream MOVEit users and customer-facing defendants with whom plaintiffs did business," *id.*, and the litigation is likely to entail "third party claims against PBI and Progress in cases in which the plaintiffs have not named them," *id.* at 4.  Mindful of these considerations, Defendants propose a four-part plan to manage these proceedings.

*First*, **extend the Court's initial stay through February 2, 2024**.  As a preliminary matter, Defendants propose extending the current stay through February 2, 2024.[2]  Plaintiffs' counsel continue to file cases across the country relating to the MOVEit data breach, which has resulted in a steady stream of transfers to the MDL.  And there continue to be new disclosures of incidents relating to the MOVEit data breach.  Defendants do not anticipate the number of newly filed cases receding in the next couple months.  Continuing the stay will promote efficiencies by facilitating alignment across the cases.

*Second,* **enter an interim stay of discovery.**  Defendants also propose a stay of discovery, including initial disclosures, pending resolution of at least all motions to dismiss.  Given the presence of several dozen parties in the MDL, discovery will be exceptionally complex.  Staying discovery until motions to dismiss are resolved will increase efficiencies by (a) limiting discovery

---

[2] As noted below, during the pendency of the stay, parties will be permitted to file briefs relating to the appointment of leadership counsel.

to only viable claims and (b) enabling the Court to structure and coordinate discovery efforts. Additional discovery stays in the course of litigation may be sensible.

*Third*, **develop a schedule for appointment of lead counsel for Plaintiffs and consolidated complaints.**  Defendants propose the following schedule for appointment of lead counsel for Plaintiffs and the filing of consolidated complaints:

| Event | Date |
|---|---|
| Motions for Appointment of Lead Counsel[3] | December 20, 2023 |
| Oppositions for Appointment of Lead Counsel | January 15, 2024 |
| Replies in Support of Appointment of Lead Counsel | January 29, 2024 |
| Filing of Master Complaint | Sixty (60) days after Order Appointing Lead Counsel for Plaintiffs |
| Filing of Short Form, Consolidated Complaints | Sixty (60) days after filing of Master Complaint |

Following the filing of the Master Complaint and Consolidated Complaints (defined and discussed further below), the parties will propose a case schedule for responses to the Consolidated Complaints.  That will afford all Defendants an opportunity to consider whether they intend to move to dismiss or answer, and allow the parties to meet and confer and provide the Court with a consolidated case schedule.  Once the Court issues final orders on motions to dismiss, the parties will propose, as necessary, a schedule for answers, discovery (class and merits), class certification briefing, and summary judgment briefing.

*Fourth*, **create tracks for case management.**  Defendants propose that the Court create tracks for case management with complaints divided, as appropriate, therein.  While Defendants

---

[3] Defendants understand that certain Plaintiffs' counsel have already submitted applications for appointment as interim class counsel.

welcome the Court's views on the most appropriate way of tracking this litigation and organizing particular defendants within tracks, Defendants believe that the following tracks would provide the most efficient way of organizing and managing the overall litigation.[4]   Once a leadership structure for Plaintiffs' counsel is in place, the parties can also meet-and-confer with a view to making more detailed proposals to the Court about the tracks, including which Defendants belong on which track, and how to structure proceedings within and between tracks (including likely consolidated complaints within tracks):

- ***Progress Software Company (PSC) Track***: A track directed to PSC.  Within this track would be a Master Complaint with allegations, *inter alia*, relating to the nature and security of the MOVEit software (including technical aspects of the software), PSC's technical response efforts, and PSC's notification efforts.

- ***Direct User Track***: A track of Defendants who are direct users of the MOVEit application ("Direct Users"), who contracted with PSC, who used MOVEit primarily to transfer data, whose use of MOVEit in this regard was directly affected by the threat actor during the MOVEit breach subject of this dispute, and who notified individuals with whom they may have a direct relationship.  The Direct Users track would generally be limited to those Defendants who did not use the MOVEit application to perform services on behalf of

