UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | * * * * * | |
| This Document Relates To: | * * | MDL No. 1:23-md-03083-ADB |
| All Cases | * * * * * | |

**MDL Order No. 4**
**(Applications for Leadership Positions)**

BURROUGHS, D.J.

Each Plaintiff's counsel who seeks a leadership position in this multi-district litigation shall file an application for appointment by no later than **December 15, 2023**. Any application shall be no more than three pages in length, excluding appendices, and must do the following:

1. Address the following topics:

    a. availability to commit to a time consuming project;

    b. ability to work cooperatively with others;

    c. professional experience in this type of litigation; and

    d. capacity to commit the necessary resources to pursue this matter.

2. Indicate whether the applicant seeks a particular and/or limited role (e.g., depending on the structure ultimately chosen by the Court, lead counsel, committee counsel, liaison counsel, state coordination counsel, etc.).

3. Contain an Appendix A that provides a list or chart of all state and federal MOVEit cases in which the attorney appears as counsel. State cases shall be

provided separately from federal cases, and the description of the state cases shall include the court in which the case is pending, the court file number, the name of the presiding judge, and the presiding judge's telephone number and email (if known).

4. Contain an Appendix B that includes a list or chart of the other MDLs in which the attorney has performed work, including the presiding judge, the presiding judge's telephone number and email (if known), the position held (if any), the nature of the MDL (drug, device, antitrust, etc.), no more than two sentences describing the nature of the work performed (e-discovery, science, depositions, etc.), and the extent of any ongoing time commitment to that MDL. Attorneys may include specific non-MDL matters that they believe are highly relevant, but counsel are reminded that brevity and judgment are valuable traits in leadership counsel.

5. Contain an Appendix C that responds to the following questions:

    a. Do you represent any present parties or claimants in this litigation who you have represented in any other capacity or in any other court (either currently or within the past 3 years)? If so, please describe.

    b. Do you have any financial interest or financial relationship, including but not limited to as an investor, Officer, Director, employee, or contractor, in or with any party or client/claimant involved in this MDL (other than a written retainer or engagement agreement for a client identified as a client of your firm in appearances in the case)? If so, please describe.

c. Do you have any financial interest (direct or indirect) in any MOVEit claims or lawsuits filed or registered by any other counsel in this MDL, other than any co-counsel relationships? If so, please describe.

d. To your knowledge, do you have any personal relationship (including but not limited to familial, romantic, or financial/business) with any party, client, claimant, counsel, or vendor involved in this MDL? If so, please describe.

e. Do you or your firm have any financing that is contingent upon this litigation? If yes, the following questions shall be answered:

  i. Does the litigation funder have any control (direct or indirect, actual or apparent or implied) over the decision to file or the content of any motions or briefs, or any input into the decision to accept a settlement offer?

  ii. Does the financing (1) create any conflict of interest for counsel, (2) undermine counsel's obligation of vigorous advocacy, (3) affect counsel's independent judgment, (4) give to the lender any control over litigation strategy or settlement decisions (as to either the common benefit work done by counsel or work for individual retained clients), or (5) affect party control of settlement?

  iii. Briefly explain the nature of the financing, the amount of the financing, and submit a copy of the documentation (under seal if necessary) as an additional appendix.

      f. Is there any other relationship or fact that you believe, if known, would present either an actual conflict of interest or the appearance of a conflict of interest that you have not already disclosed in response to the previous questions?

In addition, in lieu of a separate nomination, counsel may include an optional appendix listing other attorneys whom they believe would be beneficial to leadership with a single sentence explaining what unique expertise the individual brings as part of the proposed collective group.

To the extent that a party opposes any applications submitted pursuant to this Order, that party may file a single opposition that addresses each application they oppose. Any opposition shall be no more than two pages in length and be filed by **December 30, 2023**.

    **SO ORDERED.**

December 1, 2023                                                                     /s/ Allison D. Burroughs
                                                                                                    ALLISON D. BURROUGHS
                                                                                                                              U.S. DISTRICT JUDGE