**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | |
| This Document Relates To: | MDL No. 1:23-md-03083-ADB |
| All Cases | |

**THE HARRIS GROUP PLAINTIFFS' LEADERSHIP STRUCTURE PROPOSAL**

Pursuant to MDL Order No. 5, Plaintiffs identified in the below signature block (collectively, the "Harris Group"),[1] respectively submit the following proposed leadership structure and proposed leadership slate for the Court's consideration. A visual depiction of the Harris Group's Proposed leadership structure—and the slate of persons proposed for Court-appointed positions—is attached hereto as **Exhibit A**. In the pages below, **Section I** describes the basic framework of the Harris Group's suggested leadership structure and their rationale. **Section II** provides more detail on the responsibilities and authority for each identified position and the most likely Functional Working Committees/Groups that the leadership team will establish. **Section III** offers the Harris Group's initial suggestions for case management and the creation of litigation tracks to maintain organization.

I.  **Narrative Explanation of Leadership Positions and Structure**

A.  **Proposed Appointees**

As seen on Exhibit A, the Harris Group proposes the appointment of four Co-Lead Counsel: Joseph P. Guglielmo of Scott + Scott Attorneys at Law LLP; Seth R. Lesser of Klafter

---

[1] The group name refers to *Kelly Harris v. Pension Benefit Information, LLC d/b/a PBI Research Services and Progress Software Corporation*, 1:23-cv-12816-ADB (D. Mass.).

Lesser LLP; Gary F. Lynch of Lynch Carpenter LLP; and Karen Hanson Riebel of Lockridge Grindal Nauen PLLP.

The Harris Group requests the appointment of Melissa H. Maxman of Cohen & Gresser LLP in the role of Liaison Counsel.

Co-Lead Counsel and Liaison Counsel will be supported by an eight-member Executive Committee/Plaintiffs' Steering Committee ("EC"): Andrea R. Gold of Tycko & Zavareei LLP, who will serve as chairperson; Thiago M. Coelho of Wilshire Law Firm; Jennifer Czeisler of Sterlington PLLC; Lori G. Feldman of George Feldman McDonald PLLC; Daniel R. Karon of Karon LLC; Courtney E. Maccarone of Levi & Korinsky LLP; Niall P. McCarthy of Cotchett, Pitre & McCarthy, LLP; and Patrick J. Sheehan of Whatley Kallas.

The Harris Group suggests the appointment of Brian C. Gudmundson of Zimmerman Reed LLP and Jonathan M. Jagher of Freed Kanner London & Millen LLC as members of a Settlement Committee, on which the Co-Lead Counsel will also serve.

In the role of State Court Liaison, the Harris Group seeks to appoint Michael R. Reese of Reese LLP.

### B.   Reasons for Adopting this Structure

The Harris Group submits, as is common in MDLs, that the most efficient way to proceed for a Plaintiffs' leadership structure is, as set forth above, to have a small number of Co-Lead Counsel supported by an Executive Committee, as well as a Liaison Counsel and State Court Liaison. We believe the correct number of Co-Leads for this case is four individuals, and an Executive Committee that should have eight (but not more than ten) members.

These suggestions, including the numbers of positions, are driven by the nature of this litigation, which, as is discussed below, has some unusual aspects, particularly for a data breach

case, in terms of both the number of defendants and the differing situations of those defendants vis-à-vis the Plaintiffs.  The proposal is also grounded in the experience of the lawyers in this group that in any complex litigation, the specific needs of the case may shift over time, and that will surely be true here due to the litigation's unusual aspects. To account for the inevitably shifting sands this case will feature, the Harris Group suggests that Co-Lead Counsel should retain the authority to adjust the assignments of the other named, appointed counsel, and the flexibility to create, terminate, or reconfigure Functional Working Committees/Groups (also referred to as "subcommittees") as the need arises. Co-Lead Counsel will solicit input from the EC and other appointees when determining assignments. No persons appointed to any given position by Court order will be replaced without leave of Court.

