**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

IN RE: MOVEIT CUSTOMER DATA
SECURITY BREACH LITIGATION

THIS DOCUMENT RELATES TO:
ALL CASES

MDL NO. 1:23-MD-03083-ADB

Hon. Judge Allison D. Burroughs

**PLAINTIFFS' COUNSEL LEADERSHIP STRUCTURE PROPOSAL**
**OF WILLIAM B. FEDERMAN OF FEDERMAN & SHERWOOD**

Pursuant to MDL Order No. 5 (Doc. No. 260), William B. Federman of Federman &

Sherwood, counsel for a subset of the Plaintiffs and Putative Classes in this multidistrict litigation

("MDL"), respectfully submits a proposed Plaintiffs' Counsel Leadership Structure ("Proposed

Leadership Structure") for the Court's review and consideration.

**I.    THE PROPOSED LEADERSHIP STRUCTURE**

**A.  Overview of the Proposed Leadership Structure.**

Plaintiffs and the Putative Classes will benefit from a leadership team possessing diverse

talents that will draw upon the strengths of various counsel across the nation. The Proposed

Leadership Structure is comprised of five (5) individuals, with clearly defined responsibilities,

who will serve as Interim Co-Lead Class Counsel ("Co-Lead"). Each Co-Lead will have authority

over a distinct aspect of the litigation and will oversee a corresponding committee of Court

approved counsel who will be available to assist the Co-Lead in their designated area of expertise

as needed. If adopted, the Proposed Leadership Structure will ensure streamlined prosecution of

the underlying litigation, devoid of duplicative efforts, that is inherently cost efficient.[1]

---

[1] Note, the Proposed Leadership Structure is an all-inclusive structure. There is no need for additional counsel beyond the positions appointed. The Proposed Leadership Structure prevents unknown and unauthorized individuals from working on the cases at the federal level who are not Court appointed and Court approved. The attorneys who were appointed or are pursuing the



### B. Co-Lead Class Counsel.

The Proposed Leadership Structure consists of five (5) Co-Lead Counsel who will each oversee a specific portion of the litigation. This division of authority ensures each Co-Lead Counsel brings a precise area of expertise to the MDL proceeding. The five (5) Co-Lead positions include: (i) Administrative Co-Lead; (ii) Discovery Co-Lead; (iii) Common Depository Co-Lead; (iv) Briefing Co-Lead; and (v) Liaison Co-Lead. Each Co-Lead will have the authority to make decisions pertaining to their designated area of expertise, however, decisions impacting the entirety

---

underlying actions for their clients at the state or federal level will remain in place and assist the counsel who are appointed by this Court. The proposed structure is intended to work on the common issues of the litigation, recognizing that the underlying actions each have particular issues that are best litigated when the cases are returned to the original court. *See* 28 U.S.C.A. § 1407(a) ("When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings…Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred…"); MDL Order No. 1 (Doc. No. 11) ("The actions subject to this Order are coordinated for *pretrial purposes*." (emphasis added)); Transfer Order (Doc. No. 312) ("At a certain stage of this litigation (*e.g.*, perhaps after common discovery and motion practice concludes concerning Progress and other widely-named defendants such as [Pension Benefits Information, LLC]), the transferee judge may decide that some actions are ready for remand to their transferor courts ahead of other actions."); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 27–28 (1998) ("A district court conducting pretrial proceedings pursuant to § 1407(a) has no authority to invoke § 1404(a) to assign a transferred case to itself for trial.").

of the MDL must be made by group vote of the Co-Leads.[2] This method of decision-making serves as a checks and balance system within the leadership structure that will ultimately protect Plaintiffs and the Putative Classes.

### C. Committees.

To ensure there is a trusted reserve of attorneys to assist in the MDL, each Co-Lead will have a corresponding committee of Court appointed counsel available to support them as needed. Each committee will be responsible for a different subset of the litigation, with tasks that do not overlap, as detailed below.

### 1. Administrative Committee.[3]

The Administrative Committee, led by the Administrative Co-Lead, will be responsible for all administrative tasks in the MDL. Specifically, the Administrative Committee will have the following responsibilities and duties:

1) Establishing a time keeping and expense protocol for all Co-Leads and Committees.

2) Collecting and compiling time and expense entries for each of the Committees and Co-Leads as well as establishing billing rates.

3) Collecting monthly reports from each of the Co-Leads and Committees.

