UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES | MDL NO. 1:23-MD-03083-ADB<br><br>Hon. Judge Burroughs |

**PLAINTIFFS' COUNSEL WILLIAM B. FEDERMAN'S OBJECTION
AND RESPONSE TO PLAINTIFFS' LEAD COUNSEL AND LIAISON AND
COORDINATING COUNSEL'S NOTICE OF FILING PROPOSED ORDERS**

William B. Federman ("Mr. Federman") of Federman & Sherwood is one of many plaintiffs' attorneys representing clients in the "consumer facing" actions comprising this MDL. Mr. Federman is also court appointed lead counsel for plaintiffs and the proposed classes in (i) *Schultz v. TD Ameritrade, Inc. and The Charles Schwab Corporation*, No. 8:23-cv-00375 (D. Neb.);[1] and (ii) *Strother v. MidFirst Bank*, No. 5:23-cv-00817 (W.D. Okla.).[2] The purpose of this MDL was to create efficiencies in the prosecution of common issues before the cases are returned to the original courts. The spirit of the MDL is not to exclude those attorneys who represent the plaintiffs in the underlying actions and who have developed client relationships, nor to enrich a select group of attorneys. Therefore, Mr. Federman respectfully objects and responds to the proposed orders submitted by Plaintiffs' Lead Counsel and Liaison and Coordinating Counsel (collectively, "Lead Counsel") on February 2, 2024 (Doc. No. 715) (the "Proposed Orders"), and respectfully brings to the

---

[1] District Court of Massachusetts case numbers: 1:23-cv-12590-ADB, 1:23-cv-12591-ADB, and 1:23-cv-12592-ADB.
[2] District Court of Massachusetts case numbers: 1:23-cv-12771 and 1:23-cv-12898.

Court's attention important issues in the Proposed Orders.[3]

## I. THE PROPOSED ORDERS FAIL TO ADDRESS COUNSEL WHO HAVE ALREADY BEEN APPOINTED AS INTERIM LEAD CLASS COUNSEL.

As a threshold issue, the Proposed Orders do not address the role and authority of those attorneys who were appointed as interim lead class counsel prior to the cases being transferred to the MDL. These attorneys were selected by their clients to represent them and were thereafter appointed, sometimes in contested hearings, by the courts where the cases were originally filed and where the cases will be sent following the consolidated pretrial proceedings in the MDL. Such counsel, including Mr. Federman, were determined to be adequate class counsel by the appointing court. The original courts, to which the cases will be returned, tasked these attorneys with specific duties and responsibilities that have not been set aside and should not be delegated to other counsel without client input or input by the appointing courts. Yet, the Proposed Orders unilaterally submitted by Lead Counsel give Lead Counsel the sole authority to conduct discovery, attend hearings and meetings, conduct trials, designate additional counsel, and settle plaintiffs' cases, although such counsel were not appointed by the originating court and have no client relationships, let alone clients, in many of the cases. (Doc. No. 715-2). This is not what many of the clients consented to, nor is it what the judges in those cases ordered. Rather, the Proposed Orders usurp powers Lead Counsel simply do not have and improperly seeks to set aside

---

[3] Mr. Federman is unaware if the Proposed Orders were circulated to all counsel for plaintiffs in the underlying actions prior to the filing of the Proposed Orders. To the best of his knowledge, they were not.

orders from other courts.

Pursuant to clear precedent from the United States Supreme Court in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998), the cases comprising the MDL must be remanded back to their original courts at or before the conclusion of the consolidated pretrial proceedings. However, the Proposed Orders do not give any insight as to how this will be accomplished nor what role Lead Counsel will play after the cases are returned to the originating courts. Instead, the Proposed Orders incentivize Lead Counsel to keep the cases in the pretrial stages and settle them before they can be returned to the original courts, even if that is not the best outcome for the plaintiffs or the putative classes in each of those cases.[4]

It makes the most sense to leave the already established leadership structures intact for those cases that have already had interim leadership appointed considering the orders already in effect and that these attorneys are already intimately involved with the clients in those cases where they have been appointed. Therefore, those attorneys who have already been appointed as interim class counsel should not be forced to step aside in favor of Lead Counsel who have *not* been intimately involved with the cases from inception and often have no clients in involved in those actions.

II.   **LEAD COUNSEL STRETCH THEIR SETTLEMENT AUTHORITY FAR BEYOND THE BOUNDS OF REASONABLENESS TO GARNER EXTRA ATTORNEY'S FEES.**

---

[4] Moreover, this is not a situation where a single consolidated complaint can be filed that covers all the diverse permutations of claims, products and facts among the hundreds of cases that comprise the MDL.

