UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  | * | |
|  | * | |
| IN RE: MOVEIT CUSTOMER DATA | * | |
| SECURITY BREACH LITIGATION | * | |
|  | * | |
| This Document Relates To: | * | MDL No. 1:23-md-03083-ADB-PGL |
|  | * | |
| All Cases | * | |
|  | * | |
|  | * | |
|  | * | |

**MDL Order No. 10**
**(Designated Responsibilities of Plaintiff Leadership)**

The Court, having reviewed all submissions by counsel in response to MDL Order No. 9 (First Case Management Order) and considering the leadership appointments made in MDL Order No. 8 (Plaintiffs' Leadership and Leadership Structure), issues this Order to, among other things, set forth the specific responsibilities of counsel identified in MDL Order No. 8 and the structure and staffing of the relevant committees.

A.      **Responsibilities of Plaintiffs' Lead Counsel**

Lead Counsel shall be responsible for coordinating, overseeing and managing the litigation, settlement, and trials (if any) on behalf of the plaintiffs. Lead counsel will have the duties outlined in Section 10.221 of the Manual for Complex Litigation (Fourth), which include formulating and presenting positions on substantive and procedural issues during the litigation.

a.      Lead Counsel shall prosecute all claims and coordinate the pretrial proceedings conducted by counsel for the individual plaintiffs and classes. They shall endeavor to operate by consensus, and shall agree upon a plan for conducting the MDL on behalf of all plaintiffs.

b.      The authority, duties, and responsibilities of Lead Counsel with respect to all claims also include, but shall not be limited to, the following:

1. **Discovery**

a.      Initiating, coordinating, and conducting all pretrial discovery on behalf of plaintiffs in all actions ("Plaintiffs"), including engaging expert witnesses as appropriate.

2. **Hearings and Meetings**

a.      Initiating and presenting proposals, suggestions, schedules, motions or briefs, and any other appropriate matters concerning pretrial proceedings;

b.      Determining, in consultation with Liaison and Coordinating Counsel, which person or persons shall be designated to address the Court with respect to any pretrial matters; and

c.      Examining witnesses and introducing evidence at hearings on behalf of Plaintiffs.

3. **Trial (if any)**

a.      Coordinating and overseeing the selection, management, and presentation of common issue, "bellwether" and/or "test" case trials, if any;

b.      Preparing for trial and trying (or Designating Counsel to try) any of Plaintiffs' cases that proceed to trial in this Court; and

c.      Deciding on behalf of Plaintiffs whether or not one or more of the cases should be tried in the MDL and, if there is a trial in the MDL, the circumstances under which it is tried.

4. **Designating Additional Counsel**

a.      Designating, authorizing and overseeing other qualified Plaintiffs' counsel to perform legal services on behalf of Plaintiffs ("Designated Counsel"), including, but not limited to, designating counsel for service on committees, with the understanding that any

Designated Counsel must comply with the terms of MDL Order No. 11 (Regarding the Efficient and Cost-Effective Management for Plaintiffs' Staffing, Timekeeping, Costs, and Compensation) and all other MDL Orders;

      b.      Delegating specific tasks to Designated Counsel in a manner to ensure that pretrial preparation for the Plaintiffs is conducted effectively, efficiently, and economically; schedules are met; and unnecessary expenditures of time and expense are avoided; and

      c.      Encouraging full cooperation and efficiency among all Plaintiffs' counsel.

**5.    Settling and Compromising Plaintiffs' Claims**

      a.      Being solely responsible, via the Settlement Committee (described below), for settlement negotiations with any Defendant in an action in this MDL ("Defendants") and for entering into any agreements to settle or compromise Plaintiffs' claims asserted in the MDL, including the presentation of such settlements to the Court for approval pursuant to Fed. R. Civ. P. 23. Lead Counsel, via the Settlement Committee, shall oversee and conduct any settlement discussions with any Defendant seeking to compromise claims asserted in the MDL, whether with a single Defendant or multiple Defendants, whether taking place in the MDL or elsewhere, whether purporting to resolve some or all claims pending in the MDL. No settlement shall be agreed to and/or submitted to the Court for approval without Lead Counsel assent.

**6.    Miscellaneous**

      a.      Along with Liaison and Coordinating Counsel, proposing schedules for the efficient resolution of this matter to the Court;

      b.      Litigating on behalf of Plaintiffs any motions presented to the Court;

      c.      Assessing counsel appointed by the Court or designated pursuant to this Order for payments into a Litigation Fund, in amounts and at times they determine to be necessary and appropriate;

    d.  Determining the fees and reimbursements to appointed and Designated Counsel and the timing of those payments in connection with any Court-awarded fees and/or expenses subject to review from Time, Fee and Expense Counsel.

    e.  Authorizing and monitoring all work performed on behalf of the Plaintiffs;

    f.  Authorizing retention of any vendor anticipated to incur costs over $2,000; and

    g.  Performing such other functions as are reasonably necessary to advance Plaintiffs' interests in this MDL.

