UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>*All Cases* | MDL No. 1:23-md-03083-ADB-PGL |

**JOINT PROPOSAL REGARDING**
**BRIEFING OF THRESHOLD ISSUES**

Pursuant to this Court's direction during the March 11, 2024 status hearing that the parties provide a framework for briefing threshold issues in this matter, the undersigned Defendants[1] and Plaintiffs Lead Counsel and Liaison and Coordinating Counsel, have met and conferred and hereby submit the following proposal for briefing jurisdictional and other issues.

The parties propose submitting three sets of threshold briefing related to (i) enforcement of arbitration agreements and/or class action waivers; (ii) jurisdiction under the Class Action Fairness Act ("CAFA"); and (iii) Article III standing.[2] These motions would be based on Plaintiffs' existing complaints—plus, as to the Article III standing motion, a set of designated additional, common allegations upon which plaintiffs intend to rely in responding to any Article III standing challenge. The parties believe that threshold briefing on the foregoing issues will allow

---

[1] Consistent with MDL Order No. 9 and Plaintiffs' Leadership Team's Communication Structure Proposal (ECF 667), the counsel identified as Defendants' Liaison Counsel represent solely their own clients and do not speak for any other Defendants but have been authorized by the other Defendants to sign this joint submission. Defendants' Liaison Counsel are not aware of any Defendants in this MDL objecting to the proposal described herein.

[2] All parties agree that Defendants explicitly reserve all rights to challenge personal jurisdiction, and the contemplated motions and stages before personal jurisdiction briefing do not act to waive any related rights.

1

the Court to narrow the parties and issues pending in this MDL without requiring Plaintiffs to exchange either fact sheets or consolidated amended complaints.[3]

First, consistent with the Court's guidance during the March 11th hearing, the parties propose that the Court set a date by which those individual Defendants who require further biographical information to address whether they may have viable motions to enforce arbitration agreements and/or class actions waivers confer with Plaintiffs on issues necessary to assess whether those motions will be brought. Although some Defendants continue to assess whether they will move to compel arbitration, the number currently considering is approximately ten (10).[4] Given this relatively low number, any conferral for those who need biographical information can occur directly between Plaintiffs and counsel for the individual Defendant considering the motion.

Plaintiffs are agreeable to providing the necessary limited information, subject to a protective order. The parties propose the Court also set a date by which Plaintiffs will provide such information to Defendants. For this limited set of Defendants who need additional biographical information only, this conferral shall also include a discussion of any such contractual agreements themselves, in an effort to limit the disputes put before the Court for consideration.

---

[3] As stated at the hearing and as set forth in Defendants' prior written submissions, Defendants continue to believe that consolidated complaints would make the motions process more efficient and easier to follow for the Court. Defendants also continue to believe that following resolution of the jurisdictional issues identified in this submission, all defendants should be afforded the opportunity to move to dismiss existing complaints (or, if Plaintiffs will agree, consolidated complaints) on other grounds, including Rule 12(b)(6). Plaintiffs, for their part, continue to believe that initially serving amended complaints as to six defendants would be the most effective and efficient way to begin this litigation (and continue to believe that filing amended complaints as to all 109 defendants right now is not efficient). As a compromise between these competing positions, the parties are submitting the proposal set forth herein.

[4] Additional Defendants to those counted here continue to assess whether to seek to compel arbitration or enforce class action waivers because, among other reasons, certain Defendants are continuing to assess whether arbitration agreements or class action waivers exist, and others are assessing whether they are third-party beneficiaries to the agreements between the end users and Defendants that directly interacted with the end users.

The parties also propose the Court set a date, after limited biographic information has been shared, by which any Defendant shall file a motion to compel arbitration against any Plaintiff in an existing MDL complaint and/or move regarding the Court's jurisdiction over any Plaintiff subject to a class action waiver.

Given the relatively low number of Defendants anticipated to join such a motion and following the Court's guidance at the March 11 hearing, these Defendants will endeavor to the extent practicable to file a single, joint motion to enforce those contractual provisions, addressing any unique Defendant issues as required, and attaching relevant declarations and exhibits for the Court's centralized review.  *See* Ex. B, Trans. March 11 Hearing at 81:17-83:8.  This would pertain to both arguments to enforce arbitration agreements and class action waivers.  This motion would be based on the allegations in Plaintiffs' existing complaints and Defendants' understanding of the contractual terms applicable to those Plaintiffs.  Should a motion be filed, the parties reserve the right to seek discovery on the arbitration/class waiver issue, if necessary.

