**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

IN RE: MOVEIT CUSTOMER DATA SECURITY
BREACH LITIGATION

This Document Relates To:                    MDL No. 1:23-md-03083-ADB-PGL

ALL CASES

**MDL ORDER NO. 16**
**STIPULATED PROTECTIVE ORDER**

WHEREAS disclosure and discovery activity in this MDL may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation may be warranted;

WHEREAS information likely to be the subject of disclosure and discovery from parties in this action also may involve unique risks related to privacy, data security, data governance, and data management that will be greater than in most cases;

WHEREAS to streamline the discovery process and minimize the need for Court intervention, this Protective Order adopts an approach that allows the Producing Party to designate materials being produced or deposition testimony as "Confidential" or "Highly Confidential."

WHEREAS this Order allocates to the Producing Party the burden of justifying the confidentiality designation and also establishes a procedure for the Receiving Party to, if appropriate, challenge the Producing Party's confidentiality designation before the Court;

WHEREAS good cause exists for entry of this Order, *see* Fed. R. Civ. P. 26(c);

WHEREAS the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order");

THEREFORE, in view of the foregoing and because the parties hereto, by and through their respective counsel, stipulate to the entry of the following Protective Order pursuant to Federal

Rule of Civil Procedure 26(c) and Local Civil Rule 5, and having determined that good cause exists for the entry of this Order.[1]

**IT IS HEREBY STIPULATED AND ORDERED THAT**:

### I.    DEFINITIONS

1.    Definitions applying to all discovery requests pursuant to L.R., D. Mass. 26.5 (c) are hereby incorporated by reference unless limited by a narrower definition below, pursuant to L.R. 26.5 (a).

2.    "Action" or "Litigation" means the above captioned case, *In Re: Moveit Customer Data Security Breach Litigation*, MDL No. 1:23-md-03083-ADB-PGL (D. Mass.), and each of the constituent actions transferred to and/or consolidated therein.

3.    "Challenging Party" means a party that challenges the designation of material, information, or items under this Order.

4.    "Confidential" information includes information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, PHI, medical or psychiatric information, personal financial or banking information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available.

5.    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

---

[1] No defendant shall waive any right to enforce an arbitration agreement by submitting or consenting to the entry of this Protective Order.

6.      **"Highly Confidential"** information includes information that contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or competitive disadvantage to the Producing Party. The following information, if non-public, may constitute "Highly Confidential" information: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, and other non-public information of similar competitive and business sensitivity.

7.      "HIPAA" means the Health Insurance Portability and Accountability Act of 1996, which provides for the protection of sensitive patient health information from being disclosed without the patient's consent or knowledge.

8.      "Parties" means the Producing Party and Receiving Parties. No Protected Material may be disclosed to putative class members other than the named plaintiffs, class representatives and proposed class representatives.

9.      "Personally Identifiable Information" or "PII" means, solely for the convenience and purpose of this Protective Order, and for no other purpose in the Litigation, "Personal Identifying Information" or "PII" which includes: (a) any Protected Health Information; (b) "Personal Identifiers," which include names, title, date of birth, social security numbers ("SSNs"), mother's maiden name, official state-issued or United States-issues driver's license or identification number, alien registration number, or any other unique identification number issued on a government document used to verify the identity of a specific individual, Medicaid or food assistance account number, bank account number, credit or debit card number, or personal identification number, code, or password assigned to the holder of a financial account that would

permit access to that account; unique biometric data, including but not limited to fingerprint, voice print, retina or iris image, or other unique physical representation; unique electronic identification number, address, or routing code; telecommunication identifying information or access device; or other number or information that can be used to access a person's financial resources; (c) "Contact Information," which includes postal address phone numbers, email addresses, and LinkedIn profiles; (d) "Financial Information," which includes bank account information, estimated wealth, identified assets, donation histories, values of donations, and donation recipient organizations; (e) "Demographic Information," which includes age, sex, gender, race, income level, political ideology, geography, education, and religious beliefs; (f) "Account Credentials," which include usernames and passwords; (g) "Employment Information," which includes employers, hire dates, annual salaries, and payroll accounts; (h) "Marital Details," which includes marital statuses, spouse names, and spouses' charitable giving histories; and (i) "Educational Information," which includes student ID numbers, course and educational attainment details. The parties recognize that other personal information (*e.g.*, name, citizenship, birth date, spousal and familial information), particularly in combination with one another, may reveal sensitive PII and, for purposes of this Order, PII also includes such data when in combination with any other Sensitive Information.

