## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NICHOLAS COOPER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MULTI-CINEMA, INC. and AMC ENTERTAINMENT HOLDINGS, INC., d/b/a AMC THEATRES,<br><br>Defendant. | )<br>)<br>)<br>)  No.  2:23-cv-02434<br>)<br>)  Hon. John W. Broomes<br>)<br>)  Magistrate Judge<br>)  Hon. Brooks G. Severson<br>)<br>)<br>)<br>) |

## <u>DECLARATION OF NATALIE MARTINEZ</u>

Pursuant to 28 U.S.C. § 1746, I, Natalie Martinez, declare and state as follows:

1.      I make this declaration in support of American Multi-Cinema, Inc.'s ("AMC") Motion to Compel Arbitration.

2.      I am above the age of eighteen. The facts stated in this Declaration are based on my personal knowledge and my review of records maintained in the ordinary course of business, and if sworn as a witness I am competent to testify to them.

3.      I am the Vice President, HR Operations at AMC and have held this position for 2 years. Before this position, I was Director, HR Operations for 1 year.  I have worked at AMC in the Human Resources department since November 16, 2005.

4.      In my role as Vice President, HR Operations, I am familiar with the process for onboarding new AMC employees, including the various documents they complete as part of onboarding such as the Agreements to Arbitrate ("Arbitration Agreements"). These records are maintained by AMC in the ordinary course of business.



5.      Based on my review of AMC's employment records, Nicholas Cooper was an Hourly Theatre Manager at AMC Town Center 20 in Leawood, Kansas from September 30, 2022 to October 4, 2022.

6.      On September 29, 2022, before his employment began, Mr. Cooper signed an Arbitration Agreement. A true and correct copy of the Arbitration Agreement that Mr. Cooper signed is attached as Exhibit A-1.

7.      As a condition of Mr. Cooper's employment, AMC collected and maintained certain personal identifiable information and protected health information from Mr. Cooper including his name, date of birth, Social Security number, and medical and health insurance information.

8.      I understand that Mr. Cooper's claims in this case are related to the fact that in June 2023, AMC determined that its file-transfer application, MOVEit, had been the target of a cyberattack. Upon discovering that it had been the victim of a cyberattack, AMC initiated an investigation and determined that between May 28, 2023, and June 1, 2023, third parties may have accessed certain personal information including names, dates of birth, Social Security numbers, and medical information.

9.      After the investigation, AMC mailed notices to affected individuals, including Plaintiff and other former and current employees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 27, 2023.

Natalie Martinez

2

# EXHIBIT A.1
## TO
## DECLARATION OF NATALIE MARTINEZ



**Agreement to Arbitrate**

This Agreement to Arbitrate ("Agreement") is entered into between Nicholas Keyshaw Cooper _____
("you") and American Multi-Cinema, Inc. ("AMC") (collectively, the "parties").

In connection with your employment, it is possible that disputes may arise between you and AMC. In the event of a dispute, you should first go to the appropriate person, such as a manager or the AMC HELP LINE, and you and AMC should attempt to resolve the issue informally. In the event we are not able to resolve the dispute, and in order for both you and AMC to avoid the costs and delays typically associated with lawsuits, you and AMC agree to submit any claims or disputes relating to your employment or the termination of your employment to final and binding arbitration before a neutral, independent third party (an arbitrator), pursuant to the *Federal Arbitration Act,* and not to any court. Both you and AMC are giving up any right to have a judge or jury trial with regard to these claims, other than as specifically stated in this Agreement.

**What claims are subject to mandatory arbitration?**

The disputes to be arbitrated under this Agreement include, but are not limited to, claims of discrimination, harassment, hostile work environment, retaliation, wrongful discharge/termination, breach of (express or implied) contract, tort claims, claims related to pay or benefits (including any leave of absence), claims related to work hours or work time, and any other claims or disputes relating to your employment or the termination of your employment, including but not limited to claims under *Title VII of the Civil Rights Act of 1964,* the *Americans with Disabilities Act,* the *Age Discrimination in Employment Act,* the *Family and Medical Leave Act,* the *Uniformed Services Employment and Reemployment Rights Act,* the *Fair Labor Standards Act,* the *Genetic Information Nondiscrimination Act of 2008,* the *Employment Retirement Income Security Act of 1974,* the *Equal Pay Act of 1963,* the *Civil Rights Act of 1991, 42 U.S.C. § 1981,* and where permitted by law, all state and local laws, regulations, and ordinances prohibiting discrimination, and any other common law claim or federal, state, or other governmental statute, regulation, or ordinance (the "Claims").

**What claims are not subject to mandatory arbitration?**

This Agreement does not prevent you from filing an administrative charge or complaint with a federal, state, or local administrative agency such as the Equal Employment Opportunity Commission, National Labor Relations Board, Department of Labor, or similar agency, nor does it prevent you from filing a petition or charge with the National Labor Relations Board. However, it does govern any court action based on the same claims. This Agreement does not apply to claims arising under the Sarbanes-Oxley Act, claims for workers' compensation benefits or unemployment benefits; however, any dispute arising out of claims for workers' compensation or unemployment benefits, such as a retaliation claim, is covered by this Agreement. Further, this Agreement does not apply to claims for equitable relief, such as an injunction, from a court.

