**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3083<br>Civil Action No.  1:23-md-03083-ADB |
| **This document relates to:** | |
| JOSEPH LIPTOCK, individually and on behalf of those similar situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MASTEC, INC.,<br><br>    Defendant. | Civil Action No.  1:23-cv-12985-ADB |

**DECLARATION OF APRIL MOORE**

Pursuant to 28 U.S.C. § 1746, I, April Moore, declare and state as follows:

1. I make this declaration in support of MasTec, Inc.'s ("MasTec") Motion to Compel Arbitration.

2. I am above the age of eighteen. The facts stated in this Declaration are based on my personal knowledge and my review of records maintained in the ordinary course of business, and if sworn as a witness I am competent to testify to them.

3. I am the Vice President of Human Resources for the MasTec Communications Group. I have held this position for one year and 8 months. Before this position, I was Senior Regional Human Resource Manager. I held this position since I began working in Human Resources for MasTec Communications Group in 2011.

4. In my role as Vice President of Human Resources, I am familiar with the process for onboarding new MasTec employees, including the various documents they complete as part of onboarding such as the Mutual Arbitration Agreement ("Arbitration Agreement"). These records are maintained by MasTec in the ordinary course of business.

5. Based on my review of MasTec's employment records, Joseph Liptock was a Aerial Lineman at MasTec from March 21, 2022 through September 8, 2023.

6. On March 17, 2022, during his onboarding process, Liptock signed an Arbitration Agreement. A true and correct copy of the Arbitration Agreement that Mr. Liptock signed is attached as **Exhibit A-1**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 21, 2024.

April Moore

# EXHIBIT A-1

 | MUTUAL ARBITRATION AGREEMENT | |

**This Mutual Arbitration Agreement is a contract and covers important issues relating to your rights. It is your sole responsibility to read it and understand it. You are free to seek assistance from independent advisors of your choice outside the Company or to refrain from doing so if that is your choice.**

This Mutual Arbitration Agreement ("Agreement") is between Employee and MasTec, Inc., including all MasTec, Inc. subsidiaries (the "Company"). The parties agree that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. governs this Agreement. The parties also understand and agree that the Company is engaged in transactions involving interstate commerce, and that this Agreement evidences a transaction involving interstate commerce. **Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law, and therefore this Agreement requires all such disputes be resolved only by a single arbitrator through final and binding arbitration and not by way of court or jury trial.**

1. <u>Covered Claims</u>. This Agreement is intended to be as broad as legally permissible, and, except as it otherwise provides, applies to any claims or disputes that may arise between Employee and Company, including without limitation any dispute arising out of, or related to, Employee's application and selection for employment, employment and/or separation of employment with the Company. This Agreement applies to a covered claim or dispute, past, present, or future that the Company may have against Employee or that Employee may have against the Company, and/or its subsidiaries, related companies, and affiliates, or their officers, directors, members, owners, shareholders, employees, managers or agents (in their capacity as such or otherwise); the Company's benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates or agents; and all predecessors, successors or assigns of any of them; each and all of which or whom may enforce this Agreement as direct or third-party beneficiaries.

   Except as it otherwise provides, this Agreement applies, without limitation, to claims based upon or related to discrimination, harassment, retaliation, defamation (including post-employment defamation or retaliation), breach of a contract or covenant, fraud, negligence, breach of fiduciary duty, trade secrets, unfair competition, wages, minimum wage and overtime or other compensation or any monies claimed to be owed, meal breaks and rest periods, termination, tort claims, common law and claims arising under the Defend Trade Secrets Act, Fair Credit Reporting Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance), Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, False Claims Act, Consolidated Omnibus Budget Reconciliation Act of 1985, state statutes or regulations addressing the same or similar subject matters, and all other federal, state, or local legal claims arising out of or relating to Employee's application and selection for employment, employment, and/or termination of employment. The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the validity, applicability, enforceability, unconscionability or waiver of this Agreement, including, but not limited to any claim that all or any part of this Agreement is void or voidable; however, the preceding sentence does not apply to the Class Action Waiver in Section 5 below.

