

**Orrick, Herrington & Sutcliffe LLP**
401 Union Street – Suite 3300
Seattle, WA 98101
+1 206 839 4340

**orrick.com**

*Via ECF*

June 24, 2024

**Aravind Swaminathan**
E  aswaminathan@orrick.com
D  +1 206 839 4340
M  +1 206 639 9157

Hon. Allison D. Burroughs
Hon. Paul G. Levenson
U.S. District Court for the District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   *In re: MOVEit Consumer Data Security Breach Litigation*, MDL No. 1:23-md-03083-ADB-PGL
Case Nos. 1:23-cv-12438; 1:23-cv-10035; 1:23-cv-13072

Dear Judge Burroughs and Judge Levenson,

We write on behalf of Defendant Performance Health Technology, Inc. ("PHT") in response to Plaintiffs' Lead Counsel's ("Lead Counsel") letter dated June 21, 2024 professing a need for judicial "guidance" concerning amendment of their complaints. ECF 987.

Fundamentally, PHT objects to Lead Counsel's request for the Court to provide it with guidance on litigation strategy in what is tantamount to seeking an advisory opinion on an issue not properly before the Court: whether Plaintiffs can amend their complaints ***at all*** without leave of the Court or PHT's consent. Lead Counsel's request presumes the ability to amend without leave of Court notwithstanding that Plaintiffs have exercised their one amendment of right under Rule 15 by filing their "amended complaint of common factual allegations" applicable to all complaints in the MDL. Accordingly, for the reasons set forth below, the Court should decline Lead Counsel's invitation to resolve these issues through an informal conference call, without following the process set forth in Rule 15 or giving PHT an opportunity to brief the issue.[1] If, however, the Court accepts Lead Counsel's invitation to dispense with formalities, the Court should deny their request, which erroneously presumes the ability to unilaterally amend.

---

[1] Informal resolution is also inappropriate because this issue is of paramount importance to Defendants throughout the MDL. In the past two weeks, Lead Counsel have, without notice to the Court or Defendants, filed nearly two dozen amended complaints in violation of Rule 15. In so doing, they have not sought leave of the Court, as required. Nor have they offered any explanation as to the purpose or how the amended complaints would steer the MDL towards efficient resolution. By all outward appearances, they do not. The complaints are a patchwork of new permutations: some add new plaintiffs, some add new defendants, some consolidate old defendants, some add new theories, and some do a little of each. The only apparent common features among them are they (1) appear aimed at Lead Counsel's preferred bellwether defendants (an apparent backdoor attempt to effectuate Lead Counsel's previously rejected framework), (2) demonstrate Lead Counsel can do precisely what they previously claimed they could not, namely, streamline these proceedings by amending, consolidating, and tracking, and (3) fail to seek leave to amend under Rule 15. As Lead Counsel are aware, Defendants intend to reach out to the Court to address these critical issues, including Lead Counsel's ongoing, haphazard amendments, disregard for MDL Order No. 13, and concomitant failure to comply with Rule 15.



### *Twelve Cases Were Filed Against PHT;*
### *Only One—the Last One Filed—Names Progress as a Defendant*

PHT has been named as a defendant in three complaints in this MDL:

| MDL Case Caption | File Date and Original Court | Other Defendants |
|---|---|---|
| *Malo et al. v. Performance Health Technology Ltd.*, Case No. 1:23-cv-12438 ("*Malo*") | August 7, 2023, U.S. District Court for the District of Oregon (Eugene Division) | None |
| *Canterbury v. Performance Health Technology Ltd.*, Case No. 1:23-cv-10035 ("*Canterbury*") | August 16, 2023, U.S. District Court for the District of Oregon (Portland Division) | None |
| *Frazier v. Performance Health Technology Ltd. et al.*, Case No. 1:23-cv-13072 ("*Frazier*") | December 13, 2023, U.S. District Court for the District of Massachusetts | Progress Software Corporation ("Progress") |

PHT has also been named as a defendant in **nine** MOVEit-related complaints in Oregon state court, none of which name Progress as a defendant. ECF 927 at 2–3 (in those cases, which were consolidated into a single action on November 21, 2023, the state court currently has pending before it PHT's fully briefed and argued motion to dismiss). Thus, of the twelve MOVEit cases involving PHT, only *Frazier*—the last filed case—names Progress as a defendant.

### *Lead Counsel Seeks to Amend*
### *in Response to PHT's CAFA Motion*

On June 3, PHT moved to dismiss the *Malo*, *Canterbury*, and *Frazier* complaints for lack of subject matter jurisdiction, explaining that the Court lacks jurisdiction under CAFA because two-thirds or more of the members of the putative class and the primary defendants are citizens of the state in which the action was originally filed. ECF Nos. 926 (Defendants' Joint Motion), 927 (PHT's Supplemental Brief). PHT argues that Progress is not a "primary defendant," as evidenced by (1) the numerous other complaints in the MDL against Progress brought on behalf of nationwide classes, including some that name only Progress and (2) of the twelve cases involving PHT, only one names Progress.

