## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-03083-ADB-PGL |

## PROPOSED AGENDA FOR THE
## JULY 18, 2024 STATUS CONFERENCE

The parties jointly propose the following agenda for the status conference scheduled for July 18, 2024, at 1:00 p.m.

**A.      Motions / Matters for Which Oral Argument is Requested**

No argument is sought during the July 18, 2024, status conference.

The Parties respectfully request that, if the Court deems necessary, it set oral argument on the pending CAFA motions as well as the CAFA-related motions to amend (*see infra* Section C.1-2) for the following status conference or any other time convenient to the Court.

As to the motion to compel arbitration, the pending motions to compel arbitration will be fully briefed by July 26, 2024. *Defendants' position*: Because those motions should not be addressed until the Court addresses its own subject matter jurisdiction (through the soon to be filed 12(b)(1) motions), Defendants request that oral argument on those motions, if the Court deems necessary, be held either at the same time as the 12(b)(1) motions or shortly thereafter. *Plaintiffs' position*: Argument on arbitration issues, if helpful to the Court, need not await conclusion of the 12(b)(1) briefing.

B.     **Report to the Court**

1.     <u>Overview of the MDL</u>
       *Kristen A. Johnson for the Plaintiffs*

As of July 11, 2024, the MDL included 313 class complaints against 115 defendants, on behalf of at least 413 plaintiffs. Since the June 5, 2024 Status Conference: (i) eight new cases have been directly filed in the MDL, involving 11 new defendants,[1] (ii) plaintiffs voluntarily dismissed 25 plaintiffs and 18 complaints (removing eight defendants from the MDL[2]), and (iii) plaintiffs filed, or sought leave to file, 23 amended complaints.

2.     <u>Plaintiffs' new and amended complaints.</u>
       *Eamon Joyce for Defendants*; *Michelle Drake for Plaintiffs*

       a.     *Defendants' position*: Defendants have already detailed their position that the post-Common Complaint new and amended complaints, which the Plaintiffs' Co-Leads began filing days after the last conference, are improper (ECF No. 1019). Defendants will not belabor their position on those improprieties, and it is not presently necessary for this Court to address how the Common Complaint and the new/amended complaints should prohibit or limit future amendments. The Court, however, should address two measures that the new/amended complaints bring to the fore that should assist in narrowing this MDL and otherwise moving it forward.

---

[1] Delta Dental of Pennsylvania, Delta Dental of New Jersey, Delta Dental of Missouri, Delta Dental of Tennessee, Delta Dental of Washington, Dentegra Insurance Company, Kirkland & Ellis LLP, Aetna Life Insurance Company, Fullscope RMS, ReliaStar Life Insurance Company, ReliaStar Life Insurance Company of New York, Philips RS North America, LLC; Baylor, Scott & White Health.

[2] Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, Blue Cross and Blue Shield of Montana, Caring for Montanans, Inc. f/k/a Blue Cross and Blue Shield of Montana, Inc., Delaware Life Insurance Co., Blue Cross and Blue Shield of Massachusetts.

      i. <u>Affirmative Obligation to Confirm Individual Plaintiffs' Intention to Proceed:</u> The contrast between the random assortment of amended and new complaints the Co-Leads elected to file after the last status conference and the many hundreds of complaints in this MDL that have remained stagnant since their filing exacerbates the need—discussed at the June status conference—to know which individual Plaintiffs actually intend to prosecute their claims. Defendants seek a more fulsome process whereby Plaintiffs' co-lead counsel affirmatively determine whether individual Plaintiffs (who have not filed new or amended complaints since June 5, 2024) are going forward and certify the status of each individual's claims.

      ii. <u>Reciprocal Discovery</u>: As discussed at the last status conference, Progress has sought (limited) symmetrical reciprocal discovery against individual Plaintiffs now that discovery against Progress is underway. *See* ECF No. 893-3 at 8-9 (proposing Plaintiffs respond to limited discovery requests if Progress proceeds with responding to limited discovery). Plaintiffs resisted such discovery (successfully) on the basis that it was premature to determine which individuals are going forward with their suits and Plaintiffs' Co-Leads were still screening individual Plaintiffs. Now that the Co-Leads clearly have screened certain individual Plaintiffs, as reflected by their choice to file amended or new complaints on those individuals' behalf post-June 5, 2024, those individuals should be subject to (limited) symmetrical, reciprocal discovery.

    b. *Plaintiffs' position*: Plaintiffs responded to Defendants' misplaced allegations of impropriety (ECF No. 1020). The Court should take up the issues of representative/consolidated/amended complaints and reciprocal discovery in the context of evaluating the parties' proposals for the next phase of this MDL (*see infra* Section B.3).

