UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-03083-ADB-PGL |

**MDL Order No. 17**
**(Bellwether Structure and Scheduling Proposals)**

In order to efficiently decide critical issues and facilitate reciprocal discovery, the Court will adopt a modified bellwether structure.  Plaintiffs shall file up to six consolidated amended complaints ("CACs").  Each CAC may name one or more defendants, including Progress, and a defendant may be named in multiple CACs.  The parties are ordered to meet and confer on the defendants to be named in each CAC.

The CACs will be subject to 12(b)(6), class certification, and summary judgment motions.  In the view of the Court, a bellwether structure provides the best opportunity to expeditiously consider various legal issues and factual scenarios.  With that in mind, the parties should seek to agree, to the extent possible, on naming individual plaintiffs and defendants in the CACs whose inclusion will focus the Court on the issues and fact patterns common to the greatest number of consumers.

The CACs shall also be the focal point of discovery.  Discovery shall proceed with respect to the named plaintiffs and defendants in the CACs.  To facilitate settlement of cases not directly named in the CACs, the parties shall complete fact sheets (as negotiated by the parties) for all other plaintiffs and defendants.

By August 9, 2024, the parties shall propose a joint bellwether scheduling order. The proposed scheduling order shall recommend dates for key deadlines relevant to advancing the litigation under the bellwether structure outlined above, to include: 1) the filing of the CACs; 2) motion practice (including, but not limited to, 12(b)(6) motions); 3) reciprocal discovery; and 4) fact sheets. The parties may propose other events and deadlines relevant to the bellwether structure. If the parties are unable to agree on certain dates, the proposed scheduling order should set out the positions of each party regarding any disputed date.

By August 9, 2024, the parties also shall propose a joint proposed bellwether procedural order which should identify the parties expected to be named in each CAC and propose procedures for managing the CACs. At a minimum, the proposed procedural order should recommend a process in the event that a named plaintiff or defendant is dismissed from the MDL. The parties may also propose other procedures relevant to the management of the CACs. If the parties are unable to agree, the proposed procedural order should set out the positions of each party regarding such dispute.

**SO ORDERED**.

July 24, 2024.                                              */s/ Allison D. Burroughs*
                                                            ALLISON D. BURROUGHS
                                                            U.S. DISTRICT JUDGE