UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-03083-ADB-PGL |

**THE BELLWETHER PARTIES' PROPOSALS REGARDING
PHASED DISCOVERY FOR THE BELLWETHER LITIGATION**

Pursuant to MDL Order No. 17 (ECF No. 1123) and the Court's October 11, 2024 Electronic Order (ECF No. 1267), the Bellwether Parties jointly report to the Court regarding their respective proposals for phased discovery relating to the Bellwether Litigation.

**I.      Phased Discovery for the Bellwether Litigation**

Pursuant to the Court's Order and comments during the October 9, 2024 status conference (*See* ECF No. 1267, Oct. 9, 2024 Tr. at 82:8-83:10), the parties met and conferred on an agreed schedule and structure for phased discovery in the Bellwether Litigation and provide their proposals in **Exhibit A**.

The Bellwether Parties propose, as outlined in the Court's order, that fact discovery proceed in two phases: (1) **Phase I** consisting of the exchange of Rule 26(a)(1) Initial Disclosures, the exchange of Bellwether Fact Sheets, the production of certain "go-gets" by Bellwether Defendants, and a period to meet and confer about the contours of Phase II, and (2) **Phase II** consisting of the collection and production of custodial ESI.

The Bellwether Parties, however, disagree about whether written discovery can be served and objections, search terms, and custodians negotiated during Phase I and the timing of certain

Phase II activities. The Bellwether Parties provide an overview of their respective proposals below and include a comparison of the Bellwether Parties' Phased Discovery proposals at Exhibit A.

### A. Plaintiffs' Position Regarding Phased Bellwether Discovery

#### 1. The Service of Written Discovery During Phase I Discovery

As is customary in litigation and in alignment with Rule 26(d), Plaintiffs propose service of written discovery during the pendency of the Rule 12(b)(6) Motion to Dismiss so that the Parties may commence the anticipated protracted meet and confer process on a timeline that allows them collaboratively to implement the ESI Protocol, resolve any disputes, and actually begin custodial collection and production upon commencement of Phase II discovery. Bellwether Defendants' position that they should not be required to respond in writing or object to discovery until after the resolution of the Rule 12(b)(6) Motion to Dismiss would simply unnecessarily delay the entire discovery schedule. Discovery can and should proceed while a motion to dismiss is pending.

Bellwether Defendants' proposal would essentially collapse what this Court defined as Phase 1 and Phase 2 and delay substantive discovery until Phase II. The Court has already ruled that discovery should proceed and be phased. However, Bellwether Defendants' insistence that the Court further limit the scope of discovery within Phase I ultimately resulting in no production of documents or DFS will prevent this litigation to move forward efficiently. Thus, Plaintiffs request the Court require Defendants to provide written responses to Plaintiffs' written discovery and engage in a meet and confer process on search terms and custodians during the pendency of the Motion to Dismiss briefing and before ruling.

### B. Bellwether Defendants' Position Regarding Phased Bellwether Discovery

Consistent with Court's instructions during the October 9, 2024 conference (ECF No. 1269) and MDL Order No. 17, Bellwether Defendants propose a common-sense structure and schedule for Phase I and Phase II fact discovery activities. As discussed further below, Bellwether

Defendants' Phase I schedule places value on permitting the parties time for meaningful meet and confer about the scope of certain Phase I fact sheets and go-gets and staggers the Phase I production of Rule 26(a)(1) Initial Disclosures, Fact Sheets, and Bellwether Defendant Go-Gets in recognition of the greater burden placed on the respective Bellwether Parties to accomplish the latter two activities.[1] Given the Court's comments during the September 24, 2024 conference (*See* ECF No. 1236), Bellwether Defendants align the start of Phase II discovery with the Court's resolution of Bellwether Defendants' respective Rule 12(b)(6) Motions to Dismiss, with written discovery, negotiation of custodians and search terms, and custodial ESI production occurring thereafter to ensure the Bellwether Parties do not expend significant time and resources meeting and conferring over the substance of written discovery and document productions that may be rendered moot by the Court's resolution of Rule 12 issues.

