# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB |
| *This Document Relates To:*<br><br>1:24-cv-10035<br>1:23-cv-12438<br>1:23-cv-13072 | |

**PLAINTIFFS' OPPOSITION TO PERFORMANCE HEALTH TECHNOLOGY, LTD.'S <u>MOTION FOR RECONSIDERATION</u>**

-i-

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...............................................................................................................................1

FACTUAL BACKGROUND ............................................................................................................1

I.     The *MOVEit* MDL. .............................................................................................................1

II.    The State Court Actions Against PHT. ...............................................................................3

LEGAL STANDARD .......................................................................................................................4

ARGUMENT ....................................................................................................................................4

III.   There Are No Changed Circumstances That Justify Revisiting MDL Order No. 20. .................................................................................................................................5

IV.   PHT's Decision to Simultaneously Litigate in Federal and State Court Is a Consequence of Its Own Litigation Tactics. .......................................................................8

V.    PHT Should Not Be Permitted to File an Early Rule 12(b)(6) Motion. .............................8

VI.   PHT's Request to Consider its Motion for Reconsideration as a Motion for Remand is Procedurally Improper. ......................................................................................9

CONCLUSION ................................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Gelboim v. Bank of Am. Corp.*,
   574 U.S. 405 (2015) ................................................................................................................7

*Kress Stores of Puerto Rico, Inc. v. Wal-Mart Puerto Rico, Inc.*,
   121 F.4th 228 (1st Cir. 2024) ............................................................................................. 3, 4

*Levin v. Commerce Energy, Inc.*,
   560 U.S. 413 (2010) ................................................................................................................9

*Nazario-Lugo v. Caribevision Holdings, Inc.*,
   670 F.3d 109 (1st Cir. 2012) ..................................................................................................8

*Palmer v. Champion Mortg.*,
   465 F.3d 24 (1st Cir. 2006) ....................................................................................................4

*Smith v. Liberty Mut. Ins. Co.*,
   No. 1:20-cv-11583-ADB, 2021 WL 1581017 (D. Mass. Apr. 22, 2021) ...............................5

*In re: Soc'y Ins. Co. Covid-19 Bus. Interruption Prot. Ins. Litig.*,
   No. 20 C 5965, 2021 WL 3290962 (N.D. Ill. Aug. 1, 2021) ..................................................7

*Stonecrest Managers, Inc. v. Schreffler*,
   No. 1:22-cv-11167-PGL, 2023 WL 11826595 (D. Mass. Apr. 26, 2023) .......................... 4, 5

*United States v. Allen*,
   573 F.3d 42 (1st Cir. 2009) ....................................................................................................4

### STATUTES

28 U.S.C. § 1332(d)(4)(b) ........................................................................................................ 1, 2

28 U.S.C. § 1447 ............................................................................................................................9

28 U.S.C. § 1453(c) .......................................................................................................................9

### OTHER AUTHORITIES

14C Fed. Prac. & Proc. Juris. § 3739 (Rev. 4th ed.) .....................................................................9

Fed. R. Civ. P. 59(e) ......................................................................................................................4

# INTRODUCTION

Plaintiffs file this opposition to Defendant Performance Health Technology Ltd.'s ("Defendant" or "PHT") Motion for Reconsideration of MDL Order No. 20 ("Motion"). In a well-reasoned opinion issued on December 12, 2024, this Court denied a motion to dismiss filed by PHT, holding that the Class Action Fairness Act's ("CAFA") home-state exception (28 U.S.C. § 1332(d)(4)(b)), did not require the Court to dismiss the cases pending against PHT and two other defendants. *See* MDL Order No. 20. In a thorough analysis, this Court found CAFA's home-state exception inapplicable for two reasons. First, applying binding First Circuit precedent, this Court held that Massachusetts corporation Progress Software Corporation ("Progress") is a "primary defendant" within the meaning of CAFA's home-state exception. *See id.*, at 11–14. Second, applying CAFA's plain language, the Court held that CAFA's home-state exception does not apply to cases filed in the District of Massachusetts against defendants, including PHT, who are not citizens of Massachusetts. *See id.*, at 14–15.

As explained below, PHT does not offer a valid basis for why this Court should reconsider its ruling. PHT does not (and cannot) identify a change in this Circuit's law, a manifest error of law, or any newly discovered evidence that did not exist at the time that it filed its original motion. Instead, PHT restates arguments it made in its original motion to dismiss, arguments this Court clearly considered and properly rejected in MDL Order No. 20. The fact that PHT disagrees with this Court's opinion is an insufficient basis for reconsideration. For these reasons, and those explained below, Defendant's Motion is without merit and should be denied.

