UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PGL |
| This Document Relates To: STEPHEN GILMORE, on behalf of himself and all others similarly situated, <br><br>Plaintiff,<br>v.<br>THE BANK OF CANTON and PROGRESS SOFTWARE CORPORATION,<br><br>Defendant. | C.A. No. 1:23-cv-12711-ADB |

**[PROPOSED] ORDER OF PRELIMINARY APPROVAL**

**WHEREAS**, a Settlement Agreement, dated as of _____ (the "Settlement Agreement"), was made and entered into by and among the following Parties: Plaintiff Stephen Gilmore (the "Settlement Class Representative"), individually and on behalf of the Settlement Class Members, by and through E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP (collectively, "Class Counsel"); and (ii) The Bank of Canton ("The Bank of Canton" or "Defendant"), by and through The Bank of Canton's counsel, Brooks Brown, W. Kyle Tayman, and Jordan L. Moran of Goodwin Procter LLP ("The Bank of Canton's Counsel"); and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings,

1

having heard and considered the evidence presented by the parties and the arguments of counsel, having determined preliminarily that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement.

2. The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

### Preliminary Settlement Class Certification

3. The Court certifies, for settlement purposes only, the following Settlement Class pursuant to Fed. R. Civ. P. 23:

4. All current, former, and/or prospective customers of The Bank of Canton in the United States whose Personally Identifiable Information was included in files impacted by the MOVEit Security Incident.

5. Excluded from the Settlement Class are (i) The Bank of Canton and The Bank of Canton's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; (iii) Class Counsel, their staff members, and their immediate family; and (iv) any individual not included in the Class List.

6. The Court determines that, for settlement purposes, the proposed Settlement Class likely meets all the requirements of Federal Rules of Civil Procedure ("Rules") 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representative are typical of absent Settlement Class Members; that the Settlement Class Representative will

fairly and adequately protect the interests of the Settlement Class as he has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

7. For purposes of settlement only, Plaintiff Stephen Gilmore is preliminarily appointed as the Settlement Class Representative.

8. For purposes of settlement only, the Court preliminarily appoints, pursuant to Rule 23(g), E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Class.

## Reasonableness of the Proposed Settlement

9. The Court finds that: (i) the proposed Settlement resulted from extensive and good-faith negotiations at arm's length by experienced counsel; (ii) the proposed Settlement is in the best interests of the Settlement Class Members; and (iii) the terms of the proposed Settlement as evidenced by the Settlement Agreement appear to be sufficiently fair, reasonable, and adequate in light of the risks, delays, and expenses of further litigation, warranting notice of the Settlement Agreement to Settlement Class Members, and the scheduling of a final fairness hearing.

10. The Court finds that the proposed Settlement creates an equitable claims process that will allow Settlement Class Members an opportunity to obtain reimbursement for certain types of harm they may have suffered as a result of events alleged in the Litigation. This consideration appears to be within the range of reasonableness and an adequate exchange for the Settlement Class's release of claims as described in the Settlement Agreement.

11. Accordingly, the Court grants preliminary approval of the Settlement, subject to final approval, and directs the Parties to conduct their plan for Notice as described in the Settlement Agreement.

**Notice to the Settlement Class**

12. The Court finds that the Notice proposed in the Settlement Agreement, including in form, content, and method: (a) constitutes the best practicable notice to the Settlement Class; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) is reasonable and constitutes due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfies the requirements of Rule 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

13. The Parties and Settlement Administrator are authorized to make non-material modifications to the Notices and Claim Form, such as proofing and formatting alterations, without further order from this Court.

14. The Court appoints Epiq Class Action and Claims Solutions, Inc. as the Settlement Administrator and orders it to provide Notice to the Settlement Class Members and perform services as set forth in the Settlement Agreement.

15. The Court orders The Bank of Canton to preliminarily fund the Settlement Fund to pay for the Costs of Notice and Administration pursuant to the Settlement Agreement and further orders Defendant to provide the requisite CAFA Notice as set forth in the Settlement Agreement.

16. Within sixty (60) days after the entry of this Order, Defendant shall provide the Settlement Administrator with the Class List containing Settlement Class Members' full names,

last known addresses, and email addresses, if either or both are available, as reflected in The Bank of Canton's records.

17. Within sixty (60) days after receipt of the Class List, the Settlement Administrator shall send, via email to persons listed on the Class List, the Short Form Notice substantially in the form submitted to the Court; and if an email address is not listed for a Settlement Class Member on the Class List, such Short Form Notice shall be sent by the Settlement Administrator to the Settlement Class Member's last known mailing address via U.S. mail. The Long Form Notice as well as the Claim Form shall be posted on a Settlement Website to be created by the Settlement Administrator. The Settlement Administrator shall also establish a toll-free phone line for Settlement Class Members to call in order to receive information about the Settlement. Finally, before the end of the Claims Period, the Settlement Administrator shall send the Reminder Notice to all Settlement Class Members for whom an email address is included in the Class List.

## Claims Process and Distribution Plan

18. The Settlement establishes a process for assessing and determining the validity of three types of claims (Reimbursement for Ordinary Losses, Reimbursement for Extraordinary Losses, and an Alternative Cash Payment) and a methodology for paying Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves this process and the proposed Settlement Benefits Plan.

19. Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice, the Claim Form, and the Settlement Agreement.

