UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PGL |
| This Document Relates To:<br><br>1:23-cv-12478<br>1:23-cv-12281<br>1:23-cv-12561<br>1:24-cv-11523<br>1:23-cv-12226<br>1:23-cv-12273 | |

**ORDER OF PRELIMINARY APPROVAL**

**WHEREAS**, a Settlement Agreement, dated as of July 25, 2025 (the "Settlement Agreement"), was made and entered into by and among the following Parties: (i) Plaintiffs Denise Peel, Kristen Eyester, Juan Salas, Patricia Callahan, Kayla Farrar, and Justin Okeke (collectively, the "Settlement Class Representatives"), individually and on behalf of the Settlement Class Members, by and through E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP (collectively, "Class Counsel"); and (ii) Nuance Communications, Inc. ("Nuance" or "Defendant"), for the benefit of all Defendant Released Parties, by and through the Defendant's counsel of record, Brenda R. Sharton, Benjamin M. Sadun, and Theodore E. Yale of Dechert LLP ("Defendant's Counsel"); and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings,

having heard and considered the evidence presented by the parties and the arguments of counsel, having determined preliminarily that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

The Court incorporates by reference the definitions set forth in the Settlement Agreement.

The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

### Preliminary Settlement Class Certification

The Court certifies, for settlement purposes only, the following Settlement Class pursuant to Fed. R. Civ. P. 23:

> All persons in the United States whose Personal Information was included in the files affected by the Security Incident.
>
> Excluded from the Settlement Class are: (i) Nuance, any entity in which Nuance has a controlling interest, and Nuance's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

1. The Court determines that for settlement purposes only, the proposed Settlement Class likely meets all the requirements of Federal Rules of Civil Procedure ("Rules") 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives are typical of absent Settlement Class Members; that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

2. For purposes of settlement only, Plaintiffs Denise Peel, Kristen Eyester, Juan Salas, Patricia Callahan, Kayla Farrar, and Justin Okeke are preliminarily appointed as the Settlement Class Representatives.

3. For purposes of settlement only, the Court preliminarily appoints, pursuant to Rule 23(g), E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Class.

**Reasonableness of the Proposed Settlement**

4. The Court finds that: (i) the proposed Settlement resulted from extensive and good-faith negotiations at arms' length overseen by an experienced mediator, Hon. Diane M. Welsh (Ret.); (ii) the proposed Settlement is in the best interests of the Settlement Class Members; and (iii) the terms of the proposed Settlement as evidenced by the Settlement Agreement appear to be sufficiently fair, reasonable, and adequate in light of the risks, delays, and expenses of further litigation, warranting notice of the Settlement Agreement to Settlement Class Members, and the scheduling of a final fairness hearing.

5. The Court finds that the proposed Settlement creates an equitable claims process that will allow Settlement Class Members an opportunity to obtain reimbursement for certain types of harm they may have suffered as a result of events alleged in the Litigation. This consideration appears to be within the range of reasonableness and an adequate exchange for the Settlement Class's release of claims as described in the Settlement Agreement.

6. Accordingly, the Court grants preliminary approval of the Settlement, subject to final approval, and directs the Parties to conduct their plan for Notice as described in the Settlement Agreement.

**Notice to the Settlement Class**

7. The Court finds that the Notice proposed in the Settlement Agreement, including in form, content, and method: (a) constitutes the best practicable notice to the Settlement Class; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) is reasonable and constitutes due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfies the requirements of Rule 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

8. The Parties and Settlement Administrator are authorized to make non-material modifications to the Notices and Claim Form, such as proofing and formatting alterations, without further order from this Court.

9. The Court appoints A.B. Data, Ltd. as the Settlement Administrator and orders it to provide Notice to the Settlement Class Members and perform services as set forth in the Settlement Agreement.

10. The Court orders Defendant to preliminarily fund the Settlement Fund to pay for the Costs of Notice and Administration pursuant to the Settlement Agreement and, to the extent CAFA Notice has not yet occurred by the date this Order issues, further orders Defendant to provide the requisite CAFA Notice as set forth in the Settlement Agreement.

- 5 -

11. Within ten (10) days after the entry of this Order, Defendant shall provide the Settlement Administrator with the Class List containing Settlement Class Members' names and, to the extent available, last-known addresses, as reflected in Nuance's records or the records of Nuance Clients.

12. Within thirty (30) days after receipt of the Class List, the Settlement Administrator shall send, via email to persons listed on the Class List for whom email address can be found, the Short Form Notice substantially in the form submitted to the Court; and, if an email address is not found for a Settlement Class Member, such Short Form Notice shall be sent by the Settlement Administrator to the Settlement Class Member's last known mailing address via U.S. mail. The Long Form Notice as well as the Claim Form shall be posted on a Settlement Website to be created by the Settlement Administrator. The Settlement Administrator shall also establish a toll-free phone line for Settlement Class Members to call in order to receive information about the Settlement. Finally, before the end of the Claims Period, the Settlement Administrator shall send the Reminder Notice to all Settlement Class Members for whom an email address can be found.

