UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>1:24-cv-10501<br>1:24-cv-10784 | MDL No. 1:23-md-03083-ADB-PGL |

## **MEMORANDUM AND ORDER DENYING PEGGY A. WILLIAMS'S MOTION TO INTERVENE**

Currently before the Court is movant Peggy A. Williams's ("Williams") Motion To Intervene as Pro Se Plaintiff To Include Intellectual Property Interests in Settlement Agreement pursuant to Federal Rules of Civil Procedure 24(a) and (b). [ECF No. 1557]. For the following reasons, the motion is **DENIED**.

In brief, Williams states that she owns certain intellectual property ("IP") and proprietary information that was compromised in the data breach at issue in the MOVEit multidistrict litigation ("MDL"). [ECF No. 1557 at 2]. Williams asks the Court "to recognize the inclusion of such IP in any final settlement calculation, valuation, or distribution mechanism," [id. at 3], and requests "participation in the proceedings to protect and include [her] IP interests in any settlement agreement," [ECF No. 1558 at 4].

As a practical matter, the Court notes that Williams is already a party to two actions that have been transferred to this MDL under the Judicial Panel on Multidistrict Litigation's Transfer Order, and thus her participation does not require intervention.[1]  [ECF No. 2]; Williams v.

---

[1] These member cases are Williams v. Progress Software Corp., 24-cv-10501 (D. Mass. filed

1

Progress Software Corp., 24-cv-10501 (D. Mass. filed Feb. 26, 2024), ECF Nos. 5, 7; Williams v. Pension Benefit Info., LLC, 24-cv-10784 (Henn. Cnty. Dist. Ct. filed Feb. 28, 2024), ECF No. 11.  As a party or class member, moreover, Williams will have the opportunity to participate in any settlement by accepting its terms, objecting to its terms, or opting out of the settlement regardless of how this motion is resolved.  In any event, however, Williams fails to meet the requirements to intervene under either Rule 24(a) or (b).

Rule 24(a), "Intervention of Right," provides that, upon a "timely motion," the Court "must permit anyone to intervene who . . . claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  A party may intervene as a matter of right under Rule 24(a) if it meets the following four requirements:

> First, the application must be timely.  Second, the applicant must claim an interest relating to the property or transaction which is the subject of the action.  Third, the applicant must be so situated that the disposition of the action may as a practical matter impair or impede her ability to protect that interest.  Fourth, the applicant must show that her interest will not be adequately represented by existing parties.

Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989).  A "[f]ailure to satisfy any single requirement for intervention . . . is sufficient grounds to deny [the] request.'"  Victim Rts. L. Ctr. v. Rosenfelt, 988 F.3d 556, 560–61 (1st Cir. 2021).

Williams argues that she satisfies all four requirements.  See [ECF No. 1558 at 3–4].  In particular, with regard to Rule 24(a)'s third requirement, Williams states that "the disposition of this action may impair or impede [her] ability to protect [her] interest unless allowed to

---

Feb. 26, 2024) and Williams v. Pension Benefit Info., LLC, 24-cv-10784 (Henn. Cnty. Dist. Ct. filed Feb. 28, 2024).

intervene," and, specifically, that "[t]he pending settlement may impair [her] ability to seek full redress." [ECF No. 1557 at 2].

Both Defendant Pension Benefit Information, LLC ("PBI") and the Bellwether Plaintiffs disagree, and assert that Williams fails to satisfy Rule 24(a)'s third requirement. See generally [ECF Nos. 1579, 1581]. Specifically, PBI states that "it has not reached, nor is it negotiating, a settlement that would implicate [Williams's] rights" and states that, if it does reach such a settlement in the future, Williams "will either have the opportunity to object (if related to the putative class actions) or will be directly involved (if related to [Williams's] action)." [ECF No. 1579 at 2]. Along the same lines, the Bellwether Plaintiffs state that "Plaintiffs' Lead Counsel have not submitted a class action settlement agreement that seeks to resolve [Williams's] and other class members' claims against either Progress or PBI" and that "[i]f such settlement agreements are ultimately submitted . . . Fed. R. Civ. P. 23(e) ensures an appropriate mechanism to protect [Williams's] interests." [ECF No. 1581 at 3].

The Court agrees with the reasoning of PBI and the Bellwether Plaintiffs and is not satisfied based on the record before it that Williams meets Rule 24(a)'s third requirement. Accordingly, because Williams fails to satisfy at least one of Rule 24(a)'s four requirements, Williams cannot intervene under Rule 24(a)(2).

Alternatively, under Rule 24(b), "Permissive Intervention," the Court "may," on a timely motion, "permit anyone to intervene who . . . has a claim . . . that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Permissive intervention is 'wholly discretionary,' and a court should consider whether intervention will prejudice the existing parties or delay the action." In re Bos. Sci. Corp. ERISA Litig., 254 F.R.D. 24, 33 n.82 (D. Mass. 2008) (quoting In re Sonus Networks, Inc. Sec. Litig., 229 F.R.D. 339, 345 (D. Mass.

3

2005)); see also T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 42 (1st Cir. 2020) ("[A] district court's discretion to grant or deny motions for permissive intervention is very broad."). The Court may consider various factors to determine whether permissive intervention is warranted.  See T-Mobile Ne., 969 F.3d at 41–42 (explaining that "a district court mulling permissive intervention is free to consider whether 'the applicants may be helpful in fully developing the case'" and that "'more parties would complicate' matters unnecessarily" (quoting Daggett v. Comm'n on Governmental Ethics & Election Pracs., 172 F.3d 104, 113 (1st Cir. 1999))).  Here, the Court does not believe that allowing Williams to intervene would be helpful, constructive, or protective of an otherwise unrepresented interest.  Therefore, the motion to intervene, [ECF No. 1557], is **DENIED**.

       **SO ORDERED**.

October 8, 2025.                                                   */s/ Allison D. Burroughs*
                                                            ALLISON D. BURROUGHS
                                                            U.S. DISTRICT JUDGE