UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB <br><br> Judge Allison D. Burroughs |
| This Document Relates To: <br> C.A. No. 1:23-cv-12711 <br><br> STEPHEN GILMORE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> THE BANK OF CANTON and PROGRESS SOFTWARE CORPORATION, <br><br> Defendants. | |

## FINAL APPROVAL ORDER

**WHEREAS**, a Settlement Agreement, dated as of January 30, 2025 (the "Settlement Agreement"), was made and entered into by and among the following Parties: (i) Plaintiff Stephen Gilmore (the "Settlement Class Representative"), individually and on behalf of the Settlement Class Members, by and through E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP (collectively, "Class Counsel"); and (ii) The Bank of Canton ("The Bank of Canton" or "Defendant"), by and through The Bank of Canton's counsel, Brooks Brown, W. Kyle Tayman, and Jordan L. Moran of Goodwin Procter LLP ("The Bank of Canton's Counsel"); and

1

**WHEREAS**, on March 11, 2025, the Court entered an Order of Preliminary Approval ("Preliminary Approval Order") that, among other things, (a) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23, a class for the purposes of settlement only; (b) approved the form of notice to Settlement Class Members, and the method of dissemination thereof; (c) directed that the notice of the Settlement be disseminated to the Settlement Class; and (d) set a hearing date for final approval of the Settlement; and

**WHEREAS**, the notice to the Settlement Class ordered by the Court has been disseminated as ordered, according to the declaration of the Settlement Administrator filed with the Court on September 19, 2025; and

**WHEREAS**, the Notice pursuant to the Class Action Fairness Act ("CAFA Notice") ordered by the Court has been provided, according to the declaration of Brooks R. Brown filed with the Court on September 19, 2025; and

**WHEREAS**, on October 21, 2025, a final approval hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being a due and appropriate number of days after such notice to the Settlement Class and the requisite number of days after the CAFA Notice was issued; and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and any non-party objectors, as well as the arguments of counsel, and having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement and the Preliminary Approval Order.

2. The Court finds that it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

3. The Settlement was entered into in good faith following arm's-length negotiations and is non-collusive.

4. The Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

5. This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief, including the Settlement Benefits Plan. The Court finds that the Settlement is in all respects fair, adequate, and reasonable, including with respect to its opt-out provisions, and in the best interests of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement, this Final Approval Order, and the Judgment.

6. The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

7.     Settlement Representative, The Bank of Canton, the Settlement Administrator, and Settlement Class Members shall consummate the Settlement according to the terms of the Settlement Agreement.

## Objections and Opt-Outs

8.     No objections were filed by Settlement Class Members.

9.     All persons who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

10.    A list of those Settlement Class Members who have timely and validly elected to opt out of the Settlement and the Settlement Class in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of Cameron A. Azari (*see* ECF No. 37 in 1:23-cv-12711; ECF No. 1608 in 1:23-md-03083), filed October 17, 2025. That list is attached as Exhibit A to this Order. The persons listed in Exhibit A are not bound by the Settlement, this Final Approval Order, or the Judgment, and are not entitled to any of the benefits under the Settlement. Opt-Out Members listed in Exhibit A shall be deemed not to be Plaintiff Releasing Parties.

## Class Certification

11.    For purposes of the Settlement, this Final Approval Order, and the Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All current, former, and/or prospective customers of The Bank of Canton in the United States whose Personally Identifiable Information was included in files impacted by the MOVEit Security Incident.
>
> Excluded from the Settlement Class are (i) The Bank of Canton and The Bank of Canton's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; (iii) Class Counsel, their

staff members, and their immediate family; and (iv) any individual not included in the Class List.

12. The Court determines that, for settlement purposes only, the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representative are typical of absent Settlement Class Members; that the Settlement Class Representative has and will fairly and adequately protect the interests of the Settlement Class as he has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

13. For settlement purposes only, the Court grants final approval to the appointment of Plaintiff Stephen Gilmore as the Settlement Class Representative. The Court concludes that the Settlement Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

14. For settlement purposes only, the Court grants final approval to the appointment, pursuant to Rule 23(g), of E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP, as Class Counsel for the Settlement Class.

**Notice to the Settlement Class**

15. The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under

the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, their right to exclude themselves, their right to object to the Settlement and appear at the Final Approval Hearing, and of these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, constitutional due process, and any other legal requirements.

16. The CAFA Notice provided by Defendant (*see* ECF No. 34 in 1:23-cv-12711; ECF No. 1567 in 1:23-md-03083) met all requirements of the Act.

17. The Settlement Class Representative and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

18. Every Settlement Class Member who exercised their right to opt out of the Settlement is hereby excluded from the Settlement Class.

19. Each Released Claim of each Plaintiff Releasing Party is hereby extinguished as against the Defendant Released Parties.

**Award of Attorneys' Fees and Service Awards**

20. The Court having considered Plaintiff's Motion for Attorney's Fees and Expenses hereby grants the Motion and awards Class Counsel (as well as any agents, vendors or experts with which they may have worked on this matter) $75,000 for their fees and expenses in the case, hereby extinguishing any claims for any such fees, costs or expenses as against the Defendant Released Parties. Class Counsel's fee and expense award shall be paid in accordance with the Settlement Agreement. The Court finds the amount of fees and expenses to be fair and reasonable.

21.     The Court grants Settlement Class Representative a Service Award in the amount of $5,000. The Service award shall be paid in accordance with the Settlement Agreement. The Court finds that this payment is justified by his service to the Settlement Class.

22.     This award of attorneys' fees and costs and the Service Award is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

## Other Provisions

23.     The Parties to the Settlement shall carry out their respective obligations thereunder.

24.     Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

25.     As of the Effective Date, each Released Claim of each Plaintiff Releasing Party is hereby extinguished as against the Defendant Released Parties. Excluded from the Released Claims are any claims against Progress.  Also excluded from Released Claims are any claims against Fiserv, Inc.

26.     As of the Effective Date, the Defendant Released Parties will be deemed to have been completely released and forever discharged from the Released Claims.

27.     The Settlement Class Representatives and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Defendant Released Parties or prosecuting any claim based on any actions taken by any of the Defendant Released Parties that are authorized or required by this Settlement, the Final Approval Order, or the Judgment. The Defendant Released Parties may plead the Settlement, this Final Approval Order, and/or the Judgment as a complete defense to any proceeding subject to this section.

28. This Final Approval Order, the Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against The Bank of Canton or any other Defendant Released Party of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind, or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Litigation.

29. This Final Approval Order, the Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way, as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiff or any Settlement Class Member has suffered any damage; *provided*, *however*, that nothing in the foregoing, the Settlement, this Final Approval Order, or the Judgment shall be interpreted to prohibit the use of the Settlement, this Final Approval Order, and/or the Judgment in a proceeding to consummate or enforce the Settlement, this Final Approval Order, or the Judgment (including all releases and waivers in the Settlement, the Final Approval Order, and the Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

30. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and the Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other person subject to the provisions of this Final Approval Order and the Judgment.

31. The Court hereby dismisses the Litigation and all claims therein on the merits and with prejudice as to The Bank of Canton, without fees or costs to any Party except as provided in this Final Approval Order and the Judgment.

32. Consistent with the Settlement, in the event the Effective Date does not occur, this Final Approval Order and the Judgment shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement: this Final Approval Order and the Judgment and all orders entered in connection herewith shall be vacated and null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and the Judgment shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

33. Without affecting the finality of this Final Approval Order and the Judgment in any way, this Court retains continuing jurisdiction over the Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement as set forth in the Settlement Agreement.

**IT IS SO ORDERED.**

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: October 21, 2025　　　　　　　　　　　　*/s/ Kristen A. Johnson*
　　　　　　　　　　　　　　　　　　　　　　　Kristen A. Johnson (BBO# 667261)

# EXHIBIT A



**Exclusion Report**
*Gilmore v. The Bank of Canton*

| Number | Name ID |
|--------|---------|
| 1      | xxxx591 |
| 2      | xxxx142 |