UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-03083-ADB-PGL |

**MDL Order No. 25**
**(Maximus Bellwether Defendants' Motion to Alter or Amend MDL Order No. 23)**

BURROUGHS, D.J.

Maximus, Inc., Maximus Federal Services, Inc., Maximus Health Services, Inc.,[1] and Maximus Human Services, Inc. (collectively, "Maximus Bellwether Defendants" or "Maximus") move to alter or amend MDL Order No. 23 ("Order No. 23"), [ECF No. 1517], pursuant to Federal Rule of Civil Procedure 60(a). [ECF Nos. 1554, 1556, 1598]. First, Maximus asks the Court to dismiss Bellwether Plaintiffs' unjust enrichment claim under North Carolina law. [ECF No. 1556 at 4–6]. Second, Maximus asks the Court to dismiss the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") claim. [Id. at 4, 6–10]. For the reasons stated below, Maximus's motion is **GRANTED** as to both claims.

I.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 60(a) provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment,

---

[1] The Court acknowledges Maximus's note, [ECF No. 1554 at 1 n.1], that Maximus Health Services, Inc. has changed its name to Maximus US Services, Inc.

order, or other part of the record" and that "[t]he court may do so on motion or on its own, with or without notice."  Fed. R. Civ. P. 60(a).  Rule 60(a) "does not . . . provide for the correction of 'the deliberate choice of the district judge.'"  Bowen Inv., Inc. v. Carneiro Donuts, Inc., 490 F.3d 27, 29 (1st Cir. 2007) (quoting Elias v. Ford Motor Co., 734 F.2d 463, 466 (1st Cir. 1984), abrogated by, Kemp v. United States, 596 U.S. 528 (2022)).  Rather, "[a] motion under this rule is appropriate where . . . 'the judgment failed to reflect the court's intention.'"  Bowen, 490 F.3d at 29 (quoting Morgan Guar. Tr. Co. of N.Y. v. Third Nat'l Bank of Hampden Cnty., 545 F.2d 758, 759–60 (1st Cir. 1976)).

## II.     DISCUSSION

### A.     Unjust Enrichment

Bellwether Plaintiffs' Corrected Bellwether Consolidated Class Action Amended Complaint, [ECF No. 1332 ("CAC")], includes unjust enrichment claims against both Maximus, [CAC ¶¶ 3062–74], and Progress Software Corporation ("Progress"), [id. ¶¶ 1447–62].  Both Maximus and Progress previously filed motions to dismiss the CAC in which they argued that Bellwether Plaintiffs' unjust enrichment claims were precluded in some jurisdictions, including North Carolina.  [ECF No. 1367-1 at 51 n.40 (Progress)]; [ECF No. 1371-1 at 58 n.19 (Maximus)].  The Court dismissed the North Carolina law claim against Progress in MDL Order No. 22 ("Order No. 22"), in which it found that "the fact that a third-party beneficiary claim, among other potential legal remedies, is available requires dismissal of the unjust enrichment claim" in a number of jurisdictions, including North Carolina.  [ECF No. 1516 at 32–33].  In MDL Order No. 23, however, the Court denied Maximus's motion to dismiss the North Carolina law claim, [ECF No. 1517 at 42], even while acknowledging that "in . . . North Carolina . . . the pleading of legal remedies precludes pleading unjust enrichment," [id. at 40].

In the memorandum filed in support of the instant motion to alter or amend Order No. 23, Maximus represents that "Plaintiffs do not oppose Maximus's request that the Court amend the Order to dismiss their unjust enrichment claim under North Carolina law, acknowledging that the same reasoning applied to Defendant Progress also applies to Maximus." [ECF No. 1556 at 5–6]. Maximus posits that the Court's failure to dismiss the claim against Maximus "may be a scrivener's error." [Id. at 6].

Maximus is correct that the Court's denial of Maximus's motion to dismiss the unjust enrichment claim under North Carolina law in Order No. 23, [ECF No. 1517 at 42], was a scrivener's error. Consistent with its acknowledgment that "in . . . North Carolina . . . the pleading of legal remedies precludes pleading unjust enrichment," [id. at 40], the Court's intention was to dismiss the North Carolina law claim against Maximus under the same reasoning applied to Progress in Order No. 22. Accordingly, Maximus's request to alter or amend Order No. 23 to dismiss the unjust enrichment claim under North Carolina law against Maximus is **GRANTED**.

    B.  Illinois Uniform Deceptive Trade Practices Act

Bellwether Plaintiffs also bring IUDTPA claims against Maximus, [CAC ¶¶ 3273–81], and against Welltok VCE Defendant OSF Healthcare System ("OSF"), [id. ¶¶ 3720–30]. As relevant here, the CAC alleges that both OSF and Maximus made promises and assurances in their privacy statements. See [id. ¶¶ 3345 ("OSF made explicit promises to Welltok Bellwether Plaintiff Rehm and Class Members to maintain and protect their Private Information . . . ."), 2937–41 ("Maximus' website promises consumers that Maximus has robust systems and processes in place to protect and secure their sensitive information.")].

3

Welltok Bellwether Defendants ("Welltok") moved to dismiss the CAC on February 4, 2025, [ECF No. 1377], arguing that Bellwether Plaintiffs failed to state a claim for violation of the IUDTPA against the OSF Nationwide Class or, alternatively, the Welltok and OSF Illinois State Classes, [id. at 72–74].  In Welltok's view, Bellwether Plaintiffs' IUDTPA claims "sound in fraud and are subject to Rule 9(b)'s heightened pleading standard . . . which [Bellwether Plaintiffs] do not satisfy here for the same reasons as stated in response to their [Illinois Consumer Fraud Act ("ICFA")] claim."  [Id. at 72 (citing Troutt v. Mondelēz Glob. LLC, 637 F. Supp. 3d 606, 613 (S.D. Ill. 2022))].

Maximus, in the memorandum supporting its own motion to dismiss, similarly argued that Bellwether Plaintiffs failed to meet Rule 9(b)'s heightened pleading requirement for claims arising under the IUDTPA and several other statutes.  [ECF No. 1371-1 at 68–71].  In sum, Maximus argued, dismissal of the IUDTPA and other consumer protection claims against Maximus was warranted because "Plaintiffs . . . failed to identify any false or misleading statements in their Complaint and . . . failed to comply with Rule 9(b)'s requirements."  [Id.].

In Order No. 23, the Court explicitly acknowledged "OSF['s] . . . contention[] . . . [that] the I[U]DTPA claims sound in fraud and do not meet the 9(b) standard."  [ECF No. 1517 at 77]. The Court "agree[d] that Rule 9(b) applies" and requires that "'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated'" be alleged.  [Id. at 77–78 (quoting CardioNet, Inc. v. LifeWatch Corp., No. 07 C 6625, 2008 WL 567031, at *3 (N.D. Ill. Feb. 27, 2008))]. Finding that the allegations in the CAC failed to meet Rule 9(b)'s heightened pleading standard, the Court dismissed the IUDTPA claim against OSF.  [Id. at 78 (explaining that Welltok

Bellwether Plaintiffs' allegations surrounding the "promises" in OSF's privacy statements were not sufficient to satisfy this standard)].

Maximus points out in the instant motion that Order No. 23 "does not contain discussion or a holding addressing Maximus's motion to dismiss Plaintiffs' IUDTPA claim" and speculates that numbering discrepancies in the CAC might have caused the oversight. [ECF No. 1556 at 6]. Maximus is correct that the Court "inadvertently omitted from the Order a ruling on Maximus's IUDTPA claim." [Id. at 10]. The Court intended to dismiss the IUDTPA claim against Maximus under the same reasoning applied to OSF in Order No. 23. See [ECF No. 1517 at 77–78 (applying Rule 9(b)'s heightened pleading standard to the IUDTPA claim against OSF and dismissing the claim for failure to meet that standard)]. Accordingly, Maximus's request to alter or amend Order No. 23 to dismiss the IUDTPA claim against Maximus is **GRANTED**.

### III.     CONCLUSION

For the reasons stated above, Maximus's motion to alter or amend MDL Order No. 23 is **GRANTED**. The unjust enrichment claim under North Carolina law against Maximus is **DISMISSED**, and the IUDTPA claim against Maximus is **DISMISSED**.

**SO ORDERED.**

October 31, 2025                                                             */s/ Allison D. Burroughs*
                                                                                                              ALLISON D. BURROUGHS
                                                                                                              U.S. DISTRICT JUDGE