UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: MOVEIT CUSTOMER DATA
SECURITY BREACH LITIGATION

This Document Relates To:

ALL CASES

23-md-03083-ADB-PGL

**MDL Order No. 26**
**(Regarding Parties' Dispute over Use of Written Discovery)**

LEVENSON, U.S.M.J.

## I.   Introduction

The bellwether parties have advanced conflicting proposals regarding written discovery.

Bellwether Plaintiffs ("Plaintiffs") propose that "the bellwether parties shall serve discovery objections, responses, and documents on *all* bellwether parties, subject to the terms of the protective order and [Electronically Stored Information] protocol."  [ECF No. 1624 at 4–5 (emphasis added)].

Bellwether Defendants ("Defendants") disagree.  They propose instead that each Defendant must produce discovery only to "propounding plaintiffs" (that is, "Bellwether Plaintiffs that have directly sued that Bellwether Defendant and served the discovery request").  [ECF No. 1635 at 1].  Under Defendants' proposal, propounding plaintiffs would be barred from sharing discovery with any "non-propounding plaintiff " (that is, a plaintiff with no claims against a particular defendant).

### A.      Plaintiffs' Proposal Is Better Suited to Promote Efficient Discovery

On the merits of the parties' respective proposals, Plaintiffs' approach seems reasonably calculated to promote efficiency and move the case forward.  By contrast, Defendants' proposal seems tailored to promote gridlock.  There are, of course, risks and advantages to any given approach to discovery.  Where Plaintiffs see efficiencies, Defendants see a "free for all."  [ECF No. 1635 at 2].

The primary danger that Defendants cite is the prospect that direct party discovery under Rules 32 and 34 might be promiscuously intermingled with third-party discovery under Rule 45. In Defendants' telling, various of the parties to one or another of the transferred cases are, in effect, third parties with respect to entities who are not joined in the same lawsuit.  Allowing Rule 32 discovery to be intermingled with Rule 45 discovery would wreak havoc and threatens to undermine a distinction that, Defendants assert, "is critical to the federal discovery framework."  [ECF No. 1635 at 2].

Given that the Court has plenary authority to oversee discovery practice both with respect to inter-party disclosures (Rules 32 and 34) and with respect to third-party disclosures (Rule 45), the distinction that the Defendants highlight seems more formal than substantive.  The cases they cite concern particular abuses such as the use of third-party subpoenas to subvert or circumvent discovery limitations; those cases do not point to any generalized mandate to prevent Rule 34 peas from touching Rule 45 carrots on the same plate.  See Jiajing (Beijing) Tourism Co. v. AeroBalloon USA, Inc., No. 20-cv-11313, 2021 WL 6284114, at *5–6 (D. Mass. Oct. 12, 2021); Alper v. United States, 190 F.R.D. 281, 283–84 (D. Mass. 2000).

It is undoubtedly true that, in cases of potential abuse, the courts must "carefully police the distinction between Rules 34 and 45."  [ECF No. 1635 at 6].  But there does not, in this case, appear to be any immediate prospect of discovery abuse.  Defendants elide the critical point that,

in this case, we are dealing with disclosures by litigants who are all in fact *parties* (whether to one or another of the transferred cases), so the potential abuses associated with Rule 45 disclosures are negligible.  There is, for instance, no immediate prospect that third-party bystanders will be burdened by discovery requests for a case in which they are unconcerned. Nor is there a risk that Rule 45 requests will be deployed as a pretext to uncover potential claims against a non-party.  Nor yet is there a risk that some third-party witness might hand over materials as to which an interested litigant could properly oppose production.

It is conceivable, of course, that it may at some point become necessary to adjust the operative protective orders, to guard against bona fide risks of prejudice.  But this Court declines to impose a "blanket rule limiting the use of a production in discovery or in briefing."  [ECF No. 1636-1 at 2].

### B.    Defendants' Arguments Regarding the Court's Authority to Manage Discovery Are Without Merit

Beyond their arguments about the merits of the parties' respective proposals for managing discovery, Defendants contend that this Court lacks the legal authority to adopt Plaintiffs' proposal.

Defendants cite no case law that directly supports such a remarkable proposition. Instead, they argue from first principles, starting from a truncated quotation of Judge Rendell's comment that "the specific form of MDL proceedings does not alter the substantive rights of the litigants."  [ECF No. 1635 at 3 (citing In re Asbestos Prods. Liab. Litig., 718 F.3d 236, 243 (3d Cir. 2013)].  This, of course, begs the critical question: Defendants offer no support for the notion that the management of discovery is a matter of "substantive rights."

Furthermore, Defendants' citation of Judge Rendell's comment is off-kilter.  Taken in context, Judge Rendell's comment rings quite differently, and offers no support for the notion

that Defendants' preference for more cumbersome discovery procedures implicates their

substantive legal rights.  Tellingly, Defendants' quotation omits an explicit reference to the

District Court's "administrative orders to streamline discovery" and to the application of the

"abuse of discretion" standard in that regard.  A fuller recitation of Judge Rendell's comment is

as follows:

> Judge Robreno has been diligently overseeing pretrial procedures in the asbestos-
> related cases since he inherited this MDL in 2009, including issuing administrative
> orders to streamline discovery.  While the specific form of MDL proceedings does
> not alter the substantive rights of the litigants, it has nonetheless caused courts of
> appeals to acknowledge the increased burden imposed on judges handling these
> cases, and to consider these demands in applying the "abuse of discretion" standard,
> as we discuss more fully below.

In re Asbestos Prods. Liab. Litig., 718 F.3d at 243.

Judge Rendell's comments later in the same opinion underscore the point that,

particularly in an MDL, management of discovery is a procedural matter—not a matter of

substantive right—over which the District Court exercises broad discretionary authority:

> [I]t bears noting that district judges "must have authority to manage their dockets,
> especially during [a] massive litigation."  Fannie Mae, 552 F.3d at 823.  As the
> Ninth Circuit recognized, "administering cases in multidistrict litigation is different
> from administering cases on a routine docket."  In re Phenylpropanolamine (PPA),
> 460 F.3d at 1229.  Accordingly, in complex cases, district courts must have wide
> discretion to manage "complex issues and potential burdens on defendants and the
> court"—namely, as the Fifth Circuit recognized, through managing discovery.
> Acuna, 200 F.3d at 340–41 (noting that in case where approximately 1600 plaintiffs
> sued over 100 defendants for a range of injuries occurring over a span of up to forty
> years, it was "within the court's discretion to take steps to manage the complex and
> potentially very burdensome discovery that the cases would require").

In re Asbestos Prods. Liab. Litig., 718 F.3d at 246–47.

Although mapping the boundary between "procedure" and "substance" has long been a

source of debate in the federal courts, see Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins.

Co., 559 U.S. 393, 406–08 (2010), Defendants point to nothing in that great body of

jurisprudence to support the notion that discovery falls on the substantive side of the divide.

Indeed, it is difficult to think of a more quintessentially procedural matter than the conduct of discovery.

To date the Supreme Court has rejected every challenge to the validity of the various Federal Rules of Civil Procedure that has come before it, finding that each such rule lies safely on the procedural side of the fence, even though such procedural rules had obvious effects on the mode of exercising substantive rights: "Each of these rules had some practical effect on the parties' rights, but each undeniably regulated only the process for enforcing those rights; none altered the rights themselves, the available remedies, or the rules of decision by which the court adjudicated either." Shady Grove Orthopedic Assocs., P.A., 559 U.S. at 407–08. As for the discovery provisions of the Federal Rules, these seem far removed from the current front lines of disputation. The Supreme Court long ago rejected a challenge to Rules 35 and 37, notwithstanding the considerable personal interests associated with mandating physical and mental examinations. Sibbach v. Wilson & Co., 312 U.S. 1, 9 (1941).

Turning to MDL litigation specifically, the case law reinforces that transferee courts must exercise wide discretion in managing discovery disputes. In re Sundstrand Data Control, Inc. Patent Litig., 443 F. Supp. 1019, 1021–22 (J.P.M.L. 1978) ("The scope of [pretrial] proceedings, including the extent to which discovery is permitted, is a matter exclusively within the control of the transferee judge."). In particular, the Judicial Panel on Multidistrict Litigation ("the MDL Panel") has "repeatedly . . . stated [that] a transferee judge can employ any number of techniques, such as establishing separate discovery and motion tracks, to manage pretrial proceedings efficiently." In re Glucagon-Like Peptide-1 Receptor Agonists Prods. Liab. Litig., 717 F. Supp. 3d 1370, 1374 (J.P.M.L. 2024).

Notably, the MDL Panel has acknowledged the kinds of concerns that may arise in MDLs involving multiple competitor-defendants, but has not constrained transferee judges from managing pretrial proceedings with an eye to efficiency.  See, e.g., In re Glucagon-Like Peptide-1 Receptor Agonists Prods. Liab. Litig., 717 F. Supp. 3d at 1374 ("We do not discount the case management-related complexities that a multi-product and multi-defendant MDL such as this may entail."); In re: AndroGel Prods. Liab. Litig., 24 F. Supp. 3d 1378, 1379 (J.P.M.L. 2014) ("We are sympathetic to the concerns expressed by defendants against which only a few actions have been filed, particularly their concern that the claims against them may linger in an MDL in which the majority of claims are brought against [the defendant whose product has a substantial market share]."); In re Hair Relaxer Mktg., Sales Pracs., & Prods. Liab. Litig., 655 F. Supp. 3d 1374, 1376–77 (J.P.M.L. 2023).

In short, Defendants fail to persuade the Court that theirs is the only legally permissible approach to managing discovery.

## II.    CONCLUSION

Bellwether Plaintiffs' proposal provides, "[W]e may use documents as to how one [Bellwether Defendant] configured MOVEit or picked a vendor with Progress or other [Bellwether Defendants] to establish liability, certify a class, or prove claims at trial." [ECF No. 1636-1 at 4]. Given that transfer under 28 U.S.C. § 1407 is designed to promote efficiency and that, if necessary, the parties may seek additional protective orders to supplement the existing order, [ECF No. 916], the Court adopts Bellwether Plaintiffs' proposal regarding this aspect of written discovery.

**SO ORDERED.**[1]

/s/ Paul G. Levenson
Paul G. Levenson
Dated: December 4, 2025                                          U.S. MAGISTRATE JUDGE

---

[1] The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen days of being served a copy of this Order, unless a different time is prescribed by the magistrate judge or the district judge. See Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962, 964–65 (1st Cir. 1997).