UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-03083-ADB-PGL |

**MDL Order No. 27**
**(Progress's Motion for Partial Reconsideration of MDL Order No. 22)**

BURROUGHS, D.J.

Progress Software Corporation ("Progress") moves for partial reconsideration of MDL Order No. 22, [ECF No. 1516 ("Order No. 22")]. [ECF Nos. 1536, 1536-1 ("Mem.")]. For the reasons stated below, Progress's motion is **DENIED**.

I.  **LEGAL STANDARD**

"A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment." Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (first citing Bethlehem Steel Export Corp. v. Redondo Constr. Corp., 140 F.3d 319, 321 (1st Cir. 1998); and then citing Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994)); see also Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment . . . ."); Fernandez-Vargas v. Pfizer, 522 F.3d 55, 61 n.2 (1st Cir. 2008) ("[A] district court has the inherent power to reconsider its interlocutory orders, and we encourage it to do so where error is apparent." (citing Warren v. American Bankers Ins.,

507 F.3d 1239, 1243 (10th Cir. 2007))); Perez-Ruiz, 25 F.3d at 42 (1st Cir. 1994) ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case." (citing Union Mut. Life Ins. Co. v. Chrysler Corp., 793 F.2d 1, 15 (1st Cir. 1986))).

At the same time, while "[a] court has the power to revisit prior decisions . . . in any circumstance, . . . as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). "When faced with a motion for reconsideration," in essence, "a district court must balance the need for finality against the duty to render just decisions." Davis, 89 F. Supp. 2d at 147 (citing McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222 (M.D. Ga. 1997)). "In order to accommodate these competing interests, a court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Id. (first citing McCoy, 966 F. Supp. at 1222; and then citing 18 Wright & Miller's Federal Practice & Procedure § 4478 (1981)).

## II.   DISCUSSION

Bellwether Plaintiffs filed their Corrected Consolidated Class Action Complaint ("CAC") on January 9, 2025, bringing, as relevant here, a negligence per se claim against Progress on behalf of the Progress Nationwide Class or, in the alternative, the Progress State Classes. [ECF No. 1332 ("CAC") ¶ 1417]. Progress moved to dismiss the CAC on February 4, 2025. [ECF No. 1367]. Plaintiffs opposed on April 7, 2025, and asked, in pertinent part, that they be allowed

"to amend to re-plead their negligence per se allegations as part of their negligence claim" if the Court dismissed the negligence per se claim "because negligence per se is not an independent cause of action under Massachusetts law." [ECF No. 1437 at 47 n.46].

In MDL Order No. 22, which resolved the motion to dismiss, the Court granted Plaintiffs leave to amend their primary negligence claim to incorporate negligence per se theories as to seven states: California, Illinois, Massachusetts, Michigan, Ohio, Pennsylvania, and Texas, [Order No. 22 at 28–29], and Plaintiffs amended accordingly, compare [CAC ¶ 1409], with [ECF No. 1543 ¶ 1409].

Progress now asks the Court to reconsider Order No. 22 and deny Plaintiffs leave to amend their primary negligence claim. Progress argues that "permitting amendment was a manifest error of law because (1) Plaintiffs' request was procedurally improper; and (2) even if proper, Plaintiffs have not shown that 'justice so requires' here." [Mem. at 5 (citing Fed. R. Civ. P. 15(a)(2))].

Progress's arguments are unavailing, because the decision to grant Plaintiffs leave to amend was committed to the Court's discretion. First, Plaintiffs are correct that "the Court could have ordered that leave was appropriate *sua sponte*." [ECF No. 1544 at 2]; see, e.g., Pérez-Abreu v. Metropol Hato Rey LLC, 5 F.4th 89, 91 (1st Cir. 2021) (noting that the district court had granted plaintiff leave to amend complaint sua sponte); cf. United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 242 (1st Cir. 2004) (contemplating that, in exceptional circumstances, a district court might be obligated to sua sponte invite a plaintiff to amend their complaint). Because the Court would have granted Plaintiffs leave to amend sua sponte had they not requested it, the Court agrees that "Progress' arguments that Plaintiffs' request for leave to amend 'was not procedurally proper' are unavailing." [ECF No. 1544 at 2 (quoting Mem. at 1

3

n.2)].  Second, Progress mischaracterizes Federal Rule of Civil Procedure 15(a)(2), which does not, as Progress suggests, automatically render a court's decision to permit amendment manifest error absent a plaintiff's showing that justice required it.  Rather, Rule 15(a)(2) provides that "[t]he court should freely give leave" to a party to amend its pleading in those scenarios where "justice so requires." Fed. R. Civ. P. 15(a)(2).  The instruction that the court should give leave upon such a showing does not imply that the court can only give leave upon such a showing.

### III.    CONCLUSION

For the reasons stated above, Progress's first motion for partial reconsideration of MDL Order No. 22 is **DENIED**.

**SO ORDERED.**

January 5, 2026                                                                           */s/ Allison D. Burroughs*
                                                                                          ALLISON D. BURROUGHS
                                                                                          U.S. DISTRICT JUDGE