UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-03083-ADB-PGL |

**MDL Order No. 31**
**(Regarding Objections to and Motion for Affirmance of MDL Order No. 26)**

BURROUGHS, D.J.

Bellwether Defendants filed objections to and Bellwether Plaintiffs move for affirmance of MDL Order No. 26, [ECF No. 1646 ("Order No. 26")], regarding the parties' dispute over the use of written discovery. [ECF No. 1655]; [ECF No. 1663]; see also [ECF Nos. 1664, 1665]. For the reasons stated below, the objections are overruled and Order No. 26 is **AFFIRMED**.

I.   BACKGROUND

The bellwether parties raised a discovery dispute in November 2025 concerning "whether discovery may be shared with and used by non-propounding parties." [ECF No. 1624 at 3]; see also [ECF Nos. 1635, 1636-1]. Plaintiffs proposed that "the bellwether parties shall serve discovery objections, responses, and documents on all bellwether parties, subject to the terms of the protective order and ESI protocol." [ECF No. 1624 at 3 (emphasis added)]. Defendants asserted that each bellwether defendant should be required to produce discovery only "to (1) the propounding party; and (2) Bellwether Defendants also being sued by the propounding party." [Id.]; see also [ECF No. 1635 at 1–2 (giving examples with specific MOVEit MDL parties)].

The dispute was referred to Magistrate Judge Paul Levenson, who has been jointly presiding over this MDL from the start and is therefore familiar with all aspects of the litigation.

On December 4, 2025, in Order No. 26, Judge Levenson decided the issue in Plaintiffs' favor.  See generally [Order No. 26 (explaining that "Plaintiffs' approach seems reasonably calculated to promote efficiency and move the case forward" and "adopt[ing] Bellwether Plaintiffs' proposal")].  Defendants timely objected to Order No. 26 on December 18, 2025. [ECF No. 1655].  In response, Plaintiffs filed the instant motion for affirmance, [ECF No. 1663], along with a supporting memorandum and affidavit, [ECF Nos. 1664, 1665], on January 6, 2026.

## II.    LEGAL STANDARD

"When a magistrate judge decides a non-dispositive motion, the district judge may, given a timely appeal, set aside the order if it 'is clearly erroneous or is contrary to law.'"  PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010) (quoting Fed. R. Civ. P. 72(a)).

"The 'clearly erroneous' standard requires that the district judge accept the magistrate judge's findings of fact and the conclusions drawn from them 'unless, after scrutinizing the entire record, [the court] form[s] a strong, unyielding belief that a mistake has been made.'" Khath v. Midland Funding, LLC, 334 F. Supp. 3d 499, 506 (D. Mass. 2018) (quoting Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999)).  Pure questions of law are reviewed de novo.  Id. (citing PowerShare, 597 F.3d at 15).  Mixed questions of law and fact are reviewed on a "sliding scale" between these two standards, on which "[t]he more fact intensive the question, the more deferential the level of review," and "the more law intensive the question, the less deferential the level of review."  Id. (quoting In re IDC Clambakes, Inc., 727 F.3d 58, 64 (1st Cir. 2013)).

III.     DISCUSSION

The Court does not find Order No. 26 clearly erroneous or contrary to law.

First, Judge Levenson properly rejected Defendants' argument that Plaintiffs' proposal threatens impermissibly to expand non-propounding parties' substantive rights "beyond those granted by the Federal Rules" of Civil Procedure, [ECF No. 1635 at 2–8]. See [Order No. 26 at 3–5]. The order did not err in explaining that the instant discovery dispute does not implicate substantive rights or violate the Rules. See [Order No. 26 at 2–5].[1] Nor did the order err in explaining that, instead, the Court was acting within its "wide discretion in managing discovery disputes" in this MDL, and that the JPML "has 'repeatedly . . . stated [that] a transferee judge

---

[1] The more detailed version of Defendants' argument is that Plaintiffs' proposal is foreclosed as a matter of law because it violates the "bedrock distinction . . . between party and non-party discovery" hewn into the Federal Rules of Civil Procedure—namely, Rules 34 and 45—by giving non-propounding parties the right "to receive and use discovery to which they would not otherwise be entitled if the underlying actions were not consolidated into this MDL." [ECF No. 1635 at 3–8]; see also [ECF No. 1655 at 3–8 ("Bellwether Plaintiffs' proposal contravenes those Rules by allowing a Bellwether Plaintiff who has sued one Bellwether Defendant to freely access and use discovery that an unrelated Bellwether Plaintiff has obtained by a different Bellwether Defendant in an entirely separate action . . . .")]. This Court agrees with Judge Levenson that "the distinction that the Defendants highlight seems more formal than substantive," and that "Defendants elide the critical point that, in this case, we are dealing with disclosures by litigants who are all in fact parties (whether to one or another of the transferred cases)," [Order No. 26 at 2–3]. Defendants object that "Order No. 26 fails to mention, much less grapple with, the leading case cited in Defendants' [earlier] brief," In re National Prescription Opiate Litigation, 956 F.3d 838 (6th Cir. 2020), and argue that Order No. 26 flouts that case's "unambiguous[] hold[ing] that MDL courts do not have 'authority to disregard the [FRCP's] requirements . . . in favor of enhancing the efficiency of the MDL as a whole.'" [ECF No. 1655 at 6–8 (citing In re Nat'l Prescription Opiate Litig., 956 F.3d at 844)]. It is true that the Rules bind transferee courts, but, as was the issue in earlier briefing, Defendants' citation is "off-kilter," see [Order No. 26 at 3–4 (explaining that, read in context, Defendants' quotations from In re Asbestos Prods. Liab. Litig., 718 F.3d 236 (3d Cir. 2013) "ring[] quite differently")]. Ultimately, Defendants fail to show that the transferee court in In re National Prescription Opiate Litigation, or in any other MDL, was required to or actually "imposed the discovery rules they seek here," [ECF No. 1664 at 12]; see also [ECF No. 1665-1 (case management order in In re National Prescription Opiate Litigation)].

can employ any number of techniques, such as establishing separate discovery and motion tracks, to manage pretrial proceedings efficiently.'"  [Id. at 5 (first citing In re Sundstrand Data Control, Inc. Pat. Litig., 443 F. Supp. 1019, 1021–22 (J.P.M.L. 1978); and then quoting In re Glucagon-Like Peptide-1 Receptor Agonists Prods. Liab. Litig., 717 F. Supp. 3d 1370, 1374 (J.P.M.L. 2024))].

Further, the Court agrees with Judge Levenson that "Plaintiffs' approach seems reasonably calculated to promote efficiency and move the case forward," whereas "Defendants' proposal seems tailored to promote gridlock."  [Order No. 26 at 2]; see also [ECF No. 1664 at 4–5 (arguing that Defendants' proposal is unworkable given that "Plaintiffs are all represented by the same counsel in this MDL, within the same court, regarding the same data breach")].

## IV.     CONCLUSION

For the reasons stated above, MDL Order No. 26 adopting Bellwether Plaintiffs' proposal regarding the use of written discovery is **AFFIRMED**.

**SO ORDERED.**

January 29, 2026                                     */s/ Allison D. Burroughs*
                                                     ALLISON D. BURROUGHS
                                                     U.S. DISTRICT JUDGE