UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-03083-ADB-PGL |

**MDL Order No. 32**
**(Regarding Additional Dismissal of Cases Filed Before**
**August 15, 2023, for Lack of Article III Standing)**

BURROUGHS, D.J.

In MDL Order No. 19 on Defendants' 12(b)(1) motion to dismiss, [ECF No. 1304 ("Order No. 19")], the Court dismissed four individual cases filed before August 15, 2023—the date on which Plaintiffs allege Cl0p began disclosing stolen data, [ECF No. 1543 ¶ 1199]—for lack of Article III standing due to a lack of traceability. [Order No. 19 at 28–29, 31].

Defendant Franklin Mint Federal Credit Union ("FMFCU") and Defendant Athene Annuity and Life Company ("Athene") have moved separately for the dismissal of certain additional cases filed before August 15, 2023, for the same lack of Article III standing. [ECF Nos. 1483, 1606]. Specifically, FMFCU seeks to dismiss Bronson v. Franklin Mint Federal Credit Union, No. 23-cv-12893, [ECF No. 1483], and Athene seeks to dismiss Weissman v. Athene Annuity and Life Company, No. 23-cv-12453, [ECF No. 1606]. For the reasons stated below, both cases are **DISMISSED**. Further, pursuant to the Court's reasoning in Order No. 19, all other cases consolidated into this MDL that were filed before August 15, 2023, are likewise **DISMISSED**.

I.   BACKGROUND

   A.   FMFCU

As relevant here, FMFCU requested that the Court dismiss Plaintiff Tanya Bronson's case, Bronson v. Franklin Mint Federal Credit Union, No. 23-cv-12893, in a joint letter submitted with Plaintiffs' Co-Lead Counsel on May 12, 2025. [ECF No. 1483 at 2 (arguing that the reasoning pursuant to which Order No. 19 "dismissed four actions against plaintiffs 'whose individual complaints were filed prior to August 15, 2023'" for lack of Article III standing applies equally to Bronson, who "filed her complaint on August 7, 2023, *i.e.*, before the August 15, 2023 date on which Plaintiffs allege Cl0p began disclosing data")]. Plaintiffs opposed FMFCU's request in this same letter. [Id. at 3–4].

In a second joint letter submitted on May 23, 2025, FMFCU reiterated its request for the Court to dismiss Bronson's case, which was again opposed by Plaintiffs. See generally [ECF No. 1496].[1]

   B.   Athene

On October 17, 2025, Athene moved the Court to clarify Order No. 19 and to dismiss Plaintiff Richard Weissman's case, Weissman v. Athene Annuity and Life Co., No. 23-cv-12453, "for lack of Article III standing based on the reasoning in MDL Order No. 19 that dismissed four other pre-August 15, 2023 cases." [ECF No. 1606 at 1]; see also [ECF No. 1607]. Plaintiffs opposed on October 24, 2025. [ECF No. 1613]. Athene replied on October 31, 2025. [ECF No. 1621].

---

[1] FMFCU's Motion in Further Support of Motion to Compel Arbitration and to Stay Litigation filed on January 12, 2026, [ECF No. 1676], is denied as moot in light of this Order dismissing Bronson's case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(a) provides that a court "may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," and that "[t]he court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Rule 60(a) is applicable "where . . . 'the judgment failed to reflect the court's intention.'" Bowen Inv., Inc. v. Carneiro Donuts, Inc., 490 F.3d 27, 29 (1st Cir. 2007) (quoting Morgan Guar. Tr. Co. of N.Y. v. Third Nat'l Bank of Hampden Cnty., 545 F.2d 758, 759–60 (1st Cir. 1976)).

## III. DISCUSSION

In the memorandum supporting their 12(b)(1) motion to dismiss, [ECF No. 1114-1], Defendants argued that complaints filed before August 15, 2023, cannot allege actual misuse "fairly . . . traceable to the incidents." [Id. at 48]. In Order No. 19, the Court agreed. [Order No. 19 at 28 (concluding that "individual complaints . . . filed prior to August 15, 2023, cannot plausibly assert actual misuse")]. Further, the Court explained that plaintiffs whose complaints were filed before August 15, 2023, cannot adequately assert either of the two requirements for risk-based standing to seek damages.[2] [Id. at 28–29]. Specifically, as relevant here, the Court held that any plaintiff whose complaint was filed before the date on which Cl0p allegedly began disclosing stolen data, August 15, 2023, cannot plausibly allege a risk of future harm traceable to the breach, because a plaintiff cannot allege that they "were at an increased risk of future harm

---

[2] As Order No. 19 explains, "risk-based standing to seek damages 'involve[s] two injuries: (1) a possible future injury that may or may not happen (i.e., the harm threatened); and (2) a present injury that is the cost or inconvenience created by the increased risk of the first, future injury (e.g., the cost of mitigation).'" [Order No. 19 at 7–8 (quoting Kerin v. Titeflex Corp., 770 F.3d 978, 981–82 (1st Cir. 2024))].

before any traceable actual misuse plausibly could have occurred." [Id.]. The Court specifically dismissed four "pre-August 15, 2023" cases pursuant to this reasoning.[3] [Id. at 28–29, 31]. Because this reasoning applies not only to those four cases but to all other "pre-August 15, 2023" cases, the Court was mistaken in omitting their dismissal from Order No. 19,[4] and now dismisses all cases consolidated into this MDL that were filed before August 15, 2023.

## IV.   CONCLUSION

For the reasons stated above, all cases consolidated into this MDL that were filed before August 15, 2023, including <u>Bronson v. Franklin Mint Federal Credit Union</u>, No. 23-cv-12893, and <u>Weissman v. Athene Annuity and Life Co.</u>, No. 23-cv-12453, are **DISMISSED**.

The parties are instructed to agree to and jointly submit the list of all cases dismissed by this Order by February 20, 2026.

**SO ORDERED.**

February 6, 2026                                              /s/ Allison D. Burroughs
                                                              ALLISON D. BURROUGHS
                                                              U.S. DISTRICT JUDGE

---

[3] These cases are <u>Harris v. Progress Software Corp.</u>, No. 23-cv-11816; <u>Oakwood v. Corebridge Financial, Inc.</u>, No. 23-cv-12643; <u>Newman v. Corebridge Financial Inc.</u>, No. 23-cv-12649; and <u>O'Neal v. Lumico Life Insurance Co.</u>, No. 24-cv-10078. [Order No. 19 at 31].

[4] Plaintiffs argue that, in Order No. 19, the Court instead "took a . . . moderate position" holding that plaintiffs whose complaints were filed before August 15, 2023, can establish Article III standing "based on a traceable, substantial risk of future harm" even though they cannot allege actual misuse. [ECF No. 1613 at 2 (quoting Order No. 19 at 28)]. This is incorrect. It is true that, as a general matter, a plaintiff's failure to allege actual misuse does not necessarily preclude their ability to allege a risk of future harm; for example, a plaintiff who filed a complaint in December 2023 might fail to allege actual misuse for one reason or another yet sufficiently allege a risk of future harm. See [Order No. 19 at 28 (explaining that "even in a case of total data mismatch — which would undercut a particular plaintiff's claim of actual injury — the plaintiff would still be able to assert standing based on a substantial risk of future harm")]. But if a plaintiff's complaint was filed before August 15, 2023, that plaintiff cannot plausibly allege either actual misuse or "a traceable, substantial risk of future harm." [Id. at 28–29].