**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL BELLWETHER CASES | MDL No. 1:23-md-03083-ADB-PGL<br><br>**BELLWETHER DEFENDANTS' SUBMISSION OF CASES RELEVANT TO ECONOMIC LOSS DOCTRINE AND CERTAIN BELLWETHER PLAINTIFFS' NEGLIGENCE CLAIMS** |

Pursuant to the Court's request during the March 9 status conference addressing economic loss doctrine issues, Bellwether Defendants submit this list of cases supporting that Plaintiffs' negligence claims under California, Indiana, Iowa, Michigan,[1] and Ohio law are barred.[2]

## California

- *Moore v. Centrelake Medical Group, Inc.*, 83 Cal. App. 5th 515, 534–37 (Cal. Ct. App. 2022) (affirming dismissal of a negligence claim in a consumer data breach class action under the economic loss rule, "reject[ing] [plaintiffs'] contention that their asserted lost-time damages are non-economic losses,"[3] and rejecting plaintiffs' suggestion that "their claim is independent of their contracts" given that defendant "obtained" plaintiffs' PII in connection with providing contracted services)

- *Terpin v. AT&T Mobility LLC*, 118 F.4th 1102, 1114–16 (9th Cir. 2024) (applying *Moore* to dismiss a negligence claim premised on the alleged failure to protect customer information)

- *In re Episource LLC Data Breach Litigation*, 2026 WL 638864, at *15 (C.D. Cal. Jan. 20, 2026) (applying *Moore* to dismiss a negligence claim against the breached entity, with whom plaintiffs did not contract, in a data breach consumer class action, recognizing "the California Court of Appeal has . . . rejected" the argument that "lost time spent mitigating actual instances of fraud and future risk of fraud [is] noneconomic")

## Indiana

- *Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 152–56 (Ind. 2005) (the economic loss doctrine "permits tort recovery only for personal injury or damage to 'other property'")

- *Aspen Am. Ins. Co. v. Blackbaud, Inc.*, 624 F. Supp. 3d 982, 1001–05 (N.D. Ind. 2022) (applying economic loss rule to bar negligence claims in data breach case)

---

[1] Michigan law frames its rule as a bright line requirement that physical harm is necessary to state a negligence claim, but does not use the phrase "economic loss doctrine." Whether the rule is framed as a requirement of physical injury or a prohibition on economic losses, the outcome is the same.

[2] While Bellwether Defendants address these five states in which the law is especially clear, nothing about this submission should be read as a waiver of their prior stated position that the economic loss doctrine applies under the laws of other states too. *See, e.g.*, PBI Bellwether Defs.' Br., ECF No. 1360, at 6–7. California law applies to Bellwether Plaintiffs Shellie Harper McCaskell, Amanda Copans, Denise Meyer, Deanna Duarte, Ricardo Moralez, Manuel Mendoza, Terrill Mendler, Michelle Gonsalves, Marvin Dovberg, Taneisha Robertson, Doris Cadet, Margaret Kavanagh, Karen Boginski, John Meeks (an Iowa resident who nonetheless sued Progress in California), Yvette Tillman, Hannah Polikowsky, Camille Burgan, Eugene Burgan, Brinitha Harris, and Rita Pasquarelli. Indiana law applies to Bellwether Plaintiff Alexys Taylor. Michigan law applies to Bellwether Plaintiffs Tamara Williams and Jeffrey Weaver. Ohio law applies to Bellwether Plaintiff Elaine McCoy.

[3] Under the Court's Article III standing order, Plaintiffs have standing to pursue only two categories of purported injury: (1) mitigation efforts, such as "paying for credit monitoring and other identity protections" and related lost time that would otherwise have been put to profitable use, and (2) emotional distress *where accompanied by related costs*. ECF No. 1304 at 22–26.

**Iowa**

- *Annett Holdings, Inc. v. Kum & Go, L.C.*, 801 N.W.2d 499, 502–06 (Iowa 2011) (affirming dismissal of a negligence claim as barred by the economic loss rule because "[n]o one was injured; no property was damaged or destroyed")

- *Mohsen v. Veridian Credit Union*, 733 F. Supp. 3d 754, 765–67 (N.D. Iowa 2024) (dismissing negligence claim in a consumer data breach class action under the economic loss doctrine, including because Iowa courts do not "recognize an independent claim for emotional distress based on negligence without some physical harm")

**Michigan**

- *Henry v. Dow Chem. Co.*, 701 N.W.2d 684, 689–94 (Mich. 2005) (to state a negligence claim, "plaintiff must demonstrate a present physical injury to person or property"); *accord Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 646 (6th Cir. 2016)

- *Rodriguez v. CRG Lynwood LLC*, 2025 WL 2700614, at *7–8 (E.D. Mich. Sept. 22, 2025) (applying *Henry* and *Angus*, *infra*, to bar negligence claim in data breach class action because "injuries stemming from hackers viewing private data . . . are not physical")

- *Angus v. Flagstar Bank, FSB*, 2025 WL 937760, at *1 (E.D. Mich. Mar. 27, 2025) (dismissing negligence claim "[f]or the reasons explained on the record" of February 12, 2025 hearing); Feb. 12, 2025 Tr., *Angus*, No. 2:21-cv-10657, ECF No. 106 at 14–15 (attached as Ex. A) (applying *Henry* to bar negligence claim in class action arising from Accellion-related data breach, explaining that *Henry* creates "a bright line rule that a Michigan plaintiff alleging ordinary negligence must … alleg[e] that he or she suffered a present physical injury")

**Ohio**

- *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 835 N.E.2d 701, 704–05 (Ohio 2005) ("The well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.") (cleaned up)

- *Tucker v. Marietta Area Health Care, Inc.*, 2023 WL 423504, at *3–4 (S.D. Ohio Jan. 26, 2023) (dismissing negligence claim in a consumer data breach class action under the economic loss rule, including allegations of emotional harm)

- *Brickman v. Maximus, Inc.*, 2023 WL 2563661, at *2 (S.D. Ohio Mar. 17, 2023) (dismissing negligence claim in data breach case under economic loss rule, noting that privity is not a requirement for application of the rule)

**Scholarship**

- Douglas H. Meal, *Rethinking Negligence Claims in Cyberattack Class Actions: Teachings*

*of the Third Torts Restatement Regarding Actionable Injury*, 26 SEDONA CONF. J. 357, 408 (2025) ("[A] court should . . . reject [a negligence] claim as a matter of law insofar as the complaint seeks to satisfy the injury element of the claim by relying on alleged economic harm that the plaintiff(s) incurred by reason of the cyberattack at issue."); *id.* at 398–99 (there are "four and only four circumstances under which . . . economic harm *can* be the foundation of a common-law negligence claim . . . [N]one of these four exceptions would cover the types of economic harm typically alleged in a class action based on a cyberattack. A court applying the Third Torts Restatement to a negligence claim advanced in a cyberattack class action should therefore dismiss the claim as a matter of law insofar as it is founded on economic harm . . . ."); *id.* at 411 (even if emotional harm is not considered economic, "[t]he Second Torts Restatement's volume on negligence recognized no liability in negligence for negligently inflicting 'standalone' emotional harm, i.e., emotional harm unaccompanied by physical harm."); *id.* at 414 n.133 (Third Restatement "would never make actionable in negligence any of the non-economic injuries typically alleged in a cyberattack class action")

Dated: March 18, 2026                    Respectfully submitted,

By:  */s/ Jeff Tsai*
Jeff Tsai (*pro hac vice*)
DLA PIPER LLP
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel:  (415) 615-6055
jeff.tsai@dlapiper.com

*Counsel for Bellwether Defendants Progress
Software Corp. and Ipswitch, Inc.*

By:  */s/ Aravind Swaminathan*
Aravind Swaminathan (*pro hac vice*)
ORRICK HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
Tel:  (206) 839-4340
aswaminathan@orrick.com

*Counsel for Bellwether Defendant Teachers
Insurance and Annuity Association of America*

By:  */s/ Allison M. Holt Ryan*
Allison M. Holt Ryan (pro hac vice)
HOGAN LOVELLS LLP
555 13th Street NW
Washington, D.C. 20004
Tel:  (202) 637-5600

3

allison.holt-ryan@hoganlovells.com

*Counsel for Bellwether Defendants Maximus, Inc., Maximus Federal Services, Inc., and Maximus US Services, Inc. (f/k/a Maximus Health Services, Inc.)*

By:  */s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO # 564879)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Tel:  (617) 223-0304
jpirozzolo@sidley.com

*Counsel for Bellwether Defendants Genworth Life Insurance Co., Genworth Financial, Inc., and Genworth Life and Annuity Insurance Co.*

By:  */s/ Paulyne Gardner*
Paulyne Gardner (*pro hac vice*)
MULLEN COUGHLIN LLC
426 W. Lancaster Avenue,  Suite 200
Devon, PA 19333
Tel:  (267) 930-4770
pgardner@mullen.law

*Counsel for Bellwether Defendant Pension Benefit Information, LLC*

By:  */s/ Gilbert S. Keteltas*
Gilbert S. Keteltas
BAKER & HOSTETLER LLP
1050 Connecticut Ave., NW, Suite 1100
Washington, DC 20036
Tel: (202) 861.1530
Fax: (202) 861.1783
gketeltas@bakerlaw.com

Kyle T. Cutts
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: 216-861-7576
Fax: 216-696-0740
kcutts@bakerlaw.com

4

*Counsel for Bellwether Defendants OSF Healthcare System, CHI Health - NE, and Virginia Mason Franciscan Health*

By: /s/ Kari M. Rollins
Kari M. Rollins (*pro hac vice*)
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 634-3077
Krollins@sheppardmullin.com

*Counsel for Bellwether Defendants Delta Dental of California, Delta Dental of New York, Delta Dental of Pennsylvania, Delta Dental Insurance Company, and Delta Dental Plans Association*

By:  /s/ Michael J. Dailey
Craig J. Mariam (*pro hac vice*)
Michael J. Dailey (*pro hac vice*)
Lara S. Garner (*pro hac vice*)
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Tel: (213) 576-5000
cmariam@grsm.com
mdailey@grsm.com
lsgarner@grsm.com

*Counsel for Bellwether Defendants Milliman Solutions, LLC, Milliman, Inc. d/b/a Milliman Intelliscript, and MEMBERS Life Insurance Company*

By:  /s/ Amanda Harvey
Amanda Harvey (*pro hac vice*)
Kayleigh Watson (*pro hac vice*)
MULLEN COUGHLIN LLC
1452 Hughes Road, Suite 200
Grapevine, TX 76051
Phone: (267) 930-1697
aharvey@mullen.law
kwatson@mullen.law

5

*Counsel for Bellwether Defendant Welltok, Inc.*

By: */s/ Christopher G. Dean*
Christopher G. Dean (*pro hac vice*)
Jeffrey S. Haut (*pro hac vice*)
Luke A. Davis (*pro hac vice*)
MCDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, Ohio 44114
P: 216.348.5400
cdean@mcdonaldhopkins.com
jhaut@mcdonaldhopkins.com
ldavis@mcdonaldhopkins.com

*Counsel for Bellwether Defendant Sutter Health*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2026, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

By: */s/ Jack W. Pirozzolo*

Jack W. Pirozzolo