# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

— — —

PHILIP ANGUS, MARK WIEDDER,
TANIA GARCIA, EDWARD
BURDICK, RAY HARTER,
DANIELLE MEIS, JONTHAN
KELLEY, RYAN MARTIN, ARTHUR
DORE, ANN KELLY, KEITH KELLY,
AMBER CHAVEZ, RANDY MONIZ,
and HOLLY RINGLING,

On behalf of themselves and all
others similarly situated,

Plaintiffs,      Case No. 21-10657

v.

Hon. Matthew F. Leitman

FLAGSTAR BANK, N.A., f/k/a
FLAGSTAR BANK, FSB, a
Michigan-based federally
chartered stock savings
bank,

Defendant.
_____/

MOTION HEARING

BEFORE THE HONORABLE MATTHEW F. LEITMAN
United States District Judge

Theodore Levin United States Courthouse
231 West Lafayette Boulevard
Detroit, Michigan

Wednesday, February 12, 2025

*To obtain a copy of this official transcript, contact:*
*Robert L. Smith, Federal Official Court Reporter*
*(313) 234-2612 • robert_smith@mied.uscourts.gov*

APPEARANCES:

For the Plaintiffs:    PATRICK A. BARTHLE
                       MORGAN & MORGAN COMPLEX LITIGATION
                       GROUP
                       201 North Franklin Street, 6th Floor
                       Tampa, FL 33602
                       (813) 221-6583

                       RYAN D. MAXEY
                       MAXEY LAW FIRM, P.A.
                       107 North 11th Street, Suite 402
                       Tampa, FL 33602
                       (813) 448-1125


For the Defendant:     MARCELLA L. LAPE
                       LAURA BERNESCU
                       KATHLEEN SCHMIDT
                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                       155 N. Wacker Drive, Suite 2700
                       Chicago, IL 60606
                       (312) 407-0700

                       SEAN P. McNALLY
                       TROUTMAN PEPPER HAMILTON SANDERS, LLC
                       4000 Town Center, Suite 1800
                       Southfield, MI 48075
                       (248) 359-7317

TABLE OF CONTENTS

MATTER                                                              PAGE

ECF No. 94          Motion to Dismiss Fourth Consolidated
                    Class Action Complaint

                    Michigan Negligence Claim
                    Discussion with Mr. Maxey............. 7
                    Ruling by the Court.................. 14

                    Remaining Michigan Claims
                    Discussion with Ms. Lape............. 18
                    Discussion with Mr. Maxey............. 24
                    Ruling by the Court.................. 27

                    Implied-in-Fact Contract Claim
                    Discussion with Ms. Lape............. 28
                    Discussion with Mr. Maxey............. 30
                    Ruling by the Court.................. 33

                    Invasion of Privacy Claim
                    Discussion with Mr. Barthle........... 34
                    Discussion with Ms. Lape............. 38
                    Discussion with Mr. Barthle........... 39
                    Ruling by the Court.................. 41

                    Breach of Confidence Claim
                    Ruling by the Court.................. 43

                    Unjust Enrichment Claim
                    Discussion with Ms. Lape............. 44
                    Discussion with Mr. Barthle........... 52
                    Discussion with Ms. Lape............. 54
                    Discussion with Mr. Barthle........... 58
                    Ruling by the Court.................. 59

                    Issue of Reliance Claim
                    Discussion with Mr. Barthle........... 61
                    Discussion with Ms. Lape............. 63

                    Florida Claims
                    Withdrawn by Mr. Barthle............. 66

                    Indiana Claims
                    Discussion with Mr. Barthle........... 66

                    Michigan Claims
                    Discussion with Mr. Barthle........... 73

TABLE OF CONTENTS (Continued)

MATTER_____PAGE

ECF No. 94          <u>Motion to Dismiss Fourth Consolidated</u>
                    <u>Class Action Complaint</u>

                    <u>California UCL Claim</u>
                    Discussion with Mr. Barthle............. 74

                    <u>Pennsylvania Claims</u>
                    Discussion with Mr. Barthle............. 76
                    Discussion with Ms. Lape................ 80

                    <u>California CCPA Claim</u>
                    Discussion with Ms. Lape................ 82
                    Discussion with Mr. Maxey............... 88
                    Discussion with Ms. Lape................ 92
                    Discussion with Mr. Barthle............. 95
                    Discussion with Ms. Lape................ 99

Detroit, Michigan

Wednesday, February 12, 2025

at about 9:25 a.m.

— — —

(Court and Counsel present.)

THE LAW CLERK:  All rise.

The United States District Court for the Eastern District of Michigan is now in session, the Honorable Matthew F. Leitman, United States District Judge, presiding.

You may be seated.

The Court calls Case No. 21-10657, Philip Angus, et al., v. Flagstar Bank, FFB.

Counsel, please state your appearances for the record.

MR. BARTHLE:  Patrick Barthle, from Morgan & Morgan, on behalf of the plaintiffs.  Alongside me is Mr. Ryan Maxey.

MR. MAXEY:  Good morning.

THE COURT:  What happened to Ms. Kane?

MR. BARTHLE:  I think you scared her off the last time, Judge.

THE COURT:  I was worried that happened.

MR. BARTHLE:  No.  I think she had a conflicting assignment today.

THE COURT:  Okay.

MS. LAPE:  Good morning, Your Honor.  Marcy Lape, from Skadden, Arps --

THE COURT:  I did not scare you off.

MS. LAPE:  You did not scare me off.  I have with me two of my colleagues from Skadden, Laura Bernescu and Kathleen Schmidt, and, of course, Sean McNally is here as well.

THE COURT:  Welcome to you guys.  Thanks to everybody for joining me.  I feel like this is a bit of déjà vu.  April 18th of last year, we were here on a motion to dismiss the third amended complaint and at that time, as you guys know, I essentially resolved the standing questions, and with respect to the merits, punted a little bit, and had you guys conduct some discovery with respect to choice of law issues, and then gave plaintiff the absolute last possible opportunity to amend.

Since that time, the plaintiff has filed the fourth consolidated class action complaint, the fourth amended, and the defendants, Flagstar, has moved, again, to dismiss the complaint.  The complaint contains a number of claims under Michigan law and then various claims under state statutory law.

I'd like to start with the Michigan claims and go through them one at a time.  I'm going to try to rule on as

many of these claims here in court today as I can, because as I said last time, I hoped to do that when we were together last time, because this case has been around for a long time; it was pending, I think, in another court for a while, there was something in California, then it went to Judge Tarnow, he got sick.  So it takes a long time to write an opinion with all of this stuff in it, so I'm going to try to narrow down and rule on what I can today, and what I can't, I will take under advisement and issue a short order as soon as possible.

So I want to take issues as I have kind of thought of them one at a time.  And even though the defendants are the moving party, sometimes I will have questions just for the plaintiff, sometimes just for the defendant.  Again, I want to be as efficient as possible.

So what I want to do is start with the negligence claim in the complaint, and my questions here are for the plaintiffs.  Who will be arguing this?

MR. BARTHLE:  Me, Your Honor.  If it's all right with you, Mr. Maxey will be handling negligence and implied contracts, and then I will have the rest.

THE COURT:  That's fine.  Mr. Maxey, do you mind coming to the podium?

Let me start with just a basic question.  When we were here last time, with respect to the common law claims, there was some question about which law governed.  It seems,

based on the briefing, that the parties have now settled that with respect to all of the common law claims Michigan law governs. Do you agree with that?

MR. MAXEY: Yes, Your Honor.

THE COURT: All right. So the first claim is the common law negligence claim under Michigan law. One of the arguments that Flagstar makes picks up on a discussion that we had here last time, that under Michigan law, a negligence claim is only available to a plaintiff who has suffered an actual, physical, present injury, and I want to focus on the word, "physical."

And the -- there was some discussion about that last time, and the leading Michigan Supreme Court decision is this *Henry v. Dow Chemical*, 473 Mich. 63, from 2005. And I understand that reasonable people can perhaps disagree about whether that decision creates this physical injury requirement. But what I want to ask you about is the impact of the Sixth Circuit's decision in *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643. At page 653, the Sixth Circuit, in this published, binding decision, is talking about the *Doe* case, and they say, in Michigan, present physical injury is necessary to state a claim for negligence under Michigan law, and then they affirm, I think, the dismissal of a claim where the plaintiff failed to plead a physical injury.

So even if there is -- could have been room for reasonable disagreement about how to read *Henry*, isn't the reading that I'm required to follow locked in by the *Means* decision?

MR. MAXEY: Your Honor, I think it depends on the context of the case. I think the -- not only the federal cases, but the Michigan state court cases as recent as last year, show that it's context specific. *Henry* was, of course, a toxic tort case. There is no dispute here that the physical injury requirement would apply in that context. Three years later, the Michigan Supreme Court, in an accounting case, approved injuries that had nothing to do with physical injury. It was a claim against an accounting firm.

THE COURT: So, look, what I think is important to do here is to distinguish between claims of ordinary negligence and professional negligence. There is absolutely no dispute that under Michigan law, you can have a claim for professional negligence without a claim for physical injury. I don't see those decisions as being particularly relevant here. That seems to be undisputed.

In fact, the Supreme Court, in *Doe*, kind of carved those out and said that in libel and in other contexts, you don't have to have a physical injury.

But the *Means* case was not limited to toxic torts.

It didn't purport to limit how it read *Doe*.  It just said, under Michigan law, to have a negligence claim, you have to have present physical injury.

MR. MAXEY:  I think Your Honor is correct that we should be looking at ordinary negligence.  And in 2014 and again in 2024, last year, the Michigan Court of Appeals in a case called *Stevens v. Warden Insurance Agency*, this one is a 2014 published Court of Appeals case.  They looked at a case in the insurance context.  It was a negligent -- the claim was that the insurance agent had negligently procured insurance.

THE COURT:  I want to just focus on my question for a second.

So when I think about my task here, if I was writing on a clean slate to answer this question, I would try to figure out what the Michigan Supreme Court says, because they're the final arbitrator on questions of Michigan law, and that's the first task.  But if the Sixth Circuit tells me what the Michigan Supreme Court's rule is, that's got to be controlling over whatever the Michigan Court of Appeals may say, right?

MR. MAXEY:  Well, I think the law can change.  I don't know that -- does it have to be the Michigan Supreme Court versus the Court of Appeals?  Just last year, the Court of Appeals, in an ordinary negligence claim case, it cited

Case 2:21-cv-10657-DRDB ECF No. 106, PageID.2108 Filed 03/18/25 Page 12 of 119

both Henry *v. Dow Chemical* and *Doe v. Henry Ford,* and still in an ordinary negligence case, said that these financial damages were sufficient. And that was just last year, in a case called *Abdelmeguid v.* --

THE COURT: Hard to reconcile that with *Henry v. Dow* where the Michigan Supreme Court said we recognize that these plaintiffs have arguably established a financial injury, but that's not enough.

MR. MAXEY: It is not, Your Honor, and there are other context, there are cases here, I can rattle them off for you. There's one where the plaintiffs invested in a hotel room profits, and the defendant allegedly -- again, a tort claim -- took their profits improperly. There's one where investors in a well alleged tort claim that --

THE COURT: So it seems clear that this rule is not generally applicable to all torts, the physical injury. It is -- it is focused on a claim for ordinary negligence.

MR. MAXEY: Well, the *Stevens* and *Abdelmeguid* case, the court was clear, it used the phrase "ordinary negligence." They said these do not sound in malpractice, these sound in ordinary negligence. They used that phrase.

THE COURT: You were referencing cases about taking monies and sounded like those were intentional torts, stealing or misappropriating funds.

MR. MAXEY: Those, Your Honor, I can't say that the

court said ordinary negligence in those, it is sometimes not quite clear. They described those as tort cases.

There is a Sixth Circuit case that's in the Federal Appendix, it's in our papers, and I'm sure Your Honor is aware of it.

THE COURT: It's unpublished, three years before they say in the published decision that it is limited to physical injuries, and the *Stacy* case doesn't even acknowledge the *Henry* case.

MR. MAXEY: Yes, sir. I would say the difference there is the context. Again, that one is much closer to this case. It was not dead on. It was not a data breach, but it was a claim for negligent failure to safeguard information, and that's much closer to where we are here, if we are looking in context.

THE COURT: One of the things that you guys do is cite in your papers to an opinion by Justice Maura Corrigan that you found particularly persuasive. On page 5 of your response, Docket No. 96, pageID.1829, you say, "Since then --" and you are referring to since *Henry* -- "the Michigan Supreme Court has repeatedly characterized its holding in *Henry 1*, as requiring only, 'actual present injury'." You cite an opinion by Justice Corrigan, a footnote in a case called *Dimmitt & Owens*, and you identify her as the author of *Henry 1*.

Do you mean to suggest -- I'm assuming you mean to suggest that her view of *Henry*, as the author, is entitled to some weight. Fair? I mean, why else would you identify her as the author, right?

MR. MAXEY: Your Honor, I'm not sure -- respectfully, Your Honor, I'm not sure that's the way it works. I don't know that we can say --

THE COURT: You're saying it. Why would you guys -- look, I have a feeling you may know where I'm headed with this question. You guys identified her in your papers as the author of *Henry 1*, presumably to tell me that her view of *Henry 1*, as the author, is something I should pay careful attention to. Obviously, she's only one justice, so one justice's view of *Henry 1* is not dispositive, but you identified her for a reason.

And what I wanted to point out is that when *Henry* came back to the Supreme Court in 2009, in -- this case had bounced around in the Michigan courts for years. She wrote another separate opinion. This is 484 Mich. 483, at page 533, and she said, "*Henry 1* created a bright line rule by unambiguously requiring a plaintiff alleging negligence to prove present physical injury."

MR. MAXEY: That's correct, Your Honor.

THE COURT: So if the author's view is entitled to a smidgen more weight, then that's a pretty influential

statement, isn't it?

MR. MAXEY:  Your Honor, I -- I would submit what a judge says in later opinion -- a single justice, I'm sorry, should not carry any more weight than any other justice.

THE COURT:  I don't disagree with that.  I was -- one of the rules I apply in this courtroom is what I call the goose-gander rule.  That if somebody likes an argument in their favor, they ought to be prepared when the same argument is marshaled in opposition to their position.

MR. MAXEY:  Yes, Your Honor.

THE COURT:  All right.  Is there anything else that you want to say on the ordinary negligence claim?

MR. MAXEY:  Your Honor, if you would like citations to the other cases.  I suspect the Court does not require them, but if you would like them, I can read them into the record.  I mentioned a couple tort cases there.

THE COURT:  No, I don't need them.

MR. MAXEY:  Thank you, Your Honor.

THE COURT:  So I'm prepared to rule on the ordinary negligence claim.  And with respect to that claim, I'm going to grant the motion to dismiss on the basis that *Henry v. Dow Chemical*, 473 Mich. 63, lays down the rule that Justice Corrigan described in *Henry 2*, which is a bright line rule that a Michigan plaintiff alleging ordinary negligence must make allegations -- plausible allegations that he or she

suffered a present physical injury, with "physical" being the key here, and there is no allegation here of a present physical injury.

Now, I acknowledge that in *Henry v. Dow Chemical*, itself, there are a number of references to present injury that don't also include present physical injury. But beginning at page 74 of the Michigan Reporter, there is extended discussion that references the importance of physical injury, and I will just read a handful of these statements, because they were persuasive to me.

The court says, "It has simply always been the case in our juris prudence that plaintiffs alleging negligence claims have also shown that their claims arise from present physical injuries. We are not aware of any Michigan cases in which a plaintiff has recovered on a negligence theory without demonstrating some present physical injury."

The court then said, "We therefore reaffirm the principle that a plaintiff must demonstrate a present physical injury to person or property, in addition to economic losses that result from that injury, in order to recover under a negligence theory."

The court then referred several times to, the requirement of a present physical injury to person or property." They talked about, at length, the important purposes that the physical injury requirement serves,

including screening out frivolous or unfounded suits. They talked about the importance of a present physical injury avoiding what they call a compromise of judicial power. They -- the Supreme Court acknowledges that the plaintiff said, arguably stated, a present financial injury, but emphasized that that wasn't enough, in the same paragraph, because they didn't show a present physical injury.

The Supreme Court acknowledged that emotional distress was perhaps at issue and said that's not enough, because there's no physical manifestation of emotional distress in this case, and on and on and on.

This discussion goes up through page 81. So I think that the way I read that case is, seems to me to be reasonably clear.

And then I think Justice Corrigan confirmed the point in what was admittedly a separate opinion in *Dow* 2, 484 Mich. 483.

Then I think that the Sixth Circuit's decision in *Means* is the Sixth Circuit's published and binding view of the rule in Michigan, where quoting *Henry*, they say that in Michigan, present physical injury is necessary to state a claim for negligence, and their decision is based on an application of that rule.

As I indicated before, Judge Dan Polster, in the Northern District of Ohio, reached the same conclusion in a

Case 2:21-cv-10657-DML-DRG ECF No. 106, PageID.2114 Filed 03/18/25 Page 18 of 104
Case 1:13-cv-08083-DRB Document 726-1 Filed 03/18/26 11/25 Page 18 of 179

case called *In re: Nat'l Prescription Opiate Litig.*, 458 F.Supp.3d 665, at 693 and 694, emphasizing that physical injury is a requirement under Michigan ordinary negligence law, and relying on *Means v. Conference of Catholic Bishops*.

There were two cases that plaintiff cited in their papers that I wanted to touch on. Mr. Maxey mentioned one of them, *Stacy v. HRB Tax Group*, an unpublished decision from the Sixth Circuit in 2013 that suggested that physical injury is not a requirement for negligence. I don't find that case to be controlling here for a couple of reasons. It didn't wrestle with *Henry v. Dow* or even acknowledge it, and it's unpublished, and *Means* says the present physical injury in a published decision three years later.

There is also some suggestion in the plaintiff's papers that a Michigan Court of Appeals decision in *Henry v. Dow somehow holds the opposite, that's 319 Mich. App. 704. I respectfully disagree with that reading of the decision. There is a section of that decision, III, labelled present physical injury, and ultimately what the Court concludes there, that the plaintiff's allegations that pleaded a direct contamination to physical property satisfied the present physical injury requirement for property, and the physical injury can be to property, it's not just the person. So that's on page 729 -- excuse me, 725 and 726. So I don't believe that decision is inconsistent.*

*To the extent there are stray Michigan Court of Appeals decisions that are not consistent with the rule that I just talked about, I don't believe that those decisions are an accurate statement of Michigan law. I think Dow*, as decided by the Michigan Supreme Court, is controlling and so that's what I'm going to follow.

All right. The next topic that I wanted to get to is with respect to the remaining Michigan claims, the question, broadly, whether the plaintiffs have alleged a sufficient actual injury. For the rest of the claims, they don't have to be physical, there is a question of whether there is an actual present injury for the rest of the claims. And I'd like it start with Flagstar on this.

Who is going to be arguing.

MS. LAPE: I will, Your Honor.

THE COURT: What I would like to do is start with my questions.

MS. LAPE: Of course.

THE COURT: The plaintiffs allege here that the data was stolen off of the server somewhere and actually posted to the dark web and, you know, exposed to the world.

Why isn't that a present injury? And let me elaborate a little bit. I don't want the answer to be because the Michigan Court of Appeals, in an unpublished decision, says it is not. What I would like more is