# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PG |
| This Document Relates To:<br><br>ALL CASES | |

## PLAINTIFFS' RESPONSE TO BELLWETHER DEFENDANTS' SUBMISSION OF CASES RELEVANT TO ECONOMIC LOSS DOCTRINE AND CERTAIN BELLWETHER PLAINTIFFS' NEGLIGENCE CLAIMS

011175-35/3504930 V7

In response to the Bellwether Defendants' Submission of Cases Relevant to Economic Loss Doctrine and Certain Bellwether Plaintiffs' Negligence Claims [ECF No. 1726], Plaintiffs submit this response to Bellwether Defendants' claim that Plaintiffs' negligence claims under California, Indiana, Iowa, Michigan, and Ohio law are barred.

## I.    PROCEDURAL HISTORY

During the Bellwether Rule 12(b)(6) briefing in 2025, Bellwether Defendants previously argued under the economic loss doctrines of the following jurisdictions: California, Illinois, Indiana, Massachusetts, North Carolina, Ohio, Pennsylvania, and Texas. They cited to some of the same cases on their current list. *Compare* ECF No. 1726 at 1-2 *with* ECF No. 1360 at 7 (Defendant PBI arguing for dismissal of California negligence claims citing *Moore v. Centrelake Med. Grp., Inc.*, 83 Cal. App. 5th 515, 534–37 (Cal. Ct. App. 2022); ECF No. 1367-1 at 21, 32, and 37 (Defendant Progress arguing application of the ELR citing *Moore*, *supra*, *Aspen Am. Ins. Co. v. Blackbaud, Inc.*, 624 F. Supp. 3d 982, 1001–05 (N.D. Ind. 2022); and *Mohsen v. Veridian Credit Union*, 733 F. Supp. 3d 754, 765–67 (N.D. Iowa 2024); ECF No. 1370 at 35 (Defendant Delta Dental arguing for application of the ELR, citing to *Arnett*, *supra*).

The Court declined to address the Bellwether Defendants' economic loss doctrine arguments in its 12(b)(6) Orders and said it would permit Defendants to brief the issue anew at a later stage when there was a more developed factual record. *See* MDL Order No. 22 [ECF No. 1516] at 25; MDL Order No. 23 [ECF No. 1517] at 21-22. Discovery of the Bellwether Defendants is still at its early stages, with still unresolved disputes over matters as basic as the relevant time period. ECF Nos. 1725 & 1733. The Bellwether Defendants have not explained

why now the Court should revisit its ruling, nor provide a basis for a motion for reconsideration. The Court's decision to wait until the factual record develops should still control.[1]

## II.    ANALYSIS

### 1.    California.

California's economic loss doctrine provides that "[i]n general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage." *Sheen v. Wells Fargo Bank, N.A.*, 505 P.3d 625, 632 (Cal. 2022). The California Supreme Court has explained that the economic loss doctrine has been applied "when courts are concerned about imposing 'liability in an indeterminate amount for an indeterminate time to an indeterminate class'" and further "functions to bar claims in negligence for pure economic losses in deference to a contract between litigating parties." *Id.* However, not all tort claims for monetary losses between contractual parties are subject to the economic loss doctrine—such claims are only "barred when they arise from—*or are not independent of*—the parties' underlying contracts." *Id.* at 633 (emphasis added).[2]

California courts routinely hold that allegations of injuries in the form of lost time and money incurred to mitigate the risk of harm stemming from a data breach are non-economic injuries and therefore do not implicate the economic loss doctrine. Plaintiffs make those same allegations here: [3]

---

[1] Bellwether Defendants wrongly assert that MDL Order No. 19 foreclosed the types of damages Plaintiffs may seek. ECF No. 1726 at n.3. Bellwether Defendants are wrong. MDL Order No. 19 merely confirmed certain injuries were sufficient to support *standing* for Plaintiffs to pursue claims for damages.

[2] Underpinning the logic in *Moore* and *Terpin* was that the plaintiff alleged that they were in direct privity of contract with the defendant.

[3] Notably, all of these cases post-date the *Moore* decision submitted by Bellwether Defendants. An issue the plaintiffs in *Episource* failed to address. *See In re Episource LLC Data*

- *Vishal Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033, 1046 (N.D. Cal. 2025) ("While Defendant argues that the economic loss rule bars Plaintiffs' negligence claims because Plaintiffs' injuries are purely economic in nature, Plaintiffs also plead non-economic harms., for instance, allege that their injuries include the lost time and money incurred to mitigate the effect of the use of their information. Court[s] have found that lost time is not an economic loss.") (cleaned up).

- *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1020 (N.D. Cal. 2024) (Meta failed to show that the plaintiffs' alleged injuries were "solely economic" where they alleged injuries, "including the loss of time and resources.").

- *In re Accellion, Inc. Data Breach Litig.*, 713 F. Supp. 3d 623, 638 (N.D. Cal. 2024), *reconsideration denied*, No. 21-CV-01155-EJD, 2024 WL 4592367 (N.D. Cal. Oct. 28, 2024) ("Turning next to Accellion's argument as to the economic loss rule, the Court also finds that the injuries alleged in the Complaint constitutes non-economic injuries that do not implicate the economic loss rule. For instance, 'time spent responding to a data breach is a non-economic injury, that when alleged to support a negligence claim, defeats an economic loss doctrine argument.'").[4]

- *Gerber v. Twitter, Inc.*, No. 4:23-CV-00186-KAW, 2024 WL 1354449, at *6 (N.D. Cal. Mar. 29, 2024) ("[I]t is unclear to the Court what economic losses Plaintiffs have suffered, if any. Defendant cites to *Moore* in support of their argument that the economic loss rule bars Plaintiffs' negligence claims. There, the California Court of Appeal found that the economic loss rule barred the appellants' negligence claim because their complaint's allegations 'implicitly referr[ed] to their time's financial value' rather than being 'accompanied by any personal injury or property damage.' In sum, the *Moore* plaintiffs failed to allege their loss of time as a personal injury, which would have presumably allowed their negligence claim to survive the pleadings stage. Here, unlike *Moore*, Plaintiffs do allege non-economic injuries in spending 'time monitoring [their] various accounts in an effort to detect and prevent any misuses of [their] PII.'") (citations omitted).

- *Alexander v. Wells Fargo Bank, N.A.*, No. 23-CV-617-DMS-BLM, 2023 WL 8358550, at *3 (S.D. Cal. Dec. 1, 2023) ("[T]ime spent responding to a data breach is a non-economic injury, that when alleged to support a negligence claim, defeats an economic loss doctrine argument. The Court finds Plaintiff has sufficiently pled a loss of time injury thereby barring application of the economic loss doctrine.") (cleaned up).

---

*Breach Litig.*, No. 2:25-CV-05330-SB-MBK, 2026 WL 638864, at *15 (C.D. Cal. Jan. 20, 2026) (noting that "plaintiffs' cited cases all predate *Moore*").

[4] California also carves out an exception to the economic loss rule where a "special relationship" exists between the parties. *See Accellion*, 713 F. Supp. 3d at 638 (citing *J'Aire Corp. v. Gregory*, 598 P.2d 60 (Cal. 1979)).

011175-35/3504930 V7

2. **Indiana.**

Under Indiana's economic loss doctrine, "a defendant is not liable in tort for purely economic loss caused by its negligence." *Residences at Ivy Quad Unit Owners Ass'n, Inc. v. Ivy Quad Dev., LLC*, 179 N.E.3d 977, 983 (Ind. 2022) (cleaned up). "[T]he longstanding rule under Indiana law is that a defendant is not liable in tort when a plaintiff alleges only purely economic loss, which is financial harm arising from the failure of the product or service to perform as expected." *Id.* (cleaned up). "[W]hen determining whether [Indiana's] economic loss doctrine precludes tort recovery, two considerations guide [a court's] review: the type of damages sought and the contractual relationship between the parties." *Id.* at 983. As such, Indiana's economic loss doctrine does not apply where "there is no contractual relationship between the parties and, thus, no network or chain of contracts *where the parties allocated risks*." *BMI Props., LLC v. Daewoong, LLC*, 224 N.E.3d 1000, 1006–07 (Ind. Ct. App. 2023) (emphasis added).[5] Importantly, "the economic loss doctrine's preclusive effect must yield if the plaintiff has set forth any set of circumstances under which it would be entitled to relief—a relatively low bar." *Residences*, 179 N.E.3d at 983.

Indiana courts decline to apply the economic loss doctrine in data breach cases where plaintiffs plead the breach of a duty that arises independent of contract between the parties and/or where plaintiffs allege non-economic injuries such as lost time, emotional distress, and/or worry:

- *Webster v. Bradford-Scott Data, LLC*, No. 1:24-CV-00117-HAB-SLC, 2025 WL 560917, at *8-9 (N.D. Ind. Feb. 20, 2025) (rejecting application of economic loss doctrine finding independent duty of defendant to protect PII and PHI and

---

[5] Defendants cite *Aspen Am. Ins. Co. v. Blackbaud, Inc.*, 624 F. Supp. 3d 982 (N.D. Ind. 2022) for the proposition that Indiana's economic loss doctrine forecloses Plaintiffs claims, but there the parties' relationship was governed by contract—a master services agreement, and a business associate agreement).

sufficient allegations of noneconomic injury such as lost time, anxiety, and emotional distress).

- *Johnson v. Nice Pak Prods., Inc.*, 736 F. Supp. 3d 639, 648 (S.D. Ind. 2024) (declining to apply the economic loss doctrine where "the parties' relationship is not one of business-to-business or consumer-to-business, but employer-to-employee…[and] at least some of the harms experienced by the Plaintiffs are not solely economic, such as lost time and worry.").

- *Williams v. Thor Motor Coach, Inc.*, No. 3:24-CV-364-JTM-JEM, 2024 WL 4524292, at *3 (N.D. Ind. Oct. 17, 2024) ("[T]he Supreme Court of Indiana held that, for the purposes of the economic loss doctrine, property acquired separately from the defective good or service is 'other property,' whether or not it is, or is intended to be, incorporated into the same physical object.").

- *McLaughlin v. Taylor Univ.*, No. 1:23-CV-00527-HAB-SLC, 2024 WL 4274848, at *6 (N.D. Ind. Sept. 23, 2024) (declining to dismiss negligence claim under the economic loss doctrine because "plaintiffs … set forth a set of circumstances under which tort law would be the appropriate remedy[,]" i.e., defendant owed an independent duty to safeguard PII and plaintiffs alleged non-economic injuries, including lost time and emotional distress).

### 3. Iowa.

Plaintiff John Meeks is the only Plaintiff that is an Iowa resident, he is a Delta Dental Bellwether Plaintiff asserting claims against Delta Dental and Progress. *See* ECF No. 1543 at p.1, ¶¶ 504-505. Applying choice of law rules, the Court ruled, however, California law, not Iowa law applies to his claims. *See* MDL Order No. 22 at 20 (noting that "the Court will apply California law" to Mr. Meek's claims against Progress); MDL Order No. 23 at 15 (applying California law to Mr. Meek's claims against Delta Dental). Subsequent discovery shows the breach occurred in California. Further the economic loss doctrine would not apply even if Iowa law did.

- *Harris v. Mercy Health Network, Inc.*, No. 4:23-CV-00195-SHL-SBJ, 2024 WL 5055556, at *18 (S.D. Iowa June 26, 2024) (permitting claims for damages in the form of diminution in value of his personal information, loss of privacy, and loss of time to proceed past the motion to dismiss stage in data breach case, "[e]ven though the economic loss doctrine applies," as these are "non-economic forms of injury that are nonetheless recoverable") (citing *Annett Holdings, Inc. v. Kum & Go, L.C.*, 801 N.W.2d 499 (Iowa 2011)).

011175-35/3504930 V7

### 4.    Michigan.

Defendants' cases are inapt; they do not turn on the economic loss doctrine, but rather hold that a tort needs a physical injury. ECF No. 1726 at 2. Michigan's economic loss doctrine provides that "where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only economic losses." *Neibarger v. Universal Coops., Inc.*, 486 N.W.2d 612, 615 (Mich. 1992) (cleaned up); *Quest Diagnostics, Inc. v. MCI WorldCom, Inc.*, 656 N.W.2d 858, 861 (Mich. Ct. App. 2002) ("The doctrine's basic premise is that economic losses that relate to commercial transactions are not recoverable in tort."). The doctrine has two central tenants. First, "the doctrine is premised on the idea that barring tort claims arising from a *commercial transaction* is appropriate where the risks giving rise to those claims were anticipatable and *subject to the contractual bargaining process*." *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 581–82 (6th Cir. 2016) (emphasis added). Second, "tort claims are barred under the doctrine only where the duty alleged to have been violated by the defendant is implicated by the relevant contract." *Id.* at 582. Michigan's economic loss doctrine does not apply where "the legal duty alleged violated by a defendant arises separately and distinctly from a defendant's contractual obligations." *Id.* (citation omitted). *See also id.* (under Michigan law, economic loss rule did not bar tort claims where duty arose from source other than contract between parties: "tort claims are barred under the doctrine only where the duty alleged to have been violated by the defendant is implicated by the relevant contract").

- *Rinaldo's Constr. Corp. v. Michigan Bell Tel. Co.*, 559 N.W.2d 647, 658 (Mich. 1997) (action alleging negligence in installing and maintaining telephone service: "the threshold inquiry is whether the plaintiff alleges violation of a legal duty separate and distinct from the contractual obligation.").

011175-35/3504930 V7

- *Quest Diagnostics, Inc. v. MCI WorldCom, Inc.*, 656 N.W.2d 858, 864 (Mich. Ct. App. 2002) ("[A] negligence claim may advance solely on a claim of economic loss…Given that this case involves only negligence claims and there is no underlying contract governing the parties' economic expectations, the economic loss doctrine does not apply.").

- *Kingen v. Warner Norcross + Judd LLP*, No. 1:22-CV-01126, 2023 WL 11965363, at *5 (W.D. Mich. Oct. 5, 2023) (applying *Henry v. Dow Chem. Co.*, 701 N.W.2d 684 (Mich. 2005), to deny motion to dismiss negligence claim in data breach case).

- *Fremont Reorganizing Corp. v. Duke*, 811 F. Supp. 2d 1323, 1344 (E.D. Mich. 2011) ("[T]he Court need not address the dubious argument premised on *Henry v. The Dow Chem. Co.*, 473 Mich. 63, 701 N.W.2d 684 (2005), that an injury must be physical in nature to support a negligence claim. (*Henry* merely held that the injury required to support a claim of negligence must not be 'derivative of a *possible, future* injury rather than an *actual, present* injury.' *Id.* at 78, 701 N.W.2d at 691.).") (emphasis in original).

### 5.    Ohio.

Ohio's economic loss doctrine "generally prevents recovery in tort of damages for purely economic loss." *Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc.*, 835 N.E.2d 701, 704 (Ohio 2005). "This rule stems from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests, and contract law, which holds that parties to a commercial transaction should remain free to govern their own affairs." *Id.* (internal citations and quotations omitted). Ohio's economic loss doctrine serves only to bar negligence claims "premised entirely upon the terms of a contract." *Id.* at 705. At the outset of an economic loss doctrine analysis, a court must therefore identify "the source of the duty that forms the basis of the action." *Allen v. Wenco Mgmt., LLC*, 696 F. Supp. 3d 432, 439 (N.D. Ohio 2023) (internal citation omitted). If tort law provides the source of the alleged duty, "a party may recover in tort," regardless of whether the party has suffered purely economic loss; if, however, the alleged duty is "purely a creature of contract," the economic-loss doctrine applies and "a party may recover based [only] upon breach of contract." *Corporex*, 835 N.E.2d at 705.

011175-35/3504930 V7

Ohio courts decline to apply the economic loss doctrine in data breach cases where the plaintiff alleges an independent legal duty to safeguard PII and/or PHI.

- *Allen,* 696 F. Supp. 3d at 439 (declining to dismiss under economic loss doctrine where, the defendant's "alleged duty to better safeguard [Plaintiff's] PII arose in tort, not in contract").

- *In re Bon Secours Mercy Health Data Breach Litig.*, No. 1:24-CV-594, 2025 WL 1827804, at *10 (S.D. Ohio July 2, 2025) ("Plaintiffs plausibly alleged a common-law duty of reasonable care to protect their PII from misuse. In other words, because Plaintiffs rely at least in part on a duty that arises under common law (as opposed to a contract), the economic loss rule does not bar Plaintiffs' negligence claim.") (citing *Allen v. Wenco Mgmt., LLC*, 696 F. Supp. 3d 432, 439 (N.D. Ohio 2023)).

- *Tate v. EyeMed Vision Care, LLC*, No. 1:21-CV-36, 2023 WL 6383467, at *7 (S.D. Ohio Sept. 29, 2023) (rejecting application of the economic loss doctrine noting "Plaintiffs alleged that EyeMed owed a common law duty of reasonable care to protect their PII from misappropriation.").

### 6. Scholarship.

Defendants cite to "scholarship." ECF No. 1725 at 2-3. It is comprised of one article written by a retired attorney now working as an adjunct professor who "[d]uring his long career as a practicing trial lawyer, … defended numerous clients targeted by litigation and government investigations stemming from major privacy and cybersecurity incidents."  *See* Douglas Meal, Boston College Faculty Directory, *available at* https://www.bc.edu/bc-web/schools/law/academics-faculty/faculty-directory/douglas-meal.html (last visited March 25, 2026). Other scholarship, from academics with less of a defense bent, lays out in more detail the contours of the economic loss doctrine, including a justification for limiting the reach of the economic loss doctrine to properly allocate risks and encourage better cyber hygiene.  *See, e.g.,* David W. Opderbeck, *Cybersecurity, Data Breaches, and the Economic Loss Doctrine in the Payment Card Industry*, 75 Md. L. Rev. 935, 982 (2016) (explaining why the economic loss doctrine should not bar negligence claims because "[a]llowing negligence claims for data

011175-35/3504930 V7

breaches, where a business or individual has suffered an ascertainable pecuniary loss, would open the possibility of many kinds of claims that are not currently optimally socially adjusted for by contract. . . . In the process, it would facilitate more open and public scrutiny of industry security practices and would provide the impetus for more robust and predictable cyber insurance underwriting standards."). *See also* Nicolas N. LaBranche (note), *The Economic Loss Doctrine & Data Breach Litigation: Applying the "Venerable Chestnut of Tort Law" in the Age of the Internet*, 62 Bos. Coll. L. Rev. 1665, 1709-13 (2021) (explaining the origin and inconsistent application of the economic loss doctrine and arguing that the economic loss doctrine is a poor fit to data breach litigation, inter alia, "plaintiffs whose PII was exposed should be presumed to have a special relationship with the defendant who collected or processed their data, resulting in an exception to the ELD bar.").

Dated: March 25, 2026

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Kristen A. Johnson*
    Kristen A. Johnson (BBO# 667261)
1 Faneuil Hall Square, 5th Floor
Boston, MA 02109
Tel:  (617) 482-3700
Fax: (617) 482-3003
kristenj@hbsslaw.com

*Plaintiffs' Liaison & Coordinating Counsel*

By: */s/E. Michelle Drake*
    E. Michelle Drake
BERGER MONTAGUE, PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel:  (612) 594-5933
Fax: (612) 584-4470
emdrake@bm.net

011175-35/3504930 V7

By:  */s/ Gary F. Lynch*
     Gary F. Lynch
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel:  (412) 322-9243
Fax: (412) 231-0246
Gary@lcllp.com

By:  */s/ Douglas J. McNamara*
     Douglas J. McNamara
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Tel:  (202) 408-4600
dmcnamara@cohenmilstein.com

By:  */s/Karen H. Riebel*
     Karen H. Riebel
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Tel:  (612) 339-6900
Fax: (612) 612-339-0981
khriebel@locklaw.com

By:  */s/ Charles E. Schaffer*
     Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel:  (215) 592-1500
Fax: (215) 592-4663
cshaffer@lfsblaw.com

*Plaintiffs' Lead Counsel*

-10-

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, the foregoing document was filed electronically via the

Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: March 25, 2026                                  */s/ Kristen A. Johnson*
                                                        Kristen A. Johnson (BBO# 667261)

-11-

011175-35/3504930 V7