UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: MOVEIT CUSTOMER DATA
SECURITY BREACH LITIGATION

This Document Relates To:

ALL CASES

MDL No. 1:23-md-03083-ADB-PGL

**MDL Order No. 33**
**(Regarding Parties' Joint Response to MDL Order No. 32)**

BURROUGHS, D.J.

MDL Order No. 32 dismissed cases filed before August 15, 2023, and instructed the

parties to submit a list of all such dismissed cases.  [ECF No. 1690 ("Order No. 32")].  The

parties have provided a list of cases, highlighted in either green or yellow.  [ECF No. 1692-1].

The parties agree that the green-highlighted cases are dismissed consistent with Order No. 32.

[ECF No. 1692].  The yellow highlighting identifies cases in which an initial complaint was filed

before August 15, 2023, and then an operative amended complaint was filed on or after that date.

[Id.].  Defendants' position is that these fifteen "yellow" cases, among them individual cases

brought by bellwether plaintiffs, were all dismissed by Order No. 32.  [Id.].  Plaintiffs' position

is that the "yellow" cases were not dismissed.  [Id.].

Defendants argue as an initial matter that Order No. 32 does not specify a "carve-out" for

amended (or bellwether) complaints or otherwise "limit dismissal only to cases with complaints

that have not been amended," and that Order No. 32 therefore dismissed the "yellow" cases.

[ECF No. 1692-1 at 3–5]; [ECF No. 1736 ("Defs.' Suppl. Resp.") at 2].  The Court declines,

however, to dismiss those fifteen cases wholesale pursuant to an order that does not address them.  Order No. 32 dismissed cases for lack of Article III standing based on timing, holding that complaints filed before August 15, 2023, could not allege the increased risk of future harm necessary to establish Article III standing.  [Order No. 32 at 3–4 & n.4].  This was because, in light of the Court's finding that allegations of actual misuse made before that date are not fairly traceable to the MOVEit breach, those complaints were, fatally, filed before any traceable actual misuse plausibly could have occurred.  [Id. at 3–4 ("[A] plaintiff cannot allege that they 'were at an increased risk of future harm before any traceable actual misuse plausibly could have occurred.'" (quoting ECF No. 1304 ("Order No. 19") at 28–29)]; see also [Order No. 19 at 28 ("The Court agrees that allegations of actual misuse that predate the disclosure of the stolen information fail to satisfy the traceability requirement for standing.")].  That reasoning, by its own terms, does not pertain to complaints filed on or after August 15, 2023.  In other words, Order No. 32 does not address, much less dismiss, the "yellow" cases.

Defendants also represent that the amended pleadings largely repeat or restate facts in the original pleadings, and argue that dismissal is warranted at this juncture because Order No. 32 has found those same facts to be inadequate for standing purposes.  See [Defs.' Suppl. Resp. at 2–5 ("A review of the actual underlying complaints illustrates that . . . Plaintiffs largely added new parties without alleging substantially different damages theories. . . . [T]hese cases should therefore be dismissed in accordance with [Order No. 19 and Order No. 32, which] found the original allegations insufficient.")].  The Court is unpersuaded.

First, regardless of any resemblance to the original pleadings, the question of whether the amended pleadings are adequate for standing purposes requires the typical individualized

2

determination, supported by proper 12(b)(1) briefing from the parties.[1]  See Fothergill v. United

States, 566 F.3d 248, 251 (1st Cir. 2009) (citing Muniz-Rivera v. United States, 326 F.3d 8, 11

(1st Cir. 2003)) (explaining that, to determine whether it has subject matter jurisdiction, the court

takes as true all well-pleaded facts and scrutinizes them in the light most hospitable to the

plaintiffs' theory of liability, drawing all reasonable inferences in the plaintiffs' favor); see also

Pagan v. Calderon, 448 F.3d 16, 26 (1st Cir. 2006) ("The standing inquiry is both plaintiff-

specific and claim-specific.").

Second, because Defendants rely heavily on "the familiar rule that jurisdiction is

determined by the facts existing at the time of filing an original complaint," U.S. ex rel. Gadbois

v. PharMerica Corp., 809 F.3d 1, 5 (1st Cir. 2015); see [Defs.' Suppl. Resp. at 2–5], the Court

notes that the First Circuit has established that Federal Rule of Civil Procedure 15(d) "is

available to cure most kinds of defects in subject matter jurisdiction," including standing

defects.[2]  Gadbois, 809 F.3d at 3–6; Fed. R. Civ. P. 15(d); see also 6A Wright & Miller's Federal

Practice & Procedure § 1505 (3d ed.) (explaining that "[p]rior to 1963, several federal courts

held that a supplemental complaint could not be used to cure a complaint that failed to state a

---

[1] Order No. 32's dismissal of the "green" cases was informed by Defendants' argument in the memorandum supporting Defendants' 12(b)(1) motion to dismiss, [ECF No. 1114-1], that complaints filed before August 15, 2023, could not allege actual misuse fairly traceable to the MOVEit breach, see [id. at 44, 46–49], as well as subsequent briefing by both parties, see [ECF No. 1194 (Pls.' Opp.) at 50–52]; [ECF No. 1233 (Defs.' Reply) at 21–22].  See [Order No. 32]. The instant issue as related to the amended pleadings in the "yellow" cases filed on or after August 15, 2023, in contrast, has not been properly briefed.
[2] Both "'[p]arties and courts occasionally confuse supplemental pleadings with amended pleadings and mislabeling is common,' but '[t]hese misnomers are not of any significance [and] do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15.'"  Hunter v. McCoy, No. 25-cv-30143, 2025 WL 3527110, at *2 (D. Mass. Dec. 9, 2025) (quoting Chardón-Dubos v. Biden, No. 23-cv-01138, 2024 WL 4373386, at *4 (D.P.R. Sep. 1, 2024)).

claim for relief," and that against that context, Rule 15(d) was amended in 1963 to give "federal court[s] . . . discretion to allow a supplemental pleading 'even though the original pleading is defective in stating a claim or defense'" (quoting Fed. R. Civ. P. 15(d))).  The standing inquiry "ordinarily depends on the facts as they exist when the complaint is filed," Lujan v. Defs. of Wildlife, 504 U.S. 555, 569 n.4 (1992) (emphasis omitted) (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989)), but will, at times, move past that starting point, see, e.g., Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. U.S. Dep't of Health & Hum. Servs., 557 F. Supp. 3d 224, 235–36 (D. Mass. 2021) ("The Supreme Court analyses the standing inquiry based on the time 'when the complaint [was] filed.'  However, in assessing a claim of imminent harm, it defies common sense not to consider the time after the complaint is filed in order to assess how imminent the risk of harm really was." (first citing Lujan, 504 U.S. at 569 n.4; and then citing Nat'l Fair Hous. All. v. Carson, 330 F. Supp. 3d 14, 46 (D.D.C. 2018))).[3]

---

[3] In an attempt to distinguish Gadbois, 809 F.3d 1, from the instant issue, Defendants emphasize that the Gadbois court described Rule 15(d) as an "appropriate mechanism for pleading newly arising facts necessary to demonstrate standing."  [Defs.' Suppl. Resp. at 4–5 (emphasis in original) (quoting Gadbois, 809 F.3d at 5) (objecting to Plaintiffs' reliance on Gadbois on the grounds that Plaintiffs' supplemental response to Order No. 32, [ECF No. 1725], "does not claim that [the] amended complaints add any new facts related to jurisdiction" (emphasis added))].  In Gadbois, the First Circuit held as a matter of first impression that supplemental pleadings can generally cure defects in subject matter jurisdiction.  Gadbois, 809 F.3d at 3.  In explanation, the First Circuit offered "a few illustrations . . . to make the point" that its "sister circuits [had] not hesitated" to issue holdings along similar lines, consistent with the Supreme Court's "signal[ing] its approval" of this more liberal application of Rule 15(d) in Mathews v. Diaz, 426 U.S. 67, 75 & n.8 (1976).  Gadbois, 809 F.3d at 5.  Among these "illustrations" was the Ninth Circuit opinion quoted by Defendants, which "viewed [Rule 15(d)] as an appropriate mechanism for pleading newly arising facts necessary to demonstrate standing."  Id. (citing Northstar Fin. Advisors, Inc. v. Schwab Invs., 779 F.3d 1036, 1044–45 (9th Cir. 2015)).  Additionally, in that same paragraph, the Gadbois court made note of opinions from the Fourth and Eighth Circuits holding that a supplemental pleading can also show "the expiration of a jurisdictional waiting period . . . in order to salvage an otherwise premature complaint."  Id. (first citing Feldman v.

4

Accordingly, and for present purposes, the "yellow" cases identified by the parties in

[ECF No. 1692-1] remain consolidated in the MDL.

**SO ORDERED.**

April 22, 2026                                           */s/ Allison D. Burroughs*
                                                         ALLISON D. BURROUGHS
                                                         U.S. DISTRICT JUDGE

---

Law Enf't Assocs. Corp., 752 F.3d 339, 345, 347–48 (4th Cir. 2014); and then citing Wilson v.
Westinghouse Elec. Corp., 838 F.2d 286, 290 (8th Cir. 1988)); see also 6A Wright & Miller's
Federal Practice & Procedure § 1505 (3d ed.) (stating that the court's "authority [to allow a
supplemental pleading] has been exercised in varying circumstances," including "alleging that
sufficient time has elapsed to cure a premature filing" (citing, inter alia, Sec. Ins. Co. of New
Haven v. U.S. ex rel. Haydis, 338 F.2d 444 (9th Cir. 1964))).  In short, Rule 15(d) is not, as
Defendants suggest, strictly confined to situations involving "newly arising facts."  Here, where
the relevant standing defect was based solely on the date of filing, it is unsurprising—rather than
per se problematic—that supplemental pleadings curing that defect would repeat similar facts,
and would not "alleg[e] substantially different damages theories," [Defs.' Suppl. Resp. at 5].  See
United States v. Russell, 241 F.2d 879, 882 (1st Cir. 1957) (explaining that supplemental
pleadings serve as an "addition to, or continuation of, the original complaint[s] . . . [and are]
designed to obtain relief along the same lines . . . set out in the original complaint[s]").  Should
Defendants wish to exercise their right to challenge the Court's jurisdiction over any of the
"yellow" cases pursuant to Rule 12(b)(1), that challenge should analyze the relevant pleadings on
an individualized basis, as discussed supra, and hew to the controlling approach to Rule 15(d).