**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-03083-ADB-PGL |

**THE VCE AND VCEC BELLWETHER DEFENDANTS'**
**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY**

Plaintiffs' motion for leave to file a reply (ECF 1801) should be denied because it contravenes the coordinated briefing schedule and only serves to give Plaintiffs the last word on disputes that were well known to the parties when briefing commenced. In previous discovery disputes, the Court has admonished the parties: "Typically we don't entertain reply briefs on discovery matters in this district. So unless there's a really good reason for something unanticipated, I'm inclined to hear from each side and then have a Zoom conference on it." March 9, 2026 Hr. Tr. at 14:9–12. Consistent with that, and with the Court's Local Rules¸ *see* L.R. 7.1(b)(3), the Court permitted one brief each to the parties to this dispute. *See* April 9, 2026 Hr. Tr. at 32:18–33:12, 37:11–12.

Nothing in the VCE/VCECs' brief was unanticipated. *See* ECF 1787. Plaintiffs' motion does not attempt to argue otherwise. For good reason. For example, that the VCEs would cite documents showing how data was transferred to their vendors (which are responsive to RFP B) naturally follows from Plaintiffs' assertion that the VCEs have produced no such documents. *See* ECF 1775 at 12–13. Plaintiffs' reply simply disputes the nature and import of documents *in their possession* (without the benefit of deposition discovery from any VCEs or VCECs to explain what those documents show). *See* ECF 1801-1 at 2–4. But that fight about how to interpret documents

1

only underscores the VCEs' point (and in no way merits a reply): Plaintiffs already are in possession of documents responsive to RFP B.[1]

Likewise, Plaintiffs' theory of liability is at the heart of this dispute, and the VCE/VCECs' position was previewed for Plaintiffs in their prior briefing on this same issue. *See* ECF 1733 at 9–12. The remainder of Plaintiffs' reply also re-argues familiar points: (1) they repeat discussions of burden and proportionality from their opening brief, *see id.* at 20 (noting the VCEs' hit counts for Plaintiffs' proposed terms); (2) they re-argue caselaw on data valuation already cited in their opening brief (while shifting their argument to invoke the PBI VCEs, even though they only moved as to certain Welltok VCEs), *see id.* at 21 (citing and attaching a ruling in *AMCA*); and (3) they squabble over the alleged inadequacy of Milliman's and MLIC's discovery responses, *see id.* at 21–23—none of which justify a reply.[2]

For the foregoing reasons, the VCE/VCECs respectfully request that the Court deny Plaintiffs' Motion for Leave to File a Reply (ECF 1801) in its entirety and strike the reply on file (ECF 1801-1) or, in the alternative, order that Plaintiffs withdraw the reply.

---

[1] Plaintiffs also continue to confuse the scope of RFP B. The reply quotes RFP B as originally written, ostensibly treating that as the operative language. *See* ECF 1801-1 at 2–3. But Exhibit A to Plaintiffs' opening brief invokes their proposed revision (ECF 1775-1 at 1: changing "including the transfer…" to "related to the transfer…"), which Plaintiffs agreed controls when they acknowledged there is no dispute as to TIAA (ECF 1775-2 at 2). The Court should not permit Plaintiffs to continuously shift positions on the scope of the at-issue requests, especially without permitting the VCE/VCECs any opportunity to respond.

[2] While pressing this motion, Plaintiffs once again failed to comply with Local Rule 37.1 by misrepresenting the scope of the reply in their pre-filing correspondence with the VCE/VCECs. They characterized their proposed reply as being largely relegated to addressing two Genworth documents. *See* **Ex. A** at 2. While the VCE/VCECs opposed the request for the reasons above, they proposed to provide the Court copies of the at-issue documents without argument so the Court could assess for itself the import of those two documents. *Id.* at 1. Plaintiffs refused this compromise proposal and further ignored the VCE/VCECs' request that Plaintiffs file their motion without attaching the reply brief (and instead await a ruling). *Id.* Plaintiffs then filed the instant motion and proposed reply, which contains five arguments in total—four of which do not involve the Genworth documents, and were never flagged by Plaintiffs prior to filing.

Dated: April 28, 2026

Respectfully submitted,

By: */s/  Marc R. Shapiro*
**Orrick Herrington & Sutcliffe LLP**
Marc R. Shapiro (*pro hac vice*)
51 West 52nd Street
New York, NY 10019
(212) 506-3546
mrshapiro@orrick.com

Aravind Swaminathan (*pro hac vice*)
401 Union Street, Suite 3300
Seattle, WA 98101
(206) 839-4340
aswaminathan@orrick.com

*Counsel for Defendant Teachers Insurance and Annuity Association of America*

By: */s/  Jack W. Pirozzolo*
**Sidley Austin LLP**
Jack W. Pirozzolo (BBO # 564879)
60 State Street, 36th Floor
Boston, MA 02109
(617) 223-0304
jpirozzolo@sidley.com

*Counsel for Defendants Genworth Life Insurance Co., Genworth Financial, Inc., and Genworth Life and Annuity Insurance Co.*

By: */s/  Kyle T. Cutts*
**BakerHostetler LPP**
Kyle T. Cutts (*pro hac vice*)
127 Public Square, Suite 2000
Cleveland, Ohio 44114
(216) 861-7576
kcutts@bakerlaw.com

*Counsel for Defendants OSF Healthcare System, CHI Health - NE, and Virginia Mason Franciscan Health*

By: */s/  Michael J. Dailey*
**Gordon Rees Scully Mansukhani LLP**
Craig J. Mariam (*pro hac vice*)

3

Michael J. Dailey (*pro hac vice*)
Lara S. Garner (*pro hac vice*)
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
(213) 576-5000
cmariam@grsm.com
mdailey@grsm.com
lsgarner@grsm.com

*Counsel for Defendants Milliman Solutions, LLC, Milliman, Inc. d/b/a Milliman Intelliscript, and MEMBERS Life Insurance Company*

By: */s/  Christopher G. Dean*
**McDonald Hopkins LLC**
Christopher G. Dean (*pro hac vice*)
Jeffrey S. Haut (*pro hac vice*)
Luke A. Davis (*pro hac vice*)
600 Superior Avenue, E., Suite 2100
Cleveland, Ohio 44114
(216) 348-5400
cdean@mcdonaldhopkins.com
jhaut@mcdonaldhopkins.com
ldavis@mcdonaldhopkins.com

*Counsel for Defendant Sutter Health*

By: */s/  Michael G. Latiff*
**McDonald Hopkins PLC**
Michael G. Latiff (admitted *pro hac vice*)
Timothy J. Lowe (admitted *pro hac vice*)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
(248) 646-5070
mlatiff@mcdonaldhopkins.com
tlowe@mcdonaldhopkins.com

**McDonald Hopkins LLC**
Jennifer W. Torrez (admitted *pro hac vice*)
300 N. LaSalle Street, Suite 1400
Chicago, Illinois 60654
(312) 280-0111
jtorrez@mcdonaldhopkins.com

*Counsel for Defendant Corewell Health East*

4

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, the foregoing document was filed electronically via the

Court's CM/ECF System, which will send notice of the filing to all counsel of record.

Dated: April 28, 2026                     _/s/ Marc R. Shapiro_
                                          Marc R. Shapiro