**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-03083-ADB-PGL |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW
REPRESENTATIVE PLAINTIFFS ROBERT PLOTKE, HANNAH POLIKOWSKY,
JOHN MEEKS, DENISE MEYER, LYNDA HALE, MARK YOUNG,
<u>CAMILE BURGAN, EUGENE BURGAN, AND KEITH BAILEY</u>**

011175-35/3579905 V1

Pursuant to Fed. R. Civ. P. 21, and 41(a)(2), Class Counsel seeks to withdraw plaintiffs Robert Plotke, Hannah Polikowsky, John Meeks, Denise Meyer, Lynda Hale, Mark Young[1], Camile Burgan, Eugene Burgan, and Keith Bailey (collectively, "Withdrawing Plaintiffs") from this litigation as proposed class representatives without prejudice as to their rights as absent class members. As explained herein, the Withdrawing Plaintiffs have good cause to be discharged from their representative plaintiff duties and allowing for the dismissal of these nine representative plaintiffs will not affect the ability of the remaining 38 named plaintiffs[2] to adequately represent the interests of the proposed classes.

## I.    BACKGROUND

In January 2025, Class Counsel filed Plaintiffs' Corrected Bellwether Consolidated Class Action Complaint (ECF No. 1297), naming forty-eight (48) Bellwether Plaintiffs. All of the Bellwether Plaintiffs thereafter provided relevant information and documents so that Class Counsel could respond to defendants' discovery demands over the following year, including

---

[1] Plaintiffs' Corrected Bellwether Consolidated Class Action Complaint (the "Complaint," ECF No. 1332) named as representative plaintiffs minors M.P. and M.Y. who brought suit by and through their mother and legal guardian, Aldreamer Smith. *Id*. ¶¶ 186-202. Plaintiff M.P. is currently 14 years old and Ms. Smith, as his legal guardian, will continue to represent his interests in this litigation. However, plaintiff M.Y. (Mark Young) turned 18 in April 2026 meaning that his mother, Ms. Smith, can no longer represent him as a minor. As an adult, Mr. Young has stated that he does not want to assume the responsibilities of serving as a class representative.

[2] As discussed *infra*, the Compliant named 48 bellwether plaintiffs. Class Counsel previously filed a motion for leave to withdraw as counsel for representative plaintiff Brinitha Harris due to the fact that they have been unable to contact her despite repeated efforts. *See* ECF No. 1818. On May 12, 2026, the Court issued an Order requiring Ms. Harris to show cause in writing by no later than Friday May 15, 2026, as to why Ms. Harris' case should not be dismissed for failure to prosecute. *See* ECF No. 1827. Accordingly, Class Counsel are not including Ms. Harris in their count of the 38 plaintiffs who will continue to represent the classes if the Court grants their request to dismiss the Withdrawing Plaintiffs.

011175-35/3579905 V1

producing documents in response to defendants' document requests and providing substantive answers in response to defendants' interrogatories.

Beginning in early 2026, Class Counsel reached out to all of the named representatives to inquire about scheduling their depositions and to collect any potentially relevant new documents or information in order to supplement plaintiffs' discovery responses. At that time, Class Counsel learned that nine of the Bellwether Plaintiffs—the Withdrawing Plaintiffs—were unable or unwilling to continue to serve as representatives:

- Plaintiff Robert Plotke stated that he has suffered serious health issues over the past year and that he believes he cannot, at this time, continue to execute his duties as a class representative;

- Plaintiff Hannah Polikowsky stated that due to her family and work commitments, she no longer has the bandwidth to volunteer her time to continue serving as a class representative;

- Plaintiff John Meeks stated that he cannot continue to serve as a class representative due to a recent family medical issue and due to increasing work commitments;

- Plaintiff Denise Meyer advised that she is currently going through a very stressful personal situation in her life, making it impossible for her to devote the time and effort necessary to adequately represent the interests of the classes;

- Plaintiff Lynda Hale reported that she has been diagnosed with cancer and is starting treatment immediately, making it impossible for her to commit to continue serving as a class representative;

- Plaintiffs Eugene and Camille Burgan (husband and wife) are 79 and 76 years old respectively. They stated that they do not believe they have the stamina to continue serving as class representatives;

- Plaintiff Mark Young, as a minor had been represented by his mother and legal guardian Aldreamer Smith. Upon reaching the age of majority in April 2026, Mr. Young stated that he does not wish to serve as a class representative. *See, e.g., Sharon v. City of Newton*, 437 Mass. 99, 107–08, 769 N.E.2d 738, 746 (2002) (noting that a contract of a minor is generally voidable and can be repudiated when the minor reaches the age of majority); and

- Plaintiff Keith Bailey stated that the idea of providing additional personal documents and information to the same entities that he believes had already mishandled his

011175-35/3579905 V1

information was causing him so much increased anxiety and stress that he believes he cannot continue to adequately serve as a class representative.

The remaining 38 class representatives have worked with Class Counsel, scheduling their depositions (including travel) and providing supplemental documents and information. Accordingly, the proposed classes remain well-represented by the remaining 38 Bellwether Plaintiffs. Considering the fact that the Withdrawing Plaintiffs have requested to be relieved of their duties because of their changed circumstances (including limitations that make it difficult if not impossible for several of them to provide the required discovery) and considering that defendants will have more than enough discovery from the remaining 38 class representatives to determine if this case should proceed for the requested classes, there is no need to require the Withdrawing Plaintiffs to provide additional discovery and, as explained below, the law supports allowing them to voluntarily withdraw as class representatives while still remaining absent class members.

## II.    ARGUMENT

Pursuant to Fed. R. Civ. P. 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party," which includes voluntary dismissal of a plaintiff's claims under Rule 41(a)(2). *See Zeffiro v. First Penn. Banking & Trust Co.*, 82 F.R.D. 31, 33 (E.D. Pa. 1979); *see also In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 2453927, at *1 (S.D.N.Y. Nov. 3, 2004) (granting plaintiffs' motion to withdraw as class representative). Although a court may consider prejudice to the defendant, "the general rule is that such motion should be granted liberally." *Baldinger v. Cronin*, 535 F. App'x 78, 80 (3d Cir. 2013). A plaintiff is permitted to withdraw as class representative when, as here, the voluntary withdrawal is sought in good faith and the defendant would suffer no prejudice from the withdrawal. *See In re Paoli R. R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) (Generally, "Rule 41 motions should be allowed

-4-

unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit."); *see also Cosby v. KPMG, LLP*, 2020 WL 3529659, at *3 (E.D. Tenn. June 29, 2020) ("Courts have [] permitted withdrawal unless the request is made in bad faith or granting the request would result in undue prejudice to the defendant."); *In re Currency Conversion*, 2004 WL 2453927, at *1 (collecting cases).

As explained above, Class Counsel is filing this motion at the requests of the Withdrawing Plaintiffs and accordingly, Class Counsel is acting in good faith. Moreover, after communicating with the Withdrawing Plaintiffs, Class Counsel believes that the Withdrawing Plaintiffs are also acting in good faith and have only requested to withdraw as class representatives because of their changed circumstances (aside from Mr. Young who repudiated his class representative status upon reaching the age of majority, all have expressed physical or mental health issues that have made it difficult if not impossible for them to devote the time and effort necessary to adequately represent the classes). Accordingly, precedent supports granting Class Counsel's motion allowing for dismissal of the Withdrawing Plaintiffs without imposing on them additional burdens or obligations.

**A.    Defendants will not be prejudiced by dismissal of the Withdrawing Plaintiffs.**

Courts analyze four factors to determine whether a defendant would be prejudiced by the voluntary dismissal of a plaintiff's claims under Rule 41(a)(2): "(1) whether the defendants have expended efforts or made preparations that would be undermined by granting withdrawal; (2) the plaintiff's delay in prosecuting the action; (3) the adequacy of the plaintiff's explanation for why withdrawal is necessary, and (4) the stage of the litigation at the time the request is made." *Roberts v. Electrolux Home Prods., Inc.*, 2013 WL 4239050, at *2 (C.D. Cal. Aug. 14, 2013); *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000) (same); *Doe v. Ariz. Hosp. & Healthcare Ass'n*, 2009 WL 1423378, at *13 (D. Ariz. Mar. 19, 2009) (same); *see also Brigman*

011175-35/3579905 V1

*v. Magisterial Dist. Court 19-2-04*, 2021 WL 4999459, at *1 (M.D. Pa. Sept. 20, 2021) (analyzing similar factors to determine prejudice to a defendant for dismissal of complaint without prejudice under Rule 41(a)(2)). Defendants here cannot point to any undue prejudice that they would suffer by dismissing the Withdrawing Plaintiffs.

### 1.    Defendants have not made discovery efforts that will be undermined by dismissing the Withdrawing Plaintiffs.

First, document discovery is ongoing and defendants' depositions of class representatives have just begun with the first class representative deposition taking place on May 12th (the date of this filing). Additional depositions have been scheduled to take place over the next several months, although the parties are still coordinating and scheduling with respect to many of the depositions, and it is currently expected that defendants' depositions of class representatives will continue until late July. Accordingly, defendants will be hard-pressed to argue that they have expended significant time preparing to depose the Withdrawing Plaintiffs so that granting the Withdrawing Plaintiffs' request to be dismissed would "undermine" defendants' defenses. *Cf. In Sherman v. Yahoo! Inc.*, 2015 WL 473270, at *8 (S.D. Cal. Feb. 5, 2015) (questioning if a plaintiff's request to withdraw was made in good faith where the request was made "after his deposition had been noticed and rescheduled several times").[3] Allowing for the Withdrawing

---

[3] Notwithstanding its skepticism of Mr. Sherman's motion to withdraw as a class representative, the court still granted his motion, but conditioned his withdrawal on him sitting for a deposition based on facts that do not exist here and that illustrate why dismissal without requiring the Withdrawing Plaintiffs to provide additional discovery is merited here. *Yahoo*, 2015 WL 473270, *8. For example, in addition to noting that Mr. Sherman requested that he be allowed to withdraw on the eve of his deposition, the *Yahoo* court also noted that Mr. Sherman was the sole named plaintiff in the action for over two years before the addition of new class representatives. *Id*. None of these facts exist here. The remaining 38 class representatives have served as plaintiffs for as long as the Withdrawing Plaintiffs, class discovery is ongoing and it is unlikely that defendants have expended so much time and effort preparing to depose the Withdrawing Plaintiffs that they would be prejudiced by their dismissal.

011175-35/3579905 V1

Plaintiffs to be dismissed will leave the class well represented by the remaining 38 named plaintiffs who will continue to represent the class and prosecute this action on behalf of the absent class members. Defendants will be hard pressed to explain how granting withdrawal would "undermine" their defenses.

> **2.    The Withdrawing Plaintiffs have not delayed seeking dismissal for an inappropriate reason.**

Second, Class Counsel and the Withdrawing Plaintiffs have not delayed in bringing this motion in order to gain a tactical advantage or for some other inappropriate reason. The Court and the parties are still negotiating when and how to proceed with deposition discovery. At a February 26, 2026 hearing before Judge Levenson the parties were encouraged to work out a compromise on a "flexible" deposition protocol that would favor in-person depositions but at regional hub locations. Promptly after this hearing, Class Counsel began contacting all of the representative plaintiffs to ascertain their availability to sit for a deposition and their ability to travel for depositions. As part of that outreach, Class Counsel learned of the Withdrawing Plaintiffs' changed circumstances and, before a single deposition had been taken, Class Counsel promptly began conferring with defendants.

> **3.    The Withdrawing Plaintiffs have articulated a good faith reason for their dismissal.**

Third, the Withdrawing Plaintiffs have explained that they no longer wish to serve as class representatives because their changed life circumstances have made it difficult if not impossible for them to dedicate the resources necessary to continue to adequately represent the class.[4] The Withdrawing Plaintiffs' request, based on their changed circumstances, is made in

---

[4] The exception to this statement may be Mr. Young who is simply choosing as an adult not to take on the class representative responsibilities his mother, acting as his legal guardian, had elected to take on in his name when he was a minor. However, as noted below, dismissing Mr. Young will not prejudice defendants' discovery efforts to the extent that Ms. Smith still remains

011175-35/3579905 V1

good faith; it is not simply an attempt to avoid discovery in order to conceal relevant evidence. Until now, they have participated in this litigation, providing discovery in response to defendants' document requests and interrogatories. These facts make this case different than the plaintiffs in *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296 (D.D.C. 2000), where the facts surrounding the plaintiffs' efforts to withdraw created an inference of bad faith. In *Vitamins*, the court found the " the timing of plaintiffs' Motion suspect and somewhat indicative of bad faith" considering that the plaintiff there "discuss[ed] no new circumstances or changes in the litigation to necessitate a voluntary dismissal at this point" and since it appeared they sought to withdraw after the parties had fought over documents that had to be produced "merely to avoid having to give defendants the discovery authorized by the Special Master's Report." *Id*. at 304.

4.     **Allowing dismissal of the Withdrawing Plaintiffs at this stage of the litigation will not prejudice defendants based on the fact that they can still take discovery from the similarly situated 38 representative plaintiffs.**

Fourth, this suit is still in its early procedural stages: discovery is open for several more months, only one deposition has been taken as of the date of this filing, no expert reports have been served, no motion for class certification has been filed, and no dispositive motion is pending. The Withdrawing Plaintiffs have alleged that they suffered substantially the same injuries as the remaining 38 plaintiffs and, as discovery proceeds and this case progresses, defendants will be able to seek whatever relevant information they need to challenge class certification and the merits of the classes' claims by way of discovery from the remaining 38 class representatives.[5]

---

subject to discovery (including sitting for a deposition) as the guardian and representative of minor plaintiff M.P.

[5] Mr. Young is electing not to continue serving as a class representative now that he has reached the age of majority. However, this will not preclude defendants from obtaining substantially the same evidence they would have obtained had Mr. Young not reached the age of

011175-35/3579905 V1

### III.    CONCLUSION

For the reasons stated above, Class Counsel requests that the Court grant their motion to withdraw plaintiffs Robert Plotke, Hannah Polikowsky, John Meeks, Denise Meyer Lynda Hale, Mark Young, Camille Burgan, Eugene Burgan, and Keith Bailey as class representatives without prejudice.

Dated: May 12, 2026                          Respectfully submitted,

By: */s/ Daniel J. Kurowski*
    Daniel J. Kurowski (*pro hac vice*)
Whitney K. Siehl (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Tel: (708) 628-4949
Fax: (708) 628-4950
dank@hbsslaw.com
whitneys@hbsslaw.com

Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Square, 5th Floor
Boston, MA 02109
Tel: (617) 482-3700
Fax: (617) 482-3003
kristenj@hbsslaw.com

*Liaison & Coordinating Counsel*

---

majority and elected not to serve as a class representative because his similarly-situated 14-year-old brother will continue to serve as a class representative. Accordingly, defendants will have the opportunity to depose Ms. Smith (mother of both Mr. Young and plaintiff M.P.) and will likely ask the same questions they would ask if she was still serving as the guardian and legal representative of both children rather than just plaintiff M.P.

011175-35/3579905 V1

By: /s/ *E. Michelle Drake*
    E. Michelle Drake
BERGER MONTAGUE, PC
1229 Tyler Street, NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5933
Fax: (612) 584-4470
emdrake@bm.net

By: /s/ *Gary F. Lynch*
    Gary F. Lynch
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
Gary@lcllp.com

By: /s/ *Douglas J. McNamara*
    Douglas J. McNamara
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Tel: (202) 408-4600
dmcnamara@cohenmilstein.com

By: /s/ *Karen H. Riebel*
    Karen H. Riebel
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
khriebel@locklaw.com

By: /s/ *Charles E. Schaffer*
    Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
Fax: (215) 592-4663
cshaffer@lfsblaw.com

*Lead Counsel*

-10-

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, the foregoing document was filed electronically via the

Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: May 12, 2026                    _/s/ Daniel J. Kurowski_
                                       Daniel J. Kurowski (*pro hac vice*)

011175-35/3579905 V1