# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-03083-ADB-PGL |

## JOINT STATUS REPORT

The parties jointly provide this Joint Status Report.

**A.      Report to the Court**

1.      <u>Update on Discovery</u>

<u>*Bellwether Plaintiffs' Discovery of Defendants*</u>

As of May 13, 2026, Plaintiffs have received the following number of documents from

Bellwether Defendants:

| BW Defendant | Number of Documents |
|---|---|
| Progress | 53,043 |
| PBI | 8,479 |
| TIAA | 3,284 |
| Genworth | 11,022 |
| Milliman | 1,021 |
| MLIC | 72 |
| Maximus | 8,468 |
| Welltok | 7,099 |
| Corewell | 711 |
| Sutter | 692 |
| OSF Healthcare | 893 |
| CHI | 9 |
| VA Mason | 9 |
| CHI & Virginia Mason (combined) | 900 |
| Delta Dental - MDL | 126,419 |
| Delta Dental – California | 126,520 |

011175-35/3582687 V2

With that said, Plaintiffs note that a significant number of the documents "produced" to date have been withheld by Bellwether Defendants as "non-responsive." For instance, as of May 12, 2025, 80% of Progress's "produced" documents were marked as withheld as non-responsive.

| BWDs Phase II | Marked withheld Non-Responsive | Marked withheld Privileged | BWDs' Total Phase II Production Count | Percentage* withheld marked Non-Responsive | Percentage * withheld marked Privileged |
|---|---|---|---|---|---|
| Progress | 40,777 | 65 | 50,814 | 80% | 0% |
| Maximus | 0 | 1,010 | 8,327 | 0 | 12% |
| Delta Dental** | N/A | N/A | N/A | N/A | N/A |
| PBI BWDs | | | | | |
| Genworth | 0 | 0 | 10,997 | 0% | 0% |
| PBI | 496 | 0 | 8,403 | 6% | 0% |
| Members Life | 0 | 0 | 69 | 0% | 0% |
| Milliman | 0 | 0 | 1,013 | 0% | 0% |
| TIAA | 0 | 6 | 3,246 | 0% | 0% |
| Welltok BWDs | | | | | |
| CHI_VM | 0 | 65 | 900 | 0% | 7% |
| Corewell | 85 | 0 | 707 | 12% | 0% |
| OSF | 0 | 0 | 867 | 0% | 0% |
| Sutter | 0 | 0 | 677 | 0% | 0% |
| Welltok | 895 | 0 | 7,089 | 13% | 0% |

*Percentages are rounded to whole numbers.
**Delta Dental from this analysis as its custodial productions were all tied to the state litigation.

011175-35/3582687 V2

Plaintiffs are actively reviewing Defendants' minimal productions and will be issuing deficiency letters as quickly as possible.

Beginning May 1, 2026, Plaintiffs sent 30(b)(6) notices to each of the Bellwether Defendants. Meet and confers have either occurred or been scheduled with Bellwether Defendants.

Bellwether Defendants will not substantively respond to Plaintiffs' characterization of their document productions, which complied with the parties' ESI Protocol. However, Bellwether Defendants question why such information is being provided to the Court if Plaintiffs have not completed review of the productions. Plaintiffs' subjective characterization of the number of "documents" produced also ignores that many *thousands* of pages of responsive materials have been produced. All Bellwether Defendants met the substantial completion deadline of April 30, 2026, are continuing to prepare privilege logs, consistent with the ESI Protocol, and, at least for some, further productions are ongoing due to late agreement on additional custodial search terms demanded by Plaintiffs. Regardless, Progress and Plaintiffs have a meet and confer scheduled for Wednesday, May 20 to discuss.

### *Bellwether Defendants' Discovery of Plaintiffs*

Plaintiffs' depositions commenced on May 12, 2026.

Defendants note that following the first three depositions, Defendants have expressed grave concerns regarding the inadequacy of Plaintiffs' document productions and written discovery responses. In the days leading up to these depositions, the Plaintiffs produced hundreds of pages of documents, sometimes exceeding the volume of production they made prior to the April 30 substantial completion deadline. The productions – some coming just a few hours before the deposition – have contained highly-relevant material pertaining to core aspects of

011175-35/3582687 V2

Plaintiffs' claims and injury allegations. Further, the depositions have revealed that Plaintiffs' interrogatory responses are wholly inadequate. Those responses frequently cited material under Rule 33(d) that is wholly irrelevant to the interrogatory, fail to cite large amounts of responsive material from Plaintiffs' own document productions (as well as publicly-available information), and make affirmative representations that Plaintiffs have disavowed during depositions. In addition, Plaintiffs still have not complied with Judge Levenson's order requiring that they "notify Bellwether Defendants of the pertinent collection date(s) for each Plaintiff" (Feb. 27 Order), despite Defendants' requests. Defendants are concerned, based on Plaintiffs' document productions, that collections were not made through the Court-ordered deadline of December 31, 2024. Defendants have advised Plaintiffs' Counsel of these concerns.

Although the parties are continuing to work cooperatively on the scheduling of the remaining Plaintiff depositions, Bellwether Defendants note that several Plaintiffs claim they cannot sit for deposition until the last week of the fact discovery deadline (*i.e.,* July 27-31) and/or propose dates that are not reasonably grouped together with depositions at the same location to limit travel. Bellwether Defendants believe this timing is unacceptable, but the parties hope to resolve the issues without Court intervention.

Plaintiffs note that all but two of the Plaintiffs have had second collections of their electronic devices; those two were delayed due to extended foreign travel in one instance and a medical emergency in the other.  They will be completed and any responsive documents produced well in advance of these two Plaintiffs' depositions. Plaintiffs will not substantively respond to Bellwether Defendants' characterization of their interrogatory responses, but do acknowledge that there have been some additional productions of go-get documents identified during deposition preparation, a very common occurrence, and have  supplemented their productions in accordance

with their discovery obligations in advance of those Plaintiffs' depositions. Plaintiffs believe these issues will stop as the deposition calendar progresses, and intend to meet and confer regarding Bellwether Defendants' demands that depositions be held open in the event that further testimony is needed from certain Bellwether Plaintiffs. It is Plaintiffs' view that any further deposition testimony from previously deposed Bellwether Plaintiffs will be taken remotely and limited to a reasonable duration of time given the significant cost and time demands already put forth.

Plaintiffs disagree with Bellwether Defendants' characterization of the deposition scheduling process and note that the record reflects that Plaintiffs' counsel has driven the scheduling process. The fact that some Bellwether Plaintiffs are not available for their depositions until the last week of July, due to work and family obligations, reflects merely that we are dealing with real people with real lives who are balancing those lives with at times burdensome discovery demands, that is not "unreasonable." Plaintiffs believe the Bellwether Plaintiffs' scheduling and depositions will continue to be managed cooperatively between the parties and Court intervention will not be necessary given the variety of tools available to the parties to manage and complete oral discovery.

*Bellwether Defendants' Responses to Bellwether Plaintiffs' Motions to Withdraw*

Counsel for Plaintiff Brinitha Harris filed a motion to withdraw as counsel on May 8, 2026 (ECF No. 1818), and the Court then entered an electronic order declining to immediately grant the motion and advising Ms. Harris that her action may be dismissed sua sponte by the Court for failure to prosecute (ECF No. 1827). Defendants respectfully request that the Court defer any further action on counsel's motion to withdraw or a potential dismissal of Ms. Harris's action until after Defendants have exhausted their efforts to take discovery relating to Ms. Harris, including relevant third-party discovery.

011175-35/3582687 V2

On May 12, 2026, Plaintiffs also filed a motion to withdraw nine Bellwether Plaintiffs as class representatives without prejudice to their rights as absent class members.[1] ECF No. 1829. Defendants intend to file a response to Plaintiffs' motion, which will request that the Court condition any dismissal upon obtaining full discovery from certain of those Bellwether Plaintiffs seeking dismissal, including depositions, and other appropriate and proper relief. *See* Fed. R. Civ. P. 41(a)(1) (voluntary dismissal after service of an answer conditioned upon stipulation or a court order "on terms that the court considers proper"); *see also, e.g.*, *In re Telexfree Sec. Litig.*, No. 4:14-md-02566-NMG, slip op. *12 (D. Mass. July 31, 2023) (conditioning dismissal of named Plaintiff in MDL on finishing paper discovery and sitting for a deposition); *Plavin v. Grp. Health Inc.*, 2022 WL 2310183, at *6 (M.D. Pa. June 27, 2022) ("in many instances, the withdrawal of a class representative has been conditioned on the withdrawing plaintiff being deposed or otherwise answering discovery requests"); *In re Wellbutrin XL*, 268 F.R.D. 539, 543-44 (E.D. Pa. 2010) (conditioning voluntary dismissal of original plaintiff in class action on the production of discovery to avoid prejudice to the defendant); *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 630 (C.D. Cal. 2011) (conditioning any voluntary dismissal of a named plaintiff in a class action on the

---

[1] Defendants note that Plaintiffs' motion is ambiguous regarding the exact relief they seek, at times framing their request as a withdrawal of Plaintiffs, *see, e.g.*, ECF No. 1830 at 2 ("Class Counsel seeks to withdraw plaintiffs . . . from this litigation as proposed class representatives without prejudice as to their rights as absent class members"); *id.* at 4 ("the law supports allowing [Plaintiffs] to voluntarily withdraw as class representatives while still remaining absent class members"); *id.* at 9 ("Class Counsel requests that the Court grant their motion to withdraw plaintiffs . . . as class representatives without prejudice"), while at other times framing their request as a voluntary dismissal, *see, e.g.*, *id.* at 4 ("which includes voluntary dismissal of a plaintiff's claims under Rule 41(a)(2)"); *id.* at 5 ("[P]recedent supports granting Class Counsel's motion allowing for dismissal of the Withdrawing Plaintiffs without imposing on them additional burdens or obligations); *id.* at 5-8 (framing argument under Rule 41(a)(2)'s voluntary dismissal standard). However Plaintiffs frame the request, they appear to acknowledge that Rule 41(a)(2)'s voluntary dismissal standard governs the relief they seek. And because they ultimately seek to remain as plaintiffs represented by counsel in this litigation (who selected these specific individuals as bellwether representatives), they presumptively should be subject to discovery.

011175-35/3582687 V2

plaintiff's deposition because the plaintiff's "experiences are relevant to the commonality and typicality of the class representative's claims"); *Sherman v. Yahoo! Inc.*, No. 13CV0041-GPC-WVG, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015) (conditioning voluntary dismissal of a class representative on his deposition, holding that "the inability to conduct sufficient discovery for a defense can amount to legal prejudice" and "[a] court may . . . condition a Rule 41(a)(2) dismissal on a plaintiff's deposition or production of discovery"); *see also Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) ("[f]ee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)"); 9 Fed. Prac. & Proc. Civ. § 2366. Defendants intend to file a response to Plaintiffs' motion by May 26, 2026.

Co-Lead Counsel disagree that any of the withdrawing Bellwether Plaintiffs should be required to provide "full discovery" as a precondition to dismissing their claims as a class representative for the reasons set forth in their motion. *See* ECF No. 1829. Co-Lead Counsel will seek leave of Court to file a reply in order to address any issues raised by Defendants in their intended response.

2.    Settlements

Final Approval Hearing for Cadence Bank Settlement set for July 9, 2026 (ECF No. 1661).

Final Approval Hearing for Union Bank and Trust Company Settlement set for August 6, 2026 (ECF No. 1717).

Final Approval Hearing for GRIPA Settlement set for September 3, 2026 (ECF No. 1734).

Final Approval Hearing for Ernst & Young/Bank of America Settlement set for October 15, 2026 (ECF No. 1804).

3.    Pending Matters/Motions

Bellwether Plaintiffs' Objection to Magistrate's Order on a Single Relevant Time Period for ESI Discovery (ECF No. 1800).

Lead Counsel's Motion for Leave to Withdraw as Counsel for Plaintiff Brintha Harris (ECF No. 1818).

Lead Counsel's Motion to Withdraw Representative Plaintiffs Robert Plotke, Hannah Polikowsky, John Meeks Denise Meyer, Lynda Hale, Mark Young, Camile Burgan, Eugene Burgan, and Keith Bailey (ECF No. 1829).

Dated: May 18, 2026

Respectfully submitted,

By: /s/ Daniel J. Kurowski
Daniel J. Kurowski (*pro hac vice*)
Whitney K. Siehl (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Tel: (708) 628-4949
Fax: (708) 628-4950
dank@hbsslaw.com
whitneys@hbsslaw.com

Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Square, 5th Floor
Boston, MA 02109
Tel:  (617) 482-3700
Fax: (617) 482-3003
kristenj@hbsslaw.com

*Plaintiffs' Liaison & Coordinating Counsel*

By: /s/E. Michelle Drake
E. Michelle Drake
BERGER MONTAGUE, PC
1229 Tyler Street, NE, Suite 205
Minneapolis, MN 55413
Tel:  (612) 594-5933
Fax: (612) 584-4470
emdrake@bm.net

011175-35/3582687 V2

By: /s/ Gary F. Lynch
Gary F. Lynch
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel:  (412) 322-9243
Fax: (412) 231-0246
Gary@lcllp.com

By:  /s/ Douglas J. McNamara
Douglas J. McNamara
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Tel:  (202) 408-4600
dmcnamara@cohenmilstein.com

By: /s/Karen H. Riebel
Karen H. Riebel
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Tel:  (612) 339-6900
Fax: (612) 612-339-0981
khriebel@locklaw.com

By: /s/ Charles E. Schaffer
Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel:  (215) 592-1500
Fax: (215) 592-4663
cshaffer@lfsblaw.com

*Plaintiffs' Lead Counsel*

Dated: May 18, 2026

By: /s/ Aravind Swaminathan
Aravind Swaminathan (*pro hac vice*)
ORRICK HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
Tel:  (206) 839-4340
aswaminathan@orrick.com

-9-

By: */s/ Allison M. Holt Ryan*
Allison M. Holt Ryan (*pro hac vice*)
HOGAN LOVELLS LLP
555 13th Street NW
Washington, D.C. 20004
Tel:  (202) 637-5600
allison.holt-ryan@hoganlovells.com

By:  */s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO # 564879)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Tel:  (617) 223-0304
jpirozzolo@sidley.com

By:  */s/ Nathaniel R. Mendell*
Nathaniel R. Mendell (BBO # 645283)
MORRISON & FOERSTER LLP
200 Clarendon Street
Boston, MA 02116
Tel:  617-648-4700
nmendell@mofo.com

By:  */s/ Paulyne Gardner*
Paulyne Gardner (*pro hac vice*)
MULLEN COUGHLIN LLC
426 W. Lancaster Avenue,  Suite 200
Devon, PA 19333
Tel:  (267) 930-4770
pgardner@mullen.law

By:  */s/ Gilbert S. Keteltas*
Gilbert S. Keteltas (*pro hac vice*)
BAKERHOSTETLER LLP
1050 Connecticut Avenue, NW
Washington, DC  20026
Tel:  (202) 861-1530
gketeltas@bakerlaw.com

-10-

By: */s/ Jeff Tsai*
Jeff Tsai (*pro hac vice*)
DLA PIPER LLP
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel:  (415) 615-6055
jeff.tsai@dlapiper.com

By:  */s/ Kristine McAlister Brown*
Kristine McAlister Brown (*pro hac vice*)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Tel:  (404) 881-7584
kristy.brown@alston.com

By: */s/Edward P. Boyle*
Edward P. Boyle (*pro hac vice*)
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY 10036
Tel:  (212) 808-5675
epboyle@venable.com

By:  */s/Kari M. Rollins*
Kari M. Rollins (*pro hac vice*)
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 634-3077
Krollins@sheppardmullin.com

By: */s/Felicia H. Ellsworth*
Felicia H. Ellsworth (*pro hac vice*)
WILMER CUTLER PICKERING HALE & DORR
LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6687
Felicia.ellsworth@wilmerhale.com

*Defendants' Liaison Committee*

-11-

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.


Dated: May 18, 2026                    */s/ Daniel J. Kurowski*
                                       Daniel J. Kurowski


-12-