**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PGL |
| This Document Relates To: | SOURCE CODE PROTECTIVE ORDER |
| All Cases | Hon. Allison D. Burroughs |

**SUPPLEMENTAL AGREED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

Bellwether Plaintiffs and Defendant Progress Software Corporation ("Progress")

anticipate that Source Code materials as set forth herein will be disclosed or produced during the

course of discovery and supplemental disclosures in this case and request the Court to enter this

Supplemental Agreed Protective Order setting forth the conditions for treating, obtaining, and

using such information.

Pursuant to Fed. R. Civ. P. 26(c), the Court finds good cause for the following

Supplemental Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials

("Order" or "Protective Order") and **ORDERS** as follows.

1.      **PURPOSES AND LIMITATIONS**

(a)      Protected Source Code Material designated under the terms of this

Protective Order shall be used by a Receiving Party solely for this case and shall not be used

directly or indirectly for any other purpose whatsoever.

(b)      The Parties acknowledge that this Order does not confer blanket

protections on all disclosures during discovery. Designations under this Order shall be made with

care and shall not be made absent a good faith belief that the designated material satisfies the

criteria set forth below. If it comes to a Producing Party's attention that designated material does

not qualify for protection at all, or does not qualify for the level of protection initially asserted,

the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## 2.    DEFINITIONS

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this case.

(b)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staff.

(d)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e)    "Protected Source Code Material" means any Discovery Material that is designated as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.

(f)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(g)    "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), descriptions of source code (e.g., descriptions of declarations, functions, and parameters), object code listings and descriptions, of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that

describe the hardware design of any ASIC. or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

### 3.    <u>COMPUTATION OF TIME</u>

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Fed. R. Civ. P. 6.

### 4.    <u>SCOPE</u>

(a)    The protections conferred by this Order cover not only Protected Source Code Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings. that might reveal Protected Source Code Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Source Code Material for any purpose, and nothing in. this Order shall preclude any Producing Party from showing its Protected Source Code Material to an individual who prepared the Protected Source Code Material.

(c)    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Source Code Material in court in accordance with the applicable provisions of this Order.

(d)    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

### 5.    <u>DURATION</u>

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**6.      ACCESS TO AND USE OF PROTECTED SOURCE CODE MATERIAL**

(a)      Basic Principles. All Protected Source Code Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Source Code Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(b)      Secure Storage, No Export. Protected Source Code Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. To ensure compliance with applicable United States Export Administration Regulations, Protected Source Code Material may not be exported outside the United States or released to any foreign national (even if within the United States).

(c)      Legal Advice Based on Protected' Source Code Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Source Code Material, provided counsel does not disclose the Protected Source Code Material itself except as provided in this Order.

(d)      Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Source Code Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or

has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7.     **DESIGNATING PROTECTED SOURCE CODE MATERIAL**

(a)     Available Designations. Any Producing Party may designate Discovery Material with the designation "HIGHLY CONFI-DENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" under this order, provided that it meets the requirements for such a designation as provided for herein.

(b)     Written Discovery and Documents and Tangible Things. Written discovery, documents (which include "electronically stored information," as that phrase is used in Fed. R. Civ. P. 34, and tangible things that meet the requirements for the confidentiality designation listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original source code documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL, - OUTSIDE ATTORNEYS' EYES. ONLY - SOURCE CODE" during the inspection and re-designated, as appropriate during the copying process.

(c)     Depositions and Testimony. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the

transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL — ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Source Code Material that is used in the taking of a deposition shall remain subject to the provisions of this' Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Source Code Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Source Code Material based on the designation of such Protected Source Code Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Source Code Material.

6

**8.     DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)     A Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 9 below, and may be disclosed, subject to Paragraph 9 below, solely to:

(i)     The Receiving Party's Outside Counsel, including Counsel for Bellwether Plaintiffs; provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such⁻ counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a

Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *US Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 Below:

   (iii) Court reporters, stenographers and videographers retained to record testimony taken in this action;

   (iv) The Court, jury, and court personnel;

   (v) Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

   (vi) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

   (vii) Any other person with the prior written consent of the Producing Party.

  **9.**  **DISCLOSURE AND REVIEW OF SOURCE CODE**

  (a) Any Source Code that is produced by Progress will be made available for inspection at the Boston office of its outside counsel, DLA Piper LLP (US), or any other location mutually agreed by the Parties. Source Code will be made available for inspection between the hours of 9 a.m. and 5 p.m. on business days (i.e., weekdays that are not Federal holidays), or other mutually agreeable times.

  (b) Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days' notice of the Source Code that it wishes to inspect. The Receiving Party shall provide five (5) days' notice prior to any additional inspections.

(c)     Source Code that is designated "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, and the parties shall meet and confer in the event the Receiving Party requests any additional such tools. The Receiving Party's Outside Counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii)    Non-Networked Computer for Note-Taking Purposes Only: The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy or transcribe the Source Code or any portion thereof into the notes (provided that the notes may contain source code listings, the reviewer's descriptions of source code, object code listings, and the reviewer's descriptions of object code). The Receiving Party's expert(s) and/or consultant may use a single Notetaking Computer in the review room for the sole purpose of taking and reviewing his or her notes. The Notetaking Computer shall be provided to the Receiving Party by the Producing Party at the beginning of the first inspection, and shall have commercially reasonable processing power and storage facilities. The Receiving Party may maintain the Notetaking Computer in its possession until ninety days following final termination of this matter, after which it must destroy the Notetaking Computer or return it to the Producing Party. The Receiving Party shall treat the Notetaking Computer, and any notes on it, with the same precautions as are required for printed copies of source code. The Producing Party shall install on the Notetaking Computer reasonable word-processing software as requested by the Receiving Party. The WiFi, Bluetooth, and camera functionalities on the Notetaking Computer will be permanently disabled. The taking of photographs or video shall not be permitted in the Source Code Review Room, The Producing Party may inspect the Receiving Party's Notetaking Computer to be used in the Source Code Review Room, but solely to ensure that it is the same Notetaking Computer previously provided. Such inspection shall be conducted, in the Receiving Party's presence and should not count against Receiving Party's

10

review time. The Producing Party may not look at any notes or files on the Notetaking Computer at any time. The Receiving Party shall not install or insert any added functionality whatsoever as to the Notetaking computer and shall not attempt to connect the Notetaking Computer to any network.

(iv)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(v)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Any printed portion that consists of more than twenty (20) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy. The Receiving Party may print out no more than 100 pages total. The page-limit restrictions on Source Code may be amended by agreement of the parties. If, after meeting and conferring, the Producing Party and Receiving Party cannot reach an agreement; the parties may request judicial intervention. The Receiving Party must show good cause for seeking production of the requested printed Source Code in view of the limitations agreed to herein, and the Producing Party must show why, in light of the safeguards set forth herein, it objects to the

production of the requested printed Source Code. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES. ONLY - SOURCE CODE" any pages printed by the Receiving Party. Within seven (7) days, the Producing Party shall provide one copy set of such pages to the Receiving Party unless it informs the Receiving Party that it objects to any of the printed portions as excessive and/or not done for a permitted purpose, in which case the Producing Party shall provide one copy of all of the printed pages to the Receiving Party to which the Producing Party does not object. If, after meeting and conferring, the Producing Party and the Receiving Party Cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

        (vi)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be

identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon three (3) day's advance notice to the Receiving Party.

(vii)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session and may remove any such items for purposes of destroying them. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)    Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)    The Receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 9 not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies. of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)    The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. No more than a total of ten (10) individuals identified by the Receiving Party shall have access to the printed portions of Progress Source Code (except insofar as such code appears in any court filing or expert report).

(xi)    For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of the Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

14

(xii)   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate or as otherwise permitted by court Order secured after appropriate notice to all interested persons. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the' provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its experts, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

10.    **NOTICE OF DISCLOSURE**

(a)    Prior to disclosing any Protected Source Code Material to any person described in Paragraph 8(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)    the name of the Person;

(ii)    an up-to-date curriculum vitae of the Person;

(iii)    the present employer and title of the Person;

(iv)    an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of speech-detection, voice-activation, or speech-to-text software, or relating to the acquisition of intellectual property assets relating to speech-detection, voice-activation, or speech-to-text software;

(v)    an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has any ongoing involvement in advising on, consulting on, preparing, prosecuting, drafting editing, amending, or otherwise affecting the scope of the claims; and

(vi)    a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

16

(b)    The notice described in Paragraph 10(a) shall be deemed CONFIDENTIAL-ATTORNEYS' EYES ONLY.

(c)    Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Source Code Material to the Person prior to expiration of this seven (7) day period. If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within four (4) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have three (3) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(d)    For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(e)    Prior to receiving any Protected Source Code Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(f)    An initial failure, to object to a Person under this Paragraph 10 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause based on a change in circumstances or available information: If an objection is made, the

17

Parties shall meet and confer via telephone or. in person within seven (7) days following the objection and attempt in good faith to resolve the dispute' informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Source Code Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Source Code Material may thereafter be provided to the Person.

11.    **CHALLENGING DESIGNATIONS OF PROTECTED SOURCE CODE MATERIAL**

(a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)    Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 12.    SUBPOENAS OR COURT ORDERS

(a)    If at any time Protected Source Code Material is subpoenaed by any court, orbital, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Source Code Materials implicated by the subpoena.

## 13.    FILING PROTECTED SOURCE CODE MATERIAL

(a)    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Source Code Material.

(b)    Any Party is authorized under Local Rule 83.6.11 to move to file under seal with the Court any brief, document or materials that are designated as Protected Source

Code Material under this Order. However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

## 14.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

(a)   The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)   Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Source Code Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)   Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

(d)   The provisions in the foregoing Paragraphs 14(a) through 14(c) are intended to be additional to, and in no way, limit, the operation of Fed. R. Civ. P. 26 and Fed. R. Evid. 502.

20

## 15.    INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Source Code Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Source Code Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Source Code Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Source Code Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 15(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)    Notwithstanding the above, a subsequent designation of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE" shall apply on a going

21

forward basis and shall not. disqualify anyone who reviewed "HIGHLY CONFIDENTIAL —

ATTORNEYS' EYES ONLY — SOURCE CODE" materials while the materials were not

marked "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE"

from engaging in the activities set forth in Paragraph 6(b).

**16.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)    In the event of a disclosure of any Discovery Material pursuant to this

Order to any person or persons not authorized to receive such disclosure under this Protective

Order, the Party responsible for having made such disclosure, and each Party with knowledge

thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has

been disclosed and provide to such counsel all known relevant information concerning the nature

and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all

reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that

no further or greater unauthorized disclosure and/or use thereof is made.

(b)    Unauthorized or inadvertent disclosure does not change the status of

Discovery Material or waive the right to hold the disclosed document or information as

Protected.

**17.    FINAL DISPOSITION**

(a)    Not later than ninety (90) days after the Final Disposition of this case,

each Party shall return all Discovery Material of a Producing Party to the respective Outside

Counsel of the Producing Party or destroy such Material, at the option of the Producing Party.

For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal

finally terminating the above-captioned. action with prejudice, including all appeals.

(b)    All Parties that have received any such Discovery Material shall certify in

writing that all such materials have been returned to the respective Outside Counsel of the

Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

## 18.    DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)    Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, and all communications with experts, shall not be discoverable.

(b)    Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

## 19.    MISCELLANEOUS

(a)    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)    Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)    Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)    Right to Assert Other Objections. By stipulating to the entry of this

Protective Order, no Party waives any right it otherwise would have to object to disclosing or

producing any information or item. Similarly, no Party waives any right to object on any ground

to use in evidence of any of the material covered by this Protective Order. This Order shall not

constitute a waiver of the right of any Party to claim in this action or otherwise that any

Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not

admissible evidence in this action or any other proceeding.

(e)    Burdens of Proof. Notwithstanding anything to the contrary above,

nothing in this Protective Order shall be construed to change the burdens of proof or legal

standards applicable in disputes regarding whether particular Discovery Material is confidential,

which level of confidentiality is appropriate, whether disclosure should be restricted, and if so,

what restrictions should apply.

(f)    Modification by Court. This Order is subject to further court order based

upon public policy or other considerations, and the Court may modify this Order *sua sponte* in

the interests of justice. The United States District Court, District of Massachusetts is responsible

for the interpretation and enforcement of this Order. All disputes concerning Protected Source

Code Material, however designated, produced under the protection of this Order shall be

resolved by the United States District Court, District of Massachusetts.

(g)    Discovery Rules Remain Unchanged. Nothing herein shall alter or change

in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of

the United States District Court for the District of Massachusetts, or the Court's own orders.

Identification of any individual pursuant to this Protective Order does not make that individual

available for deposition or any other form of discovery outside of the restrictions and procedures

24

of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, or the Court's own orders.

**DATED: June 23, 2026**                      **ENTERED:**


**Judge:** _____

Hon. Allison D. Burroughs


Dated:  June 23, 2026

By:  */s/ Jeffrey E. Tsai*

Jeffrey E. Tsai
*jeff.tsai@us.dlapiper.com*
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

Eric A. Forni
*eric.forni@us.dlapiper.com*
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
Tel: 617.406.6040
Fax: 617.406.6100

Jeffrey DeGroot
*jeffrey.degroot@us.dlapiper.com*
**DLA PIPER LLP (US)**
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7044
Tel: 206.839.4812
Fax: 206.494.1784

Haley D. Torrey
*haley.torrey@us.dlapiper.com*
**DLA PIPER LLP (US)**
1650 Market Street Suite 5000
Tel: 215.656.2436
Fax: 215.656.3301

*Attorneys for Defendant*
*PROGRESS SOFTWARE*
*CORPORATION*

By:  */s/ Kristen A. Johnson*
Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO
LLP
1 Faneuil Hall Square, 5th Floor
Boston, MA 02109
Tel:  (617) 482-3700
Fax: (617) 482-3003
kristenj@hbsslaw.com

*Plaintiffs' Liaison & Coordinating Counsel*

By:  */s/ E. Michelle Drake*
E. Michelle Drake
BERGER MONTAGUE, PC
1229 Tyler Street, NE, Suite 205
Minneapolis, MN 55413
Tel:  (612) 594-5933
Fax: (612) 584-4470
emdrake@bm.net

By:  */s/ Gary F. Lynch*
Gary F. Lynch
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel:  (412) 322-9243
Fax: (412) 231-0246
Gary@lcllp.com

By:  */s/ Douglas J. McNamara*
Douglas J. McNamara
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue NW, 5th Floor
Washington, DC 20005
Tel:  (202) 408-4600
dmcnamara@cohenmilstein.com

By:  */s/ Karen H. Riebel*
Karen H. Riebel
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Tel:  (612) 339-6900
Fax: (612) 612-339-0981
khriebel@locklaw.com

By:  */s/ Charles E. Schaffer*
Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel:  (215) 592-1500
Fax: (215) 592-4663
cshaffer@lfsblaw.com

*Plaintiffs' Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.


Dated: June 23, 2026

*/s/ Jeffrey E. Tsai*

Jeffrey E. Tsai
*jeff.tsai@us.dlapiper.com*
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

## <u>EXHIBIT A</u>

_____, acknowledge and declare that I have received a copy of the Supplemental Agreed Protective Order ("Order") in *IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION*, MDL No. 1:23-md-03083-ADB-PGL (USDC Mass.). Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual:_____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]

2