**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PGL |
| This Document Relates To:<br><br>23-cv-13231-ADB<br>23-cv-12922-ADB | |

**[PROPOSED] FINAL APPROVAL ORDER**

**WHEREAS**, a Settlement Agreement, dated as of March 2, 2026 (the "Settlement Agreement"), was made and entered into by and among the following Parties: (i) Plaintiff Kimberly Clarke (the "Settlement Class Representative"), individually and on behalf of the Settlement Class Members, by and through E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP (collectively, "Class Counsel"); and (ii) Greater Rochester Independent Practice Association ("GRIPA or "Defendant"), for the benefit of all Defendant Released Parties, by and through the Defendant's counsel of record, Anjali C. Das and Jennifer S. Stegmaier of Wilson Elser Moskowitz Edelman & Dicker, LLP ("Defendant's Counsel"); and

**WHEREAS**, on March 25, 2026, the Court entered a Preliminary Approval Order ("Preliminary Approval Order") (ECF No. 1734) that, among other things, (a) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23, a class for the purposes of settlement only; (b) approved the form of Notice to Settlement Class Members, and the method of

-2-

dissemination thereof; (c) directed that the Notice of the Settlement be disseminated to the Settlement Class; and (d) set a hearing date for final approval of the Settlement; and

**WHEREAS**, the Notice to the Settlement Class ordered by the Court has been disseminated as ordered, according to the declaration of the Settlement Administrator filed with the Court on August 4, 2026; and

**WHEREAS**, on _____ , a final approval hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class; and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and any non-party objectors, as well as the arguments of counsel, and having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement and the Preliminary Approval Order.

2. The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

3. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

4. The Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced

011175-35/5097980 V1

-3-

significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

5.      This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief, including the Settlement Benefits Plan. The Court finds that the Settlement is in all respects fair, adequate and reasonable, including with respect to its opt-out provisions, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order.

6.      The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

7.      Settlement Representative, Defendant, the Settlement Administrator, and Settlement Class Members shall consummate the Settlement according to the terms of the Settlement Agreement.

### Objections and Opt-Outs

8.      No objections were filed by Settlement Class Members.

9.      All persons who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

011175-35/5097980 V1

10.     A list of those Settlement Class Members who have timely and validly elected to opt out of the Settlement and the Settlement Class in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of Melissa E. Baldwin, filed in advance of the final approval hearing. That list is attached as Exhibit A to this Final Approval Order. The persons listed in Exhibit A are not bound by the Settlement or this Final Approval Order, and are not entitled to any of the benefits under the Settlement. Opt-Out Members listed in Exhibit A shall be deemed not to be Plaintiff Released Parties.

### Class Certification

11.     For purposes of the Settlement and this Final Approval Order, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

All GRIPA patients, individual healthcare providers, and physicians in the United States whose personally identifiable information and/or protected healthcare information was impacted by the MOVEit Data Breach.

Excluded from the Settlement Class are (i) GRIPA, any entity in which GRIPA has a controlling interest, and GRIPA's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

12.     The Court determines that, for settlement purposes only, the Settlement Class meets all of the requirements of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representative are typical

-4-

of absent Settlement Class Members; that the Settlement Class Representative has and will fairly and adequately protect the interests of the Settlement Class as she has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

13. For settlement purposes only, the Court grants final approval to the appointment of Plaintiff Kimberly Clarke as the Settlement Class Representative. The Court concludes that the Settlement Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

14. For settlement purposes only, the Court grants final approval to the appointment, pursuant to Rule 23(g), of E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Class.

**Notice to the Settlement Class**

15. The form, content, and method of dissemination of the Notice given to the Settlement Class were adequate and reasonable, and constituted the best Notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient Notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, their right to exclude themselves, their right to object to the Settlement and appear at the Final Approval Hearing, and of these proceedings to all persons entitled to such Notice, and said Notice fully satisfied the

-5-

requirements of Federal Rule of Civil Procedure 23, constitutional due process, and any other legal requirements.

16.     The Settlement Class Representative and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

17.     [All objections to the settlement set forth in the Settlement Agreement having been considered and having been found either to be mooted by the settlement or not supported by credible evidence, the settlement set forth in the Settlement Agreement is in all respects, fair, adequate, reasonable, proper, and in the best interests of the Settlement Class, and is hereby approved.]

18.     Every Settlement Class Member who exercised their right to opt out of the Settlement is hereby excluded from the Settlement Class.

19.     Each Released Claim of each Plaintiff Released Party is hereby extinguished as against the Defendant Released Parties.

### Award of Attorneys' Fees and Service Awards

20.     The Court having considered Plaintiffs' Motion for Attorneys' Fees and Expenses hereby grants the Motion and awards Class Counsel (as well as any agents, vendors or experts with which they may have worked on this matter) $_____ for their fees and $_____ for their expenses in the case, hereby extinguishing any claims for any such fees, costs or expenses as against the Defendant Released Parties. Class Counsel's fee and expense award shall be paid in

-6-

011175-35/5097980 V1

accordance with the Settlement Agreement. The Court finds the amount of fees and expenses to be fair and reasonable.

21.    The Court grants the Settlement Class Representative a Service Award in the amount of $2,500.00. The Service Award shall be paid in accordance with the Settlement Agreement. The Court finds that this payment is justified by her service to the Settlement Class.

22.    This award of attorneys' fees and costs, and Service Award is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

### Other Provisions

23.    The Parties to the Settlement shall carry out their respective obligations thereunder.

24.    Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

25.    As of the Effective Date, the Plaintiff Released Parties release any and all Released Claims as to the Defendant Released Parties, defined as: all past, present, and future claims, causes of action, counterclaims, lawsuits, rights, losses, remedies, demands, charges, complaints, actions, obligations, remedies, damages, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, recission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or unknown, contingent or vested, matured or unmatured, accrued or not accrued, liquidated or unliquidated, suspected or unsuspected, or capable of being known or suspected, that in any way concern, arise out of, or relate to the MOVEit Data Breach, the alleged access, exposure, or compromise of any Settlement

Class Member's Private Information, and/or any other allegations, facts, or circumstances described in the Actions or the Complaints. For the avoidance of doubt, Released Claims are to be construed broadly and include, without limitation, any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 *et seq.* and any similar statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief. Excluded from any Released Claims are any claims against Progress Software Corporation. However, the Settlement Agreement is not intended to and does not prohibit a Class Member from responding to inquiries posited by federal, state or local agencies and/or law enforcement, even if the inquiries relate to the Released Claims. Similarly, the Settlement Agreement is not intended to and does not prohibit a Class

-8-

011175-35/5097980 V1

Member from bringing their concerns to federal, state or local agencies and/or law enforcement, even if those inquiries relate to the Released Claims.

26.    As of the Effective Date, the Defendant Released Parties will be deemed to have been completely released and forever discharged from the Released Claims.

27.    The Settlement Class Representative and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Defendant Released Parties or prosecuting any claim based on any actions taken by any of the Defendant Released Parties that are authorized or required by the Settlement or by the Final Approval Order. The Settlement and/or this Final Approval Order may be pleaded as a complete defense to any proceeding subject to this section.

28.    This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Litigation.

29.    This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiff or any Settlement Class Member has suffered any damage; *provided*, *however*, that nothing in the foregoing, the Settlement, or this Final Approval Order shall be interpreted to prohibit the use of the Settlement or this Final Approval Order in a proceeding to consummate or enforce the Settlement or this Final Approval Order

011175-35/5097980 V1

(including all releases in the Settlement and Final Approval Order), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

30. The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other Person subject to the provisions of this Final Approval Order.

31. The Court hereby dismisses the Litigation and all claims therein on the merits and with prejudice as to the Defendant, without fees or costs to any Party except as provided in this Final Approval Order.

32. Consistent with the Settlement, in the event the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement; this Final Approval Order and all orders entered in connection herewith shall be vacated and null and void. All of the Parties' obligations under the Settlement, the Preliminary Approval Order, this Final Approval Order shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

33. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction over the Parties and the Settlement Class for the administration,

-10-

-11-

consummation, and enforcement of the terms of the Settlement Agreement as set forth in the Settlement Agreement.

**IT IS SO ORDERED.**

_____
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE

-11-

011175-35/5097980 V1

-12-

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: August 4, 2026                  */s/ Kristen A. Johnson*                  
                                        Kristen A. Johnson (BBO

-12-

011175-35/5097980 V1