UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-03083-ADB-PGL |

**BELLWETHER PLAINTIFFS' RESPONSE TO BELLWETHER DEFENDANTS' MOTION FOR UP TO 240 PAGES IN WHICH TO OPPOSE PLAINTIFFS' PROPOSED 75-PAGE CLASS CERTIFICATION BRIEF**

The Court has discretion to manage this complex MDL docket, including ensuring that briefing is done efficiently so as to not waste the resources of either the parties or the Court and its staff. Recognizing that this litigation turns on cross-cutting issues, rather than filing 12, separate 20-page class certification briefs, Plaintiffs have worked diligently to trim facts and argument so that they can be presented in one consolidated 75-page brief. Plaintiffs made this proposal to the Bellwether Defendants on July 30 and again on August 6. After receiving no response, Plaintiffs sent this proposal for a third time on August 17. When the Bellwether Defendants finally responded, they noted that the parties were at an impasse. Plaintiffs then made their proposal to the Court, noting the Bellwether Defendants' disagreement. ECF No. 2047.

The Bellwether Defendants then filed their proposal with the Court offering no compromise, no efficiency, and little to no resource saving. Bellwether Defendants have offered to file a 40-page "omnibus" brief, but reserve the "balance" of the 200 pages that are otherwise afforded by the local rule for individual defendants to make argument—for a total of 240 pages

to the Plaintiffs' 75.[1] Such a disparity would put the Plaintiffs at an unfair disadvantage for a motion where they carry the burden. *See In re Nexium Antitrust Litig*., 777 F.3d 9, 18 (1st Cir. 2015) (noting that plaintiffs bear the burden of "affirmatively demonstrate[ing]. . . compliance" with Rule 23); *Powers v. Receivables Performance Mgmt., LLC*, 801 F. Supp. 3d 17, 39 (D. Mass. 2025) (noting the moving party's burden to demonstrate that it met the requirements of Rule 23).

Plaintiffs' request is in line with proposals made to and adopted by other MDL courts considering class certification briefing in data breach and privacy cases. *See, e.g., In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19-md-02879 (D. Md.) (filing 44-page class certification brief for two defendants; 59-page reply from both defendants; 30-page reply brief from plaintiffs); *Frasco v. Flo Health, Inc.*, No. 21-cv-00757 (N.D. Cal.) (filing 25-page class certification brief for four defendants; 25-page opposition by defendants; 15-page reply by the plaintiffs); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-md-02752 (N.D. Cal.) (filing 35-page class certification brief for two defendants; 35-page opposition by defendants; case settled before plaintiffs' reply was due). There are 12 Bellwether Defendants here, and Plaintiffs' proposed 75-page opening brief reflects the additional complexity associated with addressing the claims and issues presented by that number of defendants. Plaintiffs respectfully request that, rather than precipitously allowing defendants 240 pages in order to file a series of duplicative and prolix responses, after Plaintiffs' opening brief is filed, the Bellwether Defendants be allowed to request a reasonable and justifiable number of pages—well under 240,

---

[1] The Bellwether Defendants argue that they need 240 pages of briefing because "[h]ere, the scope of this litigation is extraordinary: Plaintiffs' Corrected Amended Consolidated Class Action Complaint (Dkt. 1543) exceeds 1,000 pages." However, this misleading argument ignores the fact that the "1,000 page" Amended Consolidated Class Action Complaint included numerous claims that the Court subsequently dismissed when it ruled on the Bellwether Defendants' Rule 12 motions. ECF No. 1517.

(and likely under 100) in which to make their arguments. After reviewing the Bellwether Defendants' response(s), Plaintiffs propose that they will then file a request, proposing a reasonable number of pages in which to reply, if such reply is necessary.

Plaintiffs' proposal seeks to advance the goal of efficient and focused class certification hearing. They respectfully request that the Court enter an order denying the Bellwether Defendants' request, and enter Plaintiffs' proposal, instead.

DATED: August 21, 2026

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Kristen A. Johnson*
Kristen A. Johnson (BBO# 667261)
1 Faneuil Hall Square, 5th Floor
Boston, MA 02109
Tel: (617) 482-3700
Fax: (617) 482-3003
kristenj@hbsslaw.com

*Plaintiffs' Liaison & Coordinating Counsel*

By: */s/ E. Michell Drake*
E. Michelle Drake
BERGER MONTAGUE, PC
1229 Tyler Street, NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5933
Fax: (612) 584-4470
emdrake@bm.net

By: */s/ Gary F. Lynch*
Gary F. Lynch
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
Gary@lcllp.com

By: */s/ Douglas J. McNamara*
Douglas J. McNamara
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Tel: (202) 408-4600
dmcnamara@cohenmilstein.com

By: */s/ Karen H. Riebel*
Karen H. Riebel
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 612-339-0981
khriebel@locklaw.com

By: */s/ Charles E. Schaffer*
Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
Fax: (215) 592-4663
cshaffer@lfsblaw.com

*Plaintiffs' Lead Counsel*

By: /s/ *Amy Keller*
Amy Keller
DICELLO LEVITT LLP
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
Tel: (312) 214-7900
akeller@dicellolevitt.com

By: /s/ *James J. Pizzirusso*
James J. Pizzirusso
HAUSFELD LLP
1200 17th Street N.W.
Washington, DC 20036
Tel: (202) 540-7200
jpizzirusso@hausfeld.com

*Co-Chairs, Law & Briefing*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

DATED: August 21, 2026

*/s/ Kristen A. Johnson*
Kristen A. Johnson (BBO# 667261)