**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br>ALL CASES | MDL No. 1:23-md-03083-ADB |
|---|---|

**[PROPOSED] CLASS CERTIFICATION ORDER**

WHEREAS, on August 28, 2026, the Bellwether Plaintiffs moved to certify classes as outlined in Bellwether Plaintiffs' Motion for Class Certification;

WHEREAS, the Bellwether Defendants opposed certification;

NOW THEREFORE, having reviewed and considered the submissions presented by all parties and the record in these proceedings, including the evidence presented and the arguments of counsel, it is hereby **ORDERED** and **DECREED** that Bellwether Plaintiffs' motion is **GRANTED**.

1. The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Class Members.

2. The Court certifies the following Classes and Subclasses pursuant to Fed. R. Civ. P. 23:

***Nationwide Classes***

1. All natural persons in the United States whose Private Information was stored in a MOVEit Transfer environment that was compromised in the 2023 Cl0p ransomware campaign exploiting vulnerabilities in Progress's MOVEit Transfer software, and to whom notice was sent stating that their Private Information was accessed or exfiltrated in that campaign.

   *Against*: Progress

   *Claims*: Negligence and Massachusetts Rule 93A



011175-35/5121724 V1

*Scope*: Nationwide

*Class Representatives*: Steven Checchia, Barbara Cruciata, Patricia Marshall, Margaret Phelan, Diamond Roberts, Sherrie Rodda, Jose Soto

2. All natural persons in the United States whose Private Information was stored in a [Direct User] MOVEit Transfer environment that was compromised in the 2023 Cl0p ransomware campaign exploiting vulnerabilities in Progress's MOVEit Transfer software, and to whom notice was sent stating that their Private Information was accessed or exfiltrated in that campaign.

   *Against*: Direct User Defendants Delta Dental, PBI, and Welltok

   *Claims*: Negligence

   *Scope*: Nationwide

   *Class Representatives*, *Delta Dental*: Ricardo Moralez, Manuel Mendoza, Terrill Mendler, Michelle Gonsalves, Deanna Duarte, Taneisha Robertson, Doris Cadet, Margaret Kavanagh, Karen Boginski, Yvette Tillman

   *Class Representatives*, *PBI*: Jose Soto, Steven Checchia, Gilbert Hale, Patrice Hauser, Steven Teppler, Patricia Marshall, Katharine Uhrich

   *Class Representatives*, *Welltok*: Sherrie Rodda

3. All natural persons in the United States whose Private Information was stored in a [Direct User] MOVEit Transfer environment that was compromised in the 2023 Cl0p ransomware campaign exploiting vulnerabilities in Progress's MOVEit Transfer software, and to whom notice was sent stating that their Private Information was accessed or exfiltrated in that campaign, where such Private Information was obtained from or transferred to the [Direct User] MOVEit Transfer environment by [VCE].

   *Against*: VCE Defendants TIAA, Milliman, Sutter Health, OSF Healthcare System, Corewell Health, Virginia Mason Franciscan Health, CHI Health

   *Claims*: Negligence

   *Scope*: Nationwide

   *Class Representatives*, *TIAA*: Margaret Phelan, Katharine Uhrich, Steven Teppler, Patricia Marshall

   *Class Representatives*, *Milliman*: Jose Soto

*Class Representatives*, *Sutter Health*: Amanda Copans

*Class Representatives*, *OSF Healthcare System*: Christopher Rehm

*Class Representatives*, *Corewell Health*: Tamara Williams, Jeffrey Weaver

*Class Representatives*, *Virginia Mason*: Meghan McClendon

*Class Representatives*, *CHI Health*: Laquesha George

4. All natural persons in the United States whose Private Information was stored in a PBI MOVEit Transfer environment that was compromised in the 2023 Cl0p ransomware campaign exploiting vulnerabilities in Progress's MOVEit Transfer software, and to whom notice was sent stating that their Private Information was accessed or exfiltrated in that campaign, where such Private Information was obtained from MLIC.

   *Against*: MLIC

   *Claims*: Negligence

   *Scope*: Nationwide

   *Class Representatives*: Jose Soto

5. All natural persons who, at the time of the Data Breach, resided in Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, or Wyoming, and whose Private Information was stored in a [Maximus or Genworth-transmitted] MOVEit Transfer environment that was compromised in the 2023 Cl0p ransomware campaign exploiting vulnerabilities in Progress's MOVEit Transfer software, and to whom notice was sent stating that their Private Information was accessed or exfiltrated in that campaign.

   *Against*: Maximus and Genworth

   *Claims*: Negligence

   *Scope*: Based upon the states listed above.

   *Class Representatives*, *Maximus*: Gregory Bloch, Barbara Cruciata, Benjamin Dieck, Victor Diluigi, M.K. (Aunali Khaku on behalf of a minor),

M.P. (Aldreamer Smith on behalf of a minor), Shellie Harper McCaskell, Elaine McCoy, Jvanne Rhodes, S.K. (Aunali Khaku on behalf of a minor), Alexys Taylor

*Class Representatives*, *Genworth*: Gilbert Hale, Patrice Hauser, Tricia Hernandez, Rita Pasquarelli

***State Consumer Protection Act Classes***

6. All natural persons in the [United States or California] whose Private Information was stored in a MOVEit Transfer environment that was compromised in the 2023 Cl0p ransomware campaign exploiting vulnerabilities in Progress's MOVEit Transfer software, and to whom notice was sent stating that their Private Information was accessed or exfiltrated in that campaign.

*Against*: Sutter Health

*Claims*: California Unfair Competition Law

*Scope*: Nationwide

*Class Representatives*: Amanda Copans

7. All natural persons in the [United States or California] whose Private Information was stored in a MOVEit Transfer environment that was compromised in the 2023 Cl0p ransomware campaign exploiting vulnerabilities in Progress's MOVEit Transfer software, and to whom notice was sent stating that their Private Information was accessed or exfiltrated in that campaign.

*Against*: Delta Dental CA

*Claims*: California Legal Remedies Act

*Scope*: Nationwide

*Class Representatives*: Ricardo Moralez, Manuel Mendoza, Terrill Mendler, Michelle Gonsalves, Deanna Duarte, Taneisha Robertson, Doris Cadet, Margaret Kavanagh, Karen Boginski, Yvette Tillman

8. All natural persons in the [United States or Michigan] whose Private Information was stored in a MOVEit Transfer environment that was compromised in the 2023 Cl0p ransomware campaign exploiting vulnerabilities in Progress's MOVEit Transfer software, and to whom

notice was sent stating that their Private Information was accessed or exfiltrated in that campaign.

*Against*: Corewell

*Claims*: Michigan Consumer Protection Act

*Scope*: Nationwide

*Class Representatives*: Tamara Williams, Jeffrey Weaver

9. All natural persons in the [United States or Minnesota] whose Private Information was stored in a MOVEit Transfer environment that was compromised in the 2023 Cl0p ransomware campaign exploiting vulnerabilities in Progress's MOVEit Transfer software, and to whom notice was sent stating that their Private Information was accessed or exfiltrated in that campaign.

*Against*: PBI Bellwether Defendants

*Claims*: Minnesota Uniform Deceptive Trade Practices Act

*Scope*: Nationwide

*Class Representatives*: Jose Soto, Margaret Phelan, Katharine Uhrich, Steven Teppler, Patricia Marshall

10. All natural persons in the [United States or Nebraska] whose Private Information was stored in a MOVEit Transfer environment that was compromised in the 2023 Cl0p ransomware campaign exploiting vulnerabilities in Progress's MOVEit Transfer software, and to whom notice was sent stating that their Private Information was accessed or exfiltrated in that campaign.

*Against*: CHI Health

*Claims*: Nebraska Consumer Protection Act, Nebraska Uniform Deceptive Trade Practices Act

*Scope*: Nationwide

*Class Representatives*: Laquesha George

11. All natural persons in the [United States or Washington] whose Private Information was stored in a MOVEit Transfer environment that was compromised in the 2023 Cl0p ransomware campaign exploiting vulnerabilities in Progress's MOVEit Transfer software, and to whom

notice was sent stating that their Private Information was accessed or exfiltrated in that campaign.

*Against*: Virginia Mason

*Claims*: Washington Consumer Protection Act

*Scope*: Nationwide

*Class Representatives*: Meghan McClendon

***State-Resident Statutory Subclasses***

12. All members of the Nationwide Class certified against the identified Defendant(s) who, at the time of the Data Breach, resided in California.

*Against*: Progress, PBI, Delta Dental, Maximus, Welltok, Genworth

*Claims*: California Unfair Competition Law

*Scope*: California-only

*Class Representatives*, *Progress*: Rita Pasquarelli, Amanda Copans, Shellie Harper McCaskell

*Class Representatives*, *PBI*: Rita Pasquarelli

*Class Representatives*, *Delta Dental*: Ricardo Moralez, Deanna Duarte, Doris Cadet

*Class Representatives*, *Maximus*: Shellie Harper McCaskell

*Class Representatives*, *Welltok*: Amanda Copans

*Class Representatives*, *Genworth*: Rita Pasquarelli

13. All members of the Nationwide Class certified against the identified Defendant(s) who, at the time of the Data Breach, resided in California. *This class is limited to Class Members whose compromised information included "medical information," or individually identifiable information regarding a patient's medical history, mental health application information, mental or physical condition, or treatment, as that term is defined in the Act.*

*Against*: Maximus

*Claims*: California Confidentiality of Medical Information Act

*Scope*: California-only

*Class Representatives*: Shellie Harper McCaskell

14. All members of the Nationwide Class certified against the identified Defendant(s) who, at the time of the Data Breach, resided in California. *This class is limited to Class Members whose nonencrypted and nonredacted "personal information," as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, was compromised.*

*Against*: Welltok

*Claims*: California Consumer Privacy Act

*Scope*: California-only

*Class Representatives*: Amanda Copans

15. All members of the Nationwide Class certified against the identified Defendant(s) who, at the time of the Data Breach, resided in Connecticut.

*Against*: Progress, Delta Dental

*Claims*: Connecticut Unfair Trade Practices Act

*Scope*: Connecticut-only

*Class Representatives*, *Progress*: Karen Boginski

*Class Representatives*, *Delta Dental*: Karen Boginski

16. All members of the Nationwide Class certified against the identified Defendant(s) who, at the time of the Data Breach, resided in Georgia.

*Against*: Progress, Delta Dental

*Claims*: Georgia Uniform Deceptive Trade Practices Act

*Scope*: Georgia-only

*Class Representatives*, *Progress*: Doris Cadet, Taneisha Robertson

*Class Representatives*, *Delta Dental*: Doris Cadet, Taneisha Robertson

17. All members of the Nationwide Class certified against the identified Defendant(s) who, at the time of the Data Breach, resided in Illinois.

*Against*: Progress, PBI, TIAA

*Claims*: Illinois Uniform Deceptive Trade Practices Act

*Scope*: Illinois-only

*Class Representatives*, *Progress*: Katharine Uhrich, Christopher Rehm

*Class Representatives*, *PBI*: Katharine Uhrich

*Class Representatives*, *TIAA*: Katharine Uhrich

18. All members of the Nationwide Class certified against the identified Defendant(s) who, at the time of the Data Breach, resided in Michigan.

*Against*: Welltok

*Claims*: Michigan Consumer Protection Act

*Scope*: Michigan-only

*Class Representatives*: Jeffrey Weaver, Tamara Williams

19. All members of the Nationwide Class certified against the identified Defendant(s) who, at the time of the Data Breach, resided in Michigan. *For purposes of claims arising under the Michigan Identity Theft Protection Act*, *this class is limited to "personal information" as that term is defined in the statute.*

*Against*: Progress

*Claims*: Michigan Consumer Protection Act for violations of the Michigan Identity Theft Protection Act

*Scope*: Michigan-only

*Class Representatives*: Jeffrey Weaver, Tamara Williams

20. All members of the Nationwide Class certified against the identified Defendant(s) who, at the time of the Data Breach, resided in Nebraska.

*Against*: Progress, Welltok

*Claims*: Nebraska Consumer Protection Act, Nebraska Uniform Deceptive Trade Practices Act

*Scope*: Nebraska-only

*Class Representatives*, *Progress*: Laquesha George

*Class Representatives*, *Welltok*: Laquesha George

21. All members of the Nationwide Class certified against the identified Defendant(s) who, at the time of the Data Breach, resided in North Carolina. *This class is limited to Class Members whose compromised information included "personal information" as that term is defined in the statute.*

*Against*: Progress

*Claims*: North Carolina Identity Theft Protection Act

*Scope*: North Carolina-only

*Class Representatives*: Benjamin Dieck

22. All members of the Nationwide Class certified against the identified Defendant(s) who, at the time of the Data Breach, resided in South Carolina. *This class is limited to Class Members whose compromised information included "personal identifying information" as that term is defined in the statute.*

*Against*: Delta Dental

*Claims*: South Carolina Data Breach Security Act

*Scope*: South Carolina-only

*Class Representatives*: Yvette Tillman

23. All members of the Nationwide Class certified against the identified Defendant(s) who, at the time of the Data Breach, resided in Washington.

*Against*: Progress and Welltok

*Claims*: Washington Consumer Protection Act

*Scope*: Washington-only

*Class Representatives*, *Progress*: Meghan McClendon

*Class Representatives*, *Welltok*: Meghan McClendon

24. All members of the Nationwide Class certified against the identified Defendant(s) who, at the time of the Data Breach, resided in Washington. *This class is limited to Class Members whose compromised information included "personal identifying information" as that term is defined in the statute.*

*Against*: Progress and Welltok

*Claims*: Washington Data Breach Notification Act

*Scope*: Washington-only

*Class Representatives*, *Progress*: Meghan McClendon

*Class Representatives*, *Welltok*: Meghan McClendon

3. The Court determines that each class meets all the requirements of Federal Rules of Civil Procedure ("Rules") 23(a) and (b)(3):

4. Numerosity: Rule 23(a)(1) requires that a proposed settlement class be "so numerous that joinder of all class members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, the Court notes that class membership numbers in the millions and that the Class Members are readily identifiable from Bellwether Defendants' records. The Court finds that numerosity is satisfied.

5. Commonality: Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(1). Here, Class Members are joined by the common questions of law and fact that arise from the same alleged event: the MOVEit Security Incident. The common questions include, among others: 1) whether MOVEit Transfer contained exploitable security vulnerabilities during the relevant period; (2) whether Progress or other Bellwether Defendants knew or should have known of those vulnerabilities and failed to use reasonable care in identifying, patching, and disclosing them; (3) whether those failures enabled Cl0p's access to and exfiltration of Private Information stored in MOVEit Transfer environments; (4) whether Progress's and other Bellwether Defendants' representations and omissions regarding the security of MOVEit were deceptive or unfair under Chapter 93A and other statutes; and (5) whether the exfiltration of Private Information and resulting exposure to risk caused concrete injuries in the form of future risk, mitigation costs, lost time, emotional distress, and loss of data value. Commonality is satisfied.

6. Typicality: Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Bellwether Plaintiffs satisfy the

typicality requirement because their claims arise from the same factual nexus and are based on the same legal theories as the claims of members of the Classes. Other members of the Classes were subject to the alleged MOVEit Security Incident and have suffered the same type of injuries.

7. Adequacy: Per Rule 23(a)(4), the adequacy requirement is satisfied when "the representative parties will fairly and adequately protect the interest of the class." Per Rule 23(g), "a court that certified a class must appoint class counsel." The Court finds that the proposed Class Representatives have fulfilled their responsibilities on behalf of the Class. The Court further finds that Co-Lead Counsel and Liaison and Coordinating Counsel have prosecuted the case vigorously and in the best interests of the Classed. Adequacy is satisfied.

8. Predominance: Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." Here, the many common questions of fact and law that arise from the alleged MOVEit Security Incident and Defendant's alleged conduct predominate over any individualized issues. Predominance is satisfied.

9. Superiority: Rule 23(b)(3) also requires a finding that class treatment is "superior to other available methods for fairly and efficiently adjudicating the controversy." Class resolution is superior to other available means for the fair and efficient adjudication of the claims in this case. Here, potential damages suffered by individual Class Members are relatively low-dollar amounts and would be uneconomical to pursue on an individual basis given the burden and expense of prosecuting individual claims. Superiority is satisfied.

10. Bellwether Plaintiffs are hereby appointed as Class Representatives of the above identified classes.

11. The Court hereby appoints, pursuant to Rule 23(g), E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP as Class Counsel for the certified Classes.

**IT IS SO ORDERED**

DATED this ________ day of ______________, 2026.

_________________________________
HON. ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: August 28, 2026

*/s/ Kristen A. Johnson*

Kristen A. Johnson (BBO# 667261)