**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>**This Document Relates To:**<br><br>All Cases | MDL No. 3083<br>Civil Action No.: 1:23-md-03083-ADB-PG |

## NON-PROGRESS BELLWETHER DEFENDANTS' MOTION FOR DISCOVERY CONFERENCE RELATED TO PLAINTIFFS' IMPROPER MOTION TO COMPEL

Bellwether Defendants[1] except for Progress Software Corporation and Ipswitch, Inc. ("Moving Defendants") respectfully move the Court for a discovery conference related to Plaintiffs' Motion to Compel Documents Improperly Withheld as Attorney-Client Privileged or Subject to Work-Product Protection (ECF No. 2095, filed on September 16, 2026) ("Motion to Compel"). Moving Defendants request such conference be held as soon as possible, given the lack of clarity as to whether Plaintiffs' Motion to Compel was permissibly filed and thus necessitates a response by Moving Defendants and, if so, the due date for such response in view of Plaintiffs' contention that all responses are due Monday, September 28, 2026.

## BACKGROUND

Promptly after Plaintiffs filed their Motion to Compel, Moving Defendants individually

[1] For purposes of this motion, "Moving Defendants" are defined as Maximus, Inc., Maximus Federal Services, Inc., and Maximus US Services, Inc. (collectively "Maximus"); Pension Benefit Information, LLC ("PBI"); Genworth Life Insurance Co., Genworth Financial, Inc., and Genworth Life and Annuity Insurance Co. (collectively "Genworth"), Teachers Insurance and Annuity Association of America ("TIAA"), Milliman Solutions, LLC, and Milliman, Inc. d/b/a Milliman Intelliscript ("Milliman"), and MEMBERS Life Insurance Company ("MLIC") (collectively "PBI VCEs/VCECs"); Welltok, Inc. ("Welltok"); OSF Healthcare System ("OSF"), CHI Health – NE ("CHI Health"), Virginia Mason Franciscan Health ("Virginia Mason"), and Sutter Health ("Sutter") (collectively "Welltok VCEs/VCECs"); Delta Dental of California, Delta Dental of New York, Delta Dental of Pennsylvania, and Delta Dental Insurance Company (collectively, "Delta Dental"). Corewell Health ("Corewell") did not withhold any documents as privileged and so is not a party to this dispute.

emailed Plaintiffs' counsel and requested they withdraw the Motion to Compel as to each of them because the Motion to Compel – being directed to all Bellwether Defendants – violates Local Rules 7.1 and 37.1 as well as the Court's directives at the September 11 hearing. *See* Decl. of Jordan O'Donnell, attached as **Exhibit 1**, Exhibits A-I. Plaintiffs declined, and so in conformity with past practice in this MDL, Moving Defendants requested a conference with the Court on Thursday, September 17, 2026, and Friday, September 18, 2026. *See* M. Shapiro and J. O'Donnell Emails, attached as **Exhibit 2**. On September 22, 2026, the Court instructed Moving Defendants to file a formal motion. In support of their request, Moving Defendants maintain Plaintiffs' Motion to Compel is improper for the following reasons, which they can discuss in depth at a discovery conference, should the Court agree.

***Plaintiffs Failed to Raise with the Court Privilege Issues as to Other Bellwether Defendants***

The September 11, 2026, discovery conference concerned (in addition to discovery disputes not relevant here) privilege issues raised by Plaintiffs as to Progress and Progress alone. *See* K. Baxter-Kauf Email of September 8, 2026, attached as **Exhibit 3**. At the conference, Plaintiffs sought permission to file a motion to compel production of certain documents identified as privileged by Progress. Progress responded that Plaintiffs' request violated the Court's scheduling order, which set a deadline to file motions relating to privilege disputes over months earlier, on July 1, 2026. Hrg Tr. at 34:2-35:17. The Court acknowledged Progress' point, stating "we've got parties on tight deadlines with plenty of other briefing and we've got limited time," but resolved because there were "ongoing discussions" between Plaintiffs and Progress that extended past the Court-ordered deadline whereby the parties endeavored "to narrow the issues," he would allow Plaintiffs to file their motion to compel. *Id.* at 39:17-19, 61:8-15. By contrast, the Court explained, "had there been complete silence on this, I might well have said, 'All right, time passed,

we're done.'" *Id.* at 61:6-8.

At the end of the conference, Plaintiffs' counsel broached the subject of raising privilege issues as to other unidentified Bellwether Defendants, asking: "So do you want -- I guess the question is if the issue we were going to think about raising for the other bellwether defendants is the same issue, do you want a similar discovery conference for each of them as well, or do you want us just to move?" Hrg Tr. at 63:21-24. In response, Judge Levenson advised:

> [I]f these issues have not already been teed up with the other defendants in such a way that you've got a marker on it that says, 'Well, as soon as we get a ruling from Judge Levenson, we'll either get this stuff or we won't get this stuff,' unless you've got it teed up in such a way that you've got that squared away, it's not clear to me there's anything I can do to help you, and I'm certainly not offering to.

Hrg Tr. at 64:7-14. Plaintiffs' counsel sought to mollify the Court, explaining any outstanding issues concerned just "two additional pieces that …have to do with nonparty involvement, and they are specific to a nonparty vendor for Maximus, and they are specific to logs produced by non-party Kroll," emphasizing "[t]his is not some big morass." Hr. Tr. at 64:15-65:5.

Nonetheless, on September 16, 2026, Plaintiffs filed a Motion to Compel that seeks production of documents withheld by *all* Bellwether Defendants related to any third-party vendors as well as large swaths of internal documents. *See* ECF No. 2104, p. 1 (sealed). As these issues were not raised with the Court prior to the September 11, 2026, discovery conference, Moving Defendants did not have the opportunity to share, among other things, Plaintiffs' failure to comply with Local Rule 7.1 and their dilatory raising of privilege disputes in contravention of the Court's scheduling order. Plaintiffs' Motion to Compel therefore raises issues that have not been subject to a Rule 37.1 conference including all relevant Moving Defendants. Accordingly, in lieu of incurring costs to oppose Plaintiffs' procedurally improper Motion to Compel, Moving Defendants

first seek the opportunity to discuss further with the Court.

***Plaintiffs Generally Failed to Comply with Local Rules 7.1 and 37.1***

As Moving Defendants raised in their email correspondence to Plaintiffs, they failed to meet and confer in advance of filing their Motion to Compel, as required by Local Rules 7.1 and 37.1. *See* **Exhibit 1**, Exhibit A-I. As was the case with all Bellwether Defendants, Plaintiffs sent boilerplate letters on or about June 16, 2026, raising purported discovery disputes. Moving Defendants each responded by late-June 2026, and many thereafter downgraded and produced additional documents previously withheld as privileged, including some involving third-party vendors. Yet most Moving Defendants had no further communications with Plaintiffs regarding privilege issues, including those raised in the Motion to Compel, up to its filing. Those Moving Defendants that did have (what the emails to Plaintiffs' counsel indicate were very cursory) additional communications with Plaintiffs after late-June 2026, heard nothing after mid-July 2026.

In their response to Moving Defendants' emails to the Court, Plaintiffs claim Moving Defendants "explicitly disagreed by letter and in meet and confers with the legal position set out in Plaintiffs' motion for evaluating business advice and waiver." *See* K. Baxter-Kauf Email of September 18, 2026, attached as **Exhibit 4**. Plaintiffs make no attempt to argue how Moving Defendants' own letter response to Plaintiffs' dispute letter satisfies Local Rules 7.1 and 37.1, when Plaintiffs, in most instances, failed to respond to those letters at all. Belying any suggestion by Plaintiffs that they properly met and conferred is their own Local Rule 7.1 certification, which is *undated*. ECF No. 2096, p. 3. Likewise, Plaintiffs' procedural history lacks any dates or details regarding any conferrals. ECF No. 2104, pp. 1-5 (sealed). Accordingly, as to non-Progress Moving Defendants, Plaintiffs' Motion to Compel violates Local Rules 7.1 and 37.1, and because Plaintiffs failed to meet and confer, the filing of their Motion contravenes this Court's directive at the

September 11 conference. Had Plaintiffs met and conferred, Moving Defendants would have explained further the justifiable bases for their assertions of privilege—bases that would have allowed for "narrow[ing] the areas of disagreement to the greatest possible extent" (Local Rule 37.1(a)) before burdening the Court.

***Plaintiffs' Motion to Compel Is Untimely***

Even if Plaintiffs had adequately conferred with Moving Defendants on these issues, they have offered no excuse for waiting nearly ***three months*** to raise these issues with the Court. The Motion to Compel is untimely because it is filed well after the Court's July 1, 2026, deadline for raising privilege disputes. *See* MDL Order 30 (ECF No. 1681). Notably, rather than raise these issues with the Court on July 1, Plaintiffs submitted to the Court a "Status Report on Privilege Issues" on July 8, 2026, granting themselves a unilateral extension to July 10, 2026 to "tee up key, discrete privilege issues for decision(s) by the Court." *See* ECF No. 1954. Specifically, in that submission, Plaintiffs advised the Court they would "continue trying to resolve these privilege disputes for the next ten days. Progress is being made, and we are optimistic. But, if necessary, Plaintiffs will reach out to the Court ***no later than July 10, 2026***, to request a conference to discuss, e.g, how best to tee up key, discrete privilege issues for decision(s) by the Court." *Id.* Plaintiffs did not reach out to the Court by that deadline. Nor did they reach out to any non-Progress Defendant at any point therefore prior to file their Motion to Compel on September 16, 2026.

Despite purportedly knowing as of late-June 2026 that Moving Defendants "explicitly disagreed" with their position and having allegedly fulfilled their Local Rule 7.1 obligations, Plaintiffs waited an additional three months, after they had filed their Motion for Class Certification and all Bellwether Defendants were in the midst of preparing an opposition, to raise these privilege issues. Such are in contravention of the Court's scheduling order and should not be

permitted.

And although the Court permitted Plaintiffs' dispute with Progress to proceed over Progress' objection that such was untimely, Judge Levenson's decision was based on the representation made at the September 11, 2026, hearing that those parties had been "actively conferring and making progress." *See* Hr. Tr. at 36:24-25. No such representation can be made as to Moving Defendants.

WHEREFORE, Moving Defendants respectfully request a discovery conference related to Plaintiffs' Motion to Compel Documents Improperly Withheld as Attorney-Client Privileged or Subject to Work-Product Protection (ECF No. 2095).

Dated: September 23, 2026

By: */s/ Aravind Swaminathan*
Aravind Swaminathan (*pro hac vice*)
ORRICK HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
Tel: (206) 839-4340
aswaminathan@orrick.com

*Counsel for Bellwether Defendant Teachers Insurance and Annuity Association of America*

By: */s/ Allison M. Holt Ryan*
Allison M. Holt Ryan (pro hac vice)
HOGAN LOVELLS LLP
555 13th Street NW
Washington, D.C. 20004
Tel: (202) 637-5600
allison.holt-ryan@hoganlovells.com

*Counsel for Bellwether Defendants Maximus, Inc., Maximus Federal Services, Inc., and Maximus US Services, Inc.*

By: */s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO # 564879)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor

Boston, MA 02109
Tel: (617) 223-0304
jpirozzolo@sidley.com

*Counsel for Bellwether Defendants Genworth Life Insurance Co., Genworth Financial, Inc., and Genworth Life and Annuity Insurance Co.*

By: */s/ Paulyne Gardner*
Paulyne Gardner (*pro hac vice*)
Jordan S. O'Donnell (BBO# 684001)
MULLEN COUGHLIN LLC
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Tel: (267) 930-4770
pgardner@mullen.law
jsodonnell@mullen.law

*Counsel for Bellwether Defendant Pension Benefit Information, LLC*

By: */s/ Gilbert S. Keteltas*
Gilbert S. Keteltas
BAKER & HOSTETLER LLP
1050 Connecticut Ave., NW, Suite 1100
Washington, DC 20036
Tel: (202) 861.1530
Fax: (202) 861.1783
gketeltas@bakerlaw.com

Kyle T. Cutts
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: 216-861-7576
Fax: 216-696-0740
kcutts@bakerlaw.com

*Counsel for Bellwether Defendants OSF Healthcare System, CHI Health - NE, and Virginia Mason Franciscan Health*

By: */s/Kari M. Rollins*
Kari M. Rollins (*pro hac vice*)
SHEPPARD MULLIN RICHTER &

HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 634-3077
Krollins@sheppardmullin.com

*Counsel for Bellwether Defendants Delta Dental of California, Delta Dental of New York, Delta Dental of Pennsylvania, Delta Dental Insurance Company, and Delta Dental Plans Association*

By: */s/ Michael J. Dailey*_____________
Craig J. Mariam (*pro hac vice*)
Michael J. Dailey (*pro hac vice*)
Lara S. Garner (*pro hac vice*)
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Tel: (213) 576-5000
cmariam@grsm.com
mdailey@grsm.com
lsgarner@grsm.com

*Counsel for Bellwether Defendants Milliman Solutions, LLC, Milliman, Inc. d/b/a Milliman Intelliscript, and MEMBERS Life Insurance Company*

By: */s/ Amanda Harvey*___________
Amanda Harvey (*pro hac vice*)
Kayleigh Watson (*pro hac vice*)
MULLEN COUGHLIN LLC
1452 Hughes Road, Suite 200
Grapevine, TX 76051
Phone: (267) 930-1697
aharvey@mullen.law
kwatson@mullen.law

*Counsel for Bellwether Defendant Welltok, Inc.*

By: */s/ Christopher G. Dean*________
Christopher G. Dean (*pro hac vice*)
Jeffrey S. Haut (*pro hac vice*)
Luke A. Davis (*pro hac vice*)
MCDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100

Cleveland, Ohio 44114
P: 216.348.5400
cdean@mcdonaldhopkins.com
jhaut@mcdonaldhopkins.com
ldavis@mcdonaldhopkins.com

*Counsel for Bellwether Defendant Sutter Health*

**LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that on September 17-18, 2026, Moving Defendants requested Plaintiffs withdraw their motion to compel as to them, which is the subject of this motion for a discovery conference. Such is evidenced by the emails attached to this motion. Plaintiffs declined or otherwise failed to do so.

*/s/ Jordan S. O'Donnell*
Jordan S. O'Donnell

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: September 23, 2026

*/s/ Jordan S. O'Donnell*
Jordan S. O'Donnell (BBO# 684001)