**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>**This Document Relates To:**<br><br>All Cases | MDL No. 3083<br>Civil Action No.: 1:23-md-03083-ADB-PG |

**DECLARATION OF JORDAN S. O'DONNELL IN SUPPORT OF NON-PROGRESS BELLWETHER DEFENDANTS' MOTION FOR DISCOVERY CONFERENCE RELATED TO PLAINTIFFS' IMPROPER MOTION TO COMPEL**

I, Jordan S. O'Donnell, hereby declare as follows:

1. I am counsel for Bellwether Defendant Pension Benefit Information, LLC, ("PBI").

2. I am a partner at Mullen Coughlin LLC in Devon, Pennsylvania. I submit this Declaration in support of Non-Progress Bellwether Defendants' Motion for Discovery Conference Related to Plaintiffs' Improper Motion to Compel.

3. Attached to this Declaration as **Exhibit A** is a true and correct copy of an email sent by me, as counsel for PBI, to Plaintiffs' counsel in this action, dated September 17, 2026.

4. Attached to this Declaration as **Exhibit B** is a true and correct copy of an email sent by Kristina Gliklad, as counsel for Bellwether Defendants Genworth Life Insurance Co., Genworth Financial, Inc., and Genworth Life and Annuity Insurance Co. (together, "Genworth Defendants"), to Plaintiffs' counsel in this action, dated September 17, 2026. This email was provided to me by counsel for the Genworth Defendants.

5. Attached to this Declaration as **Exhibit C** is a true and correct copy of an email sent by Marc Shapiro, as counsel for Bellwether Defendant Teachers Insurance and Annuity Association of America ("TIAA") to Plaintiffs' counsel in this action, dated September 17, 2026. This email was provided to me by counsel for TIAA.

6. Attached to this Declaration as **Exhibit D** is a true and correct copy of an email sent by Michael Dailey, as counsel for Bellwether Defendants Milliman Solutions, LLC, and Milliman, Inc. d/b/a Milliman Intelliscript ("Milliman"), and MEMBERS Life Insurance Company ("MLIC") to Plaintiffs' counsel in this action, dated September 17, 2026. This email was provided to me by counsel for Milliman and MLIC.

7. Attached to this Declaration as **Exhibit E** is a true and correct copy of an email sent by Kayleigh Watson, as counsel for Bellwether Defendant Welltok, Inc. ("Welltok") to Plaintiffs' counsel in this action, dated September 17, 2026. This email was provided to me by counsel for Welltok.

8. Attached to this Declaration as **Exhibit F** is a true and correct copy of an email sent by Jeffrey Haut, as counsel for Bellwether Defendant Sutter Health ("Sutter") to Plaintiffs' counsel in this action, dated September 17, 2026. This email was provided to me by counsel for Sutter.

9. Attached to this Declaration as **Exhibit G** is a true and correct copy of an email sent by Graycen Hill, as counsel for Bellwether Defendants OSF Healthcare System ("OSF"), CHI Health – NE ("CHI Health"), and Virginia Mason Franciscan Health ("Virginia Mason"), to Plaintiffs' counsel in this action, dated September 17, 2026. This email was provided to me by counsel for OSF, CHI Health, and Virginia Mason.

10. Attached to this Declaration as **Exhibit H** is a true and correct copy of an email sent by Lance Murashige, as counsel for Bellwether Defendants Maximus, Inc., Maximus Federal Services, Inc., and Maximus US Services, Inc. ("Maximus Defendants") to Plaintiffs' counsel in this action, dated September 18, 2026. This email was provided to me by counsel for Maximus Defendants.

11. Attached to this Declaration as **Exhibit I** is a true and correct copy of an email sent by Anne-Marie Dao, as counsel for Bellwether Defendants Delta Dental of California, Delta Dental of New York, Delta Dental of Pennsylvania, and Delta Dental Insurance Company ("Delta Dental Defendants") to Plaintiffs' counsel in this action, dated September 17, 2026. This email was provided to me by counsel for Delta Dental Defendants.

The foregoing statements are made under penalty of perjury, and is true and correct to the best of my knowledge and belief.

Dated: September 23, 2026

*/s/ Jordan S. O'Donnell*
Jordan S. O'Donnell

**Jordan O'Donnell**

**From:** Jordan O'Donnell
**Sent:** Thursday, September 17, 2026 2:17 PM
**To:** 'Baxter-Kauf, Kate M.'; Kristen A. Johnson; MOVEit Plaintiffs Lead Counsel
**Cc:** David Moncure; Paulyne Gardner; Barbara Dziedzic
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

**Categories:** zM:PBI et al (Longevity Holdings) - Robert Anastasio v. - CLASS ACTION--2901-001

Counsel,

We write on behalf of PBI to request that Plaintiffs withdraw their Motion to Compel as to PBI and any documents withheld by Kroll as it relates to PBI, and not submit any documents for *in camera* review.

Plaintiffs' motion, filed last night, seeks documents from all Bellwether Defendants, including PBI. However, it wrongly states that Plaintiffs and PBI "have extensively met and conferred" through the summer of 2026. Rather, after PBI served its June 30, 2026 response to Plaintiffs' June 16, 2026 letter, only one "meet and confer" was held, on July 10, 2026 between Attorney Langer and Attorneys O'Donnell and Moncure. That discussion was largely a question-and-answer session regarding the basis for PBI's claims of privilege, during which PBI indicated it would review its privilege log and production for potential documents to downgrade (and indeed did so, on July 15 and August 11, 2026) as to particular issues. However, we were ambiguous that PBI would not waver in its position as to the issues raised in the Motion to Compel. Despite Attorney Langer stating follow up from Plaintiffs would be forthcoming, none occurred as to any particular privilege log entries or outstanding disputes. PBI, in turn, produced a final privilege log on August 14, 2026.

On September 3, 2026, Attorney Langer emailed PBI's counsel to ask whether the August 14, 2026 log was the "current operative log," which we confirmed. Attorney Langer responded, "We will get back to you shortly." Despite this, Plaintiffs have made no further communications on issues of privilege as it relates to PBI. This constitutes a failure to meet and confer as required by the local rules.

Moreover, when emailing the Court beginning September 8, 2026, Plaintiffs only raised an impasse with Progress. Thus, PBI was not included in that dispute and was not afforded the opportunity to communicate its position with Judge Levenson during the September 11, 2026 conference. Had it been able to, PBI would have contended Plaintiffs' privilege dispute is untimely, as it is raised more than two months after the scheduling order's July 1, 2026 deadline (MDL Order No. 35, ECF No. 1907) and Plaintiffs' self-imposed July 10, 2026 deadline (July 1, 2026 status report, ECF No. 1954). To the extent Judge Levenson permitted Plaintiffs to brief their dispute with Progress despite it being raised with the Court after these dates, Judge Levenson stated he was persuaded based on those parties' ongoing conferrals. But as indicated above, the same cannot be said of Plaintiffs and PBI based on Plaintiffs' failure to respond to PBI's June 30, 2026 letter or confer further on these issues. Accordingly, any such disputes have been waived. Plaintiffs' inclusion of PBI in its brief is improper, procedurally deficient, and constitutes and contains misrepresentations to the Court regarding Plaintiffs' course of conduct over the past several months on this issue.

At the September 11, 2026 conference, Judge Levenson was clear that what Plaintiffs are attempting, through omnibus briefing against multiple Bellwether Defendants, is improper give Plaintiffs have failed to confer for several months and raise these issues two weeks prior to the close of discovery. *See* Tr. 63:14-20 ("Where I don't have all of the defendants engaged in this...the reality is we're out of time on discovery. So there are practicalities with that that I'm not really in a position to fix for you."); Tr. 64:1-14 ("if these issues have not already been teed up

with the other defendants in such a way that you've got a marker on it that says, 'Well, as soon as we get a ruling from Judge Levenson, we'll either get this stuff or we won't get this stuff...' it's not clear to me there's anything I can do to help you, and I'm certainly not offering to.").

We also note that to the extent Plaintiffs are seeking relief related to documents withheld by Kroll, Plaintiffs have repeatedly and improperly failed to include PBI in that process. Plaintiffs never shared Kroll's formal response to Plaintiffs' subpoena on PBI or any Bellwether Defendants. Rather, we only learned what had been produced well after the fact and obtained it directly from Kroll's counsel. We also repeatedly requested that Plaintiffs include PBI in any conferrals with Kroll, given PBI's assertion of privilege, but that request has been ignored.

Accordingly, PBI requests that Plaintiffs notify the Court they are withdrawing any requests related to PBI's claims of privilege or Kroll's claims of privilege related to PBI, by close of business tomorrow, September 18, 2026. If Plaintiffs refuse or otherwise fail to do so, we will request a conference with the Court to discuss Plaintiffs' misrepresentations and request it strike Plaintiffs' motion. PBI further reserves all rights, including pursuit of its costs and fees.

**Jordan O'Donnell**
***Partner***
***Mullen Coughlin LLC***
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
(267) 930-4106 - Office
(908) 868-4204 - Mobile
jsodonnell@mullen.law

This email may be an attorney-client communication or otherwise confidential and privileged. If you are not the intended recipient, or received it in error, do not review or copy. Please immediately notify the sender and permanently delete/destroy the email and attachments.

**From:** Baxter-Kauf, Kate M. <kmbaxter-kauf@locklaw.com>
**Sent:** Wednesday, September 16, 2026 6:50 PM
**To:** Caetlin McManus <Caetlin_McManus@mad.uscourts.gov>; Alexandra Traganos <Alexandra_Traganos@mad.uscourts.gov>; Karen Folan <Karen_Folan@mad.uscourts.gov>; Courtney Horvath <Courtney_Horvath@mad.uscourts.gov>
**Cc:** MOVEItBellwetherDefendants@hbsslaw.com; MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Good afternoon,

Please find attached Plaintiffs' brief setting out the legal position as directed in ECF No. 2081 and related to the motion to seal filed at ECF No. 2098 and the motion to compel filed at ECF No. 2096. This brief contains voluminous confidential information belonging to the Defendants and Plaintiffs will work with Bellwether Defendants to file a redacted version. Would the court please provide a secure link so that we can upload under seal information, an index of exhibits, and the exhibits? The exhibits are the logs and other information requested by Judge Levenson for in camera review.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**

100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

LGN

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

**Jordan O'Donnell**

| | |
|---|---|
| **From:** | Gliklad, Kristina A. <kgliklad@sidley.com> |
| **Sent:** | Thursday, September 17, 2026 3:08 PM |
| **To:** | Baxter-Kauf, Kate M.; MOVEit Plaintiffs Lead Counsel |
| **Cc:** | Joyce, Eamon P.; Sultanian, Heather Benzmiller; Lance, Garrett M.; Blake, Sophia A. |
| **Subject:** | RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel |

Kate,

Plaintiffs' motion to compel is procedurally improper as to Genworth. Plaintiffs have said nothing about Genworth's privilege designations since June, including over the course of multiple Genworth depositions. Thus, Plaintiffs have not satisfied their meet-and-confer obligations as to any purportedly outstanding Genworth privilege dispute, and their attempt now to sweep Genworth into an omnibus motion arising from a Progress-specific dispute directly contravenes the Court's guidance at the September 11 hearing.

Consistent with Plaintiffs' lack of correspondence on any privilege issue for more than three months, the broader record refutes your suggestion that, as to Genworth, the parties "extensively met and conferred" and "narrowed disputes" throughout the summer. The chronology is straightforward:

- June 1: Genworth served its privilege log pursuant to MDL Order No. 16.
- June 5 and June 12: Genworth reproduced the log to conform to Plaintiffs' preferred format.
- June 16: Plaintiffs sent Genworth a boilerplate and conclusory deficiency letter purporting to challenge "at least" 2,899 entries through sweeping categorical objections.
- June 30: Genworth responded substantively to Plaintiffs' letter, explaining why those categorical objections were inaccurate as a matter of both law and fact, and agreed to downgrade certain documents.
- July 2: Genworth promptly served a supplemental privilege log.
- August 12: Genworth served a second supplemental log to account for a recently produced document containing privilege redactions and a small number of previously produced documents inadvertently omitted from the initial log.

Plaintiffs never responded to Genworth's June 30 letter, never identified what issues supposedly remained after considering Genworth's response and supplemental log, never requested a further meet and confer, and never advised Genworth that they intended to seek judicial intervention. Plaintiffs thus raised certain privilege issues once, in June, Genworth responded substantively and made targeted privilege downgrades, and never heard from Plaintiffs again until Plaintiffs' attempt yesterday to resurrect such issues in a motion to the Court.

This is particularly improper given Plaintiffs' own representations. On July 1 (the deadline for raising privilege issues under MDL Order No. 30), Plaintiffs advised the Court in a status report that they would continue attempting to resolve privilege disputes and, if necessary, would request a conference by July 10 to tee up "key, discrete privilege issues" for decision. Plaintiffs did neither as to Genworth. Instead, Plaintiffs now seek to shoehorn Genworth into briefing that arose from a privilege dispute with Progress to which Genworth was not a party.

The transcript from Friday's hearing could hardly be clearer that the Court was not authorizing Plaintiffs to use the Progress briefing as a vehicle to revive dormant disputes with other Bellwether Defendants. When Plaintiffs asked whether they should "talk to the other defendants" and attempt to leverage the Progress ruling elsewhere, Judge Levenson responded: "I think you better [b]ecause I think you're out of time." Tr. 62:15–19. The Court then emphasized that, because "all of the defendants" were not engaged in the Progress dispute, "the reality is we're out of time on discovery" and there were "practicalities with that that I'm not really in a position to fix for you." *Id.*

at 63:14–20. When Plaintiffs pressed further and asked whether they should raise "the same issue" as to other Bellwether Defendants, Judge Levenson was more explicit: "I certainly don't want to leave you with the impression that I'm prepared to, I think I used the expression 'take the can opener to it.'" Tr. 64:4–6. He explained that, unless the issues had "already been teed up with the other defendants" such that Plaintiffs had a "marker on it" awaiting his ruling, "it's not clear to me there's anything I can do to help you, and I'm certainly not offering to." *Id.* at 64:5–14.

Plaintiffs then affirmatively reassured the Court that there was no broader universe of dormant disputes waiting in the wings. Ms. Johnson stated that there were only "two additional pieces" beyond the Progress issues—one "specific to a nonparty vendor for Maximus" and the other "specific to logs produced by non-party Kroll"—and emphasized that "[t]his is not some big morass." *Id.* at 64:15–65:5. Genworth was nowhere on that list. Yet five days later, Plaintiffs filed precisely the "big morass" they assured the Court did not exist, seeking relief against Genworth and virtually every other Bellwether Defendant.

Plaintiffs' attempt now to convert a Progress-specific dispute into a catchall privilege motion against Genworth with whom they had no ongoing dispute is untimely, inconsistent with their representations to the Court, and contrary to the Court's express admonitions.

Unless Plaintiffs confirm by **COB (6:00 p.m. ET) tomorrow (September 18)** that they agree to withdraw the motion as to Genworth and exclude the Genworth documents identified in Appendix A from any proposed in camera submission, Genworth intends to join the other affected Bellwether Defendants in seeking relief directly from Judge Levenson concerning Plaintiffs' procedurally improper filing.

Genworth reserves all rights, including to pursue costs and fees.

**KRISTINA A. GLIKLAD**
Managing Associate

**SIDLEY AUSTIN LLP**
+1 212 839 7316
kgliklad@sidley.com

---

**From:** Baxter-Kauf, Kate M. <kmbaxter-kauf@locklaw.com>
**Sent:** Wednesday, September 16, 2026 11:14 PM
**To:** MOVEItBellwetherDefendants@hbsslaw.com
**Cc:** MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Please use this version instead – a couple of exhibits were inadvertently omitted.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

**From:** Baxter-Kauf, Kate M.
**Sent:** Wednesday, September 16, 2026 10:11 PM
**To:** MOVEItBellwetherDefendants@hbsslaw.com
**Cc:** MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

In the interest of serving these today despite not yet having the link to upload them for the Court, please see attached the exhibits with index that we intend to send in connection with the motion. Please let me know if you have trouble accessing any documents. This whole folder is provisionally confidential.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

---

**From:** Baxter-Kauf, Kate M.
**Sent:** Wednesday, September 16, 2026 5:50 PM
**To:** Caetlin McManus <Caetlin_McManus@mad.uscourts.gov>; Alexandra Traganos <Alexandra_Traganos@mad.uscourts.gov>; Karen Folan <Karen_Folan@mad.uscourts.gov>; Courtney Horvath <Courtney_Horvath@mad.uscourts.gov>
**Cc:** MOVEItBellwetherDefendants@hbsslaw.com; MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Good afternoon,

Please find attached Plaintiffs' brief setting out the legal position as directed in ECF No. 2081 and related to the motion to seal filed at ECF No. 2098 and the motion to compel filed at ECF No. 2096. This brief contains voluminous confidential information belonging to the Defendants and Plaintiffs will work with Bellwether Defendants to file a redacted version. Would the court please provide a secure link so that we can upload under seal information, an index of exhibits, and the exhibits? The exhibits are the logs and other information requested by Judge Levenson for in camera review.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401

P: 612-596-4007 | www.locklaw.com

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

**Jordan O'Donnell**

**From:** Shapiro, Marc R. <mrshapiro@orrick.com>
**Sent:** Thursday, September 17, 2026 9:51 AM
**To:** Kate M. Baxter-Kauf; MOVEit Plaintiffs Lead Counsel
**Cc:** Swaminathan, Aravind; LaBrie, Matthew; Houghton, Jim; Kim, Betty
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Kate,

Plaintiffs' motion to compel is procedurally improper as to TIAA.

As you know, on June 16, Plaintiffs sent TIAA a boilerplate, conclusory letter identifying privilege concerns. We responded on June 27, explaining why Plaintiffs' letter was inaccurate, both factually and legally. On July 1 (the deadline to raise privilege issues with the Court pursuant to MDL Order 30), Plaintiffs submitted a "Status Report on Privilege Issues." They informed the Court as follows: "Plaintiffs will continue trying to resolve these privilege disputes for the next ten days. Progress is being made, and we are optimistic. But, if necessary, Plaintiffs will reach out to the Court no later than *July 10, 2026*, to request a conference to discuss, e.g, how best to tee up key, discrete privilege issues for decision(s) by the Court." At no point during those 10 days did Plaintiffs meet and confer with TIAA. Nor did they "reach out to the Court" by July 10 "to request a conference to discuss" how to tee up "discrete privilege issues for decision(s)" as to TIAA. Nor since July 10 have Plaintiffs reached out to TIAA to discuss its privilege logs. While TIAA maintains July 1 was the deadline to raise privilege disputes with the Court, Plaintiffs did not raise any dispute with the Court by their own self-proclaimed July 10 deadline, which passed over *two months* ago.

The first TIAA heard that Plaintiffs were considering pressing privilege issues as to some unspecified group of Bellwether Defendants was at the September 11 hearing in the context of discussing privilege issues they had teed up (and discussing) with respect to *Progress*. Prior to that hearing, on July 9, Plaintiffs' counsel advised the Court via email that they intended to raise privilege issues as to Progress only. *See* K. Baxter-Kauf July 9 Email. At the Sept. 11 hearing, Plaintiffs' counsel inquired with Judge Levenson as to the possibility of expanding the Progress privilege issues to other Bellwether Defendants. Judge Levenson admonished Plaintiffs' counsel: "[I]f these issues have not already been teed up with the other defendants in such a way that you've got a marker on it that says, 'Well, as soon as we get a ruling from Judge Levenson, we'll either get this stuff or we won't get this stuff,' unless you've got it teed up in such a way that you've got that squared away, it's not clear to me there's anything I can do to help you, and I'm certainly not offering to." Hrg Tr. at 64:7-14. In response, Plaintiffs' counsel advised Judge Levenson they could put his "mind at ease" because there is no "huge additional" set of disputes but rather "two additional pieces that do not fall within what Ms. Baxter-Kauf is teeing up for Progress" and "they are specific to a nonparty vendor for Maximus" and "they are specific to logs produced by non-party Kroll." *Id.* at 64:15-65:5. (Neither of these issues applies to TIAA, as it has produced its correspondences with Kroll.) Providing Judge Levenson "comfort" that there is not some "big morass," Plaintiffs' counsel assured him the additional issues were the "discrete specific" ones as to Maximus and non-party Kroll they identified. *Id.* 64:15, 65:4-5.

Plaintiffs' motion to compel is thus improper for several reasons. First, Plaintiffs never met and conferred with TIAA in conformity with Local Rule 7.1. They did not do so in advance of the July 1 deadline, they did not do so in advance of their self-created July 10 deadline, and they did not do so even after Judge Levenson apprised them of his position on September 11. Second, the filing, as it relates to TIAA, contravenes Judge Levenson's directives. Because Plaintiffs never met and conferred with TIAA and indeed said nothing since sending their June 16 letter, "these issues have not already been teed up with [TIAA] … in such a way that [Plaintiffs have] got a marker on it" and have it "squared away." Indeed, because Plaintiffs have not attempted to meet and confer following TIAA's June 27 letter, TIAA has no insight as to why Plaintiffs still dispute TIAA's privilege claims. Third, Plaintiffs' filing is contrary to their representations to the Court. In response to Judge Levenson's statements of concern, Plaintiffs' counsel advised that the non-Progress privilege issues are "discrete specific" ones relegated to the two categories identified above. Those did not include TIAA.

Unless Plaintiffs advise us by 5 pm ET on September 17 (today) that they agree to withdraw the motion as to TIAA, we intend to email Judge Levenson's chambers, advise him of our position, and specifically inform him that TIAA should not be required to file a response. TIAA reserves all rights, including to pursue costs and fees.

Regards,

Marc

---

**From:** Baxter-Kauf, Kate M. <kmbaxter-kauf@locklaw.com>
**Sent:** Wednesday, September 16, 2026 11:14 PM
**To:** MOVEItBellwetherDefendants@hbsslaw.com
**Cc:** MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

**[EXTERNAL]**

Please use this version instead – a couple of exhibits were inadvertently omitted.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

---

**From:** Baxter-Kauf, Kate M.
**Sent:** Wednesday, September 16, 2026 10:11 PM
**To:** MOVEItBellwetherDefendants@hbsslaw.com
**Cc:** MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

In the interest of serving these today despite not yet having the link to upload them for the Court, please see attached the exhibits with index that we intend to send in connection with the motion. Please let me know if you have trouble accessing any documents. This whole folder is provisionally confidential.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

---

**From:** Baxter-Kauf, Kate M.
**Sent:** Wednesday, September 16, 2026 5:50 PM
**To:** Caetlin McManus <Caetlin_McManus@mad.uscourts.gov>; Alexandra Traganos

<Alexandra_Traganos@mad.uscourts.gov>; Karen Folan <Karen_Folan@mad.uscourts.gov>; Courtney Horvath <Courtney_Horvath@mad.uscourts.gov>
**Cc:** MOVEItBellwetherDefendants@hbsslaw.com; MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Good afternoon,

Please find attached Plaintiffs' brief setting out the legal position as directed in ECF No. 2081 and related to the motion to seal filed at ECF No. 2098 and the motion to compel filed at ECF No. 2096. This brief contains voluminous confidential information belonging to the Defendants and Plaintiffs will work with Bellwether Defendants to file a redacted version. Would the court please provide a secure link so that we can upload under seal information, an index of exhibits, and the exhibits? The exhibits are the logs and other information requested by Judge Levenson for in camera review.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

**Jordan O'Donnell**

| | |
|---|---|
| **From:** | Michael Dailey <mdailey@grsm.com> |
| **Sent:** | Thursday, September 17, 2026 4:54 PM |
| **To:** | Baxter-Kauf, Kate M.; MOVEItBellwetherDefendants@hbsslaw.com |
| **Cc:** | MOVEit Plaintiffs Lead Counsel; Kristen A. Johnson; Paulyne Gardner; Jordan O'Donnell; Anne-Marie Dao |
| **Subject:** | Re: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel |
| **Categories:** | zM:PBI et al (Longevity Holdings) - Robert Anastasio v. - CLASS ACTION--2901-001 |

Kate:

The Milliman Defendants and MLIC join in the below request and arguments outlined by counsel for Delta Dental concerning Plaintiffs' recently filed motion to compel. Indeed, we did not even attend last week's hearing on the issues specific to Progress because Plaintiffs repeatedly confirmed the same — that the issues were specific to Progress in their various correspondence with Judge Levenson's chambers. Other than a single, non-substantive email that failed to address our responses to Plaintiffs' claimed "deficiencies" sent months ago, we had not heard from Plaintiffs at any point responding to our prior, substantive meet-and-confer correspondence on the issues. Indeed, the only communication from Plaintiffs over the last several months related to these privilege logs was from David Langer two weeks ago on September 4 that merely asked to confirm the prior log productions. It made no reference to any purported motion, did not seek to confer on any topics in particular (or even in general), and did not address these Defendants' prior correspondence in any substantive fashion.

It is also not lost on us that Plaintiffs' own motion acknowledged a failure to abide by the local rule requirement to confer. The LR 7.1 Statement attached to the Motion (see ECF 2096 at 3) includes an incomplete placeholder identifying "September __, 2026" as the date of conferral—implying it never occurred. Because it did not.

As a result, we request that by 5pm ET tomorrow, Plaintiffs withdraw their motion to compel as to the Milliman Defendants and MLIC. If Plaintiffs refuse, we will be raising the issue with the Court on Monday morning as well.

Thank you,
Mike

---

**From:** Anne-Marie Dao <adao@sheppard.com>
**Sent:** Thursday, September 17, 2026 11:05 AM
**To:** Baxter-Kauf, Kate M. <kmbaxter-kauf@locklaw.com>; MOVEItBellwetherDefendants@hbsslaw.com <moveitbellwetherdefendants@hbsslaw.com>
**Cc:** MOVEit Plaintiffs Lead Counsel <moveitplaintiffsleadcounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Kate:

We write to request that Plaintiffs withdraw their Motion to Compel Privilege as to Delta Dental and refrain from submitting unrequested documents for *in camera* review because of Plaintiffs' categorical failure to meet and confer with Delta Dental regarding ***any*** of the issues raised therein. Worse, this motion comes on the heels of a hearing before the Court to which Delta Dental was not party and at which the Court expressly stated that Plaintiffs ***may not*** bring a privilege motion pertaining to disputes that have not been fully teed up for non-Progress Defendants.

Contrary to Plaintiffs' motion, Plaintiffs have not "extensively met and conferred" and "narrowed disputes" with Delta Dental. In fact, the timeline of privilege disputes as to Delta Dental is as follows

- June 14, 2026 – Plaintiffs serve privilege dispute letter and AI-generated log identifying ***every document*** marked privileged as requiring full production
- June 30, 2026 – Delta Dental responds to Plaintiffs privilege dispute letter and invites Plaintiffs to meet and confer on whatever issues they believe are still outstanding after reviewing Delta Dental's response
- Plaintiffs never respond or further pursue this issue with Delta Dental

As pertains to the assertions of privilege over Kroll's third-party documents, the timeline is as follows:

- June 16, 2026 - Plaintiffs serve privilege dispute letter and log identifying every document withheld by Kroll on Kroll (without including Delta Dental counsel on the correspondence) as requiring full production
- June 29, 2026 – Plaintiffs and Delta Dental meet and confer regarding the Kroll dispute letter and additional information Plaintiffs would like to evaluate privilege. In the summary email after that meeting, Plaintiffs stated "We look forward to a further meet and confer in the near future."
- June 30, 2026 – Delta Dental responded with additional information regarding counsel custodians and the role of Dauntless Discovery and Clark Hill as requested by Plaintiffs.
- Plaintiffs never respond or further pursue this issue with Delta Dental

Plaintiffs ***never*** responded to Delta Dental's responses regarding both issues, ***never*** met and conferred with Delta Dental regarding their privilege dispute letter and ***never*** met and conferred on the substance of their Kroll privilege dispute, never mind failing entirely to narrow the privilege issues here. Delta Dental responded to Plaintiffs demand and then Plaintiffs wholly abandoned the issue for nearly 3 months before filing their motion 2 weeks before the close of fact discovery. Plaintiffs cannot rely on the shield of claiming that meet and confers were ongoing as to Defendants generally where they were not ongoing whatsoever as to Delta Dental. Plaintiffs attempt to shoehorn omnibus briefing off the back of meet and confers with a single Defendant to which Delta Dental was not party is plainly violative of both the protective order in this case (ECF 916 ¶ 43) and the Court's directives. Indeed, at the September 11, 2026 hearing the Court made clear it was not inviting the precise papers Plaintiffs filed here. *See* Tr. 63:14-20("Where I don't have all of the defendants engaged in this... the reality is we're out of time on discovery. So there are practicalities with that that I'm not really in a position to fix for you."); Tr. 64:1-14 ("if these issues have not already been teed up with the other defendants in such a way that you've got a marker on it that says, 'Well, as soon as we get a ruling from Judge Levenson, we'll either get this stuff or we won't get this stuff...' it's not clear to me there's anything I can do to help you, ***and I'm certainly not offering to***."). As such, Plaintiffs' motion is not only disingenuous, it also flouts the Court's admonitions and produces extensive, unnecessary work for all Parties.

For the reasons set forth above, we demand that Plaintiffs withdraw their Motion as to Delta Dental by no later than close of business (6pm EST) on Friday, September 18, 2026 and that Plaintiffs exclude the documents in Plaintiffs' Appendix A pertaining to Delta Dental in such withdrawal. If Plaintiffs do not withdraw their Motion by COB tomorrow, Delta Dental will be forced to seek relief directly from the Court on Monday morning. Delta Dental reserves all rights, particularly as to recovery of attorneys' fees for this frivolous exercise.

**Anne-Marie D. Dao**
Partner

Sheppard
12275 El Camino Real, Suite 100
San Diego, CA 92130
Direct +1.858.720.8963 | Office +1.858.720.8900
adao@sheppard.com | Bio | LinkedIn | sheppard.com

---

**From:** Baxter-Kauf, Kate M. <kmbaxter-kauf@locklaw.com>
**Sent:** Wednesday, September 16, 2026 8:14 PM
**To:** MOVEItBellwetherDefendants@hbsslaw.com
**Cc:** MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Please use this version instead – a couple of exhibits were inadvertently omitted.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com
LGN

---

**From:** Baxter-Kauf, Kate M.
**Sent:** Wednesday, September 16, 2026 10:11 PM
**To:** MOVEItBellwetherDefendants@hbsslaw.com
**Cc:** MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

In the interest of serving these today despite not yet having the link to upload them for the Court, please see attached the exhibits with index that we intend to send in connection with the motion. Please let me know if you have trouble accessing any documents. This whole folder is provisionally confidential.

Thanks,

Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

---

**From:** Baxter-Kauf, Kate M.
**Sent:** Wednesday, September 16, 2026 5:50 PM
**To:** Caetlin McManus <Caetlin_McManus@mad.uscourts.gov>; Alexandra Traganos <Alexandra_Traganos@mad.uscourts.gov>; Karen Folan <Karen_Folan@mad.uscourts.gov>; Courtney Horvath <Courtney_Horvath@mad.uscourts.gov>
**Cc:** MOVEItBellwetherDefendants@hbsslaw.com; MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Good afternoon,

Please find attached Plaintiffs' brief setting out the legal position as directed in ECF No. 2081 and related to the motion to seal filed at ECF No. 2098 and the motion to compel filed at ECF No. 2096. This brief contains voluminous confidential information belonging to the Defendants and Plaintiffs will work with Bellwether Defendants to file a redacted version. Would the court please provide a secure link so that we can upload under seal information, an index of exhibits, and the exhibits? The exhibits are the logs and other information requested by Judge Levenson for in camera review.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Jordan O'Donnell**

| | |
|---|---|
| **From:** | Kayleigh Watson |
| **Sent:** | Thursday, September 17, 2026 4:59 PM |
| **To:** | Baxter-Kauf, Kate M.; MOVEit Plaintiffs Lead Counsel |
| **Cc:** | Amanda Harvey; David Moncure; Michael Jervis; Shannon Martin; Kayleigh Watson |
| **Subject:** | In re MOVEit: Plaintiffs' Motion to Compel Documents Improperly Withheld as Privileged (Welltok, Inc.) |

Counsel,

We write on behalf of Welltok, Inc. ("Welltok") to request that Plaintiffs withdraw their Motion to Compel Documents Improperly Withheld as Attorney-Client Privileged or Subject to Work Product Protection ("Motion to Compel") as to Welltok and any documents withheld by Kroll as they relate to Welltok and refrain from submitting any documents for *in camera* review.

Plaintiffs' Motion to Compel incorrectly claims Plaintiffs and Welltok had "extensively met and conferred" regarding privilege disputes. As background, Welltok timely produced its privilege log on June 1, 2026. On June 16, 2026, Plaintiffs served Welltok with a privilege dispute letter and an AI-generated log identifying over **98%** of Welltok's entries as requiring full production. In the spirit of cooperation, Welltok subsequently agreed to review Plaintiffs' challenges. Welltok met and conferred with Plaintiffs on July 9, 2026, about privilege issues, and on July 10, 2026, Welltok produced over 1,400 downgraded documents originally marked as privileged. In the over two (2) months since that production, Welltok has not received *any* response related to privilege issues or even an acknowledgement of the production of downgraded documents. Nor has Welltok received any requests for an additional meet and confer regarding privilege issues. Moreover, Plaintiffs and Welltok have engaged in numerous email communications and multiple meet and confers during the last three (3) months on other discovery issues and Plaintiffs have remained silent on any privilege issues. To be clear, Welltok has heard **nothing** from Plaintiffs regarding privilege disputes since July 9, 2026.

Additionally, this month, Plaintiffs' counsel only raised to the Court an impasse with Progress regarding privilege issues, which was the subject of the September 11, 2026, hearing. Welltok was not included in that dispute and, as such, was not provided the opportunity to communicate its position. If Welltok had been given such an opportunity, it would have argued the Plaintiffs' privilege dispute is untimely because (1) it was raised more than two (2) months after the scheduling order's July 1, 2026, deadline (MDL Order No. 35, ECF No. 1907) and Plaintiffs' self-imposed July 10, 2026, extended "deadline" (July 1, 2026 status report, ECF No. 1954) and (2) failed to comply with Local Rule 7.1(a)(2), requiring parties to meet and confer, and attempt "in good faith to resolve or narrow the issue" prior to filing a motion. Plaintiffs' inclusion of Welltok in its motion is improper, procedurally deficient, contains misrepresentations to the Court regarding the parties' meet and confer history.

At the September 11, 2026, discovery conference, the Court was clear that omnibus briefing against multiple Bellwether Defendants was improper given that Plaintiffs failed to confer for several months and then belatedly raise issues so close to the end of discovery. *See* Tr. 63:14-20 ("Where I don't have all of the defendants engaged in this…the reality is we're out of time on discovery. So there are practicalities with that that I'm not really in a position to fix for you."); Tr. 64:1-14 ("if these issues have not already been teed up with the other defendants in such a way that you've got a marker on it that says, 'Well, as soon as we get a ruling from Judge Levenson, we'll either get this stuff or we won't get this stuff…' it's not clear to me there's anything I can do to help you, and I'm certainly not offering to.").

By 5pm ET tomorrow, Friday, September 18, 2026, Welltok demands that Plaintiffs withdraw their Motion as to Welltok and exclude Welltok documents listed in Appendix A. If Plaintiffs do not withdraw their Motion by 5pm ET tomorrow, Welltok will request a conference with the Court to discuss Plaintiffs' misrepresentations and request it strike Plaintiffs' motion. Welltok reserves all rights, including pursuit of its costs and fees related to this dispute.

Kind regards,
Kayleigh, Amanda, & David

**Kayleigh Watson**
*(She/Her/Hers)*
***Attorney***
***Mullen Coughlin LLC***
1452 Hughes Rd Suite 200
Grapevine, TX 76051
(267) 930-2306 - Office
(949) 294-5683 - Mobile
kwatson@mullen.law

This email may be an attorney-client communication or otherwise confidential and privileged. If you are not the intended recipient, or received it in error, do not review or copy. Please immediately notify the sender and permanently delete/destroy the email and attachments.

**From:** Haut, Jeffrey S.
**To:** "MOVEit Plaintiffs Lead Counsel"; "Kelly Iverson"; Amy Ream; Patrick Donathen
**Cc:** Dean, Christopher; Davis, Luke
**Subject:** MOVEit Litigation/Sutter Health - Plaintiffs" Motion to Compel
**Date:** Thursday, September 17, 2026 9:10:00 PM

Counsel,

We write regarding Plaintiffs' Motion to Compel. We ask that Plaintiffs withdraw their motion as to Sutter **by 5:00 p.m. ET on Friday**.

To begin, the Motion is improper. Sutter was not a party to the Progress-specific privilege dispute discussed at the September 11, 2026 status conference with Judge Levenson. Plaintiffs never indicated to Sutter (or for that matter, the Court) that the privilege disputes that would be raised at that hearing included disputes with Sutter. Instead, Ms. Baxter-Kauf, who our office has never communicated with regarding any privilege disputes in this case, requested the conference "to alert that Bellwether Plaintiffs and Progress have reached impasse on three privilege-related matters." *See* K. Baxter-Kauf Sept. 8 Email.

At that conference, Judge Levenson stated that Plaintiffs may not raise new privilege disputes unless they were already clearly "teed up" as dependent on a ruling on the Progress dispute. Hrg Tr. at 64:7-14. Plaintiffs' counsel represented to the Court that their request concerning non-Progress Defendants was not a "huge additional [set of issues]" but rather "two additional pieces that . . . have to do with nonparty involvement, and they are specific to a nonparty vendor for Maximus, and they are specific to logs produced by non-party Kroll." Hrg Tr. at 64:15-65:5. Neither of those two issues relate to Sutter.

Even if those two issues were somehow relevant to Sutter, which they are not, Plaintiffs last conferred with Sutter about these topics on July 22, 2026 – a conferral the Declaration supporting the Motion fails to mention. During that conferral, many of the issues raised in the Motion were substantively resolved. To the extent any dispute still existed, Plaintiffs failed to confer with Sutter about those issues since that time.

Specifically, while the bulk of our July 22, 2026 meet and confer was about Rule 30(b)(6) topics, during our discussion of privilege issues, Plaintiffs indicated that there were three disputes that were of primary importance. Sutter resolved all of them, and Plaintiffs have not conferred with Sutter about any privilege issues since then.

The first was the "snagit user" Slack chat. Sutter downgraded and produced that chat before Sarah Kitterman's Rule 30(b)(6) deposition. We also discussed the "Cyber Incident Response" email chain – which comprehensively documented Sutter's non-privileged investigation of the

MOVEit Incident – in further detail. Sutter confirmed no privileged version of that email chain existed, that Entry #1 was a separate/compartmentalized Welltok-specific communication channel, and that there wasn't cross-pollination between that compartmentalized privilege-track investigation and the one reflected in the non-privileged Cyber Incident Response chain that was produced. We understood this to have resolved Plaintiffs' concerns with respect to Entry #1 of Sutter's privilege log.

Finally, Sutter re-confirmed the parent/child relationship between log entries 34-39 and that upon double-checking its production, all of the underlying documents that were attached to the parent entry had been produced. We understood Plaintiffs' concern to have been resolved. Yet, these very same entries were identified in Appendix "A" to Ms. Baxter-Kauf's Declaration as "Documents that fail to establish adequate Attorney Involvement."

In sum, Plaintiffs' Motion is beyond the scope that was represented to the Court on September 11. Several issues it raises are moot because the documents were produced or Plaintiffs represented to Sutter that their challenge was resolved. To the extent any disputes still existed, Plaintiffs failed to confer in good faith with Sutter prior to bringing their Motion.

Best,

**Jeffrey S. Haut**
Counsel

**T: 561.847.2356**
**M: 561.650.3589**
**jhaut@mcdonaldhopkins.com**
**www.mcdonaldhopkins.com**

**501 South Flagler Drive**
**Suite 200**
**West Palm Beach, FL 33401**

McDonald Hopkins
A business advisory and advocacy law firm®

## Jordan O'Donnell

**From:** Hill, Graycen <ghill@bakerlaw.com>
**Sent:** Thursday, September 17, 2026 4:19 PM
**To:** Baxter-Kauf, Kate M.; MOVEit Plaintiffs Lead Counsel
**Cc:** Chapman, Trischa; Cutts, Kyle; Keteltas, Gil; Ballard, Sarah; Prieto, Kayla
**Subject:** In re MOVEit; Plaintiffs' Motion to Compel Documents Improperly Withheld as Privileged

Counsel,

We are reaching out about Plaintiffs' Motion to Compel Documents Improperly Withheld as Privileged as to Defendants OSF Healthcare System ("OSF"), CHI Health – NE ("CHI"), and Virginia Mason Franciscan Health ("VM"). We ask that Plaintiffs withdraw their motion as to these defendants **by 5pm ET tomorrow, Friday**, and refrain from submitting unrequested documents for *in camera* review because, among other reasons, Plaintiffs failed to meet and confer with OSF, CHI, and VM regarding any of the issues raised in the motion and the time for raising privilege challenges has passed.

Plaintiffs filed this motion following the September 11, 2026 discovery status conference with Judge Levenson regarding a specific privilege dispute with defendant Progress Software Corporation only. OSF, CHI, and VM were not parties to this dispute. At the September 11 conference, Judge Levenson stated that Plaintiffs may not raise new privilege disputes that were not already clearly "teed up" as being dependent on a ruling on Plaintiffs' privilege dispute with Progress. Hrg Tr. at 64:7-14. Ms. Johnson even specifically represented to the Court that Plaintiffs would only raise "two additional pieces that do not fall within what Ms. Baxter-Kauf is teeing up for Progress" which related to Maximus and a nonparty vendor. *Id.* at 64:15-65:5.

Contrary to Plaintiffs' motion and representations to the Court, Plaintiffs have not "extensively met and conferred" and "narrowed disputes" with OSF, CHI, and VM. The timeline as to privilege disputes with OSF is as follows:

- On June 16, you sent approximately 230 privilege challenges to OSF and requested OSF's response by June 30, so Plaintiffs could meet their July 1 deadline to raise privilege disputes.
- On June 25, we responded stating we were working to address your approximate 230 challenges and requested additional time to respond – which we were entitled to under the parties' Stipulated Protective Order because Plaintiffs challenged more than 50 privileged documents.
- On June 25, Kelly Iverson responded: "With respect to your request to extend the response time, Plaintiffs are unable to agree, which is required by the Protective Order. As you are aware, your privilege logs, as well as all other BWDs' logs, were not served until June 1, 2026. **The Court's scheduling order requires privilege disputes be raised by July 1st, thus making it impossible for us to agree to any longer time frame**."
- Despite your failure to honor the terms of the Protective Order, we met and conferred on June 26 and explained that we would evaluate Plaintiffs' challenges and make downgrades, if deemed appropriate, as quickly as possible.
- On June 30, we provided a written response to your privilege challenges and stated that OSF would make privilege downgrades where appropriate and stated where OSF would maintain the privilege claim. Notably, we asked Plaintiffs to confirm whether they would withdraw certain challenges for log entries that were clearly between OSF and counsel. Plaintiffs never responded to this June 30 correspondence.
- On July 23, OSF produced several hundred pages of privilege downgrade documents and provided an updated privilege log.
- Plaintiffs have never responded to OSF's June 30 correspondence nor identified further issues with OSF.

The timeline of privilege disputes with CHI and VM is as follows:

- On June 16, you sent approximately 185 privilege challenges to CHI and VM and requested CHI and VM's response by June 30, so Plaintiffs could meet their July 1 deadline to raise privilege disputes.
- On June 25, we responded stating we were working to address your approximate 185 challenges and requested additional time to respond – which we were entitled to under the parties' Stipulated Protective Order because Plaintiffs challenged more than 50 privileged documents.
- On June 25, Kelly Iverson responded: "With respect to your request to extend the response time, Plaintiffs are unable to agree, which is required by the Protective Order. As you are aware, your privilege logs, as well as all other BWDs' logs, were not served until June 1, 2026. **The Court's scheduling order requires privilege disputes be raised by July 1st, thus making it impossible for us to agree to any longer time frame**."
- Despite your failure to honor the terms of the Protective Order, we met and conferred on June 26 and explained that we would evaluate Plaintiffs' challenges and make downgrades, if deemed appropriate, as quickly as possible.
- On June 30, we provided a written response to your privilege challenges and stated that CHI and VM would make privilege downgrades where appropriate and stated where CHI and VM would maintain the privilege claim. Notably, we asked Plaintiffs to confirm whether they would withdraw certain challenges for log entries that were clearly between CHI and VM and counsel. Plaintiffs never responded to this June 30 correspondence.
- On July 23, CHI and VM produced several hundred pages of privilege downgrade documents and provided an updated privilege log.
- Plaintiffs have never responded to CHI and VM's June 30 correspondence nor identified further issues with VM and CHI.

To be clear, OSF, CHI, and VM have heard ***nothing*** from Plaintiffs regarding privilege disputes since June 26, 2026. Any representation that Plaintiffs have "extensively met and conferred" with OSF, CHI, and VM or even remained in contact on privilege disputes is false. The first that OSF, CHI, and VM learned that Plaintiffs sought to address privilege concerns with them was in Plaintiffs' Motion to Compel filed September 16. In fact, because Plaintiffs have not attempted to meet and confer following OSF's, CHI's, and VM's respective June 30 correspondence, OSF, CHI, and VM do not have clarity as to why Plaintiffs still dispute their privilege claims.

For these reasons, Plaintiffs must withdraw their Motion as to OSF, CHI, and VM by 5pm ET on Friday, September 18 and must not submit any documents related to OSF, CHI, and VM for *in camera* review. If Plaintiffs do not withdraw their Motion as requested above, OSF, CHI, and VM will seek immediate relief from the Court. OSF, CHI, and VM reserve all rights, including the right to pursue costs and fees.

Graycen

**Graycen Hill**
She | Her | Hers
Associate

BakerHostetler
Attorney
200 Civic Center Drive | Suite 1200
Columbus, OH 43215-4138
T +1.614.462.2605

ghill@bakerlaw.com
bakerlaw.com

## Jordan O'Donnell

**From:** Murashige, Lance Y. <lance.murashige@hoganlovells.com>
**Sent:** Friday, September 18, 2026 4:56 PM
**To:** Baxter-Kauf, Kate M.; MOVEit Plaintiffs Lead Counsel
**Cc:** Kristen A. Johnson; Holt Ryan, Allison M.; Paller, Alicia; O'Connor, Joe; Osmani, Safa
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Kate,

We write in connection with Plaintiffs' recent Motion to Compel, Dkt. 2096, filed with the Court Wednesday. Maximus demands that Plaintiffs withdraw the Motion, as it goes far beyond the two Consilio-related documents that were the subject of meet-and-confers between the parties.

Maximus disclosed to Plaintiffs that Maximus retained third party Consilio to assist its outside counsel in providing legal advice to Maximus following the MOVEit incident. Following the July 29 deposition of Jennifer Lazenby, Plaintiffs raised further questions regarding the work performed by Consilio. These discussions culminated in an August 18, 2026 meet and confer and August 21 letter from Plaintiffs that included eight demands. No later than August 28, Maximus provided the information requested for six of those demands, and refused to produce the remaining two: the document review manual provided to Consilio by outside counsel, and a database table containing data and analysis related to the impacted individuals in this matter, which was created by Consilio at Maximus's counsel's direction for purposes of preparing for this litigation. Maximus informed Plaintiffs that these two items are protected from disclosure under the attorney-client privilege and attorney work product doctrines. Further, as Maximus has previously addressed, Plaintiffs lack any substantial need for these documents, particularly given Maximus's offer to provide Plaintiffs with the impacted data, an offer that Plaintiffs have thus far refused.

Plaintiffs' motion to compel is improper with respect to all other categories of Maximus documents. Plaintiffs have had ample opportunity to raise the sweeping privilege questions they now raise to the court. Maximus served its first privilege log in June 2025, in which it asserted claims of attorney-client privilege and work product over third party documents and over internal documents related to legal advice related to Maximus's privileged investigation of the MOVEit incident. Maximus timely completed its review and production of documents (despite only having 17 business days to perform its custodial document review). Maximus timely served its privilege log. In June 2026, the parties exchanged a number of letters and engaged in meet-and-confers regarding privilege and Maximus produced a number of privilege downgrade documents. By June 30, 2026, Maximus provided a written response addressing all remaining privilege issues raised by Plaintiffs.

Rather than raising these issues with the Court on July 1, Plaintiffs submitted a "Status Report on Privilege Issues," granting themselves a unilateral extension to July 10, 2026 to "tee up key, discrete privilege issues for decision(s) by the Court." On multiple occasions, Maximus offered to meet and confer to address any perceived privilege issues. However, Plaintiffs repeatedly rejected that offer, stating by July 16 that "meet and confers over [these] topics are not useful" and declined to further discuss these privilege issues with Maximus. July 16, 2026 Letter from M. Weiner re: Meet and Confer regarding Maximus Defendants' Privilege Log and Outstanding Discovery, at *4. Despite Plaintiffs declining to engage in further meet and confers on these privilege issues, Maximus produced additional privilege downgrade materials in July in a good faith effort to resolve any remaining dispute between the parties regarding privilege. With both the July 1 and July 10 deadlines far in the rearview mirror, and given Maximus's July privilege downgrade production, and given Plaintiffs' transition thereafter to focusing solely on the Consilio privilege issues discussed above, Maximus had long ago appropriately concluded that the remaining privilege issues had been resolved.

On September 11, Plaintiffs appeared before Judge Levenson regarding privilege disputes with Progress. The Court made clear that any issues beyond those raised with Progress had to have "already been teed up . . . in such a way that you've got a marker on it that says, 'Well, as soon as we get a ruling from Judge Levenson, we'll either get this stuff or we won't get this stuff." Tr. 64:1-14. Plaintiffs responded – to put Judge Leveons's "mind at ease" -- that only two additional issues remained. One of those issues was "specific to a nonparty vendor for Maximus" – i.e., the Consilio dispute above, which had been narrowed to two documents. Had Maximus been given an opportunity to present during that conference, Maximus would have confirmed that the only issue that could be conceivably "teed up" for Maximus by the end of the fact discovery deadline would be the two documents related to Consilio. At no point following the September 11 conference did Plaintiffs reach out to inform Maximus that they intended to move to compel with respect to the Consilio documents, much less any other privilege issue.

Despite failing to confer with Maximus at any point between September 11 and September 16, and despite months of silence on all privilege issues other than with respect to the Consilio related documents, Plaintiffs filed an expansive motion challenging what appears to be all of Maximus's remaining privilege assertions. The filing not only blatantly violates Local Rule 7.1—it is the antithesis of a presentation of teed-up, discrete privilege issues contemplated by the court on September 11.

Please confirm that Plaintiffs will withdraw their Motion with respect to Maximus. If Plaintiffs do not withdraw their motion, or if Plaintiffs re-file any motion seeking relief beyond the two Consilio-related documents discussed above, Maximus will seek relief from the Court on Monday. Maximus reserves all rights, including to seek fees and costs.

Sincerely,
-Lance

**Lance Murashige**
*Partner*

---

**From:** Baxter-Kauf, Kate M. <kmbaxter-kauf@locklaw.com>
**Sent:** Wednesday, September 16, 2026 11:14 PM
**To:** MOVEItBellwetherDefendants@hbsslaw.com
**Cc:** MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

**[EXTERNAL]**
Please use this version instead – a couple of exhibits were inadvertently omitted.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

**From:** Baxter-Kauf, Kate M.
**Sent:** Wednesday, September 16, 2026 10:11 PM
**To:** MOVEItBellwetherDefendants@hbsslaw.com
**Cc:** MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

In the interest of serving these today despite not yet having the link to upload them for the Court, please see attached the exhibits with index that we intend to send in connection with the motion. Please let me know if you have trouble accessing any documents. This whole folder is provisionally confidential.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

---

**From:** Baxter-Kauf, Kate M.
**Sent:** Wednesday, September 16, 2026 5:50 PM
**To:** Caetlin McManus <Caetlin_McManus@mad.uscourts.gov>; Alexandra Traganos <Alexandra_Traganos@mad.uscourts.gov>; Karen Folan <Karen_Folan@mad.uscourts.gov>; Courtney Horvath <Courtney_Horvath@mad.uscourts.gov>
**Cc:** MOVEItBellwetherDefendants@hbsslaw.com; MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Good afternoon,

Please find attached Plaintiffs' brief setting out the legal position as directed in ECF No. 2081 and related to the motion to seal filed at ECF No. 2098 and the motion to compel filed at ECF No. 2096. This brief contains voluminous confidential information belonging to the Defendants and Plaintiffs will work with Bellwether Defendants to file a redacted version. Would the court please provide a secure link so that we can upload under seal information, an index of exhibits, and the exhibits? The exhibits are the logs and other information requested by Judge Levenson for in camera review.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

**Jordan O'Donnell**

**From:** Anne-Marie Dao <adao@sheppard.com>
**Sent:** Thursday, September 17, 2026 2:04 PM
**To:** Baxter-Kauf, Kate M.; MOVEItBellwetherDefendants@hbsslaw.com
**Cc:** MOVEit Plaintiffs Lead Counsel; Kristen A. Johnson
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Kate:

We write to request that Plaintiffs withdraw their Motion to Compel Privilege as to Delta Dental and refrain from submitting unrequested documents for *in camera* review because of Plaintiffs' categorical failure to meet and confer with Delta Dental regarding ***any*** of the issues raised therein. Worse, this motion comes on the heels of a hearing before the Court to which Delta Dental was not party and at which the Court expressly stated that Plaintiffs ***may not*** bring a privilege motion pertaining to disputes that have not been fully teed up for non-Progress Defendants.

Contrary to Plaintiffs' motion, Plaintiffs have not "extensively met and conferred" and "narrowed disputes" with Delta Dental. In fact, the timeline of privilege disputes as to Delta Dental is as follows

- June 14, 2026 – Plaintiffs serve privilege dispute letter and AI-generated log identifying ***every document*** marked privileged as requiring full production
- June 30, 2026 – Delta Dental responds to Plaintiffs privilege dispute letter and invites Plaintiffs to meet and confer on whatever issues they believe are still outstanding after reviewing Delta Dental's response
- Plaintiffs never respond or further pursue this issue with Delta Dental

As pertains to the assertions of privilege over Kroll's third-party documents, the timeline is as follows:

- June 16, 2026 - Plaintiffs serve privilege dispute letter and log identifying every document withheld by Kroll on Kroll (without including Delta Dental counsel on the correspondence) as requiring full production
- June 29, 2026 – Plaintiffs and Delta Dental meet and confer regarding the Kroll dispute letter and additional information Plaintiffs would like to evaluate privilege. In the summary email after that meeting, Plaintiffs stated "We look forward to a further meet and confer in the near future."
- June 30, 2026 – Delta Dental responded with additional information regarding counsel custodians and the role of Dauntless Discovery and Clark Hill as requested by Plaintiffs.
- Plaintiffs never respond or further pursue this issue with Delta Dental

Plaintiffs ***never*** responded to Delta Dental's responses regarding both issues, ***never*** met and conferred with Delta Dental regarding their privilege dispute letter and ***never*** met and conferred on the substance of their Kroll privilege dispute, never mind failing entirely to narrow the privilege issues here. Delta Dental responded to Plaintiffs demand and then Plaintiffs wholly abandoned the issue for nearly 3 months before filing their motion 2 weeks before the close of fact discovery. Plaintiffs cannot rely on the shield of claiming that meet and confers were ongoing as to Defendants generally where they were not ongoing whatsoever as to Delta Dental. Plaintiffs attempt to shoehorn omnibus briefing off the back of meet and confers with a single Defendant to which Delta Dental was not party is plainly violative of both the

protective order in this case (ECF 916 ¶ 43) and the Court's directives. Indeed, at the September 11, 2026 hearing the Court made clear it was not inviting the precise papers Plaintiffs filed here. *See* Tr. 63:14-20("Where I don't have all of the defendants engaged in this... the reality is we're out of time on discovery. So there are practicalities with that that I'm not really in a position to fix for you."); Tr. 64:1-14 ("if these issues have not already been teed up with the other defendants in such a way that you've got a marker on it that says, 'Well, as soon as we get a ruling from Judge Levenson, we'll either get this stuff or we won't get this stuff...' it's not clear to me there's anything I can do to help you, ***and I'm certainly not offering to***."). As such, Plaintiffs' motion is not only disingenuous, it also flouts the Court's admonitions and produces extensive, unnecessary work for all Parties.

For the reasons set forth above, we demand that Plaintiffs withdraw their Motion as to Delta Dental by no later than close of business (6pm EST) on Friday, September 18, 2026 and that Plaintiffs exclude the documents in Plaintiffs' Appendix A pertaining to Delta Dental in such withdrawal. If Plaintiffs do not withdraw their Motion by COB tomorrow, Delta Dental will be forced to seek relief directly from the Court on Monday morning. Delta Dental reserves all rights, particularly as to recovery of attorneys' fees for this frivolous exercise.

**Anne-Marie D. Dao**
Partner

Sheppard | 12275 El Camino Real, Suite 100
San Diego, CA 92130
Direct +1.858.720.8963 | Office +1.858.720.8900
adao@sheppard.com | Bio | LinkedIn | sheppard.com

---

**From:** Baxter-Kauf, Kate M. <kmbaxter-kauf@locklaw.com>
**Sent:** Wednesday, September 16, 2026 8:14 PM
**To:** MOVEItBellwetherDefendants@hbsslaw.com
**Cc:** MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Please use this version instead – a couple of exhibits were inadvertently omitted.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

LGN

---

**From:** Baxter-Kauf, Kate M.
**Sent:** Wednesday, September 16, 2026 10:11 PM

**To:** MOVEItBellwetherDefendants@hbsslaw.com
**Cc:** MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

In the interest of serving these today despite not yet having the link to upload them for the Court, please see attached the exhibits with index that we intend to send in connection with the motion. Please let me know if you have trouble accessing any documents. This whole folder is provisionally confidential.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

---

**From:** Baxter-Kauf, Kate M.
**Sent:** Wednesday, September 16, 2026 5:50 PM
**To:** Caetlin McManus <Caetlin_McManus@mad.uscourts.gov>; Alexandra Traganos <Alexandra_Traganos@mad.uscourts.gov>; Karen Folan <Karen_Folan@mad.uscourts.gov>; Courtney Horvath <Courtney_Horvath@mad.uscourts.gov>
**Cc:** MOVEItBellwetherDefendants@hbsslaw.com; MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Good afternoon,

Please find attached Plaintiffs' brief setting out the legal position as directed in ECF No. 2081 and related to the motion to seal filed at ECF No. 2098 and the motion to compel filed at ECF No. 2096. This brief contains voluminous confidential information belonging to the Defendants and Plaintiffs will work with Bellwether Defendants to file a redacted version. Would the court please provide a secure link so that we can upload under seal information, an index of exhibits, and the exhibits? The exhibits are the logs and other information requested by Judge Levenson for in camera review.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.