**Jordan O'Donnell**

| | |
|---|---|
| **From:** | Shapiro, Marc R. <mrshapiro@orrick.com> |
| **Sent:** | Thursday, September 17, 2026 6:55 PM |
| **To:** | Alexandra Traganos; Kate M. Baxter-Kauf; Caetlin McManus; Karen Folan; Courtney Horvath |
| **Cc:** | MOVEItBellwetherDefendants@hbsslaw.com; MOVEit Plaintiffs Lead Counsel; Kristen A. Johnson |
| **Subject:** | RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel |
| **Attachments:** | 2026.09.11 Hearing Transcript.pdf |

Ms. Traganos,

We regrettably write on behalf of TIAA concerning Plaintiffs' "Motion to Compel Documents Improperly Withheld as Attorney-Client Privileged or Subject to Work-Product Protection" filed on September 16, 2026. *See* ECF 2096. As summarized below, Plaintiffs' motion is procedurally improper and violates Judge Levenson's instructions at the September 11, 2026 discovery conference (transcript attached). Immediately after Plaintiffs filed their motion, TIAA requested that Plaintiffs withdraw the motion as to TIAA. Plaintiffs refused. Given the plain violations of Local Rule 7.1 and this Court's directives, TIAA asks that the Court advise whether TIAA is required to prepare a response to Plaintiffs' motion. TIAA can be available for a conference if the Court desires.

On September 11, this Court held a discovery conference to address issues that Plaintiffs identified relating to *Progress only*. *See* K. Baxter-Kauf Sept. 8 Email (requesting a conference "to alert that Bellwether Plaintiffs and Progress have reached impasse on three privilege-related matters"). Towards the end of that conference, Plaintiffs' counsel raised for the first time the prospect of pressing privilege issues concerning an unspecified set of other Bellwether Defendants: "So do you want -- I guess the question is if the issue we were going to think about raising for the other bellwether defendants is the same issue, do you want a similar discovery conference for each of them as well, or do you want us just to move?" Hrg Tr. at 63:21-24. Judge Levenson advised: "[I]f these issues have not already been teed up with the other defendants in such a way that you've got a marker on it that says, 'Well, as soon as we get a ruling from Judge Levenson, we'll either get this stuff or we won't get this stuff,' unless you've got it teed up in such a way that you've got that squared away, it's not clear to me there's anything I can do to help you, and I'm certainly not offering to." Hrg Tr. at 64:7-14. In response, Plaintiffs' counsel informed Judge Levenson his concerns were unwarranted. Specifically, they advised they could put his "mind at ease" because the request concerning non-Progress Defendants was not a "huge additional [set of issues]" but rather "two additional pieces that …have to do with nonparty involvement, and they are specific to a nonparty vendor for Maximus, and they are specific to logs produced by non-party Kroll." Hr. Tr. at 64:15-65:5. Neither of those two issues relate to TIAA because TIAA has already produced documents related to non-party Kroll.

Plaintiffs' motion is not limited to the topics or parties identified to the Court. The motion raises three issues as to TIAA and which lump all Bellwether Defendants together. *See generally* Memo. in Support (sealed). Equally troubling and reflective of the concerns identified by Judge Levenson, Plaintiffs never met and conferred with TIAA in advance of filing their motion to compel, as required by Local Rule 7.1. Indeed, before receiving Plaintiffs' motion via ECF, TIAA had heard nothing from Plaintiffs for nearly ***three months*** (following TIAA's June 27 letter and amended privilege log in response to Plaintiffs' boilerplate, June 16 privilege letter sent to all Bellwether Defendants). Yet, Plaintiffs certified pursuant to Local Rule 7.1 that they met and conferred with TIAA prior to filing their motion. *See* ECF 2096 at 3. The certification itself evinces the inaccuracy of the attestation, as it glaringly leaves ***undated*** when the meet and confer occurred. *Id.*; *see also* Decl. of K. Baxter-Kauf (sealed) at 26–27) (acknowledging no meet and confer occurred with TIAA). That is because Plaintiffs never responded or followed up in any form to TIAA's June 27 letter prior to filing the motion nearly three months later on September 16**.** There was no Rule 7.1 meet and confer.

In short, contrary to Judge Levenson's directive, the issues in Plaintiffs' motion have been not "squared away." There is no basis for Plaintiffs' filing their motion two and a half months after the Court's July 1 deadline for raising privilege disputes. *See* MDL Order 30; *see also* Hr. Tr. at 36:24-25 (allowing the motion as to Progress to proceed because that parties had been "actively conferring and making progress," which did not occur as to TIAA). TIAA should not be required to expend time and costs responding to a motion that flagrantly violates the Court's schedule and instructions. TIAA asks that this Court (1) advise as to whether TIAA must respond to the motion and, if not, (2) issue an order denying the motion as to TIAA for aforementioned reasons.

To the extent the Court allows Plaintiffs' motion to proceed, TIAA requests clarity as to its deadline. Under the Local Rules, TIAA has 14 days to respond, which extends beyond the fact discovery deadline (*see* MDL Order 35). If the Court allows Plaintiffs to proceed as to all Bellwether Defendants (not simply those whom Plaintiffs identified in advance of the September 11 conference), we understand most will have similar issues as TIAA and will each be opposing the motion.

Regards,
Marc Shapiro

**Marc Shapiro**
Partner
Orrick
New York
T +1-212-506-3546
mrshapiro@orrick.com

---

**From:** Alexandra Traganos <Alexandra_Traganos@mad.uscourts.gov>
**Sent:** Wednesday, September 16, 2026 6:52 PM
**To:** Kate M. Baxter-Kauf <kmbaxter-kauf@locklaw.com>; Caetlin McManus <Caetlin_McManus@mad.uscourts.gov>; Karen Folan <Karen_Folan@mad.uscourts.gov>; Courtney Horvath <Courtney_Horvath@mad.uscourts.gov>
**Cc:** MOVEItBellwetherDefendants@hbsslaw.com; MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** Re: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

**[EXTERNAL]**

Received -

Caetlin, please advise.

Thank you!

**Alexandra Traganos**
Courtroom Deputy Clerk to the Honorable Paul G. Levenson

U.S. District Court for the District of Massachusetts
One Courthouse Way, Suite 2300
Boston, MA 02210
Office: (617) 748-9814

---

**From:** Baxter-Kauf, Kate M. <kmbaxter-kauf@locklaw.com>
**Sent:** Wednesday, 16 September 2026 18:49:47
**To:** Caetlin McManus <Caetlin_McManus@mad.uscourts.gov>; Alexandra Traganos <Alexandra_Traganos@mad.uscourts.gov>; Karen Folan <Karen_Folan@mad.uscourts.gov>; Courtney Horvath <Courtney_Horvath@mad.uscourts.gov>
**Cc:** MOVEItBellwetherDefendants@hbsslaw.com <moveitbellwetherdefendants@hbsslaw.com>; MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

**CAUTION - EXTERNAL:**

Good afternoon,

Please find attached Plaintiffs' brief setting out the legal position as directed in ECF No. 2081 and related to the motion to seal filed at ECF No. 2098 and the motion to compel filed at ECF No. 2096. This brief contains voluminous confidential information belonging to the Defendants and Plaintiffs will work with Bellwether Defendants to file a redacted version. Would the court please provide a secure link so that we can upload under seal information, an index of exhibits, and the exhibits? The exhibits are the logs and other information requested by Judge Levenson for in camera review.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**Jordan O'Donnell**

| | |
|---|---|
| **From:** | Jordan O'Donnell |
| **Sent:** | Friday, September 18, 2026 4:55 PM |
| **To:** | Baxter-Kauf, Kate M.; Shapiro, Marc R.; Alexandra Traganos; Caetlin McManus; Karen Folan; Courtney Horvath |
| **Cc:** | MOVEItBellwetherDefendants@hbsslaw.com; MOVEit Plaintiffs Lead Counsel; Kristen A. Johnson; David Moncure; Paulyne Gardner; Amanda Harvey; Kayleigh Watson; Michael Jervis |
| **Subject:** | Re: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel |
| **Categories:** | zM:PBI et al (Longevity Holdings) - Robert Anastasio v. - CLASS ACTION--2901-001 |

Ms. Traganos,

I write on behalf of several other additional Bellwether Defendants (PBI, the Genworth Defendants, the Milliman Defendants, Members Life, Welltok, OSF, CHI Health, Virginia Mason, Sutter Health, the Maximus Defendants, and Delta Dental) (together, "BWDs") to join TIAA's request for an order denying Plaintiffs' motion to compel as to them, or clarity regarding their opposition brief(s). Counsel are also available for a conference should the Court desire.

Each BWD similarly contends Plaintiffs' motion is untimely and was filed in violation of Local Rule 7.1. After receipt of Plaintiffs' motion, the BWDs individually requested Plaintiffs withdraw their motion based on their individual circumstances with Plaintiffs as to privilege disputes. As evidenced by Attorney Baxter-Kauf's email, Plaintiiffs do not intend to do so.

The BWDs each responded to Plaintiffs' June 16, 2026 privilege letter by the end of June 2026 (prior to the Court's July 1 deadline to raise privilege disputes), and several BWDs even downgraded and produced additional documents that had been withheld as privileged. But Plaintiffs have otherwise failed to confer or communicate with the BWDs on these issues since mid-July 2026, if not earlier. Plaintiffs' motion omits such detail and is intentionally vague as to their failures to confer. Attorney Baxter-Kauf's email suggests this was not included in the motion at Judge Levenson's request, but the BWDs were not party to the September 11 conference as it related to the Progress-specific issues because Plaintiffs only requested a conference with the Court as to Progress. Had the other BWDs participated in that conference, they would have raised these issues and noted how they are situated differently from Progress, with which Plaintiffs have apparently conferred over the summer and up to the September 11 conference.

Another problem is that by shoehorning all BWDs into their motion, Plaintiffs deprive the BWDs from the opportunity to individually brief their own conferral histories (or lack thereof) with Plaintiffs and unique positions related to distinct third parties that are the subject of Plaintiffs' privilege dispute.

Attorney Baxter-Kauf's email states that the BWDs indicated they "explicitly disagreed" with Plaintiffs' legal position regarding business advice and waiver. To the extent the BWDs did so, such would have been made clear to Plaintiffs prior to (if not shortly after) the July 1 deadline. There is thus no justification for Plaintiffs to have waited nearly three months until the tail end of the discovery period (and after their class certification brief had been filed and all BWDs are working on an opposition) to file their motion to compel.

Thank you.

**Jordan O'Donnell**
***Partner***
***Mullen Coughlin LLC***
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
(267) 930-4106 - Office
(908) 868-4204 - Mobile
jsodonnell@mullen.law

This email may be an attorney-client communication or otherwise confidential and privileged. If you are not the intended recipient, or received it in error, do not review or copy. Please immediately notify the sender and permanently delete/destroy the email and attachments.

---

**From:** Baxter-Kauf, Kate M. <kmbaxter-kauf@locklaw.com>
**Sent:** Friday, 18 September 2026 12:11:55
**To:** Shapiro, Marc R. <mrshapiro@orrick.com>; Alexandra Traganos <Alexandra_Traganos@mad.uscourts.gov>; Caetlin McManus <Caetlin_McManus@mad.uscourts.gov>; Karen Folan <Karen_Folan@mad.uscourts.gov>; Courtney Horvath <Courtney_Horvath@mad.uscourts.gov>
**Cc:** MOVEItBellwetherDefendants@hbsslaw.com <moveitbellwetherdefendants@hbsslaw.com>; MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Good morning,

Plaintiffs respectfully disagree with TIAA's position, both procedurally and on the merits. TIAA, and every other Bellwether Defendant named in the motion, has explicitly disagreed by letter and in meet and confers with the legal position set out in Plaintiffs' motion for evaluating business advice and waiver. That legal standard is what Judge Levenson directed the parties to brief. Plaintiffs did not include meet and confer letters or extensive recitations of the process because Judge Levenson asked us not to. 9/11/26 Hr'g Tr. at 60-62. The status conference confirmed this understanding and that Plaintiffs should tee up any remaining privilege challenge. Plaintiffs believe these arguments are best addressed in the responsive briefing due for relevant BWDs on September 28, 2026, but would be happy to provide additional information formally in the interim in an additional filing at the Court's request.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

---

**From:** Shapiro, Marc R. <mrshapiro@orrick.com>
**Sent:** Thursday, September 17, 2026 5:55 PM
**To:** Alexandra Traganos <Alexandra_Traganos@mad.uscourts.gov>; Baxter-Kauf, Kate M. <kmbaxter-kauf@locklaw.com>; Caetlin McManus <Caetlin_McManus@mad.uscourts.gov>; Karen Folan <Karen_Folan@mad.uscourts.gov>; Courtney Horvath <Courtney_Horvath@mad.uscourts.gov>
**Cc:** MOVEItBellwetherDefendants@hbsslaw.com; MOVEit Plaintiffs Lead Counsel

<MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** RE: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

Ms. Traganos,

We regrettably write on behalf of TIAA concerning Plaintiffs' "Motion to Compel Documents Improperly Withheld as Attorney-Client Privileged or Subject to Work-Product Protection" filed on September 16, 2026. *See* ECF 2096. As summarized below, Plaintiffs' motion is procedurally improper and violates Judge Levenson's instructions at the September 11, 2026 discovery conference (transcript attached). Immediately after Plaintiffs filed their motion, TIAA requested that Plaintiffs withdraw the motion as to TIAA. Plaintiffs refused. Given the plain violations of Local Rule 7.1 and this Court's directives, TIAA asks that the Court advise whether TIAA is required to prepare a response to Plaintiffs' motion. TIAA can be available for a conference if the Court desires.

On September 11, this Court held a discovery conference to address issues that Plaintiffs identified relating to *Progress only*. *See* K. Baxter-Kauf Sept. 8 Email (requesting a conference "to alert that Bellwether Plaintiffs and Progress have reached impasse on three privilege-related matters"). Towards the end of that conference, Plaintiffs' counsel raised for the first time the prospect of pressing privilege issues concerning an unspecified set of other Bellwether Defendants: "So do you want -- I guess the question is if the issue we were going to think about raising for the other bellwether defendants is the same issue, do you want a similar discovery conference for each of them as well, or do you want us just to move?" Hrg Tr. at 63:21-24. Judge Levenson advised: "[I]f these issues have not already been teed up with the other defendants in such a way that you've got a marker on it that says, 'Well, as soon as we get a ruling from Judge Levenson, we'll either get this stuff or we won't get this stuff,' unless you've got it teed up in such a way that you've got that squared away, it's not clear to me there's anything I can do to help you, and I'm certainly not offering to." Hrg Tr. at 64:7-14. In response, Plaintiffs' counsel informed Judge Levenson his concerns were unwarranted. Specifically, they advised they could put his "mind at ease" because the request concerning non-Progress Defendants was not a "huge additional [set of issues]" but rather "two additional pieces that …have to do with nonparty involvement, and they are specific to a nonparty vendor for Maximus, and they are specific to logs produced by non-party Kroll." Hr. Tr. at 64:15-65:5. Neither of those two issues relate to TIAA because TIAA has already produced documents related to non-party Kroll.

Plaintiffs' motion is not limited to the topics or parties identified to the Court. The motion raises three issues as to TIAA and which lump all Bellwether Defendants together. *See generally* Memo. in Support (sealed). Equally troubling and reflective of the concerns identified by Judge Levenson, Plaintiffs never met and conferred with TIAA in advance of filing their motion to compel, as required by Local Rule 7.1. Indeed, before receiving Plaintiffs' motion via ECF, TIAA had heard nothing from Plaintiffs for nearly ***three months*** (following TIAA's June 27 letter and amended privilege log in response to Plaintiffs' boilerplate, June 16 privilege letter sent to all Bellwether Defendants). Yet, Plaintiffs certified pursuant to Local Rule 7.1 that they met and conferred with TIAA prior to filing their motion. *See* ECF 2096 at 3. The certification itself evinces the inaccuracy of the attestation, as it glaringly leaves ***undated*** when the meet and confer occurred. *Id.*; *see also* Decl. of K. Baxter-Kauf (sealed) at 26–27) (acknowledging no meet and confer occurred with TIAA). That is because Plaintiffs never responded or followed up in any form to TIAA's June 27 letter prior to filing the motion nearly three months later on September 16**.** There was no Rule 7.1 meet and confer.

In short, contrary to Judge Levenson's directive, the issues in Plaintiffs' motion have been not "squared away." There is no basis for Plaintiffs' filing their motion two and a half months after the Court's July 1 deadline for raising privilege disputes. *See* MDL Order 30; *see also* Hr. Tr. at 36:24-25 (allowing the motion as to Progress to proceed because that parties had been "actively conferring and making progress," which did not occur as to TIAA). TIAA should not be required to expend time and costs responding to a motion that flagrantly violates the Court's schedule and instructions. TIAA asks that this Court (1) advise as to whether TIAA must respond to the motion and, if not, (2) issue an order denying the motion as to TIAA for aforementioned reasons.

To the extent the Court allows Plaintiffs' motion to proceed, TIAA requests clarity as to its deadline. Under the Local Rules, TIAA has 14 days to respond, which extends beyond the fact discovery deadline (*see* MDL Order

35). If the Court allows Plaintiffs to proceed as to all Bellwether Defendants (not simply those whom Plaintiffs identified in advance of the September 11 conference), we understand most will have similar issues as TIAA and will each be opposing the motion.

Regards,
Marc Shapiro

**Marc Shapiro**
Partner
Orrick
New York
T +1-212-506-3546
mrshapiro@orrick.com

---

**From:** Alexandra Traganos <Alexandra_Traganos@mad.uscourts.gov>
**Sent:** Wednesday, September 16, 2026 6:52 PM
**To:** Kate M. Baxter-Kauf <kmbaxter-kauf@locklaw.com>; Caetlin McManus <Caetlin_McManus@mad.uscourts.gov>; Karen Folan <Karen_Folan@mad.uscourts.gov>; Courtney Horvath <Courtney_Horvath@mad.uscourts.gov>
**Cc:** MOVEItBellwetherDefendants@hbsslaw.com; MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** Re: IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

**[EXTERNAL]**

Received -

Caetlin, please advise.

Thank you!

**Alexandra Traganos**
Courtroom Deputy Clerk to the Honorable Paul G. Levenson
U.S. District Court for the District of Massachusetts
One Courthouse Way, Suite 2300
Boston, MA 02210
Office: (617) 748-9814

---

**From:** Baxter-Kauf, Kate M. <kmbaxter-kauf@locklaw.com>
**Sent:** Wednesday, 16 September 2026 18:49:47
**To:** Caetlin McManus <Caetlin_McManus@mad.uscourts.gov>; Alexandra Traganos <Alexandra_Traganos@mad.uscourts.gov>; Karen Folan <Karen_Folan@mad.uscourts.gov>; Courtney Horvath <Courtney_Horvath@mad.uscourts.gov>

**Cc:** MOVEItBellwetherDefendants@hbsslaw.com <moveitbellwetherdefendants@hbsslaw.com>; MOVEit Plaintiffs Lead Counsel <MOVEitPlaintiffsLeadCounsel@hbsslaw.com>; Kristen A. Johnson <kristenj@hbsslaw.com>
**Subject:** IN RE: MOVEit Customer Data Security Breach Litigation, 1:23-md-03083 : Motion to Compel

**CAUTION - EXTERNAL:**

Good afternoon,

Please find attached Plaintiffs' brief setting out the legal position as directed in ECF No. 2081 and related to the motion to seal filed at ECF No. 2098 and the motion to compel filed at ECF No. 2096. This brief contains voluminous confidential information belonging to the Defendants and Plaintiffs will work with Bellwether Defendants to file a redacted version. Would the court please provide a secure link so that we can upload under seal information, an index of exhibits, and the exhibits? The exhibits are the logs and other information requested by Judge Levenson for in camera review.

Thanks,
Kate

**Kate Baxter-Kauf | Partner | she/her**

**Lockridge Grindal Nauen PLLP**
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
P: 612-596-4007 | www.locklaw.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.