UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PGL<br><br>[ORAL ARGUMENT REQUESTED] |
| This Document Relates To:<br><br>ALL CASES | |

**BELLWETHER PLAINTIFFS' MEMORANDUM OF LAW OPPOSING NON-PROGRESS BELLWETHER DEFENDANTS' MOTION FOR DISCOVERY CONFERENCE RELATED TO PLAINTIFFS' MOTION TO COMPEL**

Bellwether Plaintiffs ("BWPs") hereby respectfully respond to the Non-Progress Bellwether Defendants' Motion for a Discovery Conference (ECF No. 2105) and provide this outline of responses in advance of the scheduled status conference (ECF No. 2107). These Defendants, including Maximus, Inc., Maximus Federal Services, Inc., Maximus Health Services, Inc. (now known as Maximus US Services, Inc.), and Maximus Human Services, Inc. (collectively, "Maximus"); the PBI Bellwether Defendants, including Pension Benefit Information, LLC ("PBI"); Genworth Financial, Inc., Genworth Life and Annuity Insurance Co. and Genworth Life Insurance Co. (collectively, "Genworth"); Milliman, Inc. (d/b/a Milliman Intelliscript Inc.) and Milliman Solutions, LLC ("Milliman"); MEMBERS Life Insurance Company ("Members' Life"); and Teachers Insurance and Annuity Association of America ("TIAA"); the Welltok Bellwether Defendants, including Welltok, Inc., Sutter Health, OSF Healthcare System, CHI Health – NE, and Virgina Mason Franciscan Health (collectively, "Welltok");[1] and the Delta Dental Bellwether Defendants ("Delta Dental") (all collectively, the "Moving Defendants") express surprise that BWPs' motion to compel, over which the parties

[1] BWD Corewell Health did not produce a privilege log so they are not included in either Plaintiffs' motion to compel or this Motion.



011175-35/5145343 V1

have met and conferred all summer, and for which there is a clear legal disagreement, should be teed up prior to the end of fact discovery, in a manner designed to be as efficient as possible for Court evaluation. Their transparent attempt to delay resolution on a legal question for which the parties are at impasse should be rejected, and responses should remain due September 28, 2026.

First, BWPs were following instructions from the Court at the September 11, 2026 discovery conference and the September 14, 2026 status conference to raise any remaining issues regarding privilege within the fact discovery deadline, and not to brief questions related to the meet and confer process.[2] To the extent that any Moving Defendant thinks that BWPs' motion should be denied on procedural grounds, they are free to raise that in their response. Any purported deficiency with the meet and confer process which would violate any local rule or court directive – which BWPs strenuously disagree occurred here – should be included in a response. There is no rule or justification that would obviate the need to file a response at all.

Second, all Moving Defendants disagree with the legal positions asserted by BWPs raised in the Motion to Compel, and the Non-Progress Bellwether Defendants' Motion does not dispute this fact. In fact, Maximus's letter about privilege disputes concedes that at least some of those disputes are timely raised and at impasse. *See* Ex. H. Every Bellwether Defendant disputed in meet and confers and letters that communications withheld as privileged or on the basis of work product protection should be produced in the case of forensic investigations, public relations

[2] *See* Sept. 11, 2026 Hr'g Tr. at 56-7 ("I have said several times that the 9/30 deadline isn't moving and it's not, so we're really talking about putting this piece to bed one way or the other, but I am inclined to give the plaintiffs until close of business Wednesday and the defendants ten days thereafter to brief this."); 60 ("MS. BAXTER-KAUF: Do you want us to brief the question of whether it was timely raised? THE COURT: No."); 64 ("I want to see your motion papers. We're out of time. . . unless you've got it teed up in such a way that you've got that squared away, it's not clear to me there's anything I can do to help you, and I'm certainly not offering to."); *see also* Sept. 14, 2026 Hr'g Tr. at 7 ("I know plaintiffs are looking to tee up some question about whether other parties may be implicated by the ruling on privilege with respect to Progress, un-pled I will repeat my view, which is, if there's something that tees up neatly un-pled can be fit in the available time, more power to you, but that's going to be up to you guys to figure out how un-pled whether to squeeze things into the available space.").

communications, and incompletely separated two-track investigations. This question is a *legal one* for which the parties deserve a ruling, and for which the examples provided by BWPs are designed to give the Court a mechanism for understanding the legal arguments raised by BWPs. The Moving Defendants do not dispute that this fundamental impasse exists, and the Court should resolve it.

Third, as the Court's directive on September 11, 2026 after the discovery conference made clear, "Defendants are to respond by **September 28, 2026**" to any privilege motion brought. ECF No. 2081 (emphasis in original). BWPs responded to emails regarding this immediately. (Moving Defendants did not submit Plaintiffs' counsel's response to the emails sent about the motion with its motion papers, but Plaintiffs' counsel responded with information substantively identical to that in this response within the deadline requested by each email.) The Court was clear at the September 11, 2026 discovery conference about the need to resolve these motions expeditiously. To the extent that a Court staff's deserved time off precluded a response from Chambers to Moving Defendants' question regarding the deadline, there would be no justification for moving the deadline beyond that imposed by the Local Rules, which would make any brief due September 30, 2026. *See* D. Mass. LR 7.1(b)(2). Certainly the Moving Defendants cannot avoid responding to the motion at all, especially when at least some of them (Maximus) concede there is an impasse to be resolved. *See* Ex. H.

As a result, the Moving Defendants' Motion for a Discovery Conference should be denied. Moving Defendants should submit their responses, including any procedural objection they believe justifies denying the Motion, to BWPs' Motion to Compel on September 28, 2026, as this Court previously ordered, and consistent with the Electronic Order entered earlier today (ECF No. 2106).

DATED: September 24, 2026

By: /s/ Kristen A. Johnson
Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Square, 5th Floor
Boston, MA 02109
Tel: (617) 482-3700
Fax: (617) 482-3003
kristenj@hbsslaw.com

Daniel J. Kurowski (*pro hac vice*)
Whitney K. Siehl (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Tel: (708) 628-4949
Fax: (708) 628-4950
dank@hbsslaw.com
whitneys@hbsslaw.com

*Plaintiffs' Liaison & Coordinating Counsel*

By: /s/ E. Michelle Drake
E. Michelle Drake
BERGER MONTAGUE, PC
1229 Tyler Street, NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5933
Fax: (612) 584-4470
emdrake@bm.net

By: /s/ Gary F. Lynch
Gary F. Lynch
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
Gary@lcllp.com

By: /s/ Douglas J. McNamara
Douglas J. McNamara
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Tel: (202) 408-4600
dmcnamara@cohenmilstein.com

By: _/s/ Kate Baxter-Kauf_
Karen H. Riebel
Kate Baxter-Kauf
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 612-339-0981
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com

By: _/s/ Charles E. Schaffer_
Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
Fax: (215) 592-4663
cshaffer@lfsblaw.com

*Plaintiffs' Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: September 24, 2026

/s/ *Kristen A. Johnson*
Kristen A. Johnson (BBO# 667261)