# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE: MOVEIT CUSTOMER DATA ) MDL No.
SECURITY BREACH LITIGATION ) 1:23-md-03083-ADB-
) PGL
)
)
)
__________________________________ )

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

AMANDA COPANS, individually and ) Case No.
on behalf of other similarly ) 2:23-cv-02619
situated individuals, )
)
Plaintiff, )
)
vs. )
)
SUTTER HEALTH, and WELLTOK, )
INC., )
)
Defendants. )
__________________________________ )

HIGHLY CONFIDENTIAL
PURSUANT TO THE PROTECTIVE ORDER
VIDEO-RECORDED DEPOSITION OF AMANDA COPANS
Tuesday, July 7, 2026
San Francisco, California

Stenographically Reported By:
Hanna Kim, CLR, CSR No. 13083
Job No. 8280262

you experienced fraud or identity theft that was -- that was a result of the data breach is Number 2.

A. Yeah.

Q. Okay. And then Number 4 is any efforts you took to mitigate any injury or potential injury you claim resulted from the data breach.

So your answers to numbers 2 and 4 are your answers to Interrogatory Number 16 as well. Is that right?

A. Yes.

Q. Then for number 17, "State whether you contend that, as a result of the matters you allege in your Complaint, your PII lost value because it was compromised, exposed, or disclosed."

Your answer's on page 7, that the sensitive information listed in the notice letter lost value because it was compromised, exposed, or disclosed. Is that right?

A. Yeah.

Q. How -- how did your PII lose value?

MR. HAYES: Object to the form.

THE WITNESS: Well, it was private, and now it's not.

BY MR. HAUT:
Q. So your name?
A. Mm-hmm.
Q. And your address?
A. Mm-hmm.
MR. OSBORNE: You can't say "mm-hmm."
THE WITNESS: Yes; correct.
BY MR. HAUT:
Q. Yes; correct, your name?
A. Sorry. You haven't asked a question.
Q. Yeah, yeah, that's fine.
So your name; correct, was impacted?
A. Correct.
Q. Your address?
A. Correct.
Q. Date of birth?
A. I don't -- I don't know.
Q. I mean, your name is publicly available, though; right?
A. Yes. I'm sorry, what's the question?
Q. Well, you contend that the information that was listed in the notice letter lost value because it was exposed or compromised or disclosed in the data breach. And I'm asking for each of those individual elements --

A. Did my -- are you asking me did my name lose value?
Q. Yeah.
A. Sorry. What is the question?
Q. Did your name lose value as a result of it being impacted in the incident?
MR. HAYES: Object to the form.
THE WITNESS: I don't know.
BY MR. HAUT:
Q. Did your address lose value as a result of being impacted in the incident?
A. I don't know.
MR. HAYES: Same objection.
Sorry.
BY MR. HAUT:
Q. Did your date of birth lose value as a result of being impacted in the incident?
MR. HAYES: Same objection.
THE WITNESS: I would say that's less available. So probably. Less publicly available.
BY MR. HAUT:
Q. So in what way did it lose value?
MR. HAYES: Object to form.
THE WITNESS: Again, that it's personal information that's now publicly available.

BY MR. HAUT:
Q. What about the other forms of information that were impacted, how did those lose value?
MR. HAYES: Same objection.
THE WITNESS: The private health information?
BY MR. HAUT:
Q. What you've characterized as the -- the health information.
A. That was entirely private and now publicly available.
Q. Well, in what way do you contend that it had value that could be capable of being lost?
A. Say again.
Q. Well, you contended the information identified in the letter lost value because it was compromised, disclosed, or exposed. And I'm asking in what way do you contend that that information had value -- value that was capable of being lost?
A. Privacy does have value. Right. Am I supposed to put a dollar on it?
Q. Do you have a dollar value you assign to it?
A. I have no dollar value assigned to my

private health information.
Q. For Number 18, you -- Interrogatory Number 18 reads, "Identity and describe in any de- -- in detail any instances in which you disclosed your PII to the public, including in documents available to the public."
And the answer appears on number 8, "Plaintiff is willing to meet and confer on this interrogatory, but will not answer at this time."
Is that correct?
A. The interrogatory -- could you just rephrase that?
Q. Yeah.
So the question was whether -- Interrogatory Number 18 asks, "Identify and describe in detail any instances in which you disclosed your PII to the public."
So for -- it gives examples such as court filings or in video content on a public website.
A. That I've disclosed my PII?
Q. Do you have, like, a Netflix documentary we don't know about?
A. So there -- so then your question about the answer is?
Q. Well, the answer was an objection, so I'm