# Exhibit 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | ) |
| | ) MDL No. 1:23-md-03083-ADB-PGL |
| This document relates to all cases | ) |

Certain Designated Pages of this Deposition are Confidential and Subject to a Protective Order

VIDEOTAPED DEPOSITION OF
JEFFERY T. WEAVER

Thursday, July 9, 2026
9:15 a.m.

Job No.: 8178058
Pages: 1 - 240
Reported by: Anca Hrisca, CSR, RPR, CRR

heightened threat of risk of personal information.
Q. So how are you tracing that heightened threat back to the MOVEit data breach specifically?
A. I'd have to leave that to my attorneys and their experts to find out.
Q. Do you have any evidence to suggest that there's a heightened threat because of the MOVEit data breach specifically?
A. I believe that with that information being out there, yes, there's a --
Q. But do --
A. -- heightened threat.
Q. Sorry.
But do you have any evidence of that?
A. I don't have specific evidence. I'd have to rely on my --
Q. Okay.
A. -- attorneys for that.
Q. Are you claiming in this lawsuit that you've been injured because your personal information has lost value?
A. Yes.
Q. How?
A. Well, I -- I believe that being out there, it can be used by anyone freely.

Q. And what does that -- how does that mean it has lost value?
A. I think that your personal -- and I -- this is, I think, more of a legal explanation than I can get into, but I think it's a -- your private information has -- has value when it's protected, and it doesn't when it gets exposed.
Q. How much value has your personal information lost?
A. I can't put a price on that. I'd have to rely on my attorneys to do that.
Q. So you don't have an estimate of how much your name is worth?
A. I do not.
Q. Or how much your SSN is worth?
A. I do not.
Q. Okay. Has anyone ever offered you money in exchange for disclosure of your name?
A. No.
Q. Do you know anyone who would pay you money in exchange for disclosing your name?
A. No.
Q. Would you ever sell your name?
A. No.
Q. Has anyone ever offered you money in exchange

for disclosure of your address?

A. Not that I'm aware of.

Q. Do you know anyone who would pay you money in exchange for disclosing your address?

A. No.

Q. Would you ever sell your address?

A. No.

Q. Has anyone ever offered you money in exchange for disclosure of your phone number?

A. No.

Q. Do you know anyone who would pay you money in exchange for disclosing your phone number?

A. No.

Q. Would you ever sell your phone number?

A. No.

Q. Has anyone ever offered you money in exchange for disclosure of your date of birth?

A. No.

Q. Do you know anyone who would pay you money in exchange for your -- disclosing your date of birth?

A. No.

Q. Would you ever sell your date of birth?

A. No.

Q. Has anyone ever offered you money in exchange for disclosure of your Social Security number?

A. No.
Q. Do you know anyone who would pay you money in exchange for disclosing your Social Security number?
A. No.
Q. Would you ever sell your Social Security number?
A. No.
Q. Has anyone ever offered you money in exchange for disclosure of your medical information or med-- -- or health insurance information?
A. No.
Q. Do you know anyone who would pay you money in exchange for your medical information or your medical insurance information?
A. No.
Q. Would you ever sell your medical information or your medical insurance information?
A. No.
Q. Okay. Can you look at Question -- in the Plaintiff Fact Sheet on page 2, can you look at your response to Question 3A2? I'll give you a second to review it.
A. 3A2?
Q. Uh-huh.
A. Oh --
Q. On page 3.