**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PGL |
| This Document Relates To:<br>C.A. No. 1:24-cv-11807-ADB<br><br>BEN MORRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESS SOFTWARE CORPORATION; ERNST & YOUNG LLP; and BANK OF AMERICA CORPORATION,<br><br>DEFENDANTS. | |

# FINAL APPROVAL ORDER

**WHEREAS**, a Settlement Agreement, dated as of April 14, 2026 (the "Settlement Agreement"), was made and entered into by and among the following Parties: (i) Plaintiff Ben Morris (the "Settlement Class Representative"), individually and on behalf of the Settlement Class Members, by and through E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP (collectively, "Class Counsel"); (ii) Ernst & Young LLP ("EY"), for the benefit of all Defendant Released Parties, by and through EY's counsel of record, Sean W. Gallagher, Abby M. Mollen, and Dawson K. Robinson of Bartlit

Beck LLP ("EY's Counsel"); and (iii) Bank of America Corporation ("BOA", collectively with EY, "Defendants"), for the benefit of all Defendant Released Parties, by and through BOA's counsel of record, Randall W. Edwards, Pamela A. Miller, and Shruti Kannan of O'Melveny & Myers LLP ("BOA's Counsel", collectively with EY's Counsel, "Defendants' Counsel"); and

**WHEREAS**, on April 29, 2026, the Court entered a Preliminary Approval Order ("Preliminary Approval Order") that, among other things, (a) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23, a class for the purposes of settlement only; (b) approved the form of Notice to Settlement Class Members, and the method of dissemination thereof; (c) directed that the Notice of the Settlement be disseminated to the Settlement Class; and (d) set a hearing date for final approval of the Settlement; and

**WHEREAS**, the Notice to the Settlement Class ordered by the Court has been disseminated as ordered, according to the declaration of the Settlement Administrator filed with the Court on September 15, 2026; and

**WHEREAS**, the Notice pursuant to the Class Action Fairness Act ("CAFA Notice") ordered by the Court has been provided, according to the Declaration of Shruti Kannan filed with the Court on September 15, 2026; and

**WHEREAS**, on October 15, 2026, a final approval hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being an appropriate number of days after Notice to the Settlement Class and CAFA Notice were issued; and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and any non-party objectors, as

well as the arguments of counsel, and having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement and the Preliminary Approval Order (ECF Nos. 1796-1; 1796-2; and 1804).

2. The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

3. The Settlement was entered into in good faith following arm's-length negotiations and is non-collusive.

4. The Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

5. This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief, including the Settlement Benefits Plan. The Court finds that the Settlement is in all respects fair, adequate and reasonable, including with respect to its opt-out provisions, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order.

6. The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

7. Settlement Representative, Defendants, the Settlement Administrator, and Settlement Class Members shall consummate the Settlement according to the terms of the Settlement Agreement.

**Objections and Opt-Outs**

8. Zero (0) objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement approval and the objections are hereby overruled in all respects.

9. All persons who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

10. Zero (0) opt out requests were filed by Settlement Class Members.

**Class Certification**

11. For purposes of the Settlement and this Final Approval Order, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All living persons in the United States whose Personally Identifying Information ("PII") was included in the files affected by the Security Incident.
>
> Excluded from the Settlement Class are: (i) Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

12. The Court determines that, for settlement purposes only, the Settlement Class meets all of the requirements of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), namely that

the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representative are typical of absent Settlement Class Members; that the Settlement Class Representative has and will fairly and adequately protect the interests of the Settlement Class as he has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

13. For settlement purposes only, the Court grants final approval to the appointment of Plaintiff Ben Morris as the Settlement Class Representative. The Court concludes that the Settlement Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

14. For settlement purposes only, the Court grants final approval to the appointment, pursuant to Rule 23(g), of E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Class.

**Notice to the Settlement Class**

15. The form, content, and method of dissemination of the Notice given to the Settlement Class were adequate and reasonable, and constituted the best Notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient Notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, their right to exclude themselves, their right to object to the Settlement and appear at the Final Approval Hearing, and

of these proceedings to all persons entitled to such Notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, constitutional due process, and any other legal requirements.

16. The CAFA Notice provided by Defendants met all requirements of the Act.

17. The Settlement Class Representative and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

18. Every Settlement Class Member who exercised their right to opt out of the Settlement is hereby excluded from the Settlement Class.

19. Each Released Claim of each Plaintiff Released Party is hereby extinguished as against the Defendant Released Parties.

**Award of Attorneys' Fees and Service Awards**

20. The Court having considered Plaintiff's Motion for Attorneys' Fees and Expenses hereby grants the Motion and awards Class Counsel (as well as any agents, vendors or experts with which they may have worked on this matter) $625,000.00 for their fees and $19,200.00 for their expenses in the case, hereby extinguishing any claims for any such fees, costs or expenses as against the Defendant Released Parties. Class Counsel's fee and expense award shall be paid in accordance with the Settlement Agreement. The Court finds the amount of fees and expenses to be fair and reasonable.

21. The Court grants Settlement Class Representative the Service Award in the amount of $2,500.00. The Service Award shall be paid in accordance with the Settlement Agreement. The Court finds that this payment is justified by his service to the Settlement Class.

22. This award of attorneys' fees and costs, and Service Award is independent of the

Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

**Other Provisions**

23. The Parties to the Settlement shall carry out their respective obligations thereunder.

24. Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

25. As of the Effective Date, the Plaintiff Released Parties release any and all Released Claims, defined as: any and all liabilities, rights, claims, actions, causes of action, damages, penalties, costs, attorneys' fees, losses or demands, whether known or unknown, liquidated or unliquidated, existing or potential, suspected or unsuspected, legal, statutory, or equitable, based on contract, tort, or any other theory, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties, or matters that were or reasonably could have been asserted against Defendant Released Parties related to BOA's provision of PII to EY that was compromised or potentially compromised in the Security Incident or to Defendants' conduct alleged in the Complaint. However, the Settlement Agreement is not intended to and does not prohibit a Settlement Class Member from responding to inquiries posited by federal, state, or local agencies and/or law enforcement, even if the inquiries relate to the Released Claims. Similarly, the Settlement Agreement is not intended to and does not prohibit a Settlement Class Member from bringing their concerns to federal, state, or local agencies and/or law enforcement, even if those inquiries relate to the Released Claims. Excluded from the Released Claims are any claims against Progress.

26. As of the Effective Date, the Defendant Released Parties will be deemed to have been completely released and forever discharged from the Released Claims.

27. The Settlement Class Representative and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Defendant Released Parties or prosecuting any claim based on any actions taken by any of the Defendant Released Parties that are authorized or required by the Settlement or by the Final Approval Order. The Settlement and/or this Final Approval Order may be pleaded as a complete defense to any proceeding subject to this section.

28. This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Litigation.

29. This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiff or any Settlement Class Member has suffered any damage; *provided*, *however*, that nothing in the foregoing, the Settlement, or this Final Approval Order shall be interpreted to prohibit the use of the Settlement or this Final Approval Order in a proceeding to consummate or enforce the Settlement or this Final Approval Order (including all releases in the Settlement and Final Approval Order), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

30. The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims

(and other prohibitions set forth in this Final Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other Person subject to the provisions of this Final Approval Order.

31. The Court hereby dismisses the Litigation and all claims therein on the merits and with prejudice as to the Defendants, without fees or costs to any Party except as provided in this Final Approval Order.

32. Consistent with the Settlement, in the event the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement; this Final Approval Order and all orders entered in connection herewith shall be vacated and null and void. All of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

33. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction over the Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement as set forth in the Settlement Agreement.

**IT IS SO ORDERED.**

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: October 15, 2026

*/s/ Kristen A. Johnson*
Kristen A. Johnson (BBO# 667261)