**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-03083-ADB-PGL |

**BELLWETHER DEFENDANT PROGRESS SOFTWARE CORPORATION'S SUBMISSION PURSUANT TO MDL ORDER NO. 39**

On October 15, 2026, the Court entered an order concerning the parties' privilege dispute. *See* MDL Order No. 39 (the "Order"), Dkt. No. 2145. The Court reserved ruling on five documents that Bellwether Defendant Progress Software Corporation ("Progress") submitted *in camera* pending Progress's submission of additional information. *Id.* As set forth further below, Progress maintains that four of the documents were properly withheld.[1] As to the fifth, Progress has determined to produce the document following review of the Order.[2]

**I. MDL_PROGRESS_00222822 is Work Product.**

After the May 2023 MOVEit data incident (the "MOVEit Incident"), Deputy General Counsel Charles Pollak instructed the Progress team to track incident response information in preparation for anticipated litigation and other potential legal exposure. Declaration from Charles Pollak ("Pollak Decl.") ¶ 7. MDL_Progress_00222822 is an example of work product generated in anticipation of litigation *and* at the direction of Progress's counsel. It is protected information. Fed. R. Civ. P. 26(b) (stating that materials "prepared in anticipation of litigation or

[1] MDL_PROGRESS_00222822; MDL_PROGRESS_PRIV_00000604; MDL_PROGRESS_PRIV_00001540; and MDL_PROGRESS_PRIV_00000779.
[2] MDL_PROGRESS_PRIV_00000765.

for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" are not discoverable). The direct involvement of an attorney in preparing a document such as MDL_Progress_00222822 has no bearing on whether the attorney work product doctrine applies. *See, e.g.*, *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, No. 00-CV-0783 (JLT), 2001 WL 1180694, at *2 (D. Mass. Sept. 25, 2001) ("[W]hether attorney or non-attorney prepared a document 'is irrelevant for purposes of Rule 26(b)(3) work-product protection[.']" [quoting *Sprague v. Director, Office of Workers' Compensation Program*, 688 F.2d 862, 869 (1st Cir. 1982)]).

Accordingly, MDL_PROGRESS_00222822 is not discoverable.[3]

## II. MDL_PROGRESS_PRIV_00000604, MDL_PROGRESS_PRIV_00001540, and MDL_PROGRESS_PRIV_00000779 are Privileged and/or Work Product.

MDL_PROGRESS_PRIV_00000604 is protected as privileged because it relates to analyzing facts to facilitate legal advice. *See* Order at 10. Specifically, the correspondence concerns evaluating the MOVEit Transfer code (which is, of course, a focal point of this litigation) and involves DLA Piper (Progress's outside counsel and *legal* advisor);[4] CRA (a cybersecurity forensic expert working at the direction of DLA Piper to facilitate legal advice);[5] and Progress (the client). Pollak Decl. ¶ 15; *see* Order at 10. As the Court recognized, communications that include vendors necessary to facilitate legal advice do *not* break privilege. Order at 8 ("The mere fact that some aspects of the vendor's assistance were business-related did not operate as a waiver of privilege as to the portion of the work that was aimed at assisting in

[3] *See* Exhibit 8 to the Declaration of Olivia Houston in support of Progress's Opposition to the Motion to Compel (Dkt. No. 2118) (the "September 22, 2026 Privilege Log") at log entry 337, row 338, column N ("Privilege Type: Attorney Work Product").

[4] DLA Piper's email domain is @us.dlapiper.com. Andrew Serwin is the US Chair and Global Co-Chair of DLA Piper's Data Protection, Privacy and Security Practice, and Erik Harssema is a non-lawyer principal who works for DLA Piper, on Mr. Serwin's team, as (among other things) a cyber and incident response expert.

[5] CRA's email domain is @crai.com. David Cowen was the lead on the CRA team.

the provision of legal advice."); *see Cavallaro v. United States*, 284 F.3d 236, 246–47 (1st Cir. 2002) (recognizing that attorney-client privilege applies to third-party consultants who are "necessary, or at least highly useful" to counsel's legal advice); *see also Maldondo v. Solara Med. Supplies, LLC*, No. CV 20-12198-LTS, 2021 WL 8323636, at *4–*5 (D. Mass. June 2, 2021). MDL_PROGRESS_PRIV_00000604 is also protected work product as this communication relates to the backward-looking investigative work conducted by DLA and CRA to inform Progress's legal defenses. *See* Pollak Decl. ¶ 15; *see also* Order at 10 (distinguishing "forward-looking solutions (a business purpose)" as not protected from "backward-looking analytics (potentially a legal purpose, *i.e.*, to facilitate legal advice)," which can be).

MDL_PROGRESS_PRIV_00001540 is privileged because it reflects Progress employees providing information for review and evaluation by Deputy General Counsel Charles Pollak, whose sole role it is to provide legal advice to Progress. Pollak Decl. ¶¶ 8, 9. For Mr. Pollak to provide such advice competently, he necessarily needs to receive information from Progress's employees, such as Jennifer Oritz. *Ham IV Realty, LLC v. USRoofcoaters, Inc.*, No. 3:22-CV-30142-MGM, 2024 WL 4145766, at *4 (D. Mass. Sept. 11, 2024) ("Communications between in-house counsel and the corporation's employees are protected by the attorney-client privilege when those communications are intended to help counsel provide legal advice to the corporation."). Here, such information informed the legal advice regarding "risk of anticipated litigation and other exposure" that Mr. Pollak and the Progress Legal Department provided to Progress. Pollak Decl. ¶¶ 6, 9. MDL_PROGRESS_PRIV_00001540 is therefore privileged because it was "intended to help counsel provide legal advice to the corporation." *Ham IV,* 2024 WL 4145766, at *4.

MDL_PROGRESS_PRIV_00000779 is privileged for the same reason. *See id.* Here, Deputy General Counsel Charles Pollak engaged with Progress employees regarding a customer-facing article to provide legal advice to Progress (i.e., evaluated litigation risk, and compliance and regulatory obligations). Pollak Decl. ¶¶ 8, 10. MDL_PROGRESS_PRIV_00000779 is also protected work product as it includes Mr. Pollak's "mental impressions [and] conclusions" regarding publication. *Ham IV*, 2024 WL 4145766, at *4 (citation omitted).

****

As the foregoing demonstrates, Progress properly withheld MDL_Progress_00222822, MDL_PROGRESS_PRIV_00000604, MDL_PROGRESS_PRIV_00001540, and MDL_PROGRESS_PRIV_0000077 on the basis of its attorney-client privilege and/or the work product doctrine. Progress respectfully requests that the Court enter a supplemental Order consistent with the foregoing and **DENY**, where applicable, Plaintiffs' Motion to Compel (Dkt. No. 2096).

Dated: October 19, 2026

By: */s/Eric A. Forni*
Eric A. Forni (BBO# 669685)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
T: (617) 406-6040
E: eric.forni@us.dlapiper.com

Jeffrey E. Tsai *
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
T: (415) 615-6055
E: jeff.tsai@us.dlapiper.com

Jeff DeGroot *
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
T: (206) 839-4800
E: jeff.degroot@dlapiper.com

Sam Bodle *

555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
T: (415) 836-2588
E: sam.bodle@us.dlapiper.com

*Attorneys for Progress Software Corporation*

* Admitted *via pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: October 19, 2026

*/s/Eric A. Forni*
Eric A. Forni