UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 23-md-03083-ADB-PGL<br><br>26-mc-91549-ADB |

**SCHEDULING ORDER REGARDING MOTION TRANSFERRED FROM W. DISTRICT OF VIRGINIA**

LEVENSON, U.S.M.J.

The Court has received, by transfer, a Motion to Enforce Subpoena and Compel Production of Documents from Consilio, LLC. The motion was originally filed September 30, 2026, in the Western District of Virginia as Case No. 3:26-mc-00009-JHY. The motion has been docketed in this Court as 26-mc-91549-ADB, Docket No. 1.

During the status conference on October 19, 2026, counsel for the Maximus Defendants suggested that the motion had, "in substance," been addressed by the Court's oral order of September 24, 2026. *See* 23-md-03083, Docket No. 2156 (Conference Transcript) at 4:15–5:4.

On September 24, 2026, the Court noted that it has been the Court's practice in this case to require the parties to narrow discovery disputes by convening Court-supervised meet-and-confer sessions, in addition to the parties' direct conferrals, pursuant Local Rule 37.1. *See* Docket No. 2127 (Conference Transcript) at 9:14–11:11, 16:15–17:12. Noting that the time for discovery had elapsed, the Court rejected Plaintiffs' request to rule on discovery/privilege issues with respect to any of the Bellwether Defendants other than Progress, since the issues pertaining

to other defendants had not previously been raised in a Court-supervised meet-and-confer. *Id.* at 22:3–7. No party filed an objection to that ruling.

During the September 24, 2026, conference, the Court did not have occasion to address disputes regarding third-party subpoenas.

Counsel for Plaintiffs are directed to confer with counsel for the Maximus Defendants and with counsel for Consilio LLC. Plaintiffs are further directed to submit a report to the Court by close of business Friday, October 30, 2026. That report should indicate whether Plaintiffs intend to press the motion to compel with respect to Consilio LLC, and whether the parties have reached any agreement(s) that may narrow or resolve that motion.[1]

/s/ Paul G. Levenson
Paul G. Levenson
CHIEF U.S. MAGISTRATE JUDGE

Dated: October 28, 2026

[1] The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. *See* Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).