---

[4] The JPML repeatedly has recognized, including in the data breach context, that "separate tracks" are an "appropriate pretrial device[]" for organizing MDL litigation.  *See, e.g.*, *In re Ashley Madison Customer Data Sec. Breach Litig.*, 148 F. Supp. 3d 1378, 1380 (J.P.M.L. 2015); *In re Home Depot, Inc. Customer Data Sec. Breach Litig.*, 65 F. Supp. 3d 1398, 1400 (J.P.M.L. 2014).  This is true notwithstanding that the cases all may "arise from a common factual core."  *In re Home Depot*, 65 F. Supp. 3d at 1399; *see also In re MOVEit Customer Data Sec. Breach Litig.*, No. MDL 3083, 2023 WL 6456749, at *2 (J.P.M.L. Oct. 4, 2023) ("Disentangling the allegations against Progress (and, in many cases, direct users of MOVEit software like PBI and IBM) from the allegations against other defendants in the case seems impracticable, if not impossible, under Section 1407(a)."); *id*. (recognizing the "significant efficiencies" of consolidation before a single judge).

another entity (*see* discussion of Vendor track immediately below).  Within this track, Plaintiffs would file separate, consolidated complaints ("Consolidated Complaints") that name each Direct User, as well as PSC.  By way of example, included in this track would be the Johns Hopkins entities, International Business Machines Corp,[5] the Maximus entities, Unum Group, Chevron Federal Credit Union, The Charles Schwab Corporation, TD Ameritrade, Inc., the State of Oregon, and University of Rochester.  To the extent disputes arise between PSC customers and PSC, tracking complaints in this manner will allow them to pursue cross-claims, as contemplated by the JPML.  Defendants propose appointing liaison counsel for the Direct Users to better facilitate coordination with counsel for Defendants on other tracks and Plaintiffs' counsel.

- ***Vendors/Indirectly Impacted Entities Track***:  A track of all Defendants who (1) directly used the MOVEit application primarily to perform work on behalf of others (*i.e.*, "Vendor Direct Users" or "Vendors"), (2) contracted with a Vendor ("Vendor Contracting Entities" or "VCE"), or (3) contracted with a Vendor Contracting Entity ("Vendor Contracting Entity Customers" or "VCE Customers") (collectively, the latter two categories are "Indirectly Impacted Entities").  Within this track, Plaintiffs would file Consolidated Complaints that name each Vendor whose use of the MOVEit application resulted in the breach of the customer information and all of the Indirectly Impacted Entities whose customers' or employees' information was impacted in connection with that Vendor.  By way of example, included in this track would be Pension Benefit

---

[5] Like entities in the Vendor Track, IBM and the Maximus entities were direct users of MOVEit who performed worked for other entities.  But unlike other Vendors, IBM and the Maximus entities contracted with government entities, as opposed to private companies.  In addition, none of those government entities have been sued in cases consolidated into this MDL.  For that reason, those Defendants suggest their placement in the Direct Users Track.

Information, which Defendants understand to currently be the affected Vendor with the most lawsuits against it in the MDL, and all of its customers (*e.g.*, Talcott Resolution, F&G Annuities & Life, Prudential Insurance Co., TIAA, Fidelity, Bank of America, Jackson National) who did not directly experience unauthorized access to the MOVEit software; Performance Health Technology, Inc. and all of its customers.  As such and by way of further example, there would be a single Consolidated Complaint that names Pension Benefit Information and all of the Indirectly Impacted Entities associated with it, including Talcott Resolution, F&G Annuities & Life, Prudential Insurance Co., TIAA, Fidelity, Bank of America, etc.[6]  In Consolidated Complaints with multiple co-plaintiffs, each co-plaintiff must identify the specific defendant(s) against which the co-plaintiff is asserting claims.  To the extent disputes arise between Indirectly Impacted Entities and Vendors or between Vendors and PSC, tracking complaints in this manner will allow them to pursue cross-claims, as contemplated by the JPML.  Defendants propose appointing liaison counsel for the Vendors, Vendor Contracting Entities, and Vendor Contracting Entity Customers to better facilitate coordination with counsel for Defendants on other tracks and Plaintiffs' counsel.

As noted, Plaintiffs' complaint in the PSC track would constitute a Master Complaint.  All other Consolidated Complaints would be short form complaints that incorporate the relevant allegations from the Master Complaint, but specifically plead any factual allegations that purport to support liability against a given Defendant.  PSC would be named as a defendant in all of the complaints.

---

[6] Although not every Indirectly Impacted Entity received precisely the same services from each Vendor and different regulatory regimes may affect different services, organizing Indirectly Impacted Entities by affected Vendor seems the most efficient and straightforward structure.

Every other Defendant should be named in only one Consolidated Complaint.  While each Defendant reserves the right to file its own motion and/or responsive pleading to the Consolidated Complaints, similarly situated Defendants will endeavor to coordinate and consolidate motions and responsive pleadings where possible.[7]

Certain Defendants also propose creating a settlement track for Defendants that are interested in exploring early settlement or resolution.  It is common in data breach class actions for parties to assess their respective likelihoods of success quickly in the litigation and seek an early negotiated resolution, often prior to filing a responsive pleading.  In order to offer interested Defendants that opportunity, certain Defendants recommend the creation of a settlement track and the expedited, special appointment of lead counsel to represent the relevant class members.  In this procedure, Defendants would opt-into the settlement track and have until May 31, 2024 to reach resolution, after which, if no resolution is reached, Defendants would return to their normal track.

**5.      Schedule for providing the Court with a case management plan:**

As discussed (*see supra* § 4), with the exception of appointment-related filings, Defendants propose extending the current stay through February 2, 2024, staying discovery until motions to dismiss are resolved, and setting forth a schedule through filing of Consolidated Complaints. Following resolution of motions to dismiss, the parties will submit proposed schedules through class certification and summary judgment briefing.

---

[7] Using the Vendor/Indirectly Impacted Entities Track as an example, Pension Benefit Information and each of the Indirectly Impacted Entities should be afforded the opportunity to file separate motions to dismiss and, if applicable, answers.  However, Defendants expect that the Indirectly Impacted Entities would be able to consolidate their motions and responsive pleadings, in at least substantial part.

6.      **Schedule for additional management conferences with the Court:**

Defendants propose remote monthly status conferences with the Court.  The Court may order, or the parties may propose, an in-person status conference.  Any such request by the parties shall be made at least three weeks prior to the status conference.  Within five business days of every status conference, the parties will provide a joint agenda to the Court.

7.      **Identification of:**

a.      *Pending motions*:

Certain Defendants have oppositions to motions to transfer pending before the JPML.

b.      *Orders to be vacated or schedules to be modified*:

Defendants are not aware of any orders that should be vacated or modified.

c.      *Principal factual and legal issues to be presented in the MDL*:

As the JPML explained, "this litigation … poses significant questions about Progress's role (and, in many cases, the role of direct users like PBI) in the ultimate exploitation of the MOVEit Transfer vulnerability."  Transfer Order, JPML MDL No. 3083, Dkt. No. 312, at 4.  Specifically, "[a]ll of the actions can be expected to share common and complex factual questions as to how the MOVEit vulnerability occurred, the circumstances of the unauthorized access and data exfiltration, and Progress's response to it, as well as the response of various downstream MOVEit users and customer-facing defendants with whom plaintiffs did business."  *Id.* at 3.  While Defendants maintain that no entity can be liable for a zero-day vulnerability, particularly those who did not develop or sell the software, against this backdrop, Defendants identify the following as an initial list of principal factual and legal issues:

      i.       *Issues of Relevance to PSC*:

*Liability for the MOVEit Vulnerability*: A key issue will be whether PSC can be liable for exploitation of the vulnerability in MOVEit.

*Response to the Cyberattack*:  Factual and legal questions will arise concerning steps taken by PSC in response to the cyberattack.

*Relationship with Class Members:* Whether PSC and/or the Vendors or Vendor Contracting Entities has a legally cognizable relationship (direct or indirect) with class members.

      ii.      *Issues of Relevance to Other Defendants*:

*Liability for a Zero-Day Event*: If PSC is liable for the MOVEit vulnerability, issues will remain concerning liability for downstream MOVEit users, namely, whether they can be liable for acts or omissions relating to the MOVEit vulnerability.

*Relationship with Class Members*:  The Court will have to resolve whether each Defendant has a legally cognizable relationship with each member of the class under applicable state law.

*Data Retention and Storage*: The Court may need to evaluate whether particular Defendants employed reasonable data retention and storage procedures.

*Adequacy of Response*: The Court may need to evaluate whether Defendants timely and adequately responded to the zero-day event once they became aware that MOVEit had been compromised.

*Adequacy of Notices*: The Court may need to evaluate whether Defendants timely and adequately notified individuals whose personal information was impacted by the zero-day event.

*Obligations between Defendants*: The Court may need to evaluate whether certain Defendants (named or unnamed) owe contractual or other obligations to certain other Defendants relating to the use of MOVEit.

*Immunity*: The Court will need to evaluate whether certain Defendants, including state entities, are immune from suit pursuant to the Eleventh Amendment.

*State-Specific Issues*: The Court may need to evaluate whether Plaintiffs have met all statutory requirements to sue state entities.

*Class Action Waivers*: The Court may need to evaluate whether certain Plaintiffs have waived their right to participate in a class action.

           iii.      <u>*Issues of Relevance to All Parties*</u>:

*Injury*: The Court will need to make individualized injury determinations to ascertain whether class members suffered any cognizable injury under various state laws, or injury sufficient for Article III standing.

*Causation*:  The Court will need to make individualized causation inquiries for class members alleged to have been injured by the MOVEit vulnerability.

*Damages*:  The Court will need to make individualized damages determinations under varying state laws for each class member who has shown they suffered an injury.

**8.     Whether consolidated pleadings should be prepared to account for the multiple actions included in the MDL:**

Defendants believe consolidated pleadings will increase efficiency.  *See supra* § 4.

**9.     Whether the Court should consider measures to facilitate settlement of some or all actions and if so a suggested structure:**

Yes.  As discussed (*see supra* §4), certain Defendants propose a settlement track that will facilitate early settlements for interested Defendants.  Once the early settlement opportunity period passes, parties may still attempt to pursue settlements.  In addition, Defendants anticipate inclusion of mandatory mediation dates in the subsequent case schedules that will follow resolution of motions to dismiss.

10.     **How to manage new actions in the MDL proceedings:**

It typically takes several months to accommodate incoming complaints and develop a case management plan, even in MDLs significantly smaller than this one.  Here, Plaintiffs' counsel continue to file MOVEit data breach cases throughout the country.  A stay of the proceedings until at least February 2, 2024 would conform with MDL practice and advance MDL objectives by helping facilitate alignment across cases.

Even after the Court issues a case management order, cases will inevitably continue to be filed.  With respect to cases filed outside this district, the parties shall continue to follow the tag-along procedures set forth in the JPML rules and make good faith efforts to timely tag cases to minimize disruption of new cases lagging behind already coordinated cases.  Defendants will meet and confer with Plaintiffs to create a protocol for addressing "direct file" cases that promotes efficiency while assuring that such streamlined procedures do not constitute a waiver of personal jurisdiction, venue, or choice of law.

To the extent new cases are filed that fall behind any Court-ordered schedule, the parties in those actions will create case-specific schedules that are informed by prior rulings of this Court and endeavor to align the cases with existing case schedules where possible.  In the event an excessive lag develops between old and new cases following issuance of a case management schedule, the Court or parties may propose a stay of the proceedings to facilitate alignment.

11.     **Whether related actions have been filed or are expected to be filed in other courts, and whether to consider possible methods for coordinating with them:**

Yes, Defendants expect additional, related cases to be filed.  As discussed (*see supra* § 10), Defendants have proposed maintaining the current stay through February 2, 2024 to accommodate ongoing filings.  Thereafter, the parties shall follow JPML procedures to effectuate transfers to this Court.

In addition, there are a number of state court actions related to MOVEit.  Some Defendants in those actions request that the MDL Court coordinate with the state court judges to increase efficiencies, including on issues related to discovery and case schedules.  A list of state court cases known to undersigned counsel at this time is attached as **Appendix A**.

**12.     Whether and what matters should be referred to a magistrate judge or a special master:**

Defendants believe a magistrate judge should be specifically assigned to handle discovery in this MDL.  The magistrate judge will resolve, if necessary, what falls within the scope of the initial tranche of discovery to which all parties are entitled and, thereafter, will resolve whether to grant any party's request for additional discovery that extends beyond the initial tranche of discovery material.  The magistrate judge could then resolve all discovery disputes.

**13.     Whether the Court should consider a technical advisor, an independent expert or a special master:**

Defendants do not believe a technical advisor is necessary at this time.

[*signatures on following page*]

Dated: November 22, 2023                     Respectfully submitted,

| **DLA Piper LLP** | **Mullen Coughlin LLC** |
|---|---|
| */s/ Jeff Tsai*<br>Jeff Tsai<br>555 Mission Street, Suite 2400<br>San Francisco, CA 94105-2933<br>(415) 615-6055<br>jeff.tsai@dlapiper.com<br><br>Eric Forni<br>33 Arch Street, 26th Floor<br>Boston, Massachusetts 02110<br>(617) 406-6040<br>eric.forni@us.dlapiper.com<br><br>*Attorneys for Defendants Progress Software Corporation; Ipswitch, Inc.* | */s/ Paulyne Gardner*<br>Paulyne Gardner<br>Claudia D. McCarron<br>Jordan S. O'Donnell (BBO # 684001)<br>426 W. Lancaster Ave., Suite 200<br>Devon, PA 19333<br>(267) 930-4770<br>pgardner@mullen.law<br>cmccarron@mullen.law<br>jsodonnell@mullen.law<br><br>*Attorneys for Defendants Pension Benefit Information; The Berwyn Group, Inc.* |
| **Orrick Herrington & Sutcliffe LLP** | **Mullen Coughlin LLC** |
| */s/ Aravind Swaminathan*<br>Aravind Swaminathan *(pro hac vice)*<br>401 Union Street, Suite 3300<br>Seattle, WA 98101<br>(206) 839-4340<br>aswaminathan@orrick.com<br><br>*Attorneys for Defendants Johns Hopkins University; Johns Hopkins Health System Corporation; Teachers Insurance & Annuity Association of America; Arietis Health, LLC, Performance Health Technology Ltd.* | */s/ Amanda N. Harvey*<br>Amanda N. Harvey *(pro hac vice forthcoming)*<br>Kayleigh Watson *(pro hac vice forthcoming)*<br>1452 Hughes Rd, Suite 200<br>Grapevine, TX 76051<br>(267) 930-1697<br>aharvey@mullen.law<br>kwatson@mullen.law<br><br>*Attorneys for Defendant EMS Management & Consultants, Inc.* |
| **Sidley Austin LLP** | **Mullen Coughlin LLC** |
| */s/ Jack W. Pirozzolo*<br>Jack W. Pirozzolo (BBO # 564879)<br>60 State Street, 36th Floor<br>Boston, Massachusetts 02109<br>(617) 223-0304<br>jpirozzolo@sidley.com<br><br>Eamon P. Joyce *(pro hac vice pending)* | */s/ Amanda N. Harvey*<br>Amanda N. Harvey *(pro hac vice forthcoming)*<br>1452 Hughes Rd, Suite 200<br>Grapevine, TX 76051<br>(267) 930-1697<br>aharvey@mullen.law |

| | |
|---|---|
| 787 Seventh Ave.<br>New York, NY 10019<br>(212) 839-8555<br>ejoyce@sidley.com<br><br>*Attorneys for Defendants Genworth*<br>*Financial, Inc.; Genworth Life Insurance*<br>*Company; Genworth Life and Annuity*<br>*Insurance Company* | Richard M. Haggerty *(pro hac vice*<br>*forthcoming)*<br>426 W. Lancaster Ave. Suite 200<br>Devon, PA 19103<br>(267) 930-1594<br>rhaggerty@mullen.law<br><br>*Attorneys for Defendant Financial Institution*<br>*Service Corp.* |
| **Sidley Austin LLP**<br><br>*/s/ Jack W. Pirozzolo*<br>Jack W. Pirozzolo (BBO # 564879)<br>60 State Street, 36th Floor<br>Boston, MA 02109<br>(617) 223-0304<br>jpirozzolo@sidley.com<br><br>Jonathan M. Wilan *(pro hac vice pending)*<br>1501 K Street, N.W.<br>Washington, DC 20005<br>(202) 736-8635<br>jwilan@sidley.com<br><br>Eamon P. Joyce *(pro hac vice pending)*<br>787 Seventh Ave.<br>New York, NY 10019<br>(212) 839-8555<br>ejoyce@sidley.com<br><br>Garrett M. Lance *(pro hac vice pending)*<br>2021 McKinney Ave., Suite 2000<br>Dallas, TX 75201<br>(214) 969-3513<br>glance@sidley.com<br><br>*Attorneys for Defendant F&G Annuities &*<br>*Life, Inc.* | **Sidley Austin LLP**<br><br>*/s/ Jack W. Pirozzolo*<br>Jack W. Pirozzolo (BBO # 564879)<br>60 State Street, 36th Floor<br>Boston, MA 02109<br>(617) 223-0304<br>jpirozzolo@sidley.com<br><br>Amy P. Lally *(pro hac vice)*<br>1999 Avenue of the Stars, 17th Floor<br>Los Angeles, CA 90067<br>(310) 595-9500<br>alally@sidley.com<br><br>Ian Ross<br>1001 Brickell Bay Drive, Suite 900<br>Miami, Florida 33131<br>(305) 391-5100<br>iross@sidley.com<br><br>Jacquelyn E. Fradette *(pro hac vice)*<br>1501 K Street, N.W.<br>Washington, DC 20005<br>(202) 736-8000<br>jfradette@sidley.com<br><br>*Attorneys for Defendants American National*<br>*Insurance Company; American National*<br>*Group, LLC* |
| **Debevoise & Plimpton LLP**<br><br>*/s/ James J. Pastore, Jr.*<br>James J. Pastore, Jr.<br>Kristin D. Kiehn | **Gibson, Dunn & Crutcher LLP**<br><br>*/s/ Alexander H. Southwell*<br>Alexander H. Southwell *(pro hac vice)*<br>Lauren Goldman *(pro hac vice)* |

| | |
|---|---|
| 66 Hudson Boulevard<br>New York, New York 10001<br>(212) 909-6000<br>jjpastore@debevoise.com<br>kdkiehn@debevoise.com<br><br>Abraham Tabaie *(pro hac vice)*<br>650 California Street<br>San Francisco 94108<br>(415) 738-5700<br>aatabaie@debevoise.com<br><br>**Torres, Scammon, Hincks & Day LLP**<br>Benjamin L. Hincks (BBO # 630685)<br>119 High Street<br>Boston, MA 02110<br>(617) 307-4426<br>bhincks@tshdlegal.com<br><br>*Attorneys for Defendants MassMutual Ascend Life Insurance Company* | Salah M. Hawkins *(pro hac vice)*<br>200 Park Avenue<br>New York, NY 10166-0193<br>(212) 351-4000<br>asouthwell@gibsondunn.com<br>lgoldman@gibsondunn.com<br>shawkins@gibsondunn.com<br><br>**Nixon Peabody LLP**<br><br>Brian T. Kelly (BBO # 549566)<br>Matthew W. Costello (BBO # 696384)<br>53 State Street<br>Boston, MA 02109<br>(617) 345-1000<br>bkelly@nixonpeabody.com<br>mcostello@nixonpeabody.com<br><br>*Attorneys for Defendants TD Ameritrade, Inc.; Charles Schwab Corporation* |
| **Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**<br><br>*/s/ Kevin M. McGinty*<br>Kevin M. McGinty (BBO # 556780)<br>Katharine K. Foote (BBO # 694104)<br>One Financial Center<br>Boston, MA 02111<br>(617) 542-6000<br>KMcGinty@mintz.com<br>KKFoote@mintz.com<br><br>**Linklaters LLP**<br><br>Adam S. Lurie *(pro hac vice pending)*<br>Richard Smith *(pro hac vice pending)*<br>Caitlin Potratz Metcalf *(pro hac vice pending)*<br>601 13th St. NW #400<br>Washington, D.C. 20005<br>(202) 654-9200<br>adam.lurie@linklaters.com<br>richard.smith@linklaters.com<br>caitlin.metcalf@linklaters.com<br><br>Patrick Ashby *(pro hac vice pending)* | **BakerHostetler LLP**<br><br>*/s/ Carole Rendon*<br>Carole S. Rendon (Bar # 635131)<br>Kyle T. Cutts *(pro hac vice forthcoming)*<br>127 Public Square, Suite 2000<br>Cleveland, OH 44114-1214<br>(216) 621-0200<br>crendon@bakerlaw.com<br>kcutts@bakerlaw.com<br><br>Gilbert S. Keteltas *(pro hac vice)*<br>1050 Connecticut Avenue, NW<br>Washington, DC  20026<br>(202) 861-1530<br>gketeltas@bakerlaw.com<br><br>*Attorneys for Defendants The Global Atlantic Financial Group LLC; Global Atlantic Financial Company; Accordia Life and Annuity Company; Commonwealth Annuity and Life Insurance Company; First Allmerica Financial Life Insurance Company; Forethought Life Insurance Company; Chevron Federal Credit Union; Data Media* |

| | |
|---|---|
| Nicole E. Jerry *(pro hac vice pending)*<br>1290 Avenue of the Americas<br>New York, NY 10104<br>(212) 903-9000<br>patrick.ashby@linklaters.com<br>nicole.jerry@linklaters.com<br><br>*Attorneys for Defendant Corebridge Financial, Inc.; American General Life Insurance Co.* | *Associates, LLC; Franklin Mint Federal Credit Union; The Independent Order of Foresters; University of Massachusetts Chan Medical School; University of Rochester* |
| **Morrison & Foerster LLP**<br><br>/s/ *Nathaniel R. Mendell*<br>Nathaniel R. Mendell (BBO # 645283)<br>200 Clarendon Street<br>Boston, MA 02116<br>617-648-4700<br>nmendell@mofo.com<br><br>Mark David McPherson *(pro hac vice)*<br>250 West 55th Street<br>New York, NY 10019<br>617-468-8000<br>mmcpherson@mofo.com<br><br>*Attorneys for Defendants FMR LLC; Fidelity Investments Institutional Operations Company LLC* | **Boies Schiller Flexner LLP**<br><br>/s/ *John LaSalle*<br>John LaSalle<br>55 Hudson Yards, 20th Floor<br>New York, NY 10001<br>(212) 303 3526<br>jlasalle@bsfllp.com<br><br>Mark C. Mao<br>Lauren LaVare<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>(415) 294-6800<br><br>*Attorneys for Defendant Jackson National Life Insurance Company* |
| **Wilmer Cutler Pickering Hale & Dorr LLP**<br><br>/s/ *Felicia H. Ellsworth*<br>Felicia H. Ellsworth (BBO # 665232)<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6687<br>felicia.ellsworth@wilmerhale.com<br><br>Alan E. Schoenfeld<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(212) 937-7294<br>alan.schoenfeld@wilmerhale.com | **Eversheds Sutherland (US) LLP**<br><br>/s/ *Francis X. Nolan, IV*<br>Francis X. Nolan, IV<br>The Grace Building, 40th Floor<br>1114 Avenue of the Americas<br>New York, New York 10036<br>(212) 389-5083<br>franknolan@eversheds-sutherland.com<br><br>*Attorneys for Defendants Lumico Life Insurance Company; Talcott Resolution Life Insurance Company; Talcott Resolution Life and Annuity Insurance Company; Standard Insurance Company; The Standard Life Insurance Company of New York* |

| | |
|---|---|
| *Attorneys for Defendant Hartford Life & Accident Insurance Company* | |
| **Faruki PLL** | **Gordon Rees Scully Mansukhani, LLP** |
| */s/ Erin E. Rhinehart* <br> Erin E. Rhinehart (0078298) <br> 110 North Main Street, Suite 1600 <br> Dayton, OH  45402 <br> (937) 227-3714 <br> erhinehart@ficlaw.com <br><br> Jason W. Palmer (0088336) <br> Raika N. Casey (0101526) <br> 201 East Fifth Street, Suite 1420 <br> Cincinnati, OH  45202 <br> (513) 632-0318 <br> jpalmer@ficlaw.com <br> rcasey@ficlaw.com <br><br> *Attorneys for Defendant CareSource* | */s/ Craig Mariam* <br> Craig Mariam <br> Michael Dailey <br> Lara S. Garner <br> 633 West Fifth Street, 52nd Floor <br> Los Angeles, CA  90071 <br> (213) 270-7856 <br> cmariam@grsm.com <br> mdailey@grsm.com <br> lsgarner@grsm.com <br><br> *Attorneys for Defendants Milliman, Inc.; Milliman Solutions, LLC; MEMBERS Life Insurance Company; CMFG Life Insurance Company* |
| **O'Melveny & Myers LLP** | **Bartlit Beck LLP** |
| */s/ Pamela A. Miller* <br> Pamela A. Miller <br> 7 Times Square <br> New York, NY 10036 <br> (212) 326-2000 <br> pmiller@omm.com <br><br> *Attorneys for Defendant Bank of America Corporation* | */s/ Sean W. Gallagher* <br> Sean W. Gallagher <br> 54 West Hubbard Street, Suite 300 <br> Chicago, IL 60654 <br> (312) 494-4400 <br> sean.gallagher@bartlitbeck.com <br><br> *Attorneys for Defendant Ernst & Young Investment Advisers LLP* |
| **Willkie Farr & Gallagher LLP** | **Venable LLP** |
| */s/ Amanda S. Amert* <br> Amanda S. Amert <br> LaRue L. Robinson <br> 300 North LaSalle <br> Chicago, IL 60654-3406 <br> (312) 728-9000 <br> aamert@willkie.com <br> lrobinson@willkie.com <br><br> *Attorneys for Defendant The Prudential Insurance Company of America* | */s/ Edward P. Boyle* <br> Edward P. Boyle *(pro hac vice)* <br> Michael A. Guerra *(pro hac vice)* <br> Reyzel Farkish *(pro hac vice)* <br> 151 West 42nd Street, 49th Floor <br> New York, New York 10036 <br> (212) 808-5675 <br> epboyle@venable.com <br> maguerra@venable.com <br> rfarkish@venable.com |

|  | *Attorneys for Defendant TMG Health* |
|---|---|
| **Stradley Ronon Stevens & Young, LLP**<br><br>*/s/ Christa A. Menge*<br>Christa Menge (BBO # 686338)<br>100 Park Avenue, Suite 2000<br>New York, New York 10017<br>(212) 812-4124<br>cmenge@stradley.com<br><br>Jeffrey Grossman *(pro hac vice forthcoming)*<br>2005 Market Street, Suite 2600<br>Philadelphia, PA 19103-7018<br>(215) 564-8000<br>jgrossman@stradley.com<br><br>*Attorneys for Defendant Continental Casualty Company* | **Hogan Lovells LLP**<br><br>*/s/ Anthony E. Fuller*<br>Anthony E. Fuller (BBO # 633246)<br>125 High Street, Suite 2010<br>Boston, MA 02110<br>(617) 371-1000<br>anthony.fuller@hoganlovells.com<br><br>Allison M. Holt Ryan<br>555 13th Street NW<br>Washington, D.C. 20004<br>(202) 637-5600<br>allison.holt-ryan@hoganlovells.com<br><br>*Attorneys for Defendants International Business Machines Corp.; Maximus, Inc.; Maximus Federal Services, Inc.; Unum Group* |
| **Maynard Nexsen PC**<br><br>*/s/ Lee E. Bains, Jr.*<br>Lee E. Bains, Jr.<br>1901 6th Avenue North, Suite 1700<br>Birmingham, Alabama 35203<br>(205) 254-1000<br>lbains@maynardnexsen.com<br><br>*Attorneys for Defendants Athene Annuity, Life Company; Sun Life and Health Insurance Company (U.S.)* | **Ellen F. Rosenblum, Attorney General**<br><br>*/s/ Brian Simmonds Marshall*<br>Brian Simmonds Marshall<br>Senior Assistant Attorney General<br>Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>(971) 673-1880<br>Brian.S.Marshall@doj.state.or.us<br><br>*Attorneys for Defendant the State of Oregon* |
| **Andrea Joy Campbell, Attorney General**<br><br>*/s/ Nathaniel Hyman*<br>Nathaniel Hyman, BBO # 698506<br>Hannah C. Vail, BBO # 698577<br>Assistant Attorneys General<br>Government Bureau, Trial Division<br>One Ashburton Place<br>Boston, MA 02108<br>(617) 963-2512 (Vail)<br>(617) 963-2514 (Hyman)<br>nathaniel.j.hyman@mass.gov | **Mullen Coughlin LLC**<br><br>*/s/ James F. Monagle*<br>James F. Monagle<br>309 Fellowship Road, Suite 200<br>Mt. Laurel, NJ  08054<br>(267) 930-1529<br>jmonagle@mullen.law<br><br>*Attorneys for Defendant Union Bank and Trust Company* |

| hannah.vail@mass.gov<br><br>*Attorneys for Defendant Massachusetts Executive Office of Health & Human Services* | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of November 2023, I caused a true and correct copy of the foregoing **Defendants' Initial Status Conference Report** to be filed and served through the Court's CM/ECF system, which will be sent electronically to all registered participants on the Notice of Electronic Filing (NEF).


/s/ *Aravind Swaminathan*
Aravind Swaminathan