Under the overall supervision of Co-Lead Counsel and the EC, in addition to such usual positions as Liaison Counsel and a Settlement Committee, there will likely be a need for working functional groups/subcommittees to be created at different points in the case.  For example, from the outset, a pleadings/plaintiff vetting team will be necessary to assist in the preparation of Consolidated Complaints covering multiple defendants, and a Law and Briefing team will need to begin immediate research into the viability of various causes of action and choice of law issues, to ensure the complaints will withstand initial motions to dismiss. As this case progresses, dedicated subcommittees will need to address discovery as to each of the major defendants/defendant groups or specific individual defendants.

The Harris Group envisions that any subcommittee, or below that, any other functional group, will be chaired, or, at a minimum directly overseen, by one of the Co-Lead Counsel and staffed by at least one member of the Executive Committee, to be assigned at Co-Lead Counsel's discretion with input from the Executive Committee. Those leadership counsel will be

responsible for identifying additional attorneys to perform the subcommittee's work when needed, subject to time management supervision by Co-Lead and Liaison Counsel.

Under this structure, each attorney appointed to a leadership position will be expected to serve in multiple substantive capacities as *ex officio* members of one or more subcommittees, deepening the engagement of each appointed attorney and limiting the total number of individuals required to prosecute the case. Interweaving the assignments will give the leadership attorneys exposure to more aspects of the case and increase the connectivity of the team, which will prevent the kind of "bunkering" that sometimes occurs when an attorney's role in the case is confined to a single topic. This will also reduce the inefficiencies associated with onboarding a larger number of individuals who would need time to familiarize themselves with the case.

## II.   Descriptions of Position Responsibilities and Authority

The following are the Harris Group's suggested responsibilities and authority for their contemplated leadership positions. The descriptions are intended to be highly detailed, but not necessarily exhaustive or permanently fixed.

### A.   Co-Lead Counsel (4 members)

Co-Lead Counsel will have the general responsibilities outlined in the Manual for Complex Litigation (4th), § 10.221 at 25. Some specific duties include:

- Determine overall strategy in all aspects of the litigation.

- Primary decision-makers and points of contact with the MDL Court and opposing counsel for all major procedural and substantive issues.

- Appear for hearings with MDL Court and present arguments, or delegate particular appearances and arguments to other team members when appropriate.

- A Co-Lead Counsel shall serve as primary lead counsel for each one of the Litigation Tracks (see following section for the Harris Group's initial suggestions on Litigation Tracks).

- Serve as chairs of subcommittees and achieve fluency in all past, pending, and future legal and factual issues in every facet of the litigation.

- Schedule and lead regular meetings with each other and Executive Committee, attend meetings of all other committees, communicate status updates to all co-counsel and parties.

- Make final decisions on proposals prepared by committees, including, *e.g.*, the contents of any court filings, discovery exchanges, retention of outside vendors or experts.

- Approve protocols for timekeeping and expense reporting, enforce compliance.

- Organize workforce, manage assignments and delegation of tasks, monitor collective accrued hours and expenses on a regular basis to avoid duplicative or inefficient practices.

- Recalibrate staffing as needed to increase or decrease time expenditures on projects.

- Responsible for assessments, collection, and usage of litigation fund.

- Negotiate major issues with opposing counsel, including settlement discussions, attend mediations, and participate directly in drafting of settlement agreements and approval papers.

- Enter into binding agreements on behalf of consolidated plaintiffs and class members when appropriate and authorized to do so.

- Decide whether to allow and submit particular hours and expenses in any fee and expense reimbursement applications.

- Maintain *espirit de corps* and resolve any tensions or disputes among team, confer with plaintiffs' counsel who voice divergent positions or request severance/remand of particular actions, and construct resolution pathways for such situations.

- Identify opportunities for Leadership Development Counsel to meaningfully participate in every stage of the litigation, communicate with and mentor members of LDC.

**B.** **Liaison Counsel (1 member)**

- Maintain administrative organization.

- Primary responsibility for docket management, filings, and service; support discovery committees in serving/receiving discovery exchanges.

- Create and update service and email lists.

- Ensure compliance with local and chambers rules.

- Serve as available point of contact for the Court and opposing counsel with respect to administrative/procedural matters.

- Participate in establishing document management and time/expense reporting systems and interfacing with e-discovery vendors and settlement administrators.

- Assist Co-Lead Counsel and committees with calculating/calendaring of deadlines and scheduling meetings.

- Attend regular meetings with Co-Lead Counsel and Executive Committee and offer views on litigation strategy in all facets of the cases.

- Perform substantive work in conjunction with any committee or project as required.

**C.**   **Executive Committee (8 members, including 1 chairperson)**

- Participate in regularly scheduled meetings with Co-Lead and Liaison Counsel to discuss overall litigation strategy and developments, offer suggestions and advice on any facet of the litigation.

- The chairperson of the Executive Committee shall have primary responsibility for scheduling meetings of the Executive Committee and serve as a go-between for the Committee and Co-Lead Counsel, such as by flagging issues for the attention of Co-Lead Counsel.

- Serve as core members of subcommittees and perform the substantive work of those committees.

- Contribute financial and technological resources to litigation pool.

- Identify attorneys (and other professionals where appropriate) with appropriate skills to staff subcommittees and projects, and supervise their work.

- Offer input to committees and Co-Lead Counsel with respect to retention of e-discovery and vendors, experts, consultants.

- Ensure that firm employees assigned to the litigation comply with time and expense reporting protocols and that reports are delivered to Liaison Counsel timely and correctly.

- Assist on any other tasks at the request of Co-Lead Counsel.

D.   **Settlement Committee (6 members, including all Co-Lead Counsel)**

- Coordinate with Lead Counsel and opposing counsel to facilitate negotiations towards resolution with any defendants.

- Vet third-party neutrals, schedule and attend settlement conferences and mediations.

- Maintain knowledge base of comparable settlements and applicable precedents and authorities regarding approvable settlement structures.

- Supervise drafting/editing of term sheets, settlement agreements and approval papers.

- Interact with State Court Liaison and assess impacts of any proposed settlements in state courts negotiated by unaffiliated counsel, participate in discussions with state court counsel and settlement negotiations of state court matters when possible.

E.   **State Court Liaison (1 member)**

- Monitor initiation and status of all related or potentially related litigation in state courts.

- Identify involved counsel and assist Lead Counsel in communicating with any unaffiliated plaintiffs' counsel about their intentions.

- Strategize with Co-Lead Counsel regarding options for coordination/consolidation, or interventions/injunctions if necessary in aid of MDL Court's jurisdiction and resolving overlapping proposed class issues.

- Assess opportunities for initiating state court proceedings if federal court jurisdiction is unavailable with respect to particular defendants, and assist in managing/monitoring such proceedings.

- Contribute financial and technological resources to litigation pool.

- Liaise between Settlement Committee and state court plaintiffs' counsel with respect to any settlement negotiations in state courts that impact the MDL.

**F.**    **<u>Leadership Development Committee (up to six members)</u>**

The purpose of the Leadership Development Committee is to identify individuals who, despite strong qualifications and experience working in complex and class litigation, have not had significant opportunities to participate in the leadership of large consolidated cases. Allowing these attorneys to participate in this case at a high level will help to break down some of the barriers to entry at the leadership level due to the "repeat player" dynamic and the natural tendency of courts to give appointments to attorneys who can already demonstrate prior experience leading MDLs and other big cases. Members of the LDC will be invited to attend regular meetings of Co-Lead Counsel and the Executive Committee, to attend certain court proceedings, and to perform substantive work within the ambit of the subcommittees, or as otherwise directed by Co-Lead Counsel. Co-Lead Counsel will endeavor to give LDC positions

to attorneys with diverse backgrounds, and Co-Lead Counsel will have primary responsibility for ensuring that LDC members are meaningfully included in the litigation at all phases of the case.

G.      **Examples of Subcommittee Responsibilities**

The Harris Group predicts the likely formation of subcommittees in at least these categories, subject to adjustment at the discretion of Co-Lead Counsel and the Executive Committee and the needs of the case as it progresses:

**Pleadings/Plaintiff Vetting/Defensive Discovery** – This group will be formed early in the litigation, with the initial tasks of preparing for the filing of consolidated complaints by vetting all potential named plaintiffs using questionnaires and interviews, developing factual allegations specific to those individuals, and working with members of the Law and Briefing subcommittee to identify the best causes of actions, initial class definitions, and assemblage of a representative group of named plaintiffs. As the litigation continues, the members of this group will likely transition to focus on incoming discovery requests. They will maintain contact with retained clients and facilitate the process of responding to discovery by working to collect responsive information and documents, and preparing plaintiffs for depositions.

**Law and Briefing** – Members of this group will be given primary responsibility for legal research on any pertinent procedural or substantive issue in the case, assisting with drafting pleadings, and writing briefs. They will offer long-term strategic insight on issues such as class certification, damages, discovery, and preserving issues for appeal. Coordinating with the discovery teams will result in a continuing aim of building the evidentiary record needed to support legal arguments.

**Offensive Discovery** – This team will focus on collecting record evidence needed to support claims, defeat defenses, and obtain class certification. In addition to identifying sources

of available discovery and drafting written discovery and deposition notices and subpoenas, they will also help identify e-discovery vendors and design document review workflows. When discovery disputes emerge, they will take frontline responsibility for conducting meet-and-confers and bringing issues to the Court when necessary. They will coordinate with the other teams, such as Law and Briefing, toward the compilation of comprehensive fact databases and organization of evidence for use in briefing.

**Experts –** The nature of this case indicates that expert witnesses will likely play a key role after the pleading stages. A dedicated team will seek out qualified candidates to serve as supporting experts, retain them, and work with them to obtain reports and testimony. Members of this group will achieve and maintain strong fluency in the technical aspects of the case. They will also scrutinize any defense-side expert reports and participate in deposing and rebutting those witnesses.

The preceding are core, initial committees, that, in turn, may, as needs progress, require subgroups for functional purposes. Additionally, as the case moves forward, there could well be additional committees required to be formed, such as a committee for Trial Preparation.

### III.   <u>Suggestions for Case Tracking Structure</u>

The Harris Group believes that the overall litigation should be conceptualized in at least three distinct tracks:

1.   Claims by consumers directly against Progress Software Company and its corporate affiliates.[2]

2.   Claims by consumers against consumer-facing entities that themselves directly used MOVEit software.

---

[2] Progress Software Company and its affiliates will also be named as co-defendants in the complaints filed in all tracks.

3.      Claims by consumers against consumer-facing entities and their vendors that used MOVEit software to perform functions for the consumer-facing entities.

These suggestions are driven by the nature of this litigation, which is unique in some ways. Many of the previous large data breach actions involved one defendant that compromised its direct consumers' data,[3] but this case features dozens of defendants located in three general positions: first, there is Progress Software Company, which developed and sold the MOVEit software; second, there are the consumer-facing entities that collected personal information of Plaintiffs and themselves used MOVEit software, such as IBM, TD Ameritrade, and the Charles Schwab Corporation; third, there are consumer-facing entities that did not themselves use MOVEit software, but shared their consumers' data with one or more "vendors" for various purposes, and in turn, at least one of those vendors used MOVEit software. An example of one such vendor is Pension Benefit Information, LLC. Additionally, certain defendants only compromised personal information such as Plaintiffs' names, addresses and social security numbers, while others compromised that information as well as personal health and medical information.

These general categorizations serve as a useful starting point for organizing the litigation into distinct groups.

## **CONCLUSION**

For the foregoing reasons, the Harris Group respectfully requests that the Court adopt their proposed leadership structure and appoint them to the positions identified herein.

---

[3] *See, e.g.*, *In re Equifax Inc. Customer Data Security Breach Litigation*, 1:17-md-2800-TWT (N.D. Ga.); *In re Capital One Consumer Data Security Breach Litigation*, No. 1:19-md-2915 (AJT/JFA) (E.D. Va.); *In re T-Mobile Customer Data Security Breach Litigation*, No. 4:21-MD-03019-BCW (W.D. Mo.).

Dated: December 15, 2023

Respectfully submitted,

By: */s/ Gary F. Lynch*
Gary F. Lynch (*pro hac vice forthcoming*)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
gary@lcllp.com

Katrina Carroll (*pro hac vice forthcoming*)
**LYNCH CARPENTER LLP**
111 W. Washington St., Suite 1240
Chicago IL 60602
(312) 750-1265
katrina@lcllp.com

*Counsel for Plaintiffs in:*
*Harris v. Pension Benefit Information, LLC, et al.*, Case No. 1:23-cv-12816-ADB (D. Mass.);
*Eslinger v. CareSource*, Case No. 1:23-cv-12571-ADB (D. Mass.);
*Evangelista v. National Student Clearinghouse, et al.*, Case No. 1:23-cv-12993-ADB (D. Mass.);
*Moore v. Nuance Communications, Inc.*, Case No. 1:23-cv-12446-ADB (D. Mass.);
*Johnson v. Nuance Communications, Inc.*, Case No. 1:23-cv-12265-AK (D. Mass.) (notice of potential tag-along filed);
*Salcedo v. Welltok, Inc. et al.*, Case No. 1:23-cv-13097-ADB (D. Mass.);
*Seidner v. Arietis Health, LLC*, Case No. 1:23-cv-13020-ADB (D. Mass.);
*Smith v. Radius Global Solutions, LLC*, Case No. 1:23-cv-12983-ADB (D. Mass.);
*Canterbury v. Performance Health Technology, LTD*, Case No. 3:23-cv-01197-MHS (D. Or.) (CTO 22 pending); and
*Paweski v. Alogent Holdings, Inc.*, Case No. 1:23-cv-05705-TWT (N.D. Ga.) (to be tagged)

Joseph P. Guglielmo (Bar No. 671410)
Amanda M. Rolon (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444
jguglielmo@scott-scott.com
arolon@scott-scott.com

*Counsel for Plaintiffs in:*
*Guitang v. Talcott Resolution Life Insurance*
*Company*, Case No. 1:23-cv-12509-ADB
(D. Mass.);
*Matheson v. Hartford Life and Accident*
*Insurance Company*, Case No. 1:23-cv-
12874-ADB (D. Mass.);
*Cater v. Hartford Life and Accident*
*Insurance Company*, Case No. 1:23-cv-
12875-ADB (D. Mass.);
*Washington v. Hartford Life and Accident*
*Insurance Company*, Case No. 1:23-cv-
12876-ADB (D. Mass.);
*Casey, et al., v. Progress Software*
*Corporation*, Case No. 1:23-cv-11913-ADB
(D. Mass.);
*Young, et al., v. Progress Software*
*Corporation*, Case No. 1:23-cv-12342-ADB
(D. Mass.);
*Moore v. Nuance Communications, Inc.*,
Case No. 1:23-cv-12446-ADB (D. Mass.);
*Salcedo v. Welltok, Inc., et al.*, 1:23-cv-
13097-ADB (D. Mass.);
*Paweski v. Alogent Holdings, Inc.*, Case No.
1:23-cv-05705 (N.D. Ga.) (to be tagged);
Griffith-Sullivan v. Lumico Insurance
Company, Case No. 1:23-cv-10880
(S.D.N.Y.) (to be tagged)

Seth R. Lesser (*pro hac vice forthcoming*)
Jeffrey A. Klafter (*pro hac vice*
*forthcoming*)
**KLAFTER LESSER LLP**
Two International Drive, Ste 350
Rye Brook, NY 10573
(914) 934-9200

14

jak@klafterlesser.com
*Counsel for Plaintiff in:*
*Frankeberger v. Arietis Health, LLC*, Case
No. 1:23-cv-13015-ADB (D. Mass.)

Karen H. Riebel (*pro hac vice forthcoming*)
Kate M. Baxter-Kauf (*pro hac vice
forthcoming*)
**LOCKRIDGE GRINDAL NAUEN
P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
khriebel@locklaw.com
Kmbaxter-kauf@locklaw.com

*Counsel for Plaintiffs in:*
*Williams v. Pension Benefit Information,
LLC et al.*, Case No. 1:23-cv-12508-ADB
(D. Mass.);
*Golestani v. Pension Benefit Information,
LLC et al.*, Case No. 1:23-cv-12439-ADB
(D. Mass.);
*Hudgins v. Radius Global Solutions, LLC*,
Case No. 0:23-cv-03025 (D. Minn.) (CTO
23 pending);
*Griffith-Sullivan, v. Lumico Life Insurance
Co.*, Case No. 1:23-cv-10880 (S.D.N.Y.) (to
be tagged);
*Griffith-Sullivan v. Welltok, Inc., et al.*, Case
No. 1:23-cv-13103-ADB (D. Mass.)

*Proposed Co-Lead Counsel*

15

Melissa H. Maxman (*pro hac vice*)
Alisa Lu (*pro hac vice*)
**COHEN & GRESSER LLP**
2001 Pennsylvania Ave, NW, Suite 300
Washington, DC 20006
(202) 851-2070
mmaxman@cohengresser.com
alu@cohengresser.com

Jonathan S. Abernethy (MA BBO# 632945)
**COHEN & GRESSER LLP**
800 Third Avenue
New York, NY 10022
(212) 707-1322
jabernethy@cohengresser.com

*Counsel for Plaintiff in:*
*Harris v. Pension Benefit Information, LLC,*
*et al*., Case No. 1:23-cv-12816-ADB (D.
Mass.)

*Proposed Liaison Counsel*

Andrea R. Gold (*pro hac vice forthcoming*)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW #1010
Washington, DC 20006
(202) 973-0900
agold@tzlegal.com

*Counsel for Plaintiffs in:*
*Shahbazian et al. v. Progress Software*
*Corporation*, Case No. 1:23-cv-12903 (D.
Mass.);
*Gregory et. al. v. Johns Hopkins University,*
*et al*., Case No. 1:23-cv-12493-ADB (D.
Mass.);
*Paweski v. Alogent Holdings, Inc.*, Case No.
1:23-cv-05705-TWT (N.D. Ga.) (to be
tagged);
*Griffith-Sullivan, v. Lumico Life Insurance*
*Co.*, Case No. 1:23-cv-10880 (S.D.N.Y.) (to
be tagged)

*Proposed Chair of Plaintiffs' Executive*
*Committee*

16

Thiago M. Coelho (*pro hac vice
forthcoming*)
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Boulevard, 12th Floor
Los Angeles, California 90010
(213) 381-9988
thiago@wilshirelawfirm.com
teamthiago@wilshirelawfirm.com

*Counsel for Plaintiff in:*
*Zeigler v. Arietis Health LLC*, No. 1:23-cv-
13018-ADB (D. Mass.)

Jennifer S. Czeisler (*pro hac vice* to be filed)
**STERLINGTON PLLC**
One World Trade Center, 85th Floor
New York, NY 10007
Telephone: (212) 433-2993
Email: Jen.czeisler@sterlingtonlaw.com

*Counsel for Plaintiffs in:*
*Harris v. Pension Benefit Information, LLC,
et al.*, Case No. 1:23-cv-12816-ADB (D.
Mass.);
*Evangelista v. National Student
Clearinghouse, et al.*, Case No. 1:23-cv-
12993-ADB (D. Mass.);
*Murray v. EMS Management and
Consultants Inc.*, Case No. 1:23-cv-12863-
ADB (D. Mass.);
*Doe v. Harvard Pilgrim Health Care, Inc.*,
Case No. 1:23-cv-11597-WGY (D. Mass.)

Lori G. Feldman (*pro hac vice*)
**GEORGE FELDMAN MCDONALD,
PLLC**
102 Half Moon Bay Drive
Croton on Hudson, New York 10520
Telephone: (917) 983-9321
lfeldman@4-justice.com
eservice@4-justice.com

*Counsel for Plaintiffs in:*
*Hudgins v. Radius Global Solutions, LLC*,
Case No. 0:23-cv-03025 (D. Minn.) (CTO

17

23 pending);
*Eyester v. Nuance Communications, Inc.*,
Case No. 1:23-cv-12291-AK (D. Mass.)

Daniel R. Karon (*pro hac vice forthcoming*)
**KARON LLC**
700 W. St. Clair Ave.
Suite 200 Cleveland, OH 44113
(216) 622-1851
dkaron@karonllc.com

*Counsel for Plaintiffs in:*
*Moore v. Caresource Ohio, Inc.*, Case No. 1-
23-cv-12574-ADB (D. Mass.);
*Salcedo v. Welltok, Inc. et al.*, Case No.
1:23-cv-13097-ADB (D. Mass.)

Courtney Maccarone (*pro hac vice*)
**LEVI & KORSINSKY, LLP**
55 Broadway, 4th Floor, Suite 427
New York, NY 10006
(212) 363-7500
cmaccarone@zlk.com

*Counsel for Plaintiffs in:*
*Logiudici v. Progress Software Corporation
and Pension Benefit Information, LLC d/b/a
PBI Research Services*, Case No. 1:23-cv-
11916-ADB (D. Mass);
*Hundley v. CMFG Life Insurance Company*,
Case No. 1:23-cv-12426-ADB (D. Mass);
*Abramowitz v. United Healthcare Services,
Inc. d/b/a UnitedHealthcare Student
Resources*, Case No. 1:23-cv-13068-ADB
(D. Mass.)

Niall P. McCarthy (*pro hac vice
forthcoming*)
**COTCHETT PITRE & McCARTHY,
LLP**
San Francisco Airport Office Center
840 Malcom Road, Suite 200
Burlingame, CA 94010
(650) 697-6000
nmccarthy@cpmlegal.com

18

Patrick J. Sheehan (BBO# 639320)
**WHATLEY KALLAS, LLP**
101 Federal Street, 19th Floor
Boston, Massachusetts 02110
(617) 203-8459
psheehan@whatleykallas.com

*Counsel for Plaintiffs:*
*Gilson v. Progress Software Corporation*,
Case No. 1:23-cv-11552-ADB (D. Mass.)
*Moore et al. v. Progress Software
Corporation*, Case No. 1:23-cv-11669-ADB
(D. Mass.);
*Sanchez v. Health Care Services
Corporation et al.*, Case No. 1:23-15857
(N.D. Ill.) (CTO 21 pending);
*Shahbazian et al. v. Progress Software
Corporation*, Case No. 1:23-cv-12903-ADB
(D. Mass.)

*Proposed Plaintiffs' Executive Committee*

Brian C. Gudmundson (*pro hac vice
forthcoming*)
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
(612) 341-0400
brian.gudmundson@zimmreed.com

*Counsel for Plaintiffs in:*
*Harris v. Pension Benefit Information, LLC,
et al.*, Case No. 1:23-cv-12816-ADB (D.
Mass.);
*White et al. v. Pension Benefit Information,
LLC, et al*, Case No. 1:23-cv-12512-ADB
(D. Mass.);
*Madden v. Radius Global Solutions, LLC*,
Case No. 1:23-cv-12981-ADB (D. Mass.);
*French v. v. Radius Global Solutions, LLC*,
Case No. 1:23-cv-12982-ADB (D. Mass.);
*Smith v. Radius Global Solutions, LLC*, Case
No. 1:23-cv-12983-ADB (D. Mass.);
*Eslinger v. CareSource*, Case No. 1:23-cv-
12571-ADB (D. Mass.);

*Seidner v. Arietis Health, LLC*, Case No.
1:23-cv-13020-ADB (D. Mass.);
*Moore v. Nuance Communications, Inc.*,
Case No. 1:23-cv-12446-ADB (D. Mass.);
*Paweski v. Alogent Holdings, Inc.*, Case No.
1:23-cv-05705-TWT (N.D. Ga.) (to be
tagged)

Jonathan M. Jagher
**FREED KANNER LONDON &
MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
(610) 234.6486
jjagher@fklmlaw.com

*Counsel for Plaintiffs in:*
*Harris v. Pension Benefit Information, LLC,
et al.*, Case No. 1:23-cv-12816-ADB (D.
Mass.);
*Johnson v. Nuance Communications, Inc.*,
Case No. 1:23-cv-12265-AK (D. Mass.)
(notice of potential tag-along filed);
*Griffith-Sullivan, v. Lumico Life Insurance
Co.*, Case No. 1:23-cv-10880 (S.D.N.Y.) (to
be tagged);
*Griffith-Sullivan v. Welltok, Inc., et al.*, Case
No. 1:23-cv-13103-ADB (D. Mass.);
*Salcedo v. Welltok, Inc. et al.*, Case No.
1:23-cv-13097-ADB (D. Mass.)

*Proposed Settlement Committee*

Michael R. Reese (*pro hac vice
forthcoming*)
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
(212) 643-0500
mreese@reesellp.com

*Counsel for Plaintiffs in:*
*Clay v. CareSource*, Case No. 1:23-cv-
12593-ADB (D. Mass.);
*Gaffin v. Pension Benefit Information, LLC*,
Case No. 4:23-cv-40158-ADB (D. Mass.)

*Proposed State Court Liaison*

<u>Additional supporting counsel:</u>

Alfred G. Yates, Jr. (*pro hac vice
forthcoming*)
**LAW OFFICE OF
ALFRED G. YATES, JR., P.C.**
1575 McFarland Road, Suite 305
Pittsburgh, PA 15216
Phone: (412) 391-5164
Fax: (412) 471-1033
yateslaw@aol.com

John G. Emerson
**EMERSON FIRM, PLLC**
2500 Wilcrest Drive
Suite 300
Houston, Texas 77042-2754
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
Jemerson@emersonfirm.com

*Counsel for Plaintiffs in:
Anna M. Moore and Ashley Gwen Lacombe
v. Progress Software Corporation*, Case No.
1:23-cv-11669-ADB (D. Mass)

Matthew Herman
**MEYERS & FLOWERS, LLC**
3 N. 2nd Street, Suite 300
St. Charles, IL 60174
mh@meyers-flowers.com
(630) 232-6333 Voice
(630) 845-8982 Facsimile

*Counsel for Plaintiff in:
Sanchez v. Health Care Services
Corporation et al.*, Case No. 1:23-15857
(N.D. Ill.) (CTO 21 pending)

Thomas J. McKenna
Gregory M. Egleston (*pro hac vice
forthcoming*)
**GAINEY McKENNA & EGLESTON**

501 Fifth Avenue, 19th Fl.
New York, NY 10017
Telephone: (212) 983-1300
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Counsel for Plaintiff in:*
*Weissman v. Athene Annuity and Life*
*Company, et al.*, Case No. 1:23-cv-12453-
ADB (D. Mass.)

James M. Evangelista (*pro hac vice*
*forthcoming*)
**EVANGELISTA WORLEY, LLC**
500 Sugar Mill Road, Suite 245A
Atlanta, Georgia 30350

*Counsel for Plaintiffs in:*
*Harris v. Pension Benefit Information, LLC,*
*et al.*, Case No. 1:23-cv-12816-ADB (D.
Mass.);
*Murray v. EMS Management and*
*Consultants Inc.*, Case No. 1:23-cv-12863-
ADB (D. Mass.);
*Doe v. Harvard Pilgrim Health Care, Inc.*,
Case No. 1:23-cv-11597-WGY (D. Mass.)

Christopher D. Jennings (*pro hac vice*
*forthcoming*)
(Arkansas Bar No. 2006306)
**JOHNSON FIRM**
610 President Clinton Ave., Suite 300
Little Rock, Arkansas 72201
T: (501) 372-1300
F: (888) 505-0909
E: chris@yourattorney.com

*Counsel for Plaintiffs in:*
*Reese, et al., v. IPSWITCH, INC. et al.*, Case
No. 1:23-cv-11610-ADB (D. Mass.);
*White, et al., v. Pension Benefit Information,*
*LLC, et al.*, Case No. 1:23-cv-12512-ADB
(D. Mass.)

Paul J. Doolittle
**POULIN, WILLEY,**

22

**ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
T. (803) 222-2222
F. (843) 494-5536
Email: paul.doolittle@poulinwilley.com

*Counsel for Plaintiffs in:*
Garcia v. Maximus Health
Services, Inc., Case No. 1:23-cv-02129
(S.D. Ind.);
Robinson v. EMS
Management & Consultants,
Inc., Case No. 1:23-cv-12860-ADB (D.
Mass.);
Keenan v. Caresource, Corp. *et al.*, Case No.
1:23-cv-12994-ADB (D. Mass.);
*Liptock v. MasTec Inc.*, Case No. 1:23-cv-
12985 (D. Mass.)