---

[2] Co-Lead Counsel must all be present and participate in Settlement negotiations. Any proposed Settlement must be approved by the Co-Leads before presentation to the Court. No one or two Co-Lead Counsel are to work independent from the others in negotiating a settlement. The overarching purpose of all settlement negotiations should be to negotiate the best possible return to the Class Members—not the largest gross settlement figure or largest fee award.

[3] Approximately 3–5 individuals.

4) Providing an in camera monthly report ("Monthly Report") to the Court detailing time and expense entries to date and the status of the federal and state litigation.

5) Maintaining a master docket of all deadlines and dates of significance in the MDL.

6) Ensuring compliance with all applicable Court rules.

7) Filing all documents in the litigation.

8) Attending scheduling conferences with the Court.

### 2. Discovery Committee.[4]

The Discovery Committee, led by the Discovery Co-Lead, will be responsible for all aspects of discovery regarding the common defendants. This includes the following responsibilities and duties:

1) Drafting and serving all discovery requests (*e.g.*, interrogatories, requests for production, requests for admission).

2) Scheduling, attending, conducting, and defending depositions.

3) Drafting and issuing subpoenas.

4) Issuing Freedom of Information Act Requests.

5) Developing an ESI protocol and any necessary protective orders or confidentiality agreements.

6) Meeting and conferring with defense counsel for the common defendants, as necessary.

---

[4] Approximately 4–7 individuals.

7) Coordinating the production of and access to documents with the common depository team.

8) Reporting time and expenses to the Administrative Committee.

9) Providing the Administrative Committee with a monthly status report to be included in the Administrative Committee's in camera Monthly Report to the Court.

**3. Common Depository Committee.**

The most unique component of the Proposed Leadership Structure is the Common Depository Committee, led by the Common Depository Co-Lead. It is anticipated that there will be a vast number of documents obtained in discovery from the common defendants. These documents will need to be shared across the Proposed Leadership Structure and will eventually need to be shared with Plaintiffs' counsel in each of the respective cases.[5] As such, there will need to be one common location for these documents to be electronically stored and accessed—the common depository. The common depository will be a drop box (or similar framework) where documents can be electronically stored and accessed by users who are granted access. The Common Depository Committee will be charged with establishing this common place of access for all documents received in discovery and determining the appropriate user controls. The Common Depository Committee will be primarily responsible for the following:

1) Collecting, organizing, cataloging, and disseminating all documents obtained during discovery.

2) Negotiating and implementing the ESI protocols.

3) Ensuring the appropriate persons have access to the common depository;

---

[5] Approximately 3–5 individuals.

4) Reporting time and expenses to the Administrative Committee.

5) Providing the Administrative Committee with a monthly status report to be included in the Administrative Committee's in camera Monthly Report to the Court.

### 4. Federal and State Court Liaison Committee.[6]

Due to the staggering number of cases filed in both federal and state courts, liaison counsel are needed to facilitate communications between the federal cases and the state cases to reach beneficial results for both tracts of cases. The members of the Liaison Committee will be responsible for their own subset of cases (divided by geographic location or by industry (*e.g.*, medical, financial, *etc.*)). The state court liaisons and federal court liaisons, led by the Liaison Co-Lead are responsible for:

1) Reporting to the Administrative Committee any newly filed, settled, removed, remanded, dismissed, and/or stayed cases.

2) Coordinating with the underlying cases to determine what discovery is needed on what issues and relaying this information to the Discovery Committee.

3) Serving as the line of communication between the underlying cases and the Proposed Leadership Structure.

4) Reporting time and expenses to the Administrative Committee.

### 5. Briefing Committee.[7]

The last committee comprising the Proposed Leadership Structure is the Briefing Committee, led by the Briefing Co-Lead. The Briefing Committee is responsible for:

---

[6] Approximately 2–5 individuals.
[7] Approximately 4–7 individuals.

1) Researching and drafting all briefs, memoranda, consolidated complaints addressing common issues, and motions.

2) Reporting time and expenses to the Administrative Committee.

## II.   CONCLUSION

In sum, the Proposed Leadership Structure will ensure streamlined prosecution of the underlying litigation, devoid of duplicative efforts, which is inherently cost efficient. As such, Mr. Federman respectfully requests the Court adopt the Proposed Leadership Structure described herein.

Dated: December 15, 2023

Respectfully submitted,

*/s/: William B. Federman*
William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
(405) 235-1560
(405) 239-2112 (facsimile)
*wbf@federmanlaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/: William B. Federman*
William B. Federman