Lead Counsel should only have the authority to settle claims against Progress Software Corporation or Ipswitch, Inc. in federal court, where this court has jurisdiction. Nevertheless, the Proposed Orders seek to impermissibly stretch Lead Counsel's settlement authority far beyond the jurisdiction of this Court to control and receive a "cut" of the attorney's fees in all cases that even remotely relate to the MOVEit data breach, regardless of whether Lead Counsel provided any beneficial services to prosecution of those cases. The Proposed Orders state Lead Counsel are:

> solely responsible…for settlement negotiations with any defendant in an action in this MDL…The Leads, via the Settlement Committee, shall oversee and conduct any settlement discussions with any Defendant seeking to compromise claims asserted in the MDL, whether with a single defendant or multiple defendants, whether taking place in the MDL or elsewhere, whether purporting to resolve some or all claims pending in the MDL. No settlement shall be agreed to and/or submitted to the Court for approval without Lead Counsel assent.[5]

(Doc. No. 715-2 at p. 3).

There is no sound justification, nor jurisdiction, for Lead Counsel to have the "sole authority" to settle all cases against all defendants in the MDL. The only reason Lead Counsel seek such sweeping authority is to make a broad power grab in an attempt to seize attorney's fees they did not earn. As Lead Counsel in an MDL concerning a product made by Progress Software Corporation and/or Ipswitch, Inc., Lead Counsel's sole purpose and priority should be to litigate or settle claims asserted against the common defendant Progress Software Corporation and/or Ipswitch, Inc.—not every Defendant who used

---

[5] This provision gives Lead Counsel potentially sole authority to settle cases pending in state courts where they played no role and this Court arguably has no jurisdiction.

MOVEit. The Proposed Orders, as they currently stand, authorize Lead Counsel, who may or may not have a client in each case, to reach into the pockets of cases they had no hand in developing or settling simply to grab a fee.

For instance, if an attorney, particularly one in a state court action, other than Lead Counsel negotiated a settlement with a consumer facing Defendant who merely used MOVEit (*i.e.*, any Defendant but Progress Software Corporation or Ipswitch, Inc.) Lead Counsel reserves to itself the ability to swoop in at the end to review and "approve" of the Settlement solely to collect a fee. Afterall, the Proposed Orders state, "[n]o settlement shall be agreed to and/or submitted to the Court for approval without Lead Counsel assent." (*See* Doc. No. 715-2 at p. 3.). Excessive and unnecessary attorney's fees do not benefit plaintiffs nor the putative classes. There is no need for multiple attorneys to do the job of those who have efficiently and effectively interfaced with their clients to successfully conclude prosecution of a case, particularly those counsel who have already been found qualified and capable of representing Plaintiffs in their respective cases.

It is also concerning that Lead Counsel's Proposed Orders seek not only to unilaterally control every federal case concerning the MOVEit data breach, but also seek to take control of every case in state court. This Court arguably has no jurisdiction over cases already pending in state court. This is merely overbearing leadership seeking to collect a fee.

As such, the Court should not grant Lead Counsel the unilateral sole authority to settle cases against Defendants other than Progress Software Corporation or Ipswitch, Inc. and should ensure the order is clear that it only applies to federal cases pending in the MDL.

## III. THE PROPOSED ORDERS GIVE LEAD COUNSEL CARTE BLANCHE AUTHORITY TO AWARD THEIR OWN FEES AND EXPENSES.

In addition to the deficiencies identified above, the Proposed Orders give Lead Counsel unilateral carte blanche authority to "[d]etermin[e] the fees and reimbursements to appointed and Designated Counsel and the timing of those payments in connection with any Court-awarded fees and/or expenses with administrative support from Time, Fee, and Expense Counsel." In other words, Lead Counsel have bestowed upon themselves plenary authority to determine when and if other attorneys who do work in the cases, either in state or federal court, get compensated for their work. This is a highly controversial provision that Lead Counsel tucked away under the "Miscellaneous" section of the Proposed Order. (*See* Doc. No. 715-2 at p. 4.). Lead Counsel cite no authority upon which such unfettered authority should vest solely in their hands. It is in the best interest of all parties for the Court to retain this authority.

## I. CONCLUSION

For the reasons set forth above, Mr. Federman respectfully requests that the Court consider the issues raised herein and address them as the Court sees fit in an open and fair manner.

Dated: February 8, 2024                                  Respectfully submitted,

*/s/ William B. Federman*
William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
(405) 235-1560
(405) 239-2112 (facsimile)
*wbf@federmanlaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ William B. Federman*
William B. Federman