## B. Responsibilities of Plaintiffs' Liaison and Coordinating Counsel

Liaison and Coordinating Counsel will function as the Chief Operating Officer, as described in MDL Order No. 8, and shall have the following responsibilities:

    a.  Coordinating between Lead Counsel and Committees;

    b.  Setting deadlines and ensuring that deadlines are met;

    c.  Maintaining organizational efficiency;

    d.  Drafting policies and procedures;

    e.  Communicating with the Court;[1]

    f.  Providing Time, Fee and Expense Counsel with all materials necessary to do her job;

    g.  Working with Co-Lead Counsel to develop and propose to Defendants and the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs;

    h.  Maintaining adequate files of all pretrial matters in a manner that does not require duplicative work by multiple Plaintiffs' law firms, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and

---

[1] Although Liaison and Coordinating Counsel will be the primary point of contact for communication with the Court, the Court expects to hear directly from counsel responsible for particular issues, as appropriate. Lead Counsel will determine which person or persons shall be designated to address the Court with respect to any pretrial issues or matters.

  having those documents available, under reasonable terms and conditions, for examination by all Plaintiffs' counsel;

 i. Ensuring that meetings of Lead Counsel and/or Committees are held on appropriate intervals and efficiently run with agendas circulated in advance, summaries of meetings prepared, and follow up tasks assigned, as needed;

 j. Providing regular updates and scheduling regular calls or meetings for all Plaintiffs' counsel, to occur no less frequently than once per quarter;

 k. Coordinating and communicating with Defendants' counsel, personally or by a designee, on scheduling, procedural, and substantive matters;

 l. Negotiating and entering into stipulations with Defendants, with Lead Counsel approval, concerning this litigation; provided, however, that all stipulations, except for strictly administrative details, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation;

 m. Maintaining an up-to-date service list of all Plaintiffs' attorneys involved in this MDL, including an email distribution list(s) for Plaintiffs' Leadership Team;

 n. To aid discharge of the duties above, Plaintiffs' Lead Counsel and Committees shall regularly apprise Liaison and Coordinating Counsel about their ongoing work and decisions; and

 o. In addition to fulfilling her Court-appointed role, Liaison and Coordinating Counsel and her firm shall also perform such substantive work in this litigation as is approved in writing by Lead Counsel.

**C.** **Responsibilities of Plaintiffs' State-Federal Liaison Counsel**

State-Federal Liaison Counsel shall have the following responsibilities, to be carried out at the direction of Liaison and Coordinating Counsel:

 a. Coordinating with the Defendants' Liaison Committee to maintain an active and up-to-date list of state-court proceedings involving the same or similar claims against MDL Defendants (including contact information for each presiding judge); said list shall be filed with the Court as part of the agenda preceding each status conference;

 b. Where practicable, communicating with attorneys prosecuting related

state-court actions to ascertain their status, and providing periodic reports as requested by Liaison and Coordinating Counsel and the Court;

    c.    Providing information about related state-court proceedings to the Court and Lead Counsel, including any settlements proposed for approval in a state-court proceeding; and

    d.    Helping coordinate discovery and litigation efforts between state and federal proceedings to avoid, where possible, duplicative, or conflicting efforts.

**D.**    **Responsibilities of Plaintiffs' Time, Fee and Expense Counsel**

Time, Fee and Expense Counsel shall coordinate with Liaison and Coordinating Counsel and report directly to the Court. She shall have the following responsibilities:

    a.    Executing the requirements of MDL Order No. 11 (Time and Expense Order) entered by the Court concerning efficient and cost-effective management of this litigation, including timekeeping, costs, and compensation protocols;

    b.    Ensuring attorney compliance with the Time and Expense order and any other subsidiary timekeeping, costs, and compensation protocols;

    c.    Collecting lodestar and expense reporting and providing monthly lodestar and expense reports to Lead Counsel and Liaison and Coordinating Counsel and providing quarterly lodestar and expense reports to the Court *ex parte*, with copies to Lead Counsel and Liaison and Coordinating Counsel, and responding to any inquiries from the Court regarding same;

    d.    Attending Case Management Conferences to address time and expense matters as requested by the Court or Lead Counsel, and to otherwise attend if she deems it necessary;

    e.    Sharing financial information with Liaison and Coordinating Counsel and

Lead Counsel;

      f.      Interviewing and hiring, with input from Lead Counsel, a certified public accountant (CPA), or other qualified accountant, charged with reviewing time and expenses and a vendor to host an electronic platform for the submission, recording, and evaluation of time and expense recording; and

      g.      Assisting Lead Counsel and Liaison and Coordinating Counsel with attorneys' fees and costs motions, and providing or obtaining declarations in support thereof.

**E.    Committee Structure and Staffing**

The Plaintiff Committees established by the Court shall have the responsibilities set forth below. These outlined responsibilities are not intended to be exclusive. Lead Counsel, Liaison and Coordinating Counsel, and Designated Counsel shall work together across committees as needed to effectively and efficiently represent Plaintiffs. Lead Counsel shall appoint Designated Counsel to serve as committee members from the universe of Plaintiff lawyers who indicate a willingness to serve. Such appointments need not be approved by the Court, may change over time, but should be made with efficiency in mind, and will be subject to review by Time, Fee and Expense Counsel to prevent any overstaffing and to otherwise allow appropriate financial oversight. Liaison and Coordinating Counsel shall maintain a list of current and past members. All work performed by Designated Counsel chosen to serve as a committee member must be authorized by the Lead Counsel overseeing such committee.

**F.    Plaintiff Vetting and Discovery Committee**

To be overseen by Lead Counsel Michelle Drake.

      a.      Lead vetting of all Plaintiffs for amended, consolidated, and/or representative complaint(s);

      b.      Coordinating with other Committees as necessary to identify appropriate Plaintiffs for any amended complaint(s);

Case 1:23-md-03083-ADB   Document 834   Filed 03/28/24   Page 8 of 10

  c. Drafting appropriate communications concerning Plaintiff discovery matters;

  d. Coordinating and drafting objections and responses to discovery directed at named Plaintiffs; and

  e. Preparing, coordinating and conducting the defense of Plaintiffs' depositions.

**G. Offensive and Third-Party Discovery Committee**

To be overseen by Lead Counsel Doug McNamara.

  a. Coordinating and conducting Plaintiffs' discovery directed at Defendants and third-parties;

  b. Negotiating various protocols on discovery and electronically stored information and protective orders in consultation with Plaintiff Vetting and Discovery Committee;

  c. Coordinating, compiling and developing the evidence necessary to prove the case through documents and deposition testimony, and any other discovery methods made available under the rules of civil procedure;

  d. Identifying individuals for interviews regarding the data breach;

  e. Conducting interviews and researching other sources for facts helpful to prove Plaintiffs' case;

  f. Identifying third parties with potential responsive documents and drafting document preservation letters;

  g. Coordinating and drafting subpoenas and reviewing third-party documents and responsive materials; and

  h. Handling any FOIA requests and securing relevant information provided to regulators.

**H. Law and Briefing Committee**

To be overseen by Lead Counsel Charles Schaffer.

  a. Drafting amended, consolidated, and/or representative complaint(s) with input from Expert and Plaintiff Vetting and Discovery Committees;

  b. Researching and briefing responses to Defendants' Rule 12 and Rule 56 motions;

- 8 -

      c.      Researching and briefing discovery motions and responses to anticipated motions in conjunction with Plaintiff Vetting and Discovery Committee and Offensive and Third-Party Discovery Committee;

      d.      Researching and briefing class certification;

      e.      Researching and briefing responses to any other motions to which it is determined by Lead Counsel that a response by Plaintiffs is necessary;

      f.      Coordinating research and briefing of other substantive issues in the case; and

      g.      Working with Offensive and Third-Party Discovery Committee and Expert Committee to develop the supporting evidence and proofs (factual and expert) necessary to prove the Plaintiffs' claims. Working with the Settlement Committee to research and brief the motions for Preliminary and Final Approval of any settlements.

**I.    Expert Committee**

To be overseen by Lead Counsel Karen Riebel.

      a.      Selecting and retaining consulting and testifying experts;

      b.      Serving as primary contact for experts and coordination of expert consultation and reports;

      c.      Coordinating responses to expert discovery;

      d.      Preparing for and defending expert depositions;

      e.      Conducting offensive expert discovery, in coordination with the Offensive and Third-Party Discovery Committee; and

      f.      Coordinating defensive expert discovery, including responses to Daubert motions, in cooperation with Law and Briefing Committee;

**J.    Settlement Committee**

To be overseen by Lead Counsel Gary Lynch.

      a.      Serving as primary contact for settlement negotiations with Defendants;

      b.      Working with Lead Counsel to negotiate settlements and sequence settlement negotiations and mediations;

      c.      Gathering information necessary to facilitate the negotiation process with each Defendant;

      d.      Developing a knowledge base of comparable settlements and applicable precedents and authorities regarding approvable settlement structures;

      e.      Attending all settlement conferences and mediations;

      f.      Prepare all term sheets and settlement agreements;

      g.      Coordinating with the Law and Briefing Committee for the preparation of motions for preliminary and final approval of any settlement;

      h.      Presenting any settlements for approval by the Court;

      i.      Coordinating with State-Federal Liaison Counsel to monitor and address the impact of any settlements in state court of claims being brought by Plaintiffs in this MDL, and develop strategies to respond to such state court settlements, as appropriate; and

      j.      Overseeing administration of settlements.

**SO ORDERED**.

March 28, 2024                            */s/ Allison D. Burroughs*
                                            ALLISON D. BURROUGHS
                                            U.S. DISTRICT JUDGE