Second, with regard to any challenge of this Court's jurisdiction under CAFA, the parties again believe that a meet and confer process, with  exchange of information (as necessary), may avoid motion practice as to the few Defendants to whom CAFA may not apply (the number of defendants currently considering is four (4)).  The parties will work collaboratively in this regard.  However, they propose that, in the interim, the Court set a near-term date by which Defendants shall move, if necessary, pursuant to Rule 12(b)(1) for a determination as to whether the Court has jurisdiction under CAFA.  This way, the parties will have a deadline by which any CAFA-related dispute must be resolved informally before motion practice commences.  If motion practice proves necessary, the Defendants will endeavor to the extent practicable to file a single, joint motion

3

addressing any unique Defendant issues as required and the parties reserve the right to seek discovery on the issues underlying inquiries as to CAFA jurisdiction.

Third, and as a final jurisdictional matter, the parties propose that the Defendants file a single omnibus Rule 12(b)(1) motion to dismiss Plaintiffs who allegedly lack Article III standing. This omnibus motion would be predicated on the allegations in the currently pending underlying complaints plus a set of common factual allegations that Plaintiffs contend are relevant to the standing analysis for all parties including, by way of example, information newly discovered on CL0P's website and the dark web.[5]  It is Plaintiffs' position that these common allegations will pertain to all defendants and will facilitate a more streamlined briefing process for the parties and decision process for the Court.  These common factual allegations may also include allegations regarding certain categories of Defendants, such as allegations regarding the types of information compromised and/or the relationships between Progress and certain categories of Defendants (i.e., Direct Users, Vendors, and so forth, as proposed by Defendants).

Defendants propose to present arguments grouped into approximately eight different buckets of purported injuries pleaded in the existing complaints, as they typically are in data breach cases, including the *Taylor* case recently considered by this Court.  To address the Court's guidance and desire to find an efficient and categorical way to decide cross-cutting standing issues, Defendants have attached as Exhibit A a chart that shows the eight buckets of injury around which Defendants anticipate they will organize their briefing on the threshold issue of standing.[6] Exhibit A includes, at a high level, examples of named plaintiffs from four exemplar cases

---

[5] The parties will work out an appropriate procedural mechanism for making these additional facts of record for purposes of the Article III standing motion.

[6] Defendants reserve the right to amend, adjust, narrow, reorganize, or add to these proposed buckets of injury as necessary for purposes of effective and efficient briefing on standing.

demonstrating the manner in which Defendants anticipate they would fill out this chart for all named plaintiffs in the existing complaints.[7]

Plaintiffs, for their part, do not agree that the standing question should be analyzed by looking at each alleged harm, in isolation, and are concerned that framing the issue with a "chart delimiting the categories of injury" might lead to a misapplication of the legal standard under Article III, which Plaintiffs contend requires a more wholistic evaluation of injury, including all facts which support a finding a certainly impending risk of future harm. Accordingly, while Plaintiffs concede that Defendants are free to fashion their standing argument however they see fit, Plaintiffs do not agree to Defendants' proposed paradigm for analyzing the standing question category by category of alleged harm, and reserve their right to challenge this analytical framework, as well as the particular categories identified by Defendants, and will do so as part of the briefing process. By agreeing to this process, Plaintiffs do not waive any procedural rights. Specifically, Plaintiffs reserve the right to amend in due course.

The foregoing approach to briefing Article III standing will allow the Court to efficiently narrow the pending parties and claims (if narrowing is appropriate), and does not require Plaintiffs' counsel to either prepare consolidated amended complaints or fact sheets summarizing their clients' allegations and claims.[8]

---

[7] Defendants do not admit that any of the purported injuries identified in Exhibit A have been plausibly alleged or otherwise satisfy the pleading standards required under Rule 8 of the Federal Rules of Civil Procedure and reserve the right to move to dismiss any remaining allegations that fail to meet these standards in a subsequent brief.

[8] The parties agree that opening formal discovery as to all parties now is inefficient. Defendants propose formal discovery (including discovery as to Progress) should begin after the rulings on the above-described motions and any subsequent Rule 12(b)(6) motions. Plaintiffs propose that formal discovery as to Progress should begin immediately. It is Progress's position that if formal discovery begins now as to any party, it must be reciprocal and begin as to all Plaintiffs. Notwithstanding the above, counsel for Progress and Plaintiffs have begun good-faith discussions

DATED this 5th day of April, 2024.

Respectfully submitted,

**Orrick Herrington & Sutcliffe LLP**

*/s/ Aravind Swaminathan*
Aravind Swaminathan *(pro hac vice)*
401 Union Street, Suite 3300
Seattle, WA 98101
(206) 839-4340
aswaminathan@orrick.com

**Hogan Lovells US LLP**

*/s/ Allison M. Holt Ryan*
Allison M. Holt Ryan (*pro hac vice*)
555 13th Street NW
Washington, D.C. 20004
(202) 637-5600
allison.holt-ryan@hoganlovells.com

**Sidley Austin LLP**

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO # 564879)
60 State Street, 36th Floor
Boston, Massachusetts 02109
(617) 223-0304
jpirozzolo@sidley.com

**Morrison & Foerster LLP**

*/s/ Nathaniel R. Mendell*
Nathaniel R. Mendell (BBO # 645283)
200 Clarendon Street
Boston, MA 02116
617-648-4700
nmendell@mofo.com

**Mullen Coughlin LLC**

*/s/ Paulyne Gardner*
Paulyne Gardner (*pro hac vice*)

---

regarding a Stipulated Protective Order and ESI Stipulation, Plaintiffs' draft discovery requests, and the plan for Plaintiffs to respond to discovery.

426 W. Lancaster Ave., Suite 200
Devon, PA 19333
(267) 930-4770
pgardner@mullen.law

**BakerHostetler LLP**

*/s/ Gilbert S. Keteltas*
Gilbert S. Keteltas *(pro hac vice)*
1050 Connecticut Avenue, NW
Washington, DC  20026
(202) 861-1530
gketeltas@bakerlaw.com

**DLA Piper LLP**

*/s/ Jeff Tsai*
Jeff Tsai (*pro hac vice*)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
(415) 615-6055
jeff.tsai@dlapiper.com

**Alston & Bird LLP**

*/s/ Kristine McAlister Brown*
Kristine McAlister Brown (*pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
(404) 881-7584
kristy.brown@alston.com

**Venable LLP**

*/s/ Edward P. Boyle*
Edward P. Boyle *(pro hac vice)*
151 West 42nd Street, 49th Floor
New York, New York 10036
(212) 808-5675
epboyle@venable.com

**Sheppard Mullin Richter & Hampton LLP**

*/s/ Kari M. Rollins*

Kari M. Rollins *(pro hac vice)*
30 Rockefeller Plaza
New York, New York 10112
(212) 634-3077
Krollins@sheppardmullin.com

**Wilmer Cutler Pickering Hale and Dorr LLP**

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth (BBO #665232)
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

*Defendants' Liaison Counsel*[9]


By:      */s/ E. Michelle Drake*
         E. Michelle Drake
BERGER MONTAGUE, PC
1229 Tyler St., NE, Ste. 205
Minneapolis, MN 55413
Tel: (612) 594-5933
Fax: (612) 584-4470
emdrake@bm.net

By:      */s/ Gary F. Lynch*
         Gary F. Lynch
LYNCH CARPENTER, LLP
1133 Penn Ave., 5th Fl.
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
Gary@lcllp.com

By:      */s/ Douglas J. McNamara*
         Douglas J. McNamara

---

[9] Consistent with MDL Order No. 9 and Plaintiffs' Leadership Team's Communication Structure Proposal (ECF 667), the counsel identified as Defendants' Liaison Counsel represent solely their own clients and do not speak for any other Defendants, but have been authorized by the other Defendants to sign this joint submission.

COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, 5th Fl.
Washington, DC  20005
Tel:  (202) 408-4600
dmcnamara@cohenmilstein.com


By:            */s/ Karen H. Riebel*
         Karen H. Riebel
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave. S., Ste. 2200
Minneapolis, MN  55401
Tel:  (612) 339-6900
Fax:  (612) 612-339-0981
khriebel@locklaw.com


By:            */s/ Charles E. Schaffer*
         Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Ste. 500
Philadelphia, PA  19106
Tel:  (215) 592-1500
Fax:  (215) 592-4663
cshaffer@lfsblaw.com

*Plaintiffs Lead Counsel*

By:            */s/ Kristen A. Johnson*
         Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Square, 5th Fl.
Boston, MA 02109
Tel:  (617) 482-3700
Fax:  (617) 482-3003
kristenj@hbsslaw.com

*Plaintiffs Liaison & Coordinating Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: April 5, 2024 /s/ *Allison M. Holt Ryan*
Allison M. Holt Ryan

**LOCAL RULE 7.1 CERTIFICATION**

The parties have diligently met and conferred and have attempted in good faith to resolve or narrow the issues presented in this joint submission.

Dated: April 5, 2024 /s/ *Allison M. Holt Ryan*
Allison M. Holt Ryan