10.    "Privileged Material" means any document or information that is, or that the Producing Party asserts is, protected from disclosure by a privilege or other immunity from discovery, including, without limitation, the attorney-client privilege, the work product immunity, or the joint defense or common interest privilege.

11.    "Protected Health Information" ("PHI") shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. PHI includes but is not limited to health information including demographic information relating to either: (a) the past, present, or future

- 4 -

physical or mental condition of an individual; (b) the provision of care to an individual; (c) the payment for care provided to an individual which identifies the individual or which reasonably could be expected to identify the individual; or (d) the patient's medical history, including records or information identifying a particular patient and information relating to any prescription drug or services ordered for such patient. All Plaintiffs alleging injury or damages which relate to any health or medical conditions shall provide HIPAA waivers and produce supporting documentation subject to the provisions and protections in this order.

12.     The Parties agree that this Stipulated Protective Order constitutes a Qualified Protective Order under 45 C.F.R. 164.512(e), and it is intended to comply with HIPAA and regulations adopted thereunder, as well as applicable state laws and regulations governing patient privacy and protecting healthcare information. Nevertheless, the Producing Party may elect to redact PHI and de-identify any other personally identifiable information unless provided with a legally compliant authorization under the applicable State and Federal laws.

13.     "Producing Party" or "Designating Party" means the party or non-party that produced the Protected Material.

14.     "Protected Material" means any Discovery Material that is designated as "Confidential" or "Highly Confidential" as provided for in this Order.

15.     "Receiving Party" means any party that receives Discovery Material from a Producing Party.

16.     **Source Code:** "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), descriptions of source code (e.g., descriptions of declarations, functions, and parameters),object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that

describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

## II.     SCOPE

17.     The parties shall meet and confer to try to resolve any disputes that may arise under this Protective Order prior to seeking assistance from the Court.

18.     The protections conferred by this Order cover not only Discovery Material and Protected Material, but also (a) any information copied or extracted from Discovery Material or Protected Material; (b) all copies, derivations, abstracts, excerpts, summaries, or compilations of Discovery Material or Protected Material; and (c) any testimony, conversations or presentations by parties or their counsel in court or other settings that might reveal Discovery Material or Protected Material.

19.     However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party. The parties will exercise caution before publicly filing personal or financial information.

20.     Any use of Discovery Material or Protected Material at trial shall be governed by a separate agreement or order.

21.     This order does not alter or override Fed. R. Civ. P. 26 or the Court's rules as to the public filing of documents. If a party anticipates filing a motion or brief that references or attaches materials designated "Confidential" by the Producing Party, then in advance of making such filing

(i) the filing party shall alert the Producing Party, (ii) both parties shall meet and confer in an effort to resolve any disputes as to what should be sealed, and (iii) if agreement is not reached, the Producing Party shall move to seal the document(s). A party seeking leave to file under seal has the burden to show that sealing is justified.

22.     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose. This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

### III.    DESIGNATING PROTECTED MATERIAL

23.     The Producing Party has an obligation to stamp documents "Confidential" or "Highly Confidential" in good faith and must take care to limit any such designation to specific material that qualifies under the standards provided for in this Order. Either designation may be withdrawn by the Producing Party.

24.     The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Protective Order should be made with care and should not be made absent a good faith belief that the designated material qualifies as Protected Material. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of production initially asserted, that Producing Party must promptly notify any Receiving Party that it is withdrawing or changing the designation.

25.     Third parties producing documents during this action may also designate documents as "Confidential" or "Highly Confidential" subject to the same protections, obligations,

and constraints as the parties to the action. A copy of this Order shall be served along with any subpoena or document request served on third parties in connection with this action. Any producing party may designate such documents as "Confidential" or "Highly Confidential" pursuant to the terms of this Order.

<strong>IV.     NON-DISCLOSURE OF PROTECTED MATERIAL</strong>

26.     A recipient of Protected Material shall keep the material in a secure area and shall exercise due care to restrict access to those persons described below. Any copies, excerpts, or compilations of Protected Material, whether in oral or written form, shall be subject to this Order to the same extent as the Protected Material itself, and, if in written form, must be labeled as Confidential or Highly Confidential. A recipient shall not duplicate any Protected Material except for use as working copies and for filing in court.

**A.     Discovery Material Designated "Confidential"**

27.     Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, Discovery Material designated as "Confidential" may only be used for the purpose of the Litigation and may not be disclosed by a Receiving Party to any person except as described below:

a.     The Receiving Parties, their officers, directors, and employees only to the extent reasonably necessary to provide assistance with the Litigation, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of the Acknowledgment of Confidentiality Designations and Agreement To Be Bound by Terms of Court Order attached as Exhibit A (the "Acknowledgement");

b.     The Receiving Party's counsel, which includes In-House Counsel (including, for any plaintiff in the Litigation, any attorney appearing in this Litigation bringing claims), together with the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees of such counsel, only to the extent reasonably necessary to render professional

services in the Litigation, and for use exclusively in these actions (and for no other purpose); provided, however, that such counsel is not involved in competitive decision-making, on behalf of a Party or a competitor of a Party;

c.  Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in this Litigation;

d.  Persons shown on the face of the document to have authored or received it;

e.  Other persons who may be designated by written consent of the Producing Party or pursuant to Court order, but only for purposes of this Litigation and for no other purpose;

f.  During a deposition, to a current employee of the Producing Party, or who has been designated by the Producing Party to appear on behalf of the Producing Party at a deposition;

g.  Witnesses during depositions who sign the Acknowledgment of Confidentiality Designations and Agreement To Be Bound by Terms of Court Order attached as Exhibit A (the "Acknowledgement");**.**

h.  Consultants or experts retained by the Receiving Party to assist in the Litigation, provided that the disclosure is only to the extent necessary to perform such work; and provided that: (i) such consultant or expert has executed the Acknowledgment; and (ii) who are not current employees of a competitor of the Producing Party and do not, at the time of retention, anticipate becoming an employee of a competitor of a Producing Party;

i.  Contractors, vendors, and technicians retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Protected Material who have previously executed the Acknowledgment; and

- 9 -

j.      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

**B.      Discovery Material Designated "Highly Confidential"**

28.      Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, Discovery Material designated as "Highly Confidential" may only be used for the purpose of the Litigation and may not be disclosed by a Receiving Party to any person except as described below:

a.      The Receiving Party's counsel, which includes In-House Counsel as limited by Subparagraph B, (including, for any plaintiff in the Litigation, any attorney appearing in this Litigation bringing claims), together with the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees of such counsel, only to the extent reasonably necessary to render professional services in the Litigation, and for use exclusively in these actions (and for no other purpose); provided, however, that such counsel is not involved in competitive decision-making, on behalf of a Party or a competitor of a Party;

b.      Three designated In-House Counsels of the Receiving Party with oversight duties or decision-making authority related to the MDL (and the administrative assistant of each such In-House Counsel), who have signed the Acknowledgment, provided the identity of each individual is disclosed to the Producing Party prior to the disclosure of any Confidential Information. Notwithstanding the foregoing, no party shall be precluded from seeking leave to allow additional in-house counsel access to Confidential Information;

c.      Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in this Litigation;

d.      Persons shown on the face of the document to have authored or received it;

- 10 -

e.    Other persons who may be designated by written consent of the Producing Party or pursuant to Court order, but only for purposes of this Litigation and for no other purpose;

f.    During a deposition, to a current employee of the Producing Party, or who has been designated by the Producing Party to appear on behalf of the Producing Party at a deposition;

g.    Witnesses during depositions who sign the Acknowledgment of Confidentiality Designations and Agreement To Be Bound by Terms of Court Order attached as Exhibit A (the "Acknowledgement");.

h.    Consultants or experts retained by the Receiving Party to assist in the Litigation, provided that the disclosure is only to the extent necessary to perform such work; and provided that: (i) such consultant or expert has executed the Acknowledgment; and (ii) who are not current employees of a competitor of the Producing Party and do not, at the time of retention, anticipate becoming an employee of a competitor of a Producing Party;

i.    Contractors, vendors, and technicians retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Protected Material who have previously executed the Acknowledgment; and

j.    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

## V.    CROSS-PRODUCTION OF DEFENDANT CONFIDENTIAL MATERIAL

29.    Nothing in this Order requires Defendant to produce Protected Material to any other Defendant or Defendants where such a production would not be required under the applicable Federal Rule of Civil Procedure. Plaintiffs shall not disclose one Defendant's Protected Material to any other Defendant or Defendants unless expressly permitted by Paragraphs 27 or 28, *supra*.

## VI.    DE-DESIGNATION AND CHALLENGING OF PROTECTED MATERIAL

30.    Nothing herein shall prevent a Receiving Party from contending (for the purposes of securing an order so providing from the Court) that any or all Protected Information is not confidential or otherwise not entitled to protection. A Receiving Party shall not be obligated to challenge the propriety of any "Confidential" or "Highly Confidential" designation at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. A Receiving Party may challenge such designation at any point up until trial. However, once a Receiving Party determines a challenge is warranted, it should make a prompt challenge, and no Receiving Party should unreasonably delay raising such challenges.

31.    If a Receiving Party disagrees with a "Confidential" or "Highly Confidential" designation made by a Producing Party, the following procedure shall be used:

a.    The Challenging Party shall, in writing, and by service upon counsel who have appeared in this action, notify the Producing Party that it is disputing the designation (Challenge Notice). The Challenge Notice shall identify the specific materials in dispute, on a document-by-document basis, by exact Bates number(s) (or by other identification if Bates number(s) are not on challenged materials), and the grounds for asserting that the document or information is not entitled to either "Confidential" or "Highly Confidential" treatment under this Order.

b.    The Producing Party shall respond in writing within seven (7) business days of receiving the Challenge Notice and state with particularity, on a document-by-document basis, the grounds for asserting that the document or information is entitled to either "Confidential" or "Highly Confidential" treatment under this Order. If a large number of designations are challenged at once, the Producing Party shall, upon notice, have an extension of time of twenty-one (21) days

after receiving the Challenge Notice to respond, or such appropriate extension as otherwise agreed between the Challenging Party and the Producing Party.

c.    Once the Producing Party makes a timely response, counsel shall then confer in good faith within five (5) business days in an effort to resolve the dispute.

32.    If counsel for the Producing Party and/or Challenging Party are unable to resolve the dispute during any meet and confer, either party may file a motion with the Court raising the dispute.  If a party files a motion with the Court raising the dispute over materials designated as Protected Material, the party raising the dispute shall only provide the disputed materials to the Court for *in camera* review, if necessary, and may not file the disputed materials on the public docket. The Producing Party will have the burden of proof to establish the propriety of its designations of material as Protected Material. The Challenging Party shall not make frivolous challenges or otherwise challenge documents for improper purposes (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties).

33.    Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Producing Party who designated the Protected Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

### VII.    CONFIDENTIAL INFORMATION IN DEPOSITIONS

34.    If a party, the current employee of a party, or anyone represented by counsel for a party, is noticed for deposition, that party's counsel is responsible for providing a copy of this Protective Order to the witness and obtaining the witness's signature on the Acknowledgment prior to the deposition. If a non-party is subpoenaed for deposition, the counsel issuing the subpoena is

responsible for providing a copy of this Order to the witness and attempting to obtain a signed Acknowledgment.

35.     Parties and deponents may, within 30 days (or as mutually agreeable) after receiving the deposition transcript from the court reporter, designate pages and lines of the transcript (and exhibits thereto) as Confidential or Highly Confidential by underlining or otherwise designating the portions of the pages that are confidential. (Documents marked as deposition exhibits that have been previously designated for protection under this Order do not need to be re-designated to maintain their designation.) The parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the legend, "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" and will note on the cover page of any such deposition the following legend: "Certain Designated Pages of this Deposition are Confidential and Subject to a Protective Order." Until expiration of the 30-day period, the entire deposition transcript will be treated as "Highly Confidential" pursuant to this Protective Order.

### VIII.    SUBPOENAS OR LEGAL PROCESS CALLING FOR DISCLOSURE OF PROTECTED MATERIAL

36.     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

### IX.     PROPER USE OF PROTECTED MATERIAL

37.     Persons obtaining access to Discovery Material in this Litigation shall use the information in connection with this Litigation only — including appeals and retrials — and shall

not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

## X. NON-TERMINATION

38. The provisions of this Protective Order shall not terminate at the conclusion of this MDL proceeding or any or all of the individual actions coordinated or consolidated therein. Upon written request from the Producing Party, within 90 days after final disposition of this or any related Litigation, Discovery Material and all copies and extracts of same (other than exhibits of record) and information integrated into work product shall be returned to the Producing Party or destroyed. Notwithstanding the foregoing, in the event that compliance with the requirements of this paragraph may interfere with the continued defense or prosecution of any ongoing matter within the MDL, the parties shall engage in good faith efforts to meet and confer to address such conflicts. Any Protected Material containing PHI and all copies and extracts of the same shall be returned to the Producing Party or destroyed within 90 days after final disposition of the Litigation whether or not a written request is made. Final disposition, for purposes of this Order, is the later of: (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

39. Notwithstanding the foregoing, with the exception of Protected Materials containing PHI, counsel for all parties may keep one copy of any transcripts, pleadings, exhibits, sealed filings, and expert reports and shall maintain them in confidence. Upon written request, all counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 100 days after final termination of this and all related Litigation.

## XI.    ASSERTIONS OF PRIVILEGE

40.    Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, the parties hereby agree that a Producing Party may redact or withhold a Document if it is protected by attorney-client privilege, the work-product doctrine, or any other reasonably applicable privilege from disclosure.

41.    Any Producing Party that withholds otherwise discoverable information (including by redaction) by claiming that the information is privileged, must produce a log in compliance with Federal Rule of Civil Procedure 26(b)(5), except a Producing Party is not required to include on a privilege log any document written, created, or drafted by, or communications with, outside counsel after the date of the filing of the first complaint naming that party. For all other privileged documents withheld , the privilege log will provide the following information:

a.    a numerical identifier for the privilege log entry;

b.    for redacted documents, the beginning Bates number, if the document has been assigned any such document numbers;

c.    the date of the Document;

d.    the type or nature of the privilege asserted;

e.    unless itself it is privileged, the email's subject or filename of the document;

f.    for emails or other correspondence, the sender and any recipients (to, cc, bcc);

g.    for non-email documents, the person or persons who authored the document;

h.    for non-custodial documents, the source of the document;

- 16 -

i.      a description of the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

42.    All attorneys (or other legal personnel) reflected on the privilege log should be identified by either designation with an asterisk ("*") or other designation (*e.g.*, "Esq.") identifying the individual as an attorney or legal personnel.

43.    If the Receiving Party requires further information to substantiate the privilege of any specific document withheld or redacted for privilege, it shall identify by Bates number or privilege log entry each document for which it requests additional information. In response, the Producing Party must either (i) provide the requested information or (ii) challenge the request. Following the receipt of a privilege/redaction log, a Receiving Party may identify, in writing (by Bates/unique identified number), the particular documents that it believes require further explanation. The Producing Party shall respond to such a request within 14 days (or, if more than 50 documents are at issue, a longer period agreed by the Parties). If a Producing Party challenges a request for further information, the Parties shall meet and confer to try to reach a mutually agreeable solution. If they cannot agree, the matter may be brought to the Court.

44.    Interim privilege logs shall be produced on a rolling basis within 45 days of the date on which a Producing Party makes a production from which privileged materials have been withheld.  Final privilege logs must be produced either (i) 60 days before the close of fact discovery or (ii)for logs containing a specific custodian's withheld documents, at least 14 days before the deposition of the custodian.

45.    Nothing in this Order shall be interpreted to require disclosure of relevant information or data that is protected by the attorney-client privilege, work-product doctrine, or is

prohibited from disclosure under any law, regulation, rule, court order, or any other reasonably applicable privilege or protection. The parties do not waive any objections to the production, discoverability, or confidentiality of data or any other discovery materials, including, without limitation, objections regarding the burden, overbreadth, or relevance of Document requests related to data in a form specified in this Order.

## XII.   ORDER IMPLEMENTING FED. R. EVID. 502

46.     The production of privileged or work-product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection of such documents, ESI, or information (or any information relating to the same or related subject matters) from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) The provisions of Federal Rule of Evidence 502(b) do not apply. In the event of any subsequent conflict of law, the law that is the most protective of privilege and work product shall apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

47.     To claw-back any privileged or work-product protected documents, ESI, or information, the Producing Party must provide written notice to the Receiving Party (a "Claw-Back Notice"). Within ten business days of a Claw-Back Notice, the Producing Party shall provide a privilege log for all documents subject to the Claw-Back Notice, *see* Paragraph 41, *supra*.

48.     If a Receiving Party discovers a document that they believe to be privileged or work-product, the Receiving Party will promptly notify the Producing Party of what it believes to be the inadvertently produced privileged document (but no Receiving Party will be found in

violation of this Order and the Stipulated ESI Protocol for failing to initially identify potentially privileged document).

49.    After being notified of the production of a document that the Producing Party asserts is Privileged Material any Receiving Party must treat the material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Within five (5) business days of receiving a Claw-Back Notice or alerting the Producing Party that a produced document potentially contains Privileged Material, all Receiving Parties must return, destroy, or sequester the specified document and any copies it has. In the event that the Receiving Party sequesters the specific document, the Receiving Party shall not review, make use, or otherwise rely upon the specific document unless and until the Court rejects the claim of privilege or work product protection. The Producing Party must retain a copy of the document until the resolution or termination of this case, including any appeals.

50.    After a Producing Party notifies the Receiving Party of an inadvertently produced document as to which the Producing Party claims privilege, or after a Receiving Party alerts the Producing Party to a document that the Receiving Party reasonably believes the Producing Party may have produced inadvertently, a party shall, within five (5) days move the Court to consider whether the document(s) in question, is/are in fact covered by an applicable privilege or protection, and enter an order compelling production of the document, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production. In the event that no motion is made, or the Court upholds the claim of privilege, the Receiving Party shall return or destroy the specified document and any copies it has.

51.    If the substance of any document, that either is conceded by the Parties or subsequently determined by the Court to be Privileged Material, is discussed in a deposition or

pleading before discovery or notification of the disclosure, any party may seek an Order from the Court that such testimony or discussion shall be stricken and not be used for any purpose. However, if the privilege designation is successfully challenged, then any party may use the prior testimony, and seek any other options under Rule 37 regarding the deposition.

52.    **Attorney's Ethical Responsibilities**. Nothing in this Order overrides any attorney's ethical responsibilities concerning the inadvertent production of privileged materials. If the party in possession of any document another party asserts is privileged has no good-faith basis for asserting that the document is not privileged or otherwise protected, that party may not sequester the document and must return or destroy the document.

53.    **Burden of Proving Privilege or Work-Product Protection**. The Producing Party retains the burden—upon challenge pursuant to paragraph 49—of establishing the privileged or protected nature of the inadvertently produced material.

54.    **Voluntary and Subject Matter Waiver**. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection pursuant to applicable law. The provisions of Federal Rule of Evidence 502(a) apply when the Producing Party uses information produced under this Order to support a claim or defense.

### XIII.    INADVERTENT FAILURE TO DESIGNATE PROPERLY.

55.    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the

correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

56.    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

## XIV.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

57.    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

58.    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

## XV.    MODIFICATION PERMITTED

59.    Any party for good cause shown may apply to the Court for modification of this Protective Order. This Protective Order shall remain in full force and effect and each person subject

to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

## XVI.   MISCELLANEOUS

60.    **Successors**. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

61.    **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

62.    **Burdens of Proof**. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

63.    **Source Code**.  This Protective Order does not authorize discovery into, or govern the disclosure and use of, Source Code. No discovery of Source Code shall occur unless and until the Court enters a separate protective order governing its disclosure and use.

## IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 28, 2024                Respectfully submitted,

By: */s/ Kristen A. Johnson*
Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Square, 5th Fl.
Boston, MA 02109
Tel: (617) 482-3700
Fax: (617) 482-3003
kristenj@hbsslaw.com

*Plaintiffs' Liaison & Coordinating Counsel*

By: */s/ E. Michelle Drake*
E. Michelle Drake
BERGER MONTAGUE, PC
1229 Tyler St., NE, Ste. 205
Minneapolis, MN 55413
Tel: (612) 594-5933
Fax: (612) 584-4470
emdrake@bm.net

By: */s/ Gary F. Lynch*
Gary F. Lynch
LYNCH CARPENTER, LLP
1133 Penn Ave., 5th Fl.
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
Gary@lcllp.com

By: */s/ Douglas J. McNamara*
Douglas J. McNamara
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, 5th Fl.
Washington, DC 20005
Tel: (202) 408-4600
dmcnamara@cohenmilstein.com

By: */s/ Karen H. Riebel*
Karen H. Riebel
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave. S., Ste. 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 612-339-0981
khriebel@locklaw.com


By: */s/ Charles E. Schaffer*
Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Tel: (215) 592-1500
Fax: (215) 592-4663
cshaffer@lfsblaw.com

*Plaintiffs' Lead Counsel*

Dated: May 28, 2024        Respectfully submitted,


By: */s/ Aravind Swaminathan*
Aravind Swaminathan (pro hac vice)
Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, WA 98101
(206) 839-4340
aswaminathan@orrick.com


By: */s/ Allison M. Holt Ryan*
Allison M. Holt Ryan (pro hac vice)
Hogan Lovells LLP
555 13th Street NW
Washington, D.C. 20004
(202) 637-5600
allison.holt-ryan@hoganlovells.com


By: */s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO # 564879)
Sidley Austin LLP
60 State Street, 36th Floor
Boston, Massachusetts 02109
(617) 223-0304
jpirozzolo@sidley.com

- 24 -

By: */s/ Nathaniel R. Mendell*
Nathaniel R. Mendell (BBO # 645283)
Morrison & Foerster LLP
200 Clarendon Street
Boston, MA 02116
617-648-4700
nmendell@mofo.com

By: */s/ Paulyne Gardner*
Paulyne Gardner (pro hac vice)
Mullen Coughlin LLC
426 W. Lancaster Ave., Suite 200
Devon, PA 19333
(267) 930-4770
pgardner@mullen.law

By: */s/ Gilbert S. Keteltas*
Gilbert S. Keteltas (pro hac vice)
BakerHostetler LLP
1050 Connecticut Avenue, NW
Washington, DC 20026
(202) 861-1530
gketeltas@bakerlaw.com

By: */s/ Jeff Tsai*
Jeff Tsai (pro hac vice)
DLA Piper LLP
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
(415) 615-6055
jeff.tsai@dlapiper.com

By: */s/ Kristine McAlister Brown*
Kristine McAlister Brown (pro hac vice)
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
(404) 881-7584
kristy.brown@alston.com

By: */s/ Edward P. Boyle*
Edward P. Boyle (pro hac vice)
Venable LLP
151 West 42nd Street, 49th Floor

- 25 -

New York, New York 10036
(212) 808-5675
epboyle@venable.com

By: */s/ Kari M. Rollins*
Kari M. Rollins (pro hac vice)
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 634-3077
Krollins@sheppardmullin.com

By: */s/ Felicia Ellsworth*
Felicia Ellsworth (pro hac vice)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Felicia.Ellsworth@wilmerhale.com

*Defendants' Liaison Counsel*

**SO ORDERED**.

May 29, 2024.                    /s/ Paul G. Levenson

                                 PAUL G. LEVENSON

                                 MAGISTRATE JUDGE

- 27 -

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, the foregoing document was filed electronically via the

Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: May 28, 2024                                   */s/ Kristen A. Johnson*

Kristen A. Johnson (BBO# 667261

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-03083-ADB-PGL |

**ACKNOWLEDGMENT OF CONFIDENTIALITY DESIGNATIONS AND**
**AGREEMENT TO BE BOUND BY TERMS OF COURT ORDER**

_____declares, under penalty of perjury, that:

I reside at _____ in the City of _____, County of _____State of _____. My telephone number is _____.

I am currently employed by_____, located at_____ , and my current job title is_____.

I have read and understand the terms of the Protective Order dated_____, 2024, filed in *In re: MOVEit Customer Data Security Breach Litigation*, Case No. 1:23-md-03083-ADB-PGL, currently pending in the United States District Court for the District of Massachusetts. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court. I shall not divulge any documents, or copies of documents, designated "Confidential" or "Highly Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order. As soon as practical, but no later than 90 days after final termination of this

action, I shall return to the attorney from whom I have received them any documents in my possession designated "Confidential" or "Highly Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices that contain Confidential or Highly Confidential Information. In the event that the return of such materials may interfere with the continued defense or prosecution of any ongoing matter within the MDL, I shall engage in good faith efforts to meet and confer to address such conflicts. I submit myself to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

This _____ day of _____, 2024.

_____
**Signature**

_____
**Printed Name**