**How does the arbitration process work?**

Arbitration will be conducted according to the *Judicial Arbitration and Mediation Service (JAMS) Employment Arbitration Rules & Procedures* (available at www.jamsadr.com or in AMC's Human Resources Department) or, if you and AMC agree, pursuant to other rules and procedures. Within 30 days of receipt of a notice of commencement of arbitration, the parties shall select a mutually agreeable arbitrator. If the parties are unable to agree on an arbitrator, the party requesting arbitration shall submit the matter to JAMS, and an arbitrator shall be selected pursuant to JAMS' rules. You and AMC agree that all Claims will be submitted to a single, independent arbitrator, who will make his or her ruling in a signed writing within thirty days following the arbitration proceeding.  Except as noted in the following paragraph, the arbitrator, and not any federal, state, or local court, shall have exclusive authority to resolve any dispute relating to the formation, enforceability, applicability, or interpretation of this Agreement, including without limitation any claim that this Agreement is void or voidable.  Thus, except as noted in the following paragraph, the parties voluntarily waive the right to have a court determine the enforceability of this Agreement.

All Claims will be arbitrated on an individual basis and may not be heard or considered on a class, collective, representative, or other basis involving the combination of your or AMC's Claims with the Claims of another party. This means an arbitrator shall hear only individual claims and is prohibited from fashioning a proceeding as a class, collective, representative, or group action or awarding relief to a group of employees in one proceeding, to the maximum extent permitted by law.  The arbitrator will be permitted to award only those remedies requested by the parties and allowed by applicable law. The arbitrator's ruling will state the facts and the law on which the decision is based, will be final and binding, and will not be subject to appeal to the arbitrator. A decision by the arbitrator may be entered in any court with proper authority. To the extent the terms, rules, and/or procedures in this Agreement conflict with the rules and/or procedures of the applicable arbitration administrator, the terms, rules, and/or procedures set forth in this Agreement apply.

V 3/12/2020

If either you or AMC fail to make a written request for arbitration within the time period required under applicable law, or otherwise fail to comply with requirements to filing certain types of Claims, you and/or AMC will have waived the right to raise that claim. In the event that you or AMC file an action in court in violation of this Agreement, the party that did not file the action will be entitled to recover its attorney's fees and costs incurred as a result of the filing.

The cost of arbitration, including any filing fee, other administrative costs, and the arbitrator's fee, will be paid in accordance with JAMS' (or, if applicable, other arbitration administrator's) rules and procedures regarding fees for employment arbitrations. In the event that no such rules or procedures exist for a particular arbitration administrator, AMC agrees to pay the unique costs of arbitration (as compared to the costs of adjudicating the same claims before a court), including the regular and customary arbitration fees and expenses, except that if you are the person who filed you agree to pay an amount equal to the current filing fee for civil court cases in the county where the arbitration is to be held. Except as provided in Federal Rule of Civil Procedure 68 (offer of judgment), the parties will each be responsible for their own attorney's fees and costs; however, the arbitrator shall have the authority to require one party to pay the other party's attorney's fees and costs during the arbitration, but only to the extent permitted by applicable law.

AMC may make changes to this Agreement in the future by providing you written notice of such changes thirty days in advance of the amendment. Such changes shall not apply to existing claims, and such changes shall not affect any of your rights retrospectively. Otherwise, any changes to this Agreement, and any waiver or cancellation of this Agreement must be in writing, signed by you and an Officer of AMC. If either you or AMC fail to assert a claim under this Agreement, that does not affect either you or AMC's rights to assert any future Claims under the Agreement. AMC intends and agrees to be bound by the Agreement whether or not signed by it. No agreements or representations, oral or otherwise, express or implied, have been made by either party which are not set forth expressly in this Agreement.

The enforceability of this Agreement shall be decided pursuant to the Federal Arbitration Act. Claims subject to this Agreement shall be governed by the laws of the State of Kansas.  In the event that Kansas law is found by the arbitrator or a court not to apply for any reason, the arbitrator/court may apply the law of another state, and the agreement shall remain enforceable. Arbitration proceedings will be held in the county in which you are or were last employed by AMC, or in the Kansas City metropolitan area, depending on which location the parties agree is most convenient.

If any part of this Agreement is found invalid or unenforceable, that part shall be changed to the extent necessary to comply with applicable law, and the remainder of the Agreement shall remain in full force and effect. This Agreement shall survive termination of the employment relationship and shall apply to all Claims, regardless of whether they arise or are asserted during employment or after termination of employment. This Agreement is the entire agreement between you and AMC regarding the adjudication of Claims. It supersedes any previous agreements or understandings between you and AMC regarding the adjudication of Claims.

You acknowledge and agree that you have carefully read this Agreement, that you have had a reasonable amount of time to consider it, that you understand its terms, and that you have entered into this Agreement voluntarily. You may wish to seek legal advice before signing this Agreement. AMC, by offering this Agreement to you, and you, by signing below, are both giving up any right that you or AMC may have to have a judge or jury trial with regard to all issues concerning employment and termination of employment, other than as specifically stated in this Agreement. You further acknowledge and agree that this Agreement, while mutually binding upon the parties, does not constitute a guarantee of continued employment for any fixed period or under any particular terms except those contained herein and does not alter in any way the at-will nature of your employment relationship.

**THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES. BOTH AMC AND THE EMPLOYEE UNDERSTAND THAT BY USING ARBITRATION TO RESOLVE DISPUTES THEY ARE GIVING UP ANY RIGHT THAT THEY MAY HAVE TO A JUDGE OR JURY TRIAL WITH REGARD TO ALL ISSUES CONCERNING EMPLOYMENT.**

**Employee/Associate:**

**Signature:**    Digitally signed on 9/29/2022

**Print Name:**

Nicholas Keyshaw Cooper

**Company:**

**Carla Chavarria**

**SVP & Chief Human Resources Officer**

V 3/12/2020