2. <u>Claims Not Covered</u>. These claims are not covered under the Agreement: (i) workers' compensation benefits, state disability insurance benefits or unemployment insurance benefits; (ii) claims for employee benefits under any benefit plan covered by ERISA or funded by insurance; however, this Agreement does apply to any claims for breach of fiduciary duty, for penalties, alleging that any of the Company's benefit plans violates the requirements of ERISA, claims arising under sections 601-607 of ERISA (relating to continuation coverage under group health plans), or alleging any other violation of ERISA (including but not limited to claims under section 510 of ERISA, even if such claim is combined with a claim for benefits); (iii) disputes that an applicable federal statute expressly states cannot be arbitrated or subject to a pre-dispute arbitration agreement; (iv) claims against a contractor that may not be the subject of a mandatory

 I     MUTUAL ARBITRATION AGREEMENT     I

arbitration agreement as provided by Section 8116 of the Department of Defense ("DoD") Appropriations Act for Fiscal Year 2010 (Pub. L. 111-118), Section 8102 of the Department of Defense ("DoD") Appropriations Act for Fiscal Year 2011 (Pub. L. 112-10, Division A), and their implementing regulations, or any successor DoD appropriations act addressing the arbitrability of claims; and (v) representative actions for civil penalties filed under the California Private Attorney General Act ("PAGA"), which may only be maintained in a court of competent jurisdiction.

Nothing in this Agreement prevents Employee from making a report to or filing a claim or charge with a governmental agency, including without limitation, the Equal Employment Opportunity Commission, U.S. Department of Labor, National Labor Relations Board, Occupational Safety and Health Administration, or law enforcement agencies, and nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in Arbitration. The Company will not retaliate against Employee for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under Section 7 of the National Labor Relations Act. This Agreement also does not prevent or prohibit Employee in any way from reporting, communicating about, or disclosing claims for discrimination, harassment, retaliation, or sexual abuse or a crime, or from making truthful statements as required by law.

Nothing contained in this Agreement shall be construed to prevent or excuse Employee (individually or in concert with others) or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures. In addition, either party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such provisional relief. The court to which the application is made is authorized to consider the merits of the arbitrable controversy to the extent it deems necessary in making its ruling, but only to the extent permitted by applicable law of the jurisdiction. All determinations of final relief, however, will be decided in arbitration, and the pursuit of temporary or preliminary injunctive relief shall not be deemed incompatible with or constitute a waiver of this Agreement to arbitrate.

3. <u>Procedures</u>. A neutral arbitrator ("Arbitrator") shall be selected by mutual agreement of the parties. Unless the Employee and Company mutually agree otherwise, the Arbitrator shall be an attorney licensed to practice in the location where the arbitration proceeding will be conducted and experienced in employment law or a retired federal or state judge from any jurisdiction. The location of the arbitration proceeding shall be in or near the city and in the same state where the Employee last worked for the Company, unless each party to the arbitration agrees otherwise in writing. If for any reason the parties cannot agree to an arbitrator, either party may apply to a court of competent jurisdiction for appointment of a neutral arbitrator. The court shall then appoint an arbitrator, who shall act under this Agreement with the same force and effect as if the parties had selected the arbitrator by mutual agreement.

In arbitration, either party will have the right to file dispositive motions, including, without limitation, a motion to dismiss and/or a motion for summary judgment and the Arbitrator will apply the standards governing such motions under the Federal Rules of Civil Procedure. Upon the request of either party, the Arbitrator will set a briefing schedule for such motions. A party may make an offer of judgment in a manner consistent with, and within the time limitations, consequences, and effects provided in Rule 68 of the Federal Rules of Civil Procedure.

Within 30 days of the close of the arbitration hearing, any party will have the right to file post-hearing briefs with the Arbitrator. The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in a court of law for the claims presented to and decided by the Arbitrator, and no remedies that otherwise would be

 | MUTUAL ARBITRATION AGREEMENT |

available to an individual in a court of law will be forfeited by virtue of this Agreement. The Arbitrator shall apply the substantive federal, state, or local law applicable to the claims asserted. The Federal Rules of Evidence shall apply. The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

4. <u>Notice of Arbitration Demand</u>. A demand for arbitration must be in writing and delivered by hand or first-class mail to the other party no later than the expiration of the statute of limitations period (deadline for filing) that applicable law prescribes for the claim. Any demand for arbitration made to the Company shall be provided to the Company's Legal Department, 800 Douglas Road, 11th Floor, Coral Gables, Florida 33134. Employee will be given notice of any claim by the Company at the last home address Employee provided to the Company. The demand for arbitration shall identify the claim(s) asserted, factual basis for the claim(s), and relief and/or remedy sought. The Arbitrator will resolve all disputes regarding the timeliness or propriety of the demand for arbitration and apply the statute of limitations that would have applied if the claim(s) had been brought in court.

5. <u>Class and Collective Action Waivers</u>. The Company and Employee agree to bring any claim on an individual basis only. Accordingly, and the Company and Employee waive **any right for any dispute to be brought, heard or arbitrated as a class and/or collective action and the Arbitrator will have no authority to hear or preside over any such claim ("Class Action Waiver")**. Additionally, claims may not be joined or consolidated in arbitration with disputes brought by other individual(s), unless agreed to in writing by all parties. In the event a final judicial determination is made that the Class Action Waiver is unenforceable and that a class or collective action may proceed despite the existence of this Agreement, the Arbitrator is nevertheless without authority to preside over a class or collective action and, in that event, any class or collective action must be brought in a court of competent jurisdiction – not in arbitration. Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver is unenforceable, unconscionable, void or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator.

6. <u>Fees and Costs</u>. Each party will pay the fees for his, her or its own attorneys, but if any party prevails on a claim which affords the prevailing party attorneys' fees, the Arbitrator may award reasonable fees to the prevailing party as provided under applicable law. In all cases where required by law, the Company will pay the Arbitrator's and arbitration fees. If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties by the Arbitrator in accordance with said applicable law, and any disputes in that regard will be resolved by the Arbitrator.

7. <u>Discovery and Subpoenas</u>. Each party may take the deposition of two individual fact witnesses and any expert witness designated by another party. Each party may also propound requests production of documents and five (5) interrogatories to the other party, and each party may subpoena witnesses and documents for arbitration, including testimony and documents relevant to the case from third parties. The parties can jointly agree to more discovery, and either party can ask the Arbitrator to order more discovery. The Arbitrator will have exclusive authority to entertain requests for additional discovery, and to grant or deny such requests, based on the Arbitrator's determination whether additional discovery is warranted by the circumstances of a particular case. At least thirty (30) days before the final hearing, the parties must exchange a list of witnesses, excerpts of depositions to be introduced, and copies of all exhibits to be used.

8. <u>Opting-Out</u>. An Employee may submit a form stating that the Employee wishes to opt out and not be subject to this Agreement. The Employee must submit a signed and dated statement on a "Mutual Arbitration Agreement Opt Out" form ("Form") that can be obtained from the Company's Legal Department, 800 Douglas Road, 11th Floor, Coral Gables, Florida 33134, or by calling 305-406-1875. In order to be effective, the signed and dated Form must be returned to the Legal Department within 30 days of the Employee's first receipt of this Agreement. An Employee choosing to opt out will not be subject to any adverse employment action as a consequence of that decision. Should an employee not opt out of this Agreement within 30 days of the Employee's first receipt of this Agreement, continuing the Employee's

 | MUTUAL ARBITRATION AGREEMENT |

employment constitutes mutual acceptance of the terms of this Agreement by the Employee and the Company commencing upon completion of that 30-day period, and the Agreement will be binding on Employee and the Company. Employee has the right to consult with counsel of his or her choosing concerning this Agreement.

9. <u>No Retaliation</u>. It is against Company policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any Employee believes that he or she has been retaliated against by anyone at the Company, the Employee should immediately report this to the Human Resources Department.

10. <u>Consideration</u>. The Company and Employee agree that the mutual obligations by the Company and Employee to arbitrate disputes provide adequate consideration for this Agreement. Employee's consideration for employment, employment, and/or continued employment provide additional consideration for this Agreement.

11. <u>Entire Agreement and Construction</u>. This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes covered by this Agreement. Unless this Agreement is not entered into or is deemed void, unenforceable or invalid in its entirety, this Agreement supersedes any prior agreements to arbitrate. No party is relying on any representation, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as set forth in this Agreement. This Agreement will survive the termination of Employee's employment and the expiration of any benefit, and it inures to the benefit of successors and assigns of the Company and is enforceable by any of them without the need for further consent or approval by Employee. This Agreement will also continue to apply notwithstanding any change in Employee's duties, responsibilities, position, or title, or if Employee transfers and/or is hired or rehired to any entity affiliated or related to the Company. This Agreement does not alter the "at-will" status of Employee's employment with the Company. Notwithstanding any contractual disclaimers the Company has in any handbooks, other agreements, or policies, this Agreement may not be modified or terminated absent written consent by both parties. Subject to the Class Action Waiver above, In the event any portion of this Agreement is deemed unenforceable, such adjudication will not affect the validity of the remainder of this Agreement. All remaining provisions will remain in full force and effect.

**Employee Acknowledgment of Receipt and Agreement:**

I HAVE RECEIVED, CAREFULLY READ AND UNDERSTAND THIS AGREEMENT AND AGREE TO ITS TERMS. BY PROVIDING MY INFORMATION BELOW, I AGREE THAT THE COMPANY AND I ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS AGREEMENT. I ALSO UNDERSTAND AND ACKNOWLEDGE THAT MY ELECTRONIC SIGNATURE IS AS VALID AND HAS THE SAME LEGAL EFFECT AS AN INK SIGNATURE.

**ELECTRONICALLY SIGNED VIA ONBOARDING BY**

Electronically Signed By
Joshua Steven Liptock

Employee Signature

3/17/2022

Date Signed