In their June 21 letter—submitted just seven business days before their opposition to PHT's CAFA motion is due—Lead Counsel now requests the Court's "guidance" to help resolve whether they should "amend and/or consolidate the PHT actions to name Progress as a defendant in all three actions BEFORE deciding the question of whether Progress is a primary defendant within the meaning of CAFA" or if the inclusion of Progress on one complaint is sufficient. Lead Counsel describes this as necessary to "procedurally crystallize" the issue, and in correspondence to PHT characterized this "largely as a housekeeping matter, in order to appropriately frame the issue for the Court." What Lead Counsel omit from their letter is the fact that they have known PHT's position that the hometown exception applies since March 28, 2024—***more than two months prior to this request***—when it was communicated to Lead Counsel by PHT (PHT also reminded Lead Counsel of its position on April 24, 2024).

Lead Counsel's request is inappropriate for several reasons.

First and foremost, this is no "housekeeping" matter. Whether Progress is a defendant—and specifically whether it is the ***primary*** defendant—is the determinative issue on whether this Court has jurisdiction over PHT. Though Lead Counsel claimed then, as they do now, that adding Progress



"crystallize[s] the issue for the Court," the obvious purpose of the requested amendment is to backfill the complaints against PHT to buttress their (failed) argument that Progress is the primary defendant. Progress is not, nor has it been, the primary defendant in the cases filed against PHT, as evidenced by the fact that the *Malo* and *Canterbury* complaints against PHT **were filed over 10 months ago**, and not once until **after PHT filed its responsive pleading** on June 3, did Lead Counsel seek to amend. Lead Counsel have long known that Progress' nominal inclusion on the *Frazier* complaint would be an issue in determining CAFA jurisdiction—indeed, Lead Counsel offered to argue the issue of Progress' supposed primacy to the litigation in the context of CAFA on April 24, 2024[2]—and yet they took no steps to amend. That speaks volumes and removes the veil of their late request now to amend complaints against PHT.

Second, amendment is improper under Rule 15. "Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, within twenty-one days after a motion to dismiss or answer has been filed." *Fed. Ins. Co. v. Fire Sprinkler Tech., Inc.*, No. 1:20-CV-10403-ADB, 2021 WL 1857403, at *2 (D. Mass. May 10, 2021) (Burroughs, J.) (citing Fed. R. Civ. P. 15(a)(1)). "Otherwise, a party may only amend the pleading 'with the opposing party's written consent or the court's leave.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). All Plaintiffs in this MDL amended once as of right via the "amended complaint of common factual allegations" filed on May 24. ECF 908. Indeed, MDL Order No. 13 calls this filing an "amended complaint," as has Lead Counsel themselves. April 24, 2024 Hrg. Tr. at 8:14–19 (Lead Counsel stating Plaintiffs would be filing an "amended complaint and common factual allegations[.]").[3] Accordingly, under Rule 15(a)(2), Plaintiffs must seek leave of Court before any further amendment, and PHT should be given the opportunity to formally oppose. Fed. R. Civ. P. 15(a)(2); *see also United States ex rel. Poteet v. Bahler Med., Inc.*, 619 F.3d 104, 116 (1st Cir. 2010); *DeBold v. Liberty Life Assurance Co. of Bos.*, No. 20-CV-11802-ADB, 2021 WL 2646677, at *7 (D. Mass. June 28, 2021) (Burroughs, J.). Lead Counsel do not need the Court's "guidance" to comply.

The Court should be particularly leery to weigh in through an informal conference call because the issue underlying Lead Counsel's request—whether permission to amend is required under Rule 15—presents a foundational question to PHT's CAFA arguments, not to mention a question of relevance to numerous other Defendants. How Lead Counsel manages to try and "fix" their problem is a matter of strategy that should be left to them as Lead Counsel; not the product of an advisory opinion from the Court on an issue not properly presented and one with substantive impact on the rights of PHT. Accordingly, the Court should decline to dispense with formalities in resolving this important issue, at least in part because the answer dictates the rights of numerous other Defendants against whom Lead Counsel have filed "amended complaints," ostensibly in violation of Rule 15. Defendants should be afforded the opportunity to weigh in on this issue, particularly where, as here, the time-constraint-driven request is a problem of

---

[2] April 24, 2024 Hrg. Tr. at 31 ("I can litigate that home state exception in five minutes. The primary defendant in this case, as we've been talking about all day today, is Progress. ***Progress will be a defendant against every single one of these defendants right alongside them on every single one of the classes that are being brought or will be settled in this case***. There's no way the home state exception is going to apply in that context.") (emphasis added).

[3] Lead Counsel cannot now, after the fact, disavow that the "amended complaint of common factual allegations" is an amendment complaint. *Cf. Day v. Corn%22er Bank (Overseas) Ltd.*, 789 F. Supp. 2d 136, 144 (D.D.C. 2011); *Chapman v. W. Express, Inc.*, No. CIV.A. 10-0675-WS-C, 2011 WL 780594, at *3 (S.D. Ala. Feb. 28, 2011). Instead, the Court should "adhere to the time-tested adage: if it walks like a duck, quacks like a duck, and looks like a duck, then it's a duck." *BMC Indus., Inc. v. Barth Indus., Inc.*, 160 F.3d 1322, 1337 (11th Cir. 1998). That is particularly so given that Lead Counsel expressly acknowledged during a recent meet and confer that the "common factual allegations" apply to all Plaintiffs. Plaintiffs cannot have it both ways: the allegations cannot apply to everyone but not constitute an amended complaint as to anyone.



Lead Counsel's own making.  These issues were known to them months ago.  In the event the Court is, however, inclined to address Lead Counsel's request, it should be denied.

Sincerely,

Aravind Swaminathan

4