3.    <u>Parties' Proposals for Moving this MDL Forward</u>
    *Michelle Drake for Plaintiffs*; *Eamon Joyce and Kristy Brown for Defendants*

    a. The parties discussed the next steps and how the parties may efficiently advance the case after the Rule 12(b)(1) briefing. Options discussed:

      i. <u>A Representative Complaint:</u> This is similar to the approach used in Lumber Liquidators and Capital One. Plaintiffs would draft a single complaint with 6 defendants (PBI, Maximus, Welltok, Delta Dental, Genworth and Progress) and Plaintiffs from a handful of states. This complaint would be the stalking horse for the litigation moving forward. This complaint would be subject to 12(b)(6) motions, discovery, class certification, and summary judgment. The Defendants chosen are due to the number of consumers affected. The plaintiffs would include all those plaintiffs chosen from the five most populous states where there is a plaintiff filing suit. Fact sheets (as negotiated by the parties) would be prepared for all other plaintiffs and defendants.

ii. <u>Consolidated Amended Complaint (CAC) /Bellwether:</u> This is similar to the <u>approach</u> Plaintiffs suggested to the Court in February (ECF No. 742). Plaintiffs would file consolidated amended complaints for the five largest defendants and Progress in terms of the breach size. (Same group as above.) Six 12(b)(6) motions could be filed by each defendant. Discovery would proceed against all those plaintiffs and defendants. The remaining plaintiffs/defendants would provide fact sheets as negotiated by the parties.

iii. <u>Via Tracks:</u> Plaintiffs would file CACs against all defendants, with complaints designated as being on the "tracks" previously described by defendants, although we need to discuss the precise contours of these complaints with you. Defendants would need to provide an updated track list, identifying which track/relationship each defendant would be on. Defendants would file one 50-page 12(b)(6) per track. Discovery would be stayed pending a ruling on the motions. In terms of details, we need to flesh out how the "Progress track" would work—we envision one complaint against Progress, with plaintiffs who sued Progress also being named on complaints against other defendants filed in other tracks. We envision filing one complaint per track, with any plaintiff who joins the MDL after a certain cutoff date having the opportunity to adopt that complaint by reference and just make whatever separate allegations they need to make that are unique to them.

iv. <u>All parties move forward:</u> This is similar to what the Defendants suggested in ECF No. 742. 12(b)(6) and discovery all move forward on the existing complaints. Defendants would coordinate on briefing to limit redundancy in motions.

Plaintiffs had questions about the Defendants' Track option that Defendants are discussing amongst themselves.

4. <u>Update on discovery.</u>
   *Doug McNamara for Plaintiffs*; *Jeff Tsai for Defendants*

   Progress produced 593 documents in response to an agreed subset of Plaintiffs' 20 document requests on June 24th.

5. <u>Update on Time and Expense Review and Lodestar Reporting.</u>
   *Alyson Oliver, Time, Fee, and Expense Counsel*

6. <u>Update re Settlements</u>
   *Charlie Schaffer for Plaintiffs; Alexander Southwell for Defendants*

   a. MDL Settlements: Settlements have been reached with three defendants. Settlement agreements have been executed or are near execution. The parties expect preliminary approval papers to be filed before the next conference.

   b. Other Federal Court Settlements: Sovos and Midland settlement: *Stadnik v. Sovos Compliance, LLC*, 1:23-cv-12100-AK: final approval hearing set for July 23, 2024.

      c.      State Court Settlements: Johns Hopkins University settlement (state court): Notice program began on June 14, 2024.  Final approval hearing set for September 26, 2024.

7.      <u>Schedule for Next Status Conference.</u>

The parties propose that the next Status Conference be scheduled for the week of September 9, 2024.

**C.**      **Pending Motions / Submissions.**

None.

**D.**      **Briefing in Progress.**

1.      <u>Motion to Dismiss Under CAFA – completed no later than August 9, 2024</u>

      a.      On June 3, 2024, Defendants Performance Health Technology, Ltd., Greater Rochester Independent Practice Association, and Union Bank & Trust filed a Joint Motion to Dismiss Pursuant to the Home-State Exception to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(B) [ECF No. 926 (joint motion); ECF Nos. 927, 928, and 930 (individual supplements)].

      b.      On July 3, 2024, Plaintiffs opposed [ECF No. 1034 (memorandum)].

      c.      Defendants' reply is due on July 26, 2024.  Any motion for leave to file a surreply is due by August 9, 2024.

2.      <u>Motions for Leave to Amend Complaints re CAFA Motion – completed no later than July 17, 2024</u>

      a.      On July 3, 2024, Plaintiffs moved for leave to amend the *Malo* and *Canterbury* complaints against Performance Health Tech. and the *Scott* complaint against Union Bank and Trust to add Progress Software as a defendant [ECF No. 1036].

      b.      The parties stipulate, and ask the Court to order, that oppositions be due on July 26, 2024 [ECF No. 1079].

      c.      The parties previously filed letters on this issue [ECF Nos. 987, 1003, 1015].

3.      <u>Motion to Compel Arbitration – completed by August 9, 2024</u>

      a.      On June 3, 2024, Defendants American Multi-Cinema, Inc., AMC Entertainment Holdings, Inc. d/b/a/ AMC Theatres, Cadence Bank, Franklin Mint Federal Credit Union, MasTec, Inc., MidFirst Bank, Midland Financial Co., and Pathward, N.A.,

      filed a Motion to Compel Arbitration and to Stay Litigation [ECF No. 929 (motion and memorandum)].

    b.    On July 3, 2024, Plaintiffs opposed [ECF No. 1030] and filed a separate response as to Defendant MasTec [ECF No. 1032].

    c.    On June 26, 2024, M&T Bank filed its memorandum in support of the motion to compel arbitration [ECF No. 1016].  Pursuant to ECF No. 1028, Plaintiffs filed their opposition on July 10, 2024 [ECF No. 1070].

    c.    Defendants' reply is due on July 26, 2024.  Any motion for leave to file a surreply is due by August 9, 2024.

4.    <u>Omnibus Motion to Dismiss based on lack of Article III Standing – completed by September 26</u>

    a.    Defendants' omnibus motion to dismiss for lack of Article III standing is due to be filed on July 23, 2024.

    b.    Plaintiffs' opposition is due on August 22, 2024.

    c.    Defendants' reply is due on September 12, 2024.  Any motion for leave to file surreply is due by September 26, 2024.

Dated: July 15, 2024                          Respectfully submitted,

                                            By:  <u>/s/ Kristen A. Johnson</u>
                                            Kristen A. Johnson (BBO# 667261)
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
                                            1 Faneuil Hall Square, 5th Floor
                                            Boston, MA 02109
                                            Tel:  (617) 482-3700
                                            Fax: (617) 482-3003
                                            kristenj@hbsslaw.com

                                            *Plaintiffs' Liaison & Coordinating Counsel*

By: */s/ E. Michelle Drake*
E. Michelle Drake
BERGER MONTAGUE, PC
1229 Tyler Street, NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5933
Fax: (612) 584-4470
emdrake@bm.net

By: */s/ Gary F. Lynch*
Gary F. Lynch
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
Gary@lcllp.com

By: */s/ Douglas J. McNamara*
Douglas J. McNamara
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, 5th Floor
Washington, DC 20005
Tel: (202) 408-4600
dmcnamara@cohenmilstein.com

By: */s/ Karen H. Riebel*
Karen H. Riebel
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 612-339-0981
khriebel@locklaw.com

By: */s/ Charles E. Schaffer*
Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
Fax: (215) 592-4663
cshaffer@lfsblaw.com

*Plaintiffs' Lead Counsel*

Dated: July 15, 2024

By: */s/ Aravind Swaminathan*
Aravind Swaminathan (*pro hac vice*)
ORRICK HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
Tel:  (206) 839-4340
aswaminathan@orrick.com

By:  */s/Allison M. Holt Ryan*
Allison M. Holt Ryan (*pro hac vice*)
HOGAN LOVELLS LLP
555 13th Street NW
Washington, D.C. 20004
Tel:  (202) 637-5600
allison.holt-ryan@hoganlovells.com

By:  */s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO # 564879)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Tel:  (617) 223-0304
jpirozzolo@sidley.com

By:  */s/ Nathaniel R. Mendell*
Nathaniel R. Mendell (BBO # 645283)
MORRISON & FOERSTER LLP
200 Clarendon Street
Boston, MA 02116
Tel:  617-648-4700
nmendell@mofo.com

By:  */s/ Paulyne Gardner*
Paulyne Gardner (*pro hac vice*)
MULLEN COUGHLIN LLC
426 W. Lancaster Avenue,  Suite 200
Devon, PA 19333
Tel:  (267) 930-4770
pgardner@mullen.law

By:  */s/ Gilbert S. Keteltas*

Gilbert S. Keteltas (*pro hac vice*)
BAKERHOSTETLER LLP
1050 Connecticut Avenue, NW
Washington, DC  20026
Tel:  (202) 861-1530
gketeltas@bakerlaw.com

By:  */s/ Jeff Tsai*
Jeff Tsai (*pro hac vice*)
DLA PIPER LLP
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel:  (415) 615-6055
jeff.tsai@dlapiper.com

By:   */s/ Kristine McAlister Brown*
Kristine McAlister Brown (*pro hac vice*)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Tel:  (404) 881-7584
kristy.brown@alston.com

By:  */s/Edward P. Boyle*
Edward P. Boyle (*pro hac vice*)
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY 10036
Tel:  (212) 808-5675
epboyle@venable.com

By: */s/ Kari M. Rollins*
Kari M. Rollins (*pro hac vice*)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 634-3077
Krollins@sheppardmullin.com

By: */s/ Felicia H. Ellsworth*
Felicia H. Ellsworth (*pro hac vice*)
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6687
Felicia.ellsworth@wilmerhale.com

*Defendants' Liaison Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: July 15, 2024                                     */s/ Kristen A. Johnson*
                                                              Kristen A. Johnson