Plaintiffs contend that Bellwether Defendants' Phase I discovery schedule would result in the production of no documents or Defendant Fact Sheets. Not so. As Exhibit A plainly demonstrates, Bellwether Parties will exchange Fact Sheets *and* produce Go-Gets by February 3, 2025, well within the period of Phase I discovery. But Plaintiffs want more for Phase I discovery. Under Plaintiffs' proposed discovery schedule, Plaintiffs would serve written discovery on Bellwether Defendants, require the Bellwether Defendants to submit their objections to such written discovery, and commence the meet and confer process on the scope and substance of document production, custodians, and search terms all *during* Phase I and *in advance of* any ruling

---

[1] This proposed discovery schedule only addresses the deadlines relating to the Bellwether Parties and, therefore, only requires Bellwether Plaintiffs named in the consolidated amended complaint against Bellwether Defendants to complete a Bellwether Plaintiff Fact Sheet by February 3, 2025. The Parties will continue to meet and confer about the proper scope and timing of non-bellwether discovery and will make a separate submission to the court specific to non-bellwether parties.

by the Court on Bellwether Defendants' Rule 12(b)(6) Motions to Dismiss. This approach is directly contrary to the phased discovery contemplated by the Court and would result in forcing Bellwether Defendants to expend significant time and money negotiating over fact discovery that the Bellwether Defendant might never have to produce if dismissed from the Bellwether Litigation and/or negotiating over the discovery of certain facts that could be rendered moot by the Court's dismissal of certain causes of action. This approach is also likely to result in myriad premature and hypothetical discovery disputes that could not be fully resolved until after the Court resolves the Bellwether Defendants' motions to dismiss and establishes the claims (and thereby facts) that will proceed forward in the Bellwether Litigation.

To avoid the expending significant time and money negotiating written discovery that may be rendered entirely moot by a Bellwether Defendant's dismissal from this litigation and/or the dismissal of a variety of Plaintiffs' causes of action, the Bellwether Parties should not be permitted to serve written discovery until Phase II discovery opens, *after* the Court's decision on Bellwether Defendants' Rule 12 motions to dismiss. Similarly, the Bellwether Parties should not be obligated to meet and confer on the scope of written discovery, document production, custodians, and search terms until after Phase II opens and the Court establishes the contours of the claims and Bellwether Parties proceeding forward. To that end, Bellwether Defendants propose that no written discovery and/or negotiation over the scope of Phase II discovery occur until after the Court rules on Bellwether Defendants' Rule 12 motions to dismiss.

As such, the Bellwether Defendants request the Court adopt their proposed schedule for Phase I and Phase II Discovery, and order that written discovery and negotiation over custodial ESI not commence until the Phase II Discovery opens *after* the Court rules on Bellwether Defendants' Motions to Dismiss.

Dated: November 12, 2024

By: */s/ Kristen A. Johnson*
Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Square, 5th Floor
Boston, MA 02109
Tel: (617) 482-3700
Fax: (617) 482-3003
kristenj@hbsslaw.com

*Plaintiffs' Liaison & Coordinating Counsel*

By: */s/ E. Michelle Drake*
E. Michelle Drake
BERGER MONTAGUE, PC
1229 Tyler Street, NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5933
Fax: (612) 584-4470
emdrake@bm.net

By: */s/ Gary F. Lynch*
Gary F. Lynch
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
Gary@lcllp.com

By: */s/ Douglas J. McNamara*
Douglas J. McNamara
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, 5th Floor
Washington, DC 20005
Tel: (202) 408-4600
dmcnamara@cohenmilstein.com

By: */s/ Karen H. Riebel*
Karen H. Riebel
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 612-339-0981
khriebel@locklaw.com

By: */s/ Charles E. Schaffer*
Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
Fax: (215) 592-4663
cshaffer@lfsblaw.com

*Plaintiffs' Lead Counsel*

Dated: November 12, 2024

By: */s/ Aravind Swaminathan*

Aravind Swaminathan (*pro hac vice*)
ORRICK HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
Tel: (206) 839-4340
aswaminathan@orrick.com

*Counsel for Bellwether Defendant Teachers Insurance and Annuity Association of America*

By: */s/Allison M. Holt Ryan*
Allison M. Holt Ryan (*pro hac vice*)
HOGAN LOVELLS LLP
555 13th Street NW
Washington, D.C. 20004
Tel: (202) 637-5600
allison.holt-ryan@hoganlovells.com

*Counsel for Bellwether Defendants Maximus, Inc., Maximus Federal Services, Inc., and Maximus Human Services, Inc.*

By: */s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO # 564879)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Tel: (617) 223-0304
jpirozzolo@sidley.com

*Counsel for Bellwether Defendants Genworth Life Insurance Co., Genworth Financial, Inc., and Genworth Life and Annuity Insurance Co.*

By: */s/ Paulyne Gardner*
Paulyne Gardner (*pro hac vice*)
MULLEN COUGHLIN LLC
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Tel: (267) 930-4770
pgardner@mullen.law

*Counsel for Bellwether Defendant Pension Benefit Information, LLC*

By: */s/ Gilbert S. Keteltas*
Gilbert S. Keteltas (*pro hac vice*)
BAKERHOSTETLER LLP
1050 Connecticut Avenue, NW
Washington, DC 20026
Tel: (202) 861-1530
gketeltas@bakerlaw.com

*Counsel for Bellwether Defendants OSF Healthcare System, CHI Health - NE, and Virginia Mason Franciscan Health*

By: */s/ Jeff Tsai*
Jeff Tsai (*pro hac vice*)
DLA PIPER LLP
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 615-6055
jeff.tsai@dlapiper.com

*Counsel for Bellwether Defendants Progress Software Corp. and Ipswitch, Inc.*

By: */s/ Kari M. Rollins*
Kari M. Rollins (*pro hac vice*)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 634-3077
Krollins@sheppardmullin.com

*Counsel for Bellwether Defendants Delta Dental of California, Delta Dental of New York, Delta Dental of Pennsylvania, Delta Dental Insurance Company, and Delta Dental Plans Association*


By: */s/ Michael J. Dailey*
Craig J. Mariam (*pro hac vice*)
Michael J. Dailey (*pro hac vice*)
Lara S. Garner (*pro hac vice*)
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Tel: (213) 576-5000
cmariam@grsm.com
mdailey@grsm.com
lsgarner@grsm.com

*Counsel for Bellwether Defendants Milliman Solutions, LLC, Milliman, Inc. d/b/a Milliman Intelliscript, and MEMBERS Life Insurance Company*

By:  */s/Amanda Harvey*
Amanda Harvey (*pro hac vice*)
Kayleigh Watson (*pro hac vice*)
MULLEN COUGHLIN LLC
1452 Hughes Road, Suite 200
Grapevine, TX 76051
Phone: (267) 930-1697
aharvey@mullen.law
kwatson@mullen.law

*Counsel for Bellwether Defendant Welltok, Inc.*

By: */s/ Michael D. Abraham*
Michael D. Abraham (*pro hac vice*)
Stephen C. Steinberg (*pro hac vice*)
BARTKO LLP
1100 Sansome Street
San Francisco, CA 94111
Phone: (415) 956-1900
mabraham@bartkolaw.com
ssteinberg@bartkolaw.com

*Counsel for Bellwether Defendant Sutter Health*

By: /s/ Michael G. Latiff
Michael G. Latiff
Timothy J. Lowe
MCDONALD HOPKINS PLC
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
Telephone:  (248) 646-5070
mlatiff@mcdonaldhopkins.com
tlowe@mcdonaldhopkins.com

*Counsel for Bellwether Defendant Corewell Health*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: November 12, 2024                    */s/ Kristen A. Johnson*
                                            Kristen A. Johnson (BBO# 667261)

SMRH:4885-4135-6790.4