# FACTUAL BACKGROUND

## I. The *MOVEit* MDL.

There are three cases pending against PHT in this MDL. Two were originally filed in the District of Oregon against only PHT and subsequently transferred to this Court (*Canterbury v.*

-1-

-2-

*Performance Health Technology, Ltd., et al.*, Case No. 1:24-cv-10035 and *Malo, et. al. v. Performance Health Technology, Ltd., et al.*, Case No. 1:23-cv-12438), and one was originally filed in the District of Massachusetts against both PHT and Progress (*Frazier v. Progress Software Corporation, et al.*, Case No. 1:23-cv-13072). On April 25, 2024, the Court entered MDL Order No. 13, setting a case management schedule for briefing threshold issues in this MDL, including issues relating to the Court's jurisdiction under CAFA. *Id.*, at 2–4. On June 3, 2024, PHT moved to dismiss the three actions pending against it, arguing that this Court should decline to exercise jurisdiction under CAFA's home-state exception. *See* ECF Nos. 926 & 927. More specifically, PHT asserted that the pending cases fell within CAFA's mandatory home-state exception and should be dismissed because Progress was not a "primary defendant," as defined by 28 U.S.C. § 1332(d)(4)(b), and because PHT and more than two thirds of the putative class are citizens of the state of Oregon. *See* ECF Nos. 926 & 927. On July 3, 2024, Plaintiffs filed their opposition to PHT's motion, noting that PHT's motion to dismiss failed to meaningfully address the substantive factors courts consider when analyzing whether a defendant is a "primary defendant." Applying those relevant factors, Plaintiffs' opposition demonstrated that Progress is indisputably a primary defendant. *See* ECF No. 1034. Concurrently with their opposition, Plaintiffs moved for leave to file amended complaints to add Progress as a defendant to certain cases in which it was not named as a defendant, including the *Canterbury* and *Malo* actions. ECF Nos. 1035–1037.

While PHT's motion to dismiss was pending, the Court entered MDL Order No. 17, adopting a "modified bellwether structure" to "efficiently decide critical issues and facilitate reciprocal discovery." *Id.*, at 1. By that same order, the Court instructed Plaintiffs to file up to six consolidated complaints, encouraging the parties to "nam[e] individual plaintiffs and defendants in the CACs whose inclusion will focus the Court on the issues and fact patterns common to the

-2-

greatest number of consumers." *Id.* Thereafter, on July 26, 2024, PHT filed its reply in support of its motion to dismiss. ECF No. 1127. Notwithstanding the intervening entry of MDL Order No 17, PHT's reply did not address the bellwether structure or any plausible impact it would have on Defendant's motion to dismiss. *See generally* ECF No. 1127. Plaintiffs then filed a joint sur-reply and reply in further opposition to PHT's motion and in further support of their own motion for leave to file amended complaints. ECF No. 1164. On September 5, 2024, the Court heard argument on PHT's motion, and on November 13, 2024, the Court held a status conference where it advised the parties that the First Circuit had recently issued an opinion (*Kress Stores of Puerto Rico, Inc. v. Wal-Mart Puerto Rico, Inc.*, 121 F.4th 228 (1st Cir. 2024)) that the Court properly noted "largely resolve[d]" PHT's CAFA motion. *See* November 13, 2024 Tr., at 18:7–18:8. On December 12, 2024, the Court issued MDL Order No. 20, denying PHT's motion to dismiss and granting Plaintiffs' motion to file amended complaints. Plaintiffs thereafter filed their amended complaints adding Progress as a defendant to the *Canterbury* and *Malo* actions. ECF Nos. 1312 & 1313.

## II.   The State Court Actions Against PHT.

In its motion for reconsideration, PHT notes there is a parallel consolidated putative class action pending against PHT in Oregon state court. *See In re: Performance Health Technology, Ltd. Data Security Litigation*, Case No. 23CV34744 (Cir. Ct. Or.). After the state trial court dismissed the plaintiffs' amended complaint in that action, the plaintiffs filed a second amended complaint in the state court on October 7, 2024, which does not name Progress as a defendant. PHT thereafter moved to dismiss that second amended complaint on November 18, 2024, and a hearing on PHT's motion to dismiss is scheduled for January 14, 2025. The existence of this parallel proceeding, however, is irrelevant to this Court's decision in MDL Order No. 20.

-3-

**LEGAL STANDARD**

"The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration of interlocutory orders." *Stonecrest Managers, Inc. v. Schreffler*, No. 1:22-cv-11167-PGL, 2023 WL 11826595, at *1 (D. Mass. Apr. 26, 2023) (Levenson, J.) (citation omitted). "Although Fed. R. Civ. P. 59(e) refers to a judgment, *i.e.*, a decision that is appealable, that rule's legal standards are commonly applied to motions for reconsideration." *Id.* (citation omitted). "The Court has substantial discretion and broad authority to grant or deny a motion for reconsideration." *Id.* A motion for reconsideration, however, is not a vehicle for a party to "undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (quotations and citations omitted). Nor is "[m]ere disagreement with a judicial decision" an adequate basis for reconsideration. *Stonecrest*, 2023 WL 11826595, at *1. Instead, a motion for reconsideration should only be allowed "if the movant demonstrates: 1) an intervening change in the law, 2) the discovery of new evidence, or 3) a manifest error of law." *Id.* Reconsideration, in sum, is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (quotations and citations omitted).

**ARGUMENT**

Despite moving for reconsideration of MDL Order No. 20, PHT does not and cannot identify a legitimate reason why this Court should disturb its order. PHT has not identified any new law bearing on the Court's order. Indeed, a review of PHT's Motion demonstrates that Defendant fails to even address the First Circuit's recent and binding precedent on CAFA's home-state exception, which the Court properly followed in arriving at its decision in MDL Order No. 20. *See Kress Stores*, 121 F.4th at 236–37; MDL Order No. 20, at 11–14. PHT does not, and cannot, point to any clear error of law the Court committed, as Defendant's comparative liability argument

-4-

was "foreclosed as a matter of law by the binding ruling in *Kress Stores*." MDL Order No. 20, at 14 n.8. Finally, PHT does not suggest that newly discovered evidence (not previously available) has come to light. The state court action PHT refers to in its Motion is irrelevant. During the pendency of PHT's original motion to dismiss, there were already pending state court actions against PHT, but the existence of state court litigation is not a factor that bears on whether this Court has jurisdiction over the cases before it.

Instead of basing its Motion on one of the recognized grounds for reconsideration, PHT rehashes the rejected arguments it raised in its original motion to dismiss, asserting that the Court "overlooked" PHT's arguments. ECF No. 1323, at 3. This is demonstrably untrue. The Court previously addressed PHT's arguments, noting that "[p]aired with the Court's analysis of the first factor under *Kress Stores*, *see supra*, the deficiency of their argument on the second factor means Moving Defendants have failed to present any argument that can carry their burden to show that the home-state exception should apply." MDL Order No. 20, at 14 n.8. PHT obviously disagrees with this Court's order, but given that "[m]ere disagreement with a judicial decision" is not an adequate basis for reconsideration, *Stonecrest*, 2023 WL 11826595, at *1, PHT's injudicious Motion should be denied.

### III. There Are No Changed Circumstances That Justify Revisiting MDL Order No. 20.[1]

This Court should not revisit MDL Order No. 20. There are no changed circumstances that require this Court to revisit PHT's already rejected arguments. In its initial motion to dismiss, PHT argued—without supporting authority—that Progress is "a nominal defendant because its presence

---

[1] The Court found the home-state exception does not apply to the *Frazier* action because it was filed in the District of Massachusetts, not PHT's home state of Oregon. MDL Order No. 20, at 14–15. PHT does not challenge this conclusion. By not moving for reconsideration on this issue as to the *Frazier* action, PHT has waived such argument. *Smith v. Liberty Mut. Ins. Co.*, No. 1:20-cv-11583-ADB, 2021 WL 1581017, at *3 (D. Mass. Apr. 22, 2021) ("[W]hen 'a moving party raises an argument for the first time in a reply brief, that argument is waived.'") (citation omitted).

in these lawsuits is of little to no legal or practical significance. Progress' citizenship is thus irrelevant for purposes of determining this Court's jurisdiction." ECF No. 926, at 2. Applying *Kress Stores*, the Court expressly rejected this argument because Plaintiffs clearly alleged that Progress was directly liable for the harm caused. Progress "was, along with the other defendants, entrusted with the protection of information processed via MOVEit Transfer." MDL Order No. 20, at 12–13. PHT cannot challenge Plaintiffs' allegations and PHT does not meaningfully challenge the Court's conclusion.

Instead, PHT claims this Court "misunderstood" its argument regarding this MDL's structure. ECF No. 1323, at 4–5. But PHT never meaningfully advanced an argument about the structure of the MDL "effectively resolv[ing] the facts and law regarding Progress's liability before PHT's cases reach[] judgment." ECF No. 1323, at 3. Rather, PHT engaged in a comparative liability argument to support its assertion that Progress was a nominal defendant, and simply asserted: "if Progress is ultimately found liable for the MOVEit breach, it will have almost no 'ab[ility] to satisfy a potential judgment' in any of these actions." ECF No. 926, at 8–9. During oral argument, however, the Court "agreed" that Progress's ability to pay a judgment was irrelevant (September 5, 2024 Tr., at 40:22), and further found that any comparative liability argument was "foreclosed" by *Kress Stores*. MDL Order No. 20, at 14 n.8.

Nonetheless, in its Motion, PHT regurgitates this same comparative liability argument, asserting that the entry of MDL Order No. 18 now constitutes changed circumstances justifying revisiting its failed argument. But MDL Order No. 18 justifies nothing of the sort. MDL Order No. 18 did not "settle[] the MDL structure that had been up in the air when PHT briefed" its prior motion—MDL Order No. 18 simply set deadlines for the filing of the Amended Bellwether Complaint and for motions practice on the Bellwether Defendants' Rule 12 motions. *See* MDL

Order No. 18, at 1–2. Indeed, the "MDL structure" PHT claims was settled by MDL Order No. 18, was actually set by the Court in MDL Order No. 17, where the Court adopted a modified bellwether structure. *See* MDL Order No. 17, at 1. Importantly, the Court issued MDL Order No. 17 on July 24, 2024, days before PHT filed its reply in support of its motion to dismiss. Notably, PHT did not address MDL Order No. 17 in its reply brief. *See* ECF No. 1127.

In any event, the bellwether process for litigating representative issues in the MDL has no relevance to determining the Court's jurisdiction over the underlying complaints, including those against PHT, where "[c]ases consolidated for MDL pretrial proceedings ordinarily retain their separate identities" throughout the MDL process. *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015) (cleaned up; footnote call number omitted). Here, the bellwether process is not a master complaint, but a representative complaint with representative causes of action, representative plaintiffs, and representative defendants. *See In re: Soc'y Ins. Co. Covid-19 Bus. Interruption Prot. Ins. Litig.*, No. 20 C 5965, 2021 WL 3290962, at *4 (N.D. Ill. Aug. 1, 2021) ("Bellwether cases are intended to be representative of their peers not necessarily in the formal, legal sense but instead as serving as the common springboard from which Court decisions on substance . . . , procedure, and discovery can then apply to like cases and claims."). As such, Progress remains a primary defendant in the PHT actions, regardless of the results of the bellwether process. Further, there is simply no authority or logic underlying PHT's incredulous suggestion that the Court's own procedural case management orders could, by themselves, cause the Court to *lose* subject matter jurisdiction over an action. Progress is a primary defendant regardless of whether its liability is adjudicated before, after, or simultaneously with PHT's liability. For these reasons, there are no "changed circumstances" that would require the Court to revisit its well-reasoned analysis in MDL Order No. 20.

## IV. PHT's Decision to Simultaneously Litigate in Federal and State Court Is a Consequence of Its Own Litigation Tactics.

PHT's tactical decision to simultaneously litigate pending parallel cases in federal and state court without coordination between the two sets of litigation is also no basis for reconsideration of MDL Order No. 20. And neither is the state court plaintiffs' tactical decision to only sue PHT in state court. The existence of parallel litigation in state and federal court of overlapping cases is a function of our dual system of government and basic principles of federalism. *See Nazario-Lugo v. Caribevision Holdings, Inc.*, 670 F.3d 109, 114 (1st Cir. 2012) ("[T]here is nothing unusual about parallel litigation resolving similar controversies in both state and federal court."). Given this Court's "virtually unflagging obligation" to exercise its "lawful jurisdiction and resolve the matters properly before" it, (*id.*), the existence of parallel state court litigation is no basis to revisit MDL Order No. 20.

## V. PHT Should Not Be Permitted to File an Early Rule 12(b)(6) Motion.

In the alternative to its flawed motion for reconsideration, PHT seeks permission to file an early Rule 12(b)(6) motion. The Court should reject PHT's request because it directly contradicts previous representations PHT has made to this Court. In the Joint Response to MDL Order No. 17 Regarding Bellwether Structure and Scheduling Proposal, the Defendants who were not named as Bellwether Defendants, *including PHT*, took no position on the Bellwether Scheduling Order, based on the understanding that "all litigation and discovery by and against Non-Bellwether Defendants will be stayed, other than as it relates to any currently pending motions or the fact sheets contemplated by MDL Order No. 17. . . ." ECF No. 1161, at 2 n.1. Had PHT wanted to raise Rule 12(b)(6) arguments, it should have negotiated with Lead Counsel during the bellwether negotiations for inclusion of that opportunity in the parties' proposal. PHT did not. Instead, PHT made the tactical decision to wait and sit on the sidelines during the bellwether phase, until the

Court denied its motion to dismiss. The Court should decline PHT's new request to obtain a special exception from the bellwether process ordered by the Court.

### VI. PHT's Request to Consider its Motion for Reconsideration as a Motion for Remand is Procedurally Improper.

In a footnote (ECF No. 1323, at 7 n.2), PHT improperly asks this Court to construe its Motion as a formal request for remand. This request demonstrates a fundamentally flawed understanding of the removal and remand procedures—a federal court cannot remand to state court a case that was originally filed in federal court. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010) (explaining that "federal tribunals lack authority to remand to the state court system an action initiated in federal court"); 14C Fed. Prac. & Proc. Juris. § 3739 (Rev. 4th ed.) ("Moreover, federal courts cannot remand an action that was originally filed in federal court."); *see also* 28 U.S.C. § 1447 (discussing remand as a possible "[p]rocedure *after removal*") (emphasis added); 28 U.S.C. § 1453(c) (stating that "a court of appeals may accept an appeal from an order of a district court *granting or denying a motion to remand a class action to the State court from which it was removed* . . . .") (emphasis added). Instead, the proper procedure when a federal court lacks subject matter jurisdiction over a case originally filed in federal court is to dismiss the case, not remand it.

Here, the *Malo*, *Canterbury*, and *Frazier* actions were each originally brought *in federal court*—they were not removed from state court by PHT, and despite PHT's request, there is no state court to which they could be "remanded." PHT, therefore, cannot move to remand cases that this Court lacks authority to remand. This renders 28 U.S.C. § 1453(c) plainly inapplicable to the cases at hand, as it applies only to district court orders "granting or denying a motion to remand a class action to the State court *from which it was removed*." *Id.* (emphasis added). For these reasons, the Court should decline to entertain PHT's meritless remand request.

## **CONCLUSION**

      PHT's Motion is groundless. Defendant's request for reconsideration of MDL Order No. 20 should therefore be denied.

Dated: January 6, 2025

Respectfully submitted,

By: */s/ Kristen A. Johnson*
    Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Square, 5th Fl.
Boston, MA 02109
Tel: (617) 482-3700
Fax: (617) 482-3003
kristenj@hbsslaw.com

*Liaison & Coordinating Counsel*

By: */s/ E. Michelle Drake*
    E. Michelle Drake
BERGER MONTAGUE, PC
1229 Tyler St., NE, Ste. 205
Minneapolis, MN 55413
Tel: (612) 594-5933
Fax: (612) 584-4470
emdrake@bm.net

By: */s/ Gary F. Lynch*
    Gary F. Lynch
LYNCH CARPENTER, LLP
1133 Penn Ave., 5th Fl.
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
Gary@lcllp.com

By: */s/ Douglas J. McNamara*
    Douglas J. McNamara
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, 5th Fl.
Washington, DC 20005
Tel: (202) 408-4600
dmcnamara@cohenmilstein.com

By: */s/ Karen H. Riebel*
    Karen H. Riebel
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave. S., Ste. 2200
Minneapolis, MN  55401
Tel:  (612) 339-6900
Fax:  (612) 612-339-0981
khriebel@locklaw.com

By: */s/ Charles E. Schaffer*
    Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Ste. 500
Philadelphia, PA  19106
Tel:  (215) 592-1500
Fax:  (215) 592-4663
cshaffer@lfsblaw.com

*Lead Counsel*

011175-35/2938756 V1

-12-

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: January 6, 2025                                /s/ Kristen A. Johnson
                                                     Kristen A. Johnson