## Exclusions from the Class

20. Any Settlement Class Member who wishes to be excluded from the Settlement must mail a written notification of the intent to exclude themselves to the Settlement Administrator, at

the address provided in the Notice, postmarked no later than sixty (60) days after the Notice Deadline (the "Opt-Out Deadline") and sent via first class postage pre-paid United States mail. The written request for exclusions must include the name of this Litigation (*Gilmore v. The Bank of Canton*, No. 1:23-cv-12711 (D. Mass.)), or a decipherable approximation thereof; the full name, mailing address, telephone number, and signature of the Settlement Class Member; and the words "Opt-Out" or "Request for Exclusion" at the top of the document or a clear and unequivocal statement in the body of the document requesting exclusion from the Settlement.  If a person files a request for exclusion on behalf of a Settlement Class Member on whose behalf the person is legally authorized to act, the written request for exclusion must include the name of this Litigation (*Gilmore v. The Bank of Canton*, No. 1:23-cv-12711 (D. Mass.)), or a decipherable approximation thereof; the full name and address of the Settlement Class Member; the words "Opt-Out" or "Request for Exclusion" at the top of the document or a clear and unequivocal statement in the body of the document requesting exclusion from the Settlement; the person's name, address, telephone number, signature, and relationship to the Settlement Class Member; an attestation that the person is legally authorized to make the request for exclusion on behalf of the Settlement Class Member and a description of the basis for that authority; and the person's signature.

21.  All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement. Any Settlement Class Member that does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by (a) all subsequent proceedings, orders, and judgments in this matter, (b) the Settlement,

6

including, but not limited to, the releases and waivers set forth in the Settlement Agreement, and (c) the Final Approval Order and the Judgment.

## Objections to the Settlement

22. A Settlement Class Member who complies with the requirements of this Order may object to the Settlement, the request of Settlement Class Counsel for an award of attorneys' fees and expenses, and/or the request for a Service Award.

23. No Settlement Class Member shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless the objection is (a) filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court at the address listed in the Notice, and postmarked no later than the Objection Deadline, which shall be sixty (60) days after the Notice Deadline, as specified in the Notice. For the objection to be considered by the court, the objection shall include:

    a. The name of this Litigation (*Gilmore v. The Bank of Canton*, No. 1:23-cv-12711 (D. Mass.)), or a decipherable approximation thereof;

    b. the objector's full name, mailing address, and telephone number;

    c. the full name, address, telephone number, and email address of the objector's counsel (if the objector is represented by counsel);

    d. A statement describing the grounds for the objection with specificity;

    e. A statement confirming whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

    f. A statement confirming whether the objector intends to appear at the Final Approval Hearing and, if so, whether the objector will appear in person or through counsel; and

7

  g.  The signature of the objector or of an individual authorized to act on the objector's behalf.

24. If the objector wishes to call witnesses or present evidence at the Final Approval Hearing, the objection shall also include:

  a.  A list identifying each witness the objector intends to call, with each witness's address and phone number; and

  b.  A detailed description of the testimony that each witness will offer at the hearing.

25. Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases and waivers in the Settlement Agreement, if finally approved. Any Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

## Stay of Proceedings

26. Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and the Judgment, or until further order of this Court.

## Continuance of Final Approval Hearing

27. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator.

**Actions by Settlement Class Members**

28.     The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against The Bank of Canton related to the MOVEit Security Incident.

**Final Approval Hearing**

29.     Final Approval Hearing shall take place before the Court on _____, 2025 at _____ a.m./p.m. in Courtroom _____ before Judge Allison D. Burroughs of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse 1 Courthouse Way, Boston, Massachusetts 02210, to determine, among other things, whether: (a) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement Agreement's terms, all claims in the Litigation should be dismissed with prejudice as to the Defendant Released Parties; (b) Settlement Class Members should be bound by the releases and waivers set forth in the Settlement Agreement; (c) the proposed Final Approval Order and the proposed Judgment should be entered; (d) the application of Class Counsel for an award of attorneys' fees and expenses should be approved; and (e) the application for a Service Award to the Settlement Class Representative should be approved. Any other matters that the Court deems necessary and appropriate will also be addressed at the hearing.

30.     Settlement Class Counsel shall submit their application for fees, costs, and expenses and the application for Service Awards at least twenty-one (21) days before the Objection Deadline. Objectors, if any, shall file any response to Class Counsel's motions no later than seventeen (17) days prior to the Final Approval Hearing. By no later than ten (10) days prior to the Final Approval Hearing, responses shall be filed, if any, to any filings by objectors, and any replies in support of final approval of the Settlement Agreement and/or Class Counsel's application for attorneys' fees and expenses and for Service Award shall be filed.

31. Any Settlement Class Member that has not timely and properly excluded himself or herself from the Settlement may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude himself or herself from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described above and in the Notice.

32. The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines under the Settlement and this Order include but are not limited to the following:

| **Event** | **Deadline** |
|---|---|
| The Bank of Canton Provides Class List to Settlement Administrator | 60 days following entry of this Order |
| Notice Deadline | 60 days after The Bank of Canton's provision of the Class List to the Settlement Administrator |
| Objection and Opt Out Deadlines | 60 days after Notice Deadline |
| Claims Deadline | 90 days after Notice Deadline |
| Motion for Attorneys' Fees and Expenses and Service Award | 21 days prior to the Objection and Opt Out Deadlines |
| Motion for Final Approval | 30 days prior to the Final Approval Hearing |
| Oppositions, if any, to Motion for Final Approval | 17 days prior to the Final Approval Hearing |
| Reply in Support of Motion for Final Approval | 10 days prior to the Final Approval Hearing |

| **Event** | **Deadline** |
|---|---|
| Final Approval Hearing | at least 210 days after Preliminary Approval |

**IT IS SO ORDERED.**

_____
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE

011175-35/3046372 V1

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: February 20, 2025  */s/ Kristen A. Johnson*
Kristen A. Johnson (BBO# 667261)