## Claims Process and Distribution Plan

13. The Settlement establishes a process for assessing and determining the validity of four types of claims (Credit Monitoring and Identity Theft Protection Services, Reimbursement for Ordinary Losses, Reimbursement for Extraordinary Losses, and an Alternative Cash Payment), and a methodology for paying Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves this process and the proposed Settlement Benefits Plan.

14. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form.

**Exclusions from the Class**

15.     Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude themselves to the Settlement Administrator, at the address provided in the Notice, postmarked no later than sixty (60) days after the Notice Deadline (the "Opt-Out Deadline") and sent via first class postage pre-paid United States mail. The written request for exclusion must include the name of this litigation or a decipherable approximation: *In re: MOVEit Customer Data Security Breach Litig.*, MDL No. 1:23-md-03083-ADB (D. Mass.) (Nuance Actions); the full name, address, and telephone number of the Settlement Class Member or the name, address, telephone number, relationship, and signature of any individual who is acting on behalf of a deceased or incapacitated Settlement Class Member; and the words "Opt Out Request" or "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement.

16.     All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement. Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by all subsequent proceedings, orders, and judgments in this matter, the Settlement including but not limited to the releases set forth in the Settlement Agreement, and the Final Approval Order.

**Objections to the Settlement**

17. A Settlement Class Member who complies with the requirements of this Order may object to the Settlement, the request of Settlement Class Counsel for an award of attorneys' fees, and expenses, and/or the request for a Service Award.

18. No Settlement Class Member shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless the objection is (a) filed with the Court by the Objection Deadline; or (b) mailed via USPS First Class Mail prepaid to the Clerk of Court at the address listed in the Notice, and postmarked no later than the Objection Deadline, which shall be sixty (60) days after the Notice Deadline, as specified in the Notice. For the objection to be considered by the Court, the objection shall set forth:

   a. Clearly identify the case name and number: *In re: MOVEit Customer Data Security Breach Litig.*, MDL No. 1:23-md-03083-ADB (D. Mass.) (Nuance Actions);

   b. the full name, address, telephone number, and email address of the person objecting;

   c. the full name, address, telephone number, and email address of the objector's counsel (if the objector is represented by counsel);

   d. state whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection;

   e. confirm whether the objector or counsel on the objector's behalf will personally appear and/or testify at the Final Approval Hearing; and

   f. provide the objector's signature and the signature of the objector's duly authorized counsel or other duly authorized representative.

19. Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments,

including, but not limited to, the releases in the Settlement Agreement, if finally approved. Any Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

### Stay of Proceedings

20. Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order, or until further order of this Court.

### Termination of Settlement

21. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (b) there is no Effective Date. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose other than as necessary to enforce the terms of the Settlement Agreement that survive termination, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

22. This Preliminary Approval Order shall be of no force or effect if the Final Approval Order is not entered and there is no Effective Date, and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission,

concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims, including with respect to the certification of a class, they may have in this Litigation or in any other lawsuit.

## Continuance of Final Approval Hearing

23. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator.

## Actions by Settlement Class Members

24. The Court stays and enjoins, pending Final Approval, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Defendant related to the Security Incident.

## Final Approval Hearing

25. Final Approval Hearing shall take place before the Court on _____, 2025 at _____ a.m./p.m. in Courtroom \_\_\_\_ before Judge Allison D. Burroughs of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to determine, among other things, whether: (a) the Settlement should be finally approved as fair, reasonable, and adequate and, in accordance with the Settlement Agreement's terms, all claims in the Litigation should be dismissed with prejudice as to the Defendant Released Parties; (b) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (c) the proposed Final Approval Order should be

entered; (d) the application of Class Counsel for an award of attorneys' fees and expenses should be approved; and (e) the application for Service Awards to the Settlement Class Representatives should be approved. Any other matters that the Court deems necessary and appropriate will also be addressed at the hearing.

26. Settlement Class Counsel shall submit their application for attorneys' fees, expenses, and Service Award at least twenty-one (21) days before the Opt-Out/Objection Deadline. Objectors, if any, shall file any response to Class Counsel's motions no later than seventeen (17) days prior to the Final Approval Hearing. Responses to any filings by objectors, and any replies in support of final approval of the Settlement Agreement and/or Class Counsel's application for attorneys' fees, expenses, and Service Award, shall be filed no later than ten (10) days prior to the Final Approval Hearing.

27. Any Settlement Class Member who has submitted a timely objection (confirming his or her in-person appearance) and who has not timely and properly excluded himself or herself from the Settlement Class in the manner described above, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member who has elected to exclude himself or herself from the Class shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described above and in the Notice.

28. The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines under the Settlement and this Order include but are not limited to the following:

- 11 -

| Event | Deadline |
|---|---|
| Nuance Provides Class List to Settlement Administrator | August 25, 2025 |
| Notice Deadline | September 24, 2025 |
| Objection and Opt-Out Deadlines | November 24, 2025 |
| Claim Deadline | December 24, 2025 |
| Motion for Attorneys' Fees and Expenses and Service Award | November 3, 2025 |
| Motion for Final Approval | February 27, 2026 |
| Objections, if any, to Motion for Final Approval | March 13, 2026 |
| Reply in Support of Motion for Final Approval | March 20, 2026 |
| Final Approval Hearing | March 31, 2026 |

**IT IS SO ORDERED.**

DATED: August 14, 2025

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE