# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PGL |
| This Document Relates To:<br>23-cv-13030-ADB<br>23-cv-12725-ADB | |

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This Class Action Settlement Agreement and Release is made as of the date of the last signature below, by and between as defined herein, (a) the Settlement Class Representatives,[1] on behalf of themselves and the Settlement Class, and (b) CBIZ, Inc. ("Defendant" or "CBIZ"). This Agreement fully and finally compromises and settles any and all claims that are, were, or could have been asserted against CBIZ in the actions captioned: *Zahara, et al., v. CBIZ Inc, et. al.*, Case No. 23-cv-12725 (D. Mass.) and *Feagins v. Greater Progress Software Corporation, et al.*, Case No. 23-cv-13030 (D. Mass), which have been transferred to and/or coordinated with, *In re: MOVEit Customer Data Security Breach Litig.*, MDL No. 1:23-md-03083-ADB, pending in the U.S. District Court for the District of Massachusetts as set forth herein.

**RECITALS**

WHEREAS, Plaintiffs have alleged in the Actions that in May 2023, cybercriminals exploited a vulnerability in Progress Software Corporation's ("Progress") MOVEit Transfer

[1] All capitalized terms are defined in Section 1 below.

software, which enabled the cybercriminals to access and exfiltrate personal information stored in the databases of Progress's MOVEit Transfer customers, including that of CBIZ.

WHEREAS, After the announcement of the exploitation of the MOVEit vulnerability, multiple putative class action lawsuits were filed against Progress and users of its MOVEit Transfer software, alleging that Progress and users of its MOVEit Transfer software had failed to properly secure the personally identifiable information and/or protected health information and further asserting claims arising from the MOVEit data security incident.

WHEREAS, CBIZ was alerted of a vulnerability in MOVEit Transfer by Progress on May 31, 2023 and subsequently confirmed unauthorized access to its MOVEit Transfer server between May 29 and June 5, 2023. CBIZ then notified certain individuals in the United States that their personally identifiable information and/or protected health information may have been impacted in the MOVEit Data Breach (defined below).

WHEREAS, On October 4, 2023, the United States Judicial Panel on Multidistrict Litigation transferred the first putative class action lawsuits related to the MOVEit data security incident to the Honorable Allision D. Burroughs of the U.S. District Court for the District of Massachusetts for coordinated or consolidated pre-trial proceedings. *In re: MOVEit Customer Data Security Breach Litig.*, MDL No. 1:23-md-03083-ADB (D. Mass.) (ECF No. 2).

WHEREAS, Following CBIZ's notice program, on or about November 10, 2023, Plaintiff Gary Zahara filed the first suit against CBIZ and Progress in the case captioned *Zahara, v. CBIZ Inc., et. al.*, Case No. 23-cv-12725 in the District of Massachusetts asserting claims including negligence, breach of third-party beneficiary contract, unjust enrichment, and violations of the Illinois Consumer Fraud Act, and requesting declaratory and injunctive relief for the impact and harm caused by the MOVEit Data Breach. On or about December 8, 2023, a second case, *Feagins*

*v. Progress Software Corporation, et al.*, Case No. 23-cv-13030 was filed in the District of Massachusetts. Both of these actions were assigned to Judge Allison D. Burroughs for coordination as part of the *MOVEit* MDL. A Consolidated Amended Complaint was later filed in the *MOVEit* MDL on behalf of both actions on October 14, 2026.

WHEREAS, CBIZ has at all times denied (and continues to deny) liability for all claims, conduct, and issues alleged in or in any way related to the Actions, and in particular denies that it breached any contract, was unjustly enriched, or fell short of duties it owed to the Settlement Class, Settlement Class Representatives, or any other person or entity.

WHEREAS, CBIZ has at all times denied that the proposed class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure.

WHEREAS, On January 19, 2024, the Court appointed Co-Lead Counsel, Liaison & Coordinating Counsel, and Committee Chairs and authorized Co-Lead Counsel to litigate all pre-trial proceedings and to conduct settlement negotiations on behalf of Plaintiff and absent putative class members that now comprise the Settlement Class (ECF No. 649).

WHEREAS, On July 23, 2024, all defendants in the *MOVEit* MDL jointly moved to dismiss for lack of Article III standing. *Id.* (ECF Nos. 1114). Plaintiff opposed the motion. *Id.* (ECF No. 1194).

WHEREAS, On December 12, 2024, the Court issued its order denying in part and granting in part the motion to dismiss for lack of Article III standing, finding that most Plaintiffs have Article III standing to pursue their claims. *Id.* (MDL Order No. 19 as amended by MDL Order No. 32).

WHEREAS, Following the entry of MDL Order No. 19 during the bellwether phase of this MDL, the Settlement Committee and CBIZ's Counsel began discussing the possible resolution of

the claims asserted against CBIZ. The Settlement Committee and CBIZ thereafter agreed to engage in an arm's-length settlement conference on October 30, 2025. In advance of the Parties' settlement conference, the Parties engaged in informal discovery, including, exchanging information about the MOVEit Data Breach, CBIZ's notification of individuals following its investigation into the MOVEit Data Breach, the size of the class, the types of information impacted, and Plaintiffs' injuries. The informal discovery reviewed by the Settlement Committee provided them with the information needed to evaluate the strengths and weaknesses of Plaintiffs' and Settlement Class Members' claims.

WHEREAS, On October 30, 2025, the Parties held their arm's-length settlement conference, during which the Parties discussed the strengths and weaknesses of Plaintiffs' claims and CBIZ's defenses, and further engaged in a series of arm's-length settlement offers and counteroffers. While the Parties did not reach an agreement during the settlement conference, they made substantial progress towards reaching a resolution and agreed to continue their arm's-length negotiations.

WHEREAS, Following a continued series of arm's-length settlement discussions over the next few months, including exchanging additional offers and counteroffers, the Parties reached an agreement in principle to resolve the claims asserted against CBIZ in the Action, executing a term sheet on February 20, 2026.

WHEREAS, The Parties recognize the expense and length of proceedings that would be required to continue litigation of the Actions through further motions practice, discovery, trial, and any possible appeals. The Parties have accounted for the uncertainty and risk of the outcome of further litigation, and the expense, difficulties, and delays inherent in such litigation. The Parties are also aware of the burdens of proof necessary to establish liability and damages for the claims

alleged in the Actions and the defenses thereto. Based upon their investigation and the exchange of information, as set forth above, the Parties have determined that the settlement set forth in this Agreement is in their respective best interests, and that the Agreement is fair, reasonable, and adequate. The Parties therefore agree to settle the claims asserted against CBIZ in the Actions pursuant to the terms and provisions of this Agreement, subject to the Court's approval.

WHEREAS, The Parties now agree to settle the Actions in their entirety as to CBIZ, without any admission of liability, with respect to all Released Claims of the Settlement Class Representatives and Settlement Class Members who do not timely and validity exclude themselves from the Settlement Class. The Parties intend this Agreement to bind the Settlement Class Representative, CBIZ, and all Settlement Class Members that do not timely and validly exclude themselves from the Agreement.

THEREFORE, In light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, it is hereby stipulated and agreed by the Parties that the Actions be settled, compromised, and dismissed on the merits and with prejudice with respect to CBIZ, subject to preliminary and final Court approval, as required by Fed. R. Civ. P. 23, on the following terms and conditions:

**1. Definitions.**

As used in all parts of this Agreement, including the recitals above, and exhibits attached hereto, the follow terms have the meanings specified below:

1.1 "Actions" or "Litigation" means the consolidated cases captioned: *Zahara, et al., v. CBIZ Inc, et. al.*, Case No. 23-cv-12725 (D. Mass.) and *Feagins v. Progress Software Corporation, et al.*, Case No. 23-cv-13030 (D. Mass.), which were transferred and/or coordinated with *In re: MOVEit Customer Data Security Breach Litig.*, MDL No. 1:23-md-03083-ADB, pending in the U.S. District Court for the

District of Massachusetts before the Honorable Allison D. Burroughs. For the avoidance of doubt, "Actions" or "Litigation" also encompasses the Consolidated Amended Complaint filed in *In re: MOVEit Customer Data Security Breach Litig.*, MDL No. 1:23-md-03083-ADB (D. Mass.) in connection with both cases on October 14, 2026.

1.2 "Agreement" or "Settlement" means this Class Action Settlement Agreement and Release and all of its attachments and exhibits, which the Parties understand and agree set forth all material terms and conditions of the Settlement of the Action between them and which is subject to approval by the Court.

1.3 "Approved Claim" means the timely submission of a Claim Form by a Settlement Class Member that has been approved by the Settlement Administrator.

1.4 "CAFA Notice" means the Class Action Fairness Act Notice, required by the Class Action Fairness Act of 2008, 28 U.S.C. § 1715 ("CAFA"), that the Settlement Administrator shall serve upon the appropriate state and federal officials providing notice of the proposed Settlement. CAFA Notice is considered Costs of Notice and Administration.

1.5 "Class Counsel" means E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP, and those working at their direction for purposes of negotiating and executing this Settlement.

1.6 "Class List" means the electronic list of individuals in the United States or residing on United States military installations outside the United States based on Defendant's records who were provided with notice by CBIZ that their Personally Identifiable Information and/or Protected Healthcare Information was included in files affected by the MOVEit Data Breach and, to the extent available, their last known postal addresses.

1.7 "Claim Form" means the form(s) Settlement Class Members must submit to be eligible for reimbursement under the terms of the Settlement, which is attached hereto as **Exhibit A**.

1.8 "Claims Period" means the ninety (90) day period following the Notice Deadline by which Settlement Class Members must file Claims online, or if by mail, the date by which the Claim must be postmarked.[2] For the avoidance of doubt, the final date to submit (or postmark) a Claim Form is the ninetieth (90th) day following the Notice Deadline.

1.9 "Costs of Notice and Administration" means all reasonable costs and expenses of the Settlement Administrator associated with or arising from the implementation and administration of the Settlement, including, without limitation, all costs and expenses of the notice program, preparation of the CAFA Notice and the declaration attesting to compliance with 28 U.S.C. § 1715(b), processing claim forms, and the distribution of the proceeds of the Settlement, along with any fees charged by the

[2] All time periods provided by this Agreement are stated in calendar days, not business days, unless otherwise specifically indicated.

Escrow Agent. The Costs of Notice and Administration shall be paid to the Settlement Administrator as set forth in this Agreement.

1.10 "Complaint" means the Consolidated Amended Complaint filed in the *MOVEit* MDL in connection with the Actions. ECF No. 2142.

1.11 "Court" means the United States District Court for the District of Massachusetts.

1.12 "Defendant" or "CBIZ" means CBIZ, Inc.

1.13 "Defendant's Counsel" or "CBIZ's Counsel" means David Adler, Michael Thomas Marcucci, and Shimshon Balanson of Jones Day.

1.14 "Defendant Released Parties" means (i) CBIZ, its current, former, and future direct and indirect shareholders, owners, officers, directors, agents, partners, principals, managers, managing directors, employees, agents, consultants, independent contractors, successors, predecessors, assigns, parents, affiliates, direct and indirect subsidiaries, attorneys, insurers, and reinsurers; and (ii) the successors, predecessors, and assigns of each of the entities or individuals described in the foregoing clause (i). Excluded from Defendant Released Parties are Progress Software Corporation and any entity that provided data to CBIZ that contained the Personally Identifiable Information and/or Protected Health Information of individuals that were included in the data files affected by the MOVEit Data Breach. All Defendant Released Parties are intended third-party beneficiaries of this Agreement.

1.15 "Effective Date" of this Agreement means the last date by which all of the following have occurred:

a. The Parties have executed this Agreement;

b. The Parties have submitted to the Court and the Court has entered the Final Approval Order without material changes to the Parties' proposed Final Approval Order; and

c. The time for seeking rehearing, appellate or other review of the Final Approval Order has expired, or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing review, appeal, or certiorari could be taken has finally expired.

1.16 "Escrow Account" means the Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, that will be established with the Escrow Agent to hold the Settlement Fund. Any costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund. At the written direction of Class Counsel, the Settlement Fund Escrow Agent shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government. Class Counsel and Defendant shall not bear any responsibility or liability related to the investment of the Settlement Fund by the Escrow Agent. Any interest earned by the Qualified Settlement Fund shall be for the benefit of the Class Settlement Members as if it were an addition to the Settlement Fund.

1.17 "Escrow Agent" shall mean Citibank, N.A., which will enter into an Escrow Agreement to carry out the tasks more fully detailed in that Escrow Agreement, including to receive, hold, invest, and disburse funds and pay notice-related costs and other reasonable administrative expenses authorized by the Court. The Parties may jointly agree to replace Citibank with another mutually agreeable financial institution.

1.18 "Final Approval Hearing" means the hearing to be held after Notice has been provided to Settlement Class Members, to determine whether the Settlement should obtain final approval.

1.19 "Final Approval Order" or "Final Approval" means an order signed and entered by the Court, which approves this Settlement, the Release and dismisses the Actions as to CBIZ, in a form substantially similar to the proposed Final Approval Order, attached as **Exhibit B**. In the event that the Court issues separate orders addressing the matters constituting Final Approval, then the Final Approval Order includes all such orders.

1.20 "Long Form Notice" means the Court-approved form of Notice that shall be posted to the Settlement Website as contemplated by Section 9.2(e). The Long Form Notice shall be substantially in the form attached as **Exhibit E**.

1.21 "MOVEit Data Breach" means the exploitation of the MOVEit Transfer software vulnerability on or around May 2023 that impacted thousands of entities that used the software, including CBIZ, but, for purposes of this Agreement, only to the extent it impacted CBIZ.

1.22 "Net Settlement Fund" means the monies remaining in the Settlement Fund after the Costs of Notice and Administration, and Court-approved Service Awards, and attorneys' fees and expenses are deducted.

1.23 "Notice" means the proposed Long Form Notice, Short Form Notice, and Reminder Notice of the Settlement to be provided to Settlement Class Members.

1.24 "Notice Deadline" means the date thirty (30) days after CBIZ's provision of the Class List to the Settlement Administrator.

1.25 "Objection Deadline" means sixty (60) days after the Notice Deadline.

1.26 "Opt Out Deadline" means sixty (60) days after the Notice Deadline.

1.27 "Parties" means the Settlement Class Representatives, on behalf of themselves and the Settlement Class, and CBIZ.

1.28 "Parties' Counsel" means Class Counsel and CBIZ's Counsel.

1.29 "Plaintiff Released Parties" means the Settlement Class Members, Settlement Class Representatives, and Class Counsel.

1.30 "Preliminary Approval Order" or "Preliminary Approval" means the entry of an Order of Preliminary Approval in the form set forth in **Exhibit C,** or substantially in that form to the satisfaction of the Parties.

1.31 "Personally Identifiable Information and/or Protected Health Information" means names, dates of birth, addresses, email addresses, phone numbers, financial information, driver's license number, Social Security Numbers, health insurance information, medical records numbers, health care provider information, medical treatment information, and Medicaid and/or Medicare information.

1.32 "Progress" means Progress Software Corporation.

1.33 "Release" means the release of all claims as described in Section 15.

1.34 "Released Claims" means any and all past, present, and future claims, demands, rights, actions or causes of action, suits, liabilities, damages, losses, obligations, judgments, suits, penalties, costs, sanctions, attorneys' fees, remedies, matters, proceedings and/or rights of any nature and description whatsoever, whether known or unknown, contingent or absolute, existing or potential, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, liquidated or unliquidated, legal, statutory, or equitable, in the Litigation, or in any court, tribunal, or proceeding by or on behalf of the Plaintiffs or any members of the Settlement Class, arising out of or relating to the MOVEit Data Breach, and which have been asserted or could have been asserted in the Litigation. Released Claims are to be construed broadly. Except for purposes of Sections 15.5 and 15.6, Released Claims does not include any claims against Progress Software Corporation.

1.35 "Reminder Notice" means the Court-approved form of Notice contemplated by this Agreement that shall be provided to Settlement Class Members in the manner contemplated by Section 9.3. The Reminder Notice shall be substantially in the form attached as **Exhibit F**.

1.36 "Service Award" means a payment made, subject to Court-approval, to the Settlement Class Representatives for their service in bringing this Litigation.

1.37 "Settlement Administrator" means Kroll Settlement Administration LLC. A different Settlement Administrator may be substituted if agreed to by the Parties and approved by order of the Court.

1.38 "Settlement Benefits Plan" means the plan for processing claims and for distributing Settlement benefits to Settlement Class Members, which shall be presented by Class Counsel to the Court for approval in connection with a motion seeking a Preliminary Approval Order.

1.39 "Settlement Class" or "Settlement Class Members" means all individuals in the United States or residing on United States military installations outside the United States who were provided with notice by CBIZ that their Personally Identifiable Information and/or Protected Health Information was included in the MOVEit Data Breach. Excluded from the Settlement Class are (i) CBIZ, any entity in which CBIZ has a controlling interest, and CBIZ's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement. It is estimated that there are approximately 585,712 individuals in the Settlement Class.

1.40 "Settlement Class Representatives" or "Plaintiffs" means Plaintiffs Gary Zahara and Ricky Feagins.

1.41 "Settlement Fund" means the seven million, two-hundred thousand United States Dollars ($7,200,000.00) that CBIZ shall pay pursuant to Section 3 of this Agreement and that shall be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon, as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of

1986, as amended. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the listed payments are made. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of CBIZ's monetary obligations under this Agreement.

1.42 "Settlement Payments" means any payment to be made to Settlement Class Members who have filed Approved Claims.

1.43 "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but no later than the Notice Deadline, as a means for Settlement Class Members to obtain notice of and information about the Settlement, including hyperlinked access to the Settlement, Notice, Preliminary Approval Order, complaints, and such other documents as Class Counsel and CBIZ's Counsel mutually agree to post, or that the Court orders posted, on the website. These documents shall remain on the Settlement Website at least sixty (60) days after the Effective Date. The URL of the Settlement Website shall be mutually agreed to by the Parties. Settlement Class Members shall also be able to submit Claim Forms electronically via the Settlement Website. The Settlement Website shall be approved by Class Counsel and Defendant's Counsel before it goes live, shall not include any advertising, and shall remain operational until at least sixty (60) days after the Effective Date.

1.44 "Taxes" means (i) any applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) arising

in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon the Parties or the Parties' Counsel with respect to any income or gains earned by or in respect of the Settlement Fund; (ii) any other taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) relating to the Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities, and costs incurred in connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

1.45 "Short Form Notice" means the Court-approved form of Notice that Shall be provided to Settlement Class Members in the manner contemplated by Section 10.2. The Short Form Notice shall be substantially in the form attached as **Exhibit D**.

**2. Settlement Class Certification.**

2.1 The Parties agree, for purposes of this Settlement only, to the certification of the Settlement Class. If the Settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Party's position on the issue of class certification or any other issue. The Parties' agreement to certification of the Settlement Class is also without prejudice to any position asserted by the Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

3. **The Settlement Fund.**

3.1 CBIZ agrees, and will cause its successors and assigns to agree, to make or cause to be made a non-reversionary settlement payment of seven million, two-hundred thousand United States Dollars ($7,200,000.00) and deposit that settlement payment into the Escrow Account as follows:

a. Within thirty (30) days of the Court entering the Preliminary Approval Order and receipt of payment information and a W-9 for the Escrow Account, CBIZ, or its successors and assigns, shall pay or cause to be paid $512,200.00 into the Escrow Account to pay for the Costs of Notice and Administration; and

b. Within thirty (30) days after the Effective Date, CBIZ, or its successors and assigns, shall fund or cause to be funded the remaining balance of the Settlement Fund into the Escrow Account.

3.2 The Settlement Fund shall be used to pay for:

a. Costs of Notice and Administration;

b. Service Awards approved by the Court;

c. attorneys' fees and expenses approved by the Court; and

d. Settlement Payments for the Settlement Class as provided for in this Agreement, the Settlement Benefits Plan to be filed by Class Counsel and approved by the Court.

3.3 Under no circumstances shall CBIZ, or its successors and assigns, be obligated to pay or cause to be paid more than seven million, two-hundred thousand United States Dollars ($7,200,000.00). No funds shall revert back to CBIZ, or its successors and assigns, except in the event this Agreement is voided, cancelled, or

terminated as described in Section 16 of this Agreement. In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to CBIZ, or its successors and assigns.

3.4 Class Counsel and/or the Settlement Administrator shall furnish to CBIZ (or its successors and assigns) and its insurers any required account information, wiring instructions, or necessary forms (including a properly completed and signed IRS Form W-9 that includes the employer identification number for the Settlement Fund Account) within ten (10) business days of the Court entering the Preliminary Approval Order. Class Counsel and/or the Settlement Administrator shall furnish to CBIZ (or its successors and assigns) and its insurers updated account information, wiring instructions, or necessary forms (including a properly completed and signed IRS Form W-9 that includes the employer identification number for the Settlement Fund Account) or confirm the accuracy of the previously provided information and forms within ten (10) days of the Effective Date.

**4. The Escrow Account.**

4.1 The Settlement Fund monies shall be held in the Escrow Account, with permissions granted to the Settlement Administrator to access said funds until such time as the payments listed in Sections 3.1 and 3.2 are made.

4.2 All funds held in the Escrow Account shall be deemed to be in the custody of the Court until such time as the funds shall be disbursed pursuant to this Agreement or further order of the Court.

4.3 No amounts may be withdrawn from the Escrow Account unless (i) authorized by this Agreement and the Settlement Benefits Plan, after approval by the Court; or (ii) otherwise approved by the Court.

4.4 The Parties agree that the Settlement Fund is intended to constitute a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, *et seq*., and that the Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3) shall be solely responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund, without further order of court. The Parties further agree that the Escrow Account shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Escrow Account as a qualified settlement fund from the earliest date possible.

4.5 Upon or before establishment of the Escrow Account, the Settlement Administrator shall apply for an employer identification number for the Escrow Account utilizing IRS Form SS-4 and in accordance with Treasury Regulation § 1.468B- 2(k)(4). The Settlement Administrator and/or Class Counsel shall provide CBIZ and its insurers with that employer identification number on a properly completed and signed IRS Form W-9.

4.6 The Settlement Administrator shall file or cause to be filed, on behalf of the Escrow Account, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(1)(2). Any contract, agreement, or understanding with the Settlement Administrator relating to the Escrow Account shall require the Settlement Administrator or its agent to file or cause to be filed, on

behalf of the Escrow Account, all required federal, state, and local tax returns, information returns, including, but not limited to any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § l.468B-2(1)(2). The Settlement Administrator may, if necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder, the costs of which shall be considered Costs of Notice and Administration, and paid from the Settlement Fund.

4.7 All Taxes relating to the Escrow Account shall be paid out of the Escrow Account, shall be considered to be Costs of Notice and Administration, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Escrow Account shall indemnify and hold harmless the Parties and the Parties' Counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments).

4.8 Other than the payment of the Settlement Fund monies as described in Section 3.1 of this Agreement, CBIZ shall have no responsibility, financial obligation, or liability whatsoever with respect to selection of the Escrow Account, investment of Escrow Account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes, penalties, interest, or other charges related to Taxes imposed on the Escrow Account or its disbursements, payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Escrow Account.

**5. Business Practice Changes.**

5.1 CBIZ represents that it has implemented and is implementing certain business practice changes regarding data privacy and security, including with respect to its use of file transfer software. Within thirty (30) days of the execution of this Settlement Agreement, CBIZ will provide a confidential declaration to Plaintiffs' Co-Lead Counsel outlining the business practice changes made.

**6. Settlement Payments to Settlement Class Members.**

6.1 Filing of Approved Claims. Only Settlement Class Members who submit Approved Claims during the Claims Period will receive a Settlement Payment under the Settlement.

a. The Claims Period will run for ninety (90) days after the Notice Deadline.

b. Settlement Class Members may submit a Claim Form to the Settlement Administrator electronically through the Settlement Website or by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked before midnight on the final day of the Claims Period. All Claim Forms must be submitted during the Claims Period and in the manner set forth in this Agreement to become Approved Claims.

c. In its discretion, to be reasonably exercised, the Settlement Administrator will review and determine the validity of all Claim Forms submitted. Claim Forms will be reviewed for completeness, plausibility, and reasonable traceability to the MOVEit Data Breach. The Settlement Administrator may require supplementation of a completed Claim Form or additional information needed to validate or audit a claim. To the extent that a Settlement Class Member fails to provide any supplementation or additional

information if requested, the Settlement Administrator may determine that the Settlement Class Member failed to submit a valid claim and therefore reject that claim. Decisions of the Settlement Administrator as to the validity of any claims are final and cannot be appealed.

d. The Settlement Administrator will process valid claims of Settlement Class Members and distribute payments as soon as practicable after the Effective Date in accordance with the terms of this Agreement.

e. Fraudulent Submissions. The Settlement Administrator, with approval of Class Counsel and Defendant's Counsel, may reject Claims which it, within its discretion, reasonably believes are fraudulent, or which carry with them indicia of being fraudulent (such as a claim that is submitted as one of multiple claims from the same URL or bulk claims electronically submitted simultaneously) without responding with denial letters.

6.2 Settlement Benefits Plan. In connection with the Preliminary Approval Motion, Class Counsel shall present to the Court for approval the Settlement Benefits Plan, which shall describe in detail, among other things: (i) the benefits available to Settlement Class Members; and (ii) the process for submitting claims for such benefits.

a. The Settlement Administrator shall be responsible for implementing and executing the Settlement Benefits Plan.

b. As specified in Section 3.2, the costs associated with any benefits provided to Settlement Class Members under the Settlement Benefits Plan shall be paid from the Settlement Fund.

**7. Payment of Service Awards and Attorneys' Fees and Expenses.**

7.1 Service Awards. The Settlement Class Representatives and Class Counsel shall submit a request to the Court for payment of Service Awards not to exceed two-thousand five-hundred United States Dollars ($2,500.00) each. The request for the Service Awards must be filed with the Court no later than twenty-one (21) days before the Objection Deadline. If approved by the Court, such Service Awards are to be paid by the Settlement Administrator from the Settlement Fund within sixty (60) days of the Effective Date. Any Service Awards and any requirements for obtaining any such payment are separate and apart from, and in addition to, any potential recovery for the Settlement Class Representatives as Settlement Class Members.

a. CBIZ agrees not to oppose any request to the Court for the Service Awards, provided that such request does not seek more than two-thousand five-hundred United States Dollars ($2,500.00) for each of the Settlement Class Representatives.

b. The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Service Awards. If the Court declines to approve, in whole or in part, a request for a Service Award, all remaining provisions in this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of a Service Awards, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

c. Any Service Award shall be paid and deducted exclusively from the Settlement Fund and shall not increase CBIZ's monetary obligation under this Agreement.

7.2 <u>Attorneys' Fees and Expenses.</u> Class Counsel shall submit a request to the Court for payment of attorneys' fees, expressed as a percentage of the value conferred by the Settlement on the Settlement Class, and for reimbursement of expenses incurred in prosecuting and settling the Litigation. Any request for Attorneys' fees and expenses must be filed with the Court at least twenty-one (21) days before the Objection Deadline. Plaintiff anticipates seeking an attorneys' fee award based on a percentage of the common fund, consistent with prevailing law in class action settlements in U.S. Court of Appeals for the First Circuit and in this MDL so far. If approved by the Court, such attorneys' fees and expenses are to be paid by the Settlement Administrator from the Settlement Fund within sixty (60) days of the Effective Date.

a. The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any attorneys' fees or Expenses. If the Court declines to approve, in whole or in part, a request for attorneys' fees or expenses, all remaining provisions in this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of attorneys' fees or expenses, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

b. Any Class Counsel attorneys' fees and expenses shall be paid and deducted exclusively from the Settlement Fund and shall not increase CBIZ's monetary obligation under this Agreement.

**8. Presentation of Settlement to the Court.**

8.1 Preliminary Approval. Upon execution of this Agreement, Class Counsel shall promptly file a motion seeking an order granting the Preliminary Approval Order (the "Preliminary Approval Motion"). Such motion shall also include and seek approval of the proposed Notice and the Settlement Benefits Plan.

a. Among other things, the Preliminary Approval Motion will ask the Court to: (a) preliminarily approve the terms of the Settlement as within the range of fair, adequate, and reasonable; (b) provisionally certify the Settlement Class pursuant to Fed. R. Civ. P. 23 for settlement purposes only; (c) approve the appointment of the Settlement Administrator, notice program set forth herein, form and content of the Notice, and Claim Form; (d) approve the procedures set forth in this Settlement for Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement; (e) stay and/or enjoin, pending Final Approval of the Settlement, any actions brought by Settlement Class Members concerning any Released Claims; (f) appoint Class Counsel and Settlement Class Representatives; and (g) schedule a Final Approval Hearing at a date that provides sufficient time for the deadlines contemplated by this Settlement and that is convenient for the Court, at which time the Court will conduct an inquiry into the fairness, reasonableness, and adequacy of the Settlement, determine whether it was made in good faith and should be finally approved, as well as determine

whether to approve Class Counsel's application for attorneys' fees and expenses and Service Award.

8.2 Settlement Benefits Plan. In connection with the Preliminary Approval Motion, Class Counsel shall present to the Court for approval the Settlement Benefits Plan, which shall describe in detail, among other things: (i) the benefits available to Settlement Class Members; and (ii) the process and timing for submitting claims for such benefits.

a. The Settlement Administrator shall be responsible for implementing and executing the Settlement Benefits Plan.

8.3 Final Approval. By no later than thirty (30) days prior to the Final Approval Hearing, Class Counsel shall move the Court to enter the Final Approval Order (the "Final Approval Motion"). Class Counsel shall move the Court for approval of attorneys' fees and expenses and Service Awards no later than twenty-one (21) days prior to the Objection Deadline. Objectors, if any, shall file any responses to Class Counsel's motions no later than seventeen (17) days prior to the Final Approval Hearing. By no later than ten (10) days prior to the Final Approval Hearing, responses shall be filed, if any, to any filings by objectors, and any replies in support of final approval of the Settlement or Class Counsel's application for attorneys' fee and expenses and Service Awards. In the Court's discretion, the Court also may hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel), who object to the Settlement and/or Class Counsel's request for attorneys' fees and expenses and Service Awards, provided the objectors filed timely objections that meet all the requirements listed in this Agreement.

8.4 At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order, and whether to approve Class Counsel's Application for Attorney's Fees and Expenses and Service Awards. The proposed Final Approval Order that will be filed with the Final Approval Motion shall be in a form agreed upon by Class Counsel and CBIZ as set forth in Exhibit B attached hereto. Such proposed Final Approval Order shall, among other things:

a. Determine that the Settlement is fair, adequate, and reasonable;

b. Finally certify the Settlement Class for settlement purposes only;

c. Determine that the Notice provided satisfied the Federal Rules of Civil Procedure and due process requirements;

d. Dismiss all claims in the Litigation as to the Defendant Released Parties with prejudice;

e. Bar and enjoin the Plaintiff Released Parties from asserting any of the Released Claims, including during the pendency of any appeal from Final Approval;

f. Release and forever discharge the Defendant Released Parties from the Released Claims as provided in this Settlement; and

g. Reserve the Court's continuing and exclusive jurisdiction over CBIZ and all Settlement Class Members (including all objectors) to administer, supervise, construe, and enforce this Settlement in accordance with its terms.

**9. Duties of Settlement Administrator.**

9.1 Class Counsel has retained, subject to Court-approval—and CBIZ's approval, which shall not be unreasonably withheld—an independent Settlement Administrator.

9.2 The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement or the Settlement Benefits Plan after Court approval, and any other functions approved by the Court, including, but not limited to, the following:

a. Serving the CAFA Notice no later than ten (10) days after this Agreement is filed with the Court;

b. Providing a declaration attesting to compliance with 28 U.S.C. § 1715(b) to be filed with the Motion for Final Approval;

c. Obtaining the Class List for the purpose of disseminating Notice to Settlement Class Members;

d. Providing Notice to Settlement Class Members;

e. Establishing and maintaining the Settlement Website;

f. Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries timely;

g. Responding to any Settlement Class Member inquiries in a timely manner;

h. Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members;

i. Receiving requests to opt out and objections from Settlement Class Members and providing Class Counsel and Defendant's Counsel a copy thereof no later than fifteen (15) days following the deadline for submission of the same. If the Settlement Administrator receives any requests to opt out, objections, or other requests from Settlement Class Members after the Opt-Out and Objection Deadlines, the Settlement Administrator shall promptly provide copies thereof to Class and Defendant's Counsel;

j. After the Effective Date, processing and transmitting Settlement Payments to Settlement Class Members and the approved attorneys' fee and expenses to Class Counsel;

k. Providing weekly or other periodic reports to Class Counsel and Defendant's Counsel that include information regarding the number of Claims and later, settlement payments sent and delivered, payments accepted and cashed, undeliverable information, and any other requested information relating to filed Claim Forms and Settlement Payments. The Settlement Administrator shall also, as requested by Class Counsel or Defendant's Counsel and from time to time, provide the amounts remaining from any funds paid by Defendant.

l. In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly submitted a request for exclusion;

m. Filing and paying any required Taxes that may be due and payable; and

n. Performing any function related to settlement administration at the agreed-upon instruction of Class Counsel or Defendant's Counsel, including, but not limited to, verifying that Settlement Payments have been distributed.

9.3 The Settlement Administrator shall administer the Settlement in accordance with the terms of this Agreement and, without limiting the foregoing, shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any such documents, communications, or other information to any person or entity, except as provided for in this Agreement or as ordered by the Court.

9.4 Neither the Parties nor the Parties' Counsel shall have any liability whatsoever with respect to any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement or the Settlement Benefits Plan, once approved by the Court.

9.5 The Settlement Administrator shall indemnify and hold harmless the Parties and the Parties' Counsel for any liability arising from any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement or the Settlement Benefits Plan, once approved by the Court.

**10. Notice to Settlement Class Members.**

10.1 Within ten (10) days after the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the Class List.

10.2 Following Defendant's provision of the Class List to the Settlement Administrator, Notice to the Settlement Class shall be provided in the following manner by the Notice Deadline:

a. A Notice consistent with Exhibit D (the Short Form Notice) shall be mailed by postcard via U.S. Mail by the Settlement Administrator. The Notice will advise Settlement Class Members of the allegations asserted in the Litigation, how to file a claim, how to exclude themselves from the Settlement, how to object to the Settlement, and provide a URL for the Settlement Website. If at any time, the Parties have reason to believe that certain Settlement Class Members have not received mailed Notice, they may work in good faith to identify alternative means of contact.

b. Before mailing the Notice, the Settlement Administrator will update each Settlement Class Member's address through a reliable service of the Settlement Administrator's choosing that is consistent with its customary business practices. If any mail or email Notice is returned to the Settlement Administrator as undelivered and a forwarding address is provided, the Settlement Administrator will re-mail one additional time to the new addresses. For those Notices returned to the Settlement Administrator as undeliverable with no forwarding address, the Settlement Administrator will perform a skip trace search and/or make other reasonable efforts to locate an updated address, and, where such an address is found, will re-mail the notice to the updated address. For the avoidance of doubt, any individual on the Class List provided by CBIZ to the Settlement Administrator shall be deemed a Settlement Class Member despite the inability of the Settlement Administrator to locate a current mailing address or otherwise provide notice to the individual.

c. The Settlement Administrator shall post the Notice consistent with Exhibit E (the Long Form Notice) and Claim Form consistent with Exhibit A on the Settlement Website established by the Settlement Administrator. The Settlement Administrator shall also provide Settlement Class Members the ability to submit the information for the Claim Form electronically via the Settlement Website.

10.3 The Settlement Administrator shall send a reminder Notice consistent with Exhibit F (the Reminder Notice) by email to Settlement Class Members, which emails shall be sent no sooner than forty (40) days before, and no later than twenty-five (25) days before, the end of the Claims Period. The Settlement Administrator shall also post the Reminder Notice on the Settlement Website.

10.4 The Notices approved by the Court may be adjusted by the Settlement Administrator in consultation and agreement with the Parties as may be reasonable and necessary, so long as any changes are not inconsistent with such approval and do not materially alter the language approved by the Court.

**11. CAFA Notice.**

11.1 CBIZ, in conjunction with the Settlement Administrator, will serve or cause to be served the CAFA Notice, no later than ten (10) days after this Agreement is filed with the Court. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

**12. Opt-Outs.**

12.1 The Notice shall include a procedure for Settlement Class Members to opt out from the Settlement by notifying, in writing, the Settlement Administrator of their intent

to exclude themselves from the Settlement. Such written requests for exclusion must be postmarked no later than the Opt Out Deadline. The written request for exclusion must include:

a. The name of this Litigation or a decipherable approximation (*In re: MOVEit Customer Data Security Breach Litig.,* MDL No. 1:23-md-03083-ADB (D. Mass.) (CBIZ Actions));

b. The full name, address, telephone number, and signature of a Settlement Class Member; or the full name, address, telephone number, relationship, and signature of the Settlement Class Member or of any individual acting on behalf of a Settlement Class Member;

c. And the words "Opt-Out" or "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement.

12.2 Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator.

12.3 Any individual who submits a valid and timely request for exclusion in the matter described herein shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

12.4 Any Settlement Class Member who does not provide a timely request for exclusion, for any reason, including lack of actual notice, or who does not provide all information required by this Settlement to exclude himself or herself, shall be

deemed to be a Settlement Class Member upon expiration of the Opt Out Deadline, and shall be bound by the terms of the Settlement, including all releases in the Settlement and all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

**13. Objections.**

13.1 The Notice shall include a procedure for Settlement Class Members to object to the Settlement, Class Counsel's request for attorneys' fees, and expenses, and/or the application for Service Awards. Objections to the Settlement, Class Counsel's request for attorneys' fees and expenses and/or to the application for Service Awards must be filed electronically with the Court or mailed to the Clerk of the Court. For an objection to be considered by the Court, the objection must be: (a) filed by the Objection Deadline; or (b) mailed via USPS First Class Mail prepaid to the Clerk of Court at the address listed in the Notice and postmarked by no later than the Objection Deadline, as specified in the Notice. Each Settlement Class Member desiring to object to the settlement shall submit a timely written notice of his or her objection.

13.2 Any objection must be made in writing and must:

a. Clearly identify the case name and number: (*In re: MOVEit Customer Data Security Breach Litig.,* MDL No. 1:23-md-03083-ADB (D. Mass.) (CBIZ Actions));

b. Include the full name, address, telephone number, and email address of the person objecting;

c. Include the full name, address, telephone number, and email address of the objector's counsel (if the objector is represented by counsel);

d. State whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection;

e. Confirm whether the objector or counsel on the objector's behalf will personally appear and/or testify at the Final Approval Hearing; and

f. Provide the objector's signature and the signature of the objector's duly authorized counsel or other duly authorized representative.

g. If the objector or his or her counsel intends to call witnesses or present evidence at the Final Approval Hearing, the objection also must contain a list identifying each witness and the topics of anticipated testimony that each witness will offer at the hearing.

13.3 Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. To the extent that any Settlement Class Member objects to the Settlement, and such objection is overruled by the Court, in whole or in part, such Settlement Class Member shall be bound by the Final Approval Order.

13.4 Any Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

**14. Representations and Warranties.**

14.1 Each Party represents that:

a. Such Party has the full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval;

b. Such Party is voluntarily entering into this Agreement as a result of arm's-length negotiations conducted by its counsel;

c. Such Party is relying upon its own judgment, belief, and knowledge, and the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of its rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

d. Such Party has been represented by, and consulted with, the counsel of its choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and has been given the opportunity to review independently this Agreement with such counsel and agree to the language of the provisions herein;

e. The execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party;

f. Except as provided herein, such Party has not been influenced to any extent in executing the Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to the Agreement;

g. Each Party assumes the risk of mistake as to fact or law;

h. This Agreement constitutes a valid, binding, and enforceable agreement; and

i. No consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

14.2 The Settlement Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against any of the Defendant Released Parties, and further covenants that they will not assign or otherwise transfer any interest in any of the Released Claims against any of the Defendant Released Parties.

14.3 The Settlement Class Representatives represent and warrant that they have no surviving claim or cause of action against any of the Defendant Released Parties with respect to any of the Released Claims.

14.4 Class Counsel represent and warrant that they have the approval of and authority to bind all counsel of record for plaintiffs in the Litigation to the applicable terms of this Agreement. Class Counsel further represent and warrant, for themselves and all counsel of record for plaintiffs in the Litigation, that all claims for attorneys' fees and costs relating to or arising from the Litigation will be exclusively satisfied from the Settlement Fund.

**15. Releases.**

15.1 As of the Effective Date, all Plaintiff Released Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Defendant Released Parties, except for claims relating to the enforcement of the Settlement or this Agreement.

15.2 Except for Settlement Class Members who have validly and timely elected to exclude themselves from or opt-out of the Settlement Class, each member of the Settlement Class is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against the Defendant Released Parties in any forum, action, or proceeding of any kind.

15.3 With respect to all Released Claims, Plaintiff Released Parties agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code.

15.4 As of the Effective Date, Defendant will release and discharge the Plaintiff Released Parties from any claims that arise out of or relate in any way to the institution, prosecution, or settlement of the Action, except for claims relating to the enforcement of the Settlement or this Agreement or claims for breach of this Agreement.

15.5 The Parties acknowledge that this Agreement is in good faith, consistent with and pursuant to Massachusetts General Law Chapter 231B, Section 4, and any similar

provisions of law in any other jurisdiction, and the releases by the Plaintiff Released Parties in this Section 15 release and discharge all persons' or entities' claims for contribution, indemnification, and similar causes of action against Defendant Released Parties related to the Released Claims. Notwithstanding any other provision of this Agreement, this Agreement shall be admissible in any proceeding to support any argument, defense, or counterclaim relating to a claim for contribution, indemnification, or similar cause of action against any Defendant Released Parties. Plaintiffs and each of the other Settlement Class Members shall not assert, initiate, pursue, directly or indirectly participate in, encourage, facilitate, vote in favor of, or support any effort to direct or otherwise cause any other party to assert, initiate, or pursue any Released Claim by any party for contribution, indemnification, or a similar cause of action against Defendant Released Parties.

15.6 The Parties acknowledge that this Agreement is in good faith, consistent with and pursuant to Massachusetts General Law Chapter 231B, Section 4, and any similar provisions of law in any other jurisdiction, and Plaintiff Released Parties agree that any verdict or judgment obtained by or on behalf of any of the Plaintiff Released Parties in any action relating to any Released Claim, regardless of the jurisdiction, the claims asserted, or the relief sought, shall be reduced, waived, and extinguished as to any amounts found attributable to Defendant Released Parties.

15.7 The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective

notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein. Notwithstanding any other provision of this Agreement (including, without limitation, this Section), nothing in this Agreement shall be deemed to in any way impair, limit, or preclude the Parties' rights to enforce any provision of this Agreement, or any court order implementing this Agreement, in a manner consistent with the terms of this Agreement.

**16. Termination.**

16.1 This Agreement may be terminated by either the Settlement Class Representatives or CBIZ by serving on counsel for the opposing party and filing with the Court, a notice of termination within ten (10) days (or such longer time as may be agreed between Class Counsel and CBIZ) after any of the following occurrences:

a. Class Counsel and CBIZ mutually agree to termination before the Effective Date;

b. The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement as set forth in this Agreement;

c. The Court or any reviewing appellate court take any action to impair or reduce the scope or effectiveness of the releases set forth herein or to impose greater financial or other burdens on CBIZ than those contemplated by this Agreement.

d. An appellate court reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

e. The Court or any reviewing appellate court incorporates different material items or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the proposed Preliminary Approval Order, the proposed Final Approval Order, or the Settlement; or

f. The Effective Date does not occur.

16.2 Notwithstanding Section 16.1, if the Parties fail to obtain Preliminary Approval or Final Approval of the Settlement, or if the Final Approval Order is not upheld on appeal, the Parties shall negotiate in good faith in an attempt to modify the Settlement in a manner to effectuate the terms of this Agreement to obtain Preliminary Approval and Final Approval. If the Parties are unable to reach an agreement to modify the Settlement, then either Party may terminate this Agreement by providing notice of termination as provided above.

16.3 Notwithstanding Section 16.1, Defendant may, in its sole discretion, terminate this Agreement if more than a specified percentage of Settlement Class Members submit valid and timely requests to exclude themselves from the Settlement, as agreed to by the Parties in a separate writing that has been executed by them contemporaneously with the execution of this Agreement, and, if requested, submitted to the Court for *in camera* review. If Defendant elects to terminate the Settlement pursuant to this Section 16.3, it shall provide written notice to Class

Counsel no later than ten (10) business days after Defendant receives a copy of the requests to opt out from the Settlement Administrator, as specified in Section 9.2(i).

16.4 If this Agreement is terminated pursuant to Section 16.1(a)-(e), 16.2, or 16.3 above, the following shall occur:

a. Within ten (10) days of receiving notice of a termination event from Defendant's Counsel, the Settlement Administrator shall pay to CBIZ an amount equal to the Settlement Fund, together with any interest or other income earned thereon, less (i) any Taxes paid or due with respect to such income and (ii) any reasonable and necessary Costs of Notice and Administration already actually incurred and paid or payable from the Settlement Fund pursuant to the terms of this Agreement;

b. The Parties shall return to the *status quo* in the Action as if the Parties had not entered into this Agreement;

c. Any Court orders approving certification of the Settlement Class and any other orders entered pursuant to this Agreement shall be null and void and vacated, and neither those orders nor any statements made in connection with seeking approval of the Agreement may be used in or cited by any person or entity in support of claims or defenses or in support or in opposition to a future class certification motion in connection with any further proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim; and

d. This Agreement shall become null and void, and the fact of this Settlement and that CBIZ did not oppose certification of the Settlement Class shall not

be used or cited by any person or entity in support of claims or defenses or in support of or in opposition to a future class certification motion in connection with any further proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim.

**17. No Admission of Wrongdoing.**

17.1 CBIZ denies each and every claim and contention alleged against it in the Litigation and all charges of wrongdoing or liability alleged against it. Nonetheless, Defendant and its counsel have concluded that further continuation of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

17.2 Neither the Settlement Agreement, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (i) is, or may be deemed to be, or may be used as, an admission or evidence of the validity, or lack thereof, of any Released Claims, wrongdoing, or liability of the Defendant Released Parties; or (ii) is, or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission, in any civil, criminal, and/or administrative proceeding in any court, administrative agency, and/or other tribunal or proceeding. Any of the Defendant Released Parties may file the Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

**18. Notices.**

18.1 All notices to Class Counsel provided for in this Agreement shall be sent by either email or USPS First Class mail to the following:

E. Michelle Drake
BERGER MONTAGUE, PC
1229 Tyler St., NE, Ste. 205
Minneapolis, MN 55413
Tel: (612) 594-5933
emdrake@bm.net

Gary F. Lynch
LYNCH CARPENTER, LLP
1133 Penn Ave., 5th Fl.
Pittsburgh, PA 15222
Tel: (412) 322-9243
Gary@lcllp.com

Douglas J. McNamara
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, 5th Fl.
Washington, DC 20005
Tel: (202) 408-4600
dmcnamara@cohenmilstein.com

Karen H. Riebel
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave. S., Ste. 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
khriebel@locklaw.com

Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Tel: (215) 592-1500
cshaffer@lfsblaw.com

Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Square, 5th Floor
Boston, MA 02109
Tel: (617) 482-3700

kristenj@hbsslaw.com

18.2 All notices to CBIZ or CBIZ's Counsel provided for in this Agreement shall be sent by either email or USPS First Class mail to the following:

Michael T. Marcucci
David F. Adler
JONES DAY
680 Atlantic Avenue, Suite 2400
Boston, MA 02110
Tel: (617) 960-3939
mmarcucci@jonesday.com
dfadler@jonesday.com

Shimshon Balanson
JONES DAY
901 Lakeside Ave.
Cleveland, OH 44114
Tel: (216) 586-0614
sbalanson@jonesday.com

18.3 The notice recipients and addresses designed in this Section may be changed by written notice posted to the Settlement Website.

**19. Miscellaneous Provisions.**

19.1 Further Steps. The Parties agree that they each shall undertake any further required steps to effectuate the purposes and intent of this Agreement.

19.2 Cooperation. The Parties: (i) acknowledge that it is their intent to consummate this Settlement Agreement and (ii) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

19.3 Settlement Class Member Communications. Defendant shall not authorize any communication that is intended or reasonably likely to encourage Settlement Class

Members to exclude themselves from the Settlement or to object to the Settlement. Defendant may, however, continue any and all ordinary-course-of-business communications with Settlement Class Members. Defendant may further, in its discretion, authorize communications referring all questions from Settlement Class Members regarding the Settlement to the Notice, Class Counsel, the Settlement Administrator, and the Settlement Website.

19.4 Authority. The signatories hereto hereby represent that they are fully authorized to enter into this Settlement and to bind the Parties hereto to the terms and conditions hereof. Any person executing this Settlement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Settlement to all of the terms and provisions of this Settlement.

19.5 Recitals. The recitals set forth above shall be and hereby are terms of this Agreement as if set forth herein.

19.6 Headings. Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

19.7 Integration. This Agreement (along with any exhibits attached hereto) constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

19.8 Exhibits. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

19.9 Drafting. The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purposes of the invocation of the doctrine of contra proferentem. This Agreement is a collaborative effort of the Parties and their attorneys.

19.10 Singular and Plurals. As used in this Agreement, all references to the plural shall also mean the singular and all references to the singular shall also mean the plural whenever the context so indicates.

19.11 Modification or Amendment. The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. Modification of the Settlement Agreement following Preliminary Approval will require approval of the Court.

19.12 Waiver. The waiver by one Party of any breach of the Settlement by any other Party shall not be deemed a waiver, by that Party or by any other Party to the Settlement, of any other prior or subsequent breach of the Settlement.

19.13 Severability. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

19.14 Counterparts. The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one

and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

19.15 Electronic Mail. Transmission of a signed Agreement by electronic mail shall constitute receipt of an original signed Agreement by mail.

19.16 Successors and Assigns. The Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to the Settlement.

19.17 Governing Law. The construction, interpretation, operation, effect, and validity of the Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Massachusetts, without regard to conflicts of laws, except to the extent federal law requires that federal law govern.

19.18 Retention of Jurisdiction. The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement. The Court also shall retain exclusive jurisdiction over any determination of whether any subsequent suit is released by the Settlement Agreement.

19.19 Arm's-Length Negotiation. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

19.20 No Collateral Attack. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Judgment is entered.

19.21 Representations/Warranties Regarding Other Potential Plaintiffs or Legal Claims. Class Counsel represent and warrant that they do not represent any clients, or have knowledge of any potential clients, with claims or potential claims against CBIZ or Defendant Released Parties aside from the Released Claims. Plaintiffs and Class Counsel each represent and warrant that neither of them is aware of any potential plaintiff, or any attorney other than Class Counsel, who intends to make demands or bring litigation against CBIZ or Defendant Released Parties. Plaintiff and Class Counsel each further represent and warrant that neither of them has been notified or otherwise informed of any such intention or consideration thereof. Plaintiff and Class Counsel each further represent and warrant that neither of them has been referred to any other attorney or any other individual alleging to have, asserting, pursuing, or seeking to pursue any claims against CBIZ or Defendant Released Parties. Class Counsel represent and warrant that they have removed all advertisements, including social media posts, soliciting potential clients to pursue claims against CBIZ or Defendant Released Parties. Class Counsel further represent and warrant that they have removed any other publications, including social media posts, announcing, publicizing, or describing the Released Claims, to the extent published by Class Counsel.

19.22 Bar to Future Suits. Upon entry of the Final Approval Order, Plaintiff Released Parties shall be enjoined from prosecuting any Released Claim in any proceeding

against Defendant Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this Section.

19.23 Non-Disparagement. The Settlement Class Representatives, Class Counsel, Defendant, and Defendant's Counsel agree not to make any statements, written or verbal, or to cause or encourage any other person to make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of the Parties and their respective counsel concerning all Released Claims, as well as this Litigation, the Settlement, this Agreement, and any discussions, interactions, or negotiations of the Settlement by the Parties and their counsel.

**[THIS SECTION INTENTIONALLY LEFT BLANK.
SIGNATURES ON FOLLOWING PAGE.]**

**WE AGREE TO THESE TERMS**:

**Class Counsel on behalf of the Settlement Class Representatives (who have specifically assented to the terms of this Settlement) and the Settlement Class:**

DocuSigned by:
A5B0E4F3CBC64FF...
E. Michelle Drake
Date: 10/27/2026

Signed by:
Gary F. Lynch
BBC501F0F0B8419...
Gary F. Lynch
Date: 10/21/2026

Signed by:
Douglas J. McNamara
EC2DF359C43F4B6...
Douglas J. McNamara
Date: 10/20/2026

DocuSigned by:
Karen H. Riebel
8FE6606AE2AF46E...
Karen H. Riebel
Date: 10/20/2026

DocuSigned by:
Charles E. Schaffer
C57F930DFF0B448...
Charles E. Schaffer
Date: 10/20/2026

Signed by:
Kristen A. Johnson
A2DCF6237AC844B...
Kristen A. Johnson
Date: 10/20/2026

**CBIZ, Inc.**

_______________________________

Title:
Date:

**WE AGREE TO THESE TERMS:**

**Class Counsel on behalf of the Settlement Class Representatives (who have specifically assented to the terms of this Settlement) and the Settlement Class:**

________________________________
E. Michelle Drake
Date:

________________________________
Gary F. Lynch
Date:

________________________________
Douglas J. McNamara
Date:

________________________________
Karen H. Riebel
Date:

________________________________
Charles E. Schaffer
Date:

________________________________
Kristen A. Johnson
Date:

**CBIZ, Inc.**



Jerome P. Grisko, Jr.
Title: President & CEO
Date: October 29, 2026

# Exhibit A

| Your claim must be submitted online or <u>postmarked by</u>: **[MONTH, XX, XXXX]** | **CLAIM FORM FOR CBIZ, INC. MOVEIT DATA BREACH SETTLEMENT**<br><br>*Zahara, et al., v. CBIZ Inc, et. al.*, Case No. 23-cv-12725 (D. Mass.) and *Feagins v. Progress Software Corporation, et al.*., Case No. 23-cv-13030 (D. Mass.) / *In re MOVEit Customer Data Sec. Breach Litig.*, MDL No. 1:23-md-03083-ABD (D. Mass.) | **CBIZ, Inc.** |
|---|---|---|

**USE THIS FORM <u>ONLY IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS</u> TO MAKE A CLAIM FOR IDENTITY THEFT PROTECTION AND CREDIT MONITORING SERVICES AND/OR COMPENSATION FOR UNREIMBURSED LOSSES**

## <u>GENERAL INSTRUCTIONS</u>

If you are an individual in the United States and were previously notified by CBIZ, Inc. ("CBIZ") that your personally identifiable information ("PII") and/or protected health information ("PHI") was impacted by the MOVEit data security incident that resulted from an alleged vulnerability in the third-party file transfer software, MOVEit Transfer (the "MOVEit Data Breach"), you are a member of the Settlement Class and eligible to complete this Claim Form to request two (2) years of credit monitoring, and identity theft monitoring services free of charge and **<u>either</u>**: (1) an alternative cash payment of $100 (subject to *pro rata* reduction or increase based on total claim submission) without the need to prove any loss; **or** (2) compensation for documented unreimbursed out-of-pocket expenses of up to $2,500 ("Ordinary Losses"), including up to four (4) hours of lost time at $25 per hour and monetary losses up to a total of $10,000 ("Extraordinarily Losses").

**<u>Ordinary Losses</u>** include the following:

1. Out-of-pocket expenses incurred as a result of the MOVEit Data Breach, including bank fees, long-distance phone charges, cellphone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel;
2. Fees for credit reports, credit monitoring, or other identity theft insurance products purchased on or after May 31, 2023 through **[insert end of Claims Period]**; and
3. Lost Time spent dealing with the MOVEit Data Breach compensated at a rate of $25 per hour for up to four (4) hours.

**<u>Extraordinary Losses</u>** include compensation for proven monetary losses, professional fees including attorneys' fees, accountants' fees, and fees for credit repair services incurred as a result of the MOVEit Data Breach.

Compensation for the above losses (except lost time) will only be paid if:

- The loss is an actual, documented, and unreimbursed monetary loss;
- The loss was more likely than not caused by the MOVEit Data Breach; and
- The loss occurred between May 31, 2023 and **[insert end of Claims Period]**.

Compensation for the above claimed losses (both Ordinary and Extraordinary) other than Lost Time must be supported by reasonable documentation, which cannot be "self-prepared." Self-prepared documents, such as handwritten receipts, are, by themselves, insufficient to receive reimbursement. Claims for Lost Time must be supported by an attestation to the accuracy of the request for compensation of Lost Time.

**<u>Alternative Cash Payment.</u>** In lieu of claiming compensation for Ordinary Losses or Extraordinary Losses, members of the Settlement Class may elect to receive a one-time payment of $100 (subject to *pro rata* reduction or increase based on total claim submission) as a result of the MOVEit Data Breach.

| Your claim must be submitted online or postmarked by: [MONTH, XX, XXXX] | **CLAIM FORM FOR CBIZ MOVEIT DATA BREACH SETTLEMENT**<br><br>*Zahara, et al., v. CBIZ Inc, et. al.*, Case No. 23-cv-12725 (D. Mass.) and *Feagins v. Progress Software Corporation, et al.*, Case No. 23-cv-13030 (D. Mass.) / *In re MOVEit Customer Data Sec. Breach Litig.*, MDL No. 1:23-md-03083-ABD (D. Mass.) | **CBIZ, Inc.** |
|---|---|---|

Claims for the Alternative Cash Payment are subject to potential proration, depending on the number and amount of claims received.

Please read this Claim Form carefully and answer all questions. Failure to provide the required information could result in a denial of your claim.

This Claim Form may be submitted electronically *via* the Settlement Website at **[insert website]** or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

[INSERT SETTLEMENT ADMINISTRATOR ADDRESS]

**PLEASE DO NOT SUBMIT YOUR CLAIM FORM TO THE COURT OR THE COURT CLERK'S OFFICE**

## I. CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this form.

**First Name** **Middle Initial** **Last Name**

**Street Address**

**City** **State** **Zip Code**

**Email Address** **Telephone Number**

## II. PROOF OF CLASS MEMBERSHIP

Enter the Claimant ID Number provided on your Notice:

**Claimant ID Number**

| Your claim must be submitted online or postmarked by: [MONTH, XX, XXXX] | **CLAIM FORM FOR CBIZ MOVEIT DATA BREACH SETTLEMENT**<br>*Zahara, et al., v. CBIZ Inc, et. al.*, Case No. 23-cv-12725 (D. Mass.) and *Feagins v. Progress Software Corporation, et al.*, Case No. 23-cv-13030 (D. Mass.) / *In re MOVEit Customer Data Sec. Breach Litig.*, MDL No. 1:23-md-03083-ABD (D. Mass.) | **CBIZ, Inc.** |
|---|---|---|

## III. CREDIT MONITORING AND IDENTITY THEFT PROTECTION

☐ Check this box if you wish to receive two (2) years of credit monitoring, and identity theft monitoring services. You may receive this service even if you previously elected to receive credit monitoring through CBIZ or another provider.

## IV. ALTERNATIVE CASH PAYMENT

As an alternative to claiming compensation for Ordinary Losses and Extraordinary Losses below, members of the Settlement Class who submit a valid and timely claim may elect to receive a one-time $100 payment (subject to *pro rata* reduction or increase based on total claim submission) without the need to document losses or attest to time spent as a result of the MOVEit Data Breach. To claim this alternative cash payment, please check the box below.

**NOTE: The alternative cash payment cannot be combined with claims for reimbursement of Ordinary Losses, Lost Time, and Extraordinary Losses, and by checking the box below, you will forfeit any other claim for compensation (except Credit Monitoring) included in this Claim Form.**

☐ Check this box if you wish to receive an alternative cash payment of up to $100.

## V. COMPENSATION FOR ORDINARY LOSSES

Members of the Settlement Class who submit a valid claim using this Claim Form are eligible for reimbursement of the following **documented,** unreimbursed out-of-pocket expenses, not to exceed $2,500 including Lost Time, as a result of the MOVEit Data Breach:

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ○ Out-of-pocket expenses incurred as a result of the MOVEit Data Breach, including bank fees, long distance phone charges, cell phone charges (if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel. | __ __ / __ __ / __ __ (mm/dd/yy)<br>__ __ / __ __ / __ __ (mm/dd/yy) | $ __ __ __ __ __ . __ __<br>$ __ __ __ __ __ . __ __ |
| **Examples of Supporting Documentation:** *Phone bills, gas receipts, postage receipts; list of locations to which you traveled (e.g., police station, IRS office), why you traveled there (e.g., police report or letter from IRS) and number of miles traveled.* | | |
| ○ Fees for credit reports, credit | __ __ / __ __ / __ __ (mm/dd/yy) | $ __ __ __ __ __ . __ __ |

| Your claim must be submitted online or postmarked by: [MONTH, XX, XXXX] | CLAIM FORM FOR CBIZ MOVEIT DATA BREACH SETTLEMENT<br>*Zahara, et al., v. CBIZ Inc, et. al.*, Case No. 23-cv-12725 (D. Mass.) and *Feagins v. Progress Software Corporation, et al.*, Case No. 23-cv-13030 (D. Mass.) / *In re MOVEit Customer Data Sec. Breach Litig.*, MDL No. 1:23-md-03083-ABD (D. Mass.) | CBIZ, Inc. |
|---|---|---|

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| monitoring, or other identity theft insurance product purchased on or after May 31, 2023 through [insert end of Claims Period]. | __/__/__ (mm/dd/yy) | $_____.__ |
| **Examples of Supporting Documentation:** *Receipts or account statements reflecting purchases made for Credit Monitoring or Identity Theft Insurance Services.* | | |

Members of the Settlement Class who have spent time dealing with the MOVEit Data Breach may claim up to four (4) hours for lost time at a rate of $25 per hour.

**Hours claimed (up to 4):**

□ **1 Hour ($25)** □ **2 Hours ($50)** □ **3 Hours ($75)** □ **4 Hours ($100)**

**Attestation (You must check the below to obtain compensation for lost time)**

☐ I attest and affirm to the best of my knowledge and belief that any claimed lost time was spent related to the MOVEit Data Breach t between **May 31, 2023** and **[insert end of Claims Period]**.

## VI. COMPENSATION FOR EXTRAORDINARY LOSSES

Members of the Settlement Class who submit a valid claim using this Claim Form are eligible for reimbursement of the following **documented,** unreimbursed extraordinary losses, not to exceed $10,000, as a result of the MOVEit Data Breach:

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ○ Other proven monetary losses relating to fraud or identity theft, professional fees including attorneys' fees, accountants' fees, and fees for credit repair services, incurred as a result of the MOVEit Data Breach. | __/__/__ (mm/dd/yy)<br>__/__/__ (mm/dd/yy) | $_____.__<br>$_____.__ |
| **Examples of Supporting Documentation:** *Invoices or statements reflecting payments made for professional fees/services.* | | |

| Your claim must be submitted online or postmarked by: [MONTH, XX, XXXX] | CLAIM FORM FOR CBIZ MOVEIT DATA BREACH SETTLEMENT<br><br>*Zahara, et al., v. CBIZ Inc, et. al.*, Case No. 23-cv-12725 (D. Mass.) and *Feagins v. Progress Software Corporation, et al.*, Case No. 23-cv-13030 (D. Mass.) / *In re MOVEit Customer Data Sec. Breach Litig.*, MDL No. 1:23-md-03083-ABD (D. Mass.) | CBIZ, Inc. |
|---|---|---|

## VII. PAYMENT SELECTION

Please select **one** of the following payment options, which will be used should you be eligible to receive a settlement payment:

☐ **PayPal** - Enter your PayPal email address: ______________________________

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __ __ or Email Address: ______________________________

☐ **Physical Check -** Payment will be mailed to the address provided above.

## VIII. MEDICARE BENEFICIARY

Were you a Medicare beneficiary during the time period of May 31, 2023 to the present? (check one)

☐ Yes ☐ No

If you are a Medicare beneficiary receiving more than $750 under this settlement, the Settlement Administrator may need to contact you for additional information related to Medicare reporting requirements.

## IX. ATTESTATION & SIGNATURE

I swear and affirm under penalty of perjury that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

| ______________________ | ______________________ | ______________________ |
|---|---|---|
| Signature | Printed Name | Date |

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PGL |
| This Document Relates To:<br>23-cv-13030-ADB<br>23-cv-12725-ADB | |

**[PROPOSED] ORDER OF FINAL APPROVAL**

**WHEREAS**, a Settlement Agreement, dated as of __________ (the "Settlement Agreement"), was made and entered into by and among the following Parties: (i) Plaintiffs Gary Zahara and Ricky Feagins (the "Settlement Class Representatives"), individually and on behalf of the Settlement Class Members, by and through E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP (collectively, "Class Counsel"); and (ii) CBIZ, Inc. ("CBIZ or "Defendant"), for the benefit of all Defendant Released Parties, by and through the Defendant's counsel of record, Michael T. Marcucci, David F. Adler, and Shimshon Balanson of Jones Day ("Defendant's Counsel"); and

**WHEREAS**, on _______ 2026, the Court entered a Preliminary Approval Order ("Preliminary Approval Order") that, among other things, (a) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23, a class for the purposes of settlement only; (b) approved the form of Notice to Settlement Class Members, and the method of dissemination thereof; (c) directed that the Notice of the Settlement be disseminated to the Settlement Class; and (d) set a hearing date for final approval of the Settlement; and

**WHEREAS**, the Notice to the Settlement Class ordered by the Court has been disseminated as ordered, according to the declaration of the Settlement Administrator filed with the Court on __________; and

**WHEREAS**, the Notice pursuant to the Class Action Fairness Act ("CAFA Notice") ordered by the Court has been provided, according to the Notice of Filing filed with the Court on____________; and

**WHEREAS**, on ________, a final approval hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of

the Settlement Class, such hearing date being an appropriate number of days after Notice to the Settlement Class and CAFA Notice were issued; and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and any non-party objectors, as well as the arguments of counsel, and having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement and the Preliminary Approval Order.

2. The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

3. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

4. The Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

5. This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief, including the Settlement Benefits Plan. The Court finds that the Settlement is in all respects fair, adequate and reasonable, including with respect to its opt-out provisions, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order.

6. The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

7. Settlement Representatives, Defendant, the Settlement Administrator, and Settlement Class Members shall consummate the Settlement according to the terms of the Settlement Agreement.

## Objections and Opt-Outs

8. __ objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement approval and the objections are hereby overruled in all respects.

9. All persons who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

10. A list of those Settlement Class Members who have timely and validly elected to opt out of the Settlement and the Settlement Class in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of _____________, filed in advance of the final approval hearing. That list is attached as Exhibit A to this Final Approval Order. The persons listed in Exhibit A are not bound by the Settlement or this Final Approval Order, and are not entitled to any of the benefits under the Settlement. Opt-Out Members listed in Exhibit A shall be deemed not to be Plaintiff Released Parties.

## Class Certification

11. For purposes of the Settlement and this Final Approval Order, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All individuals in the United States or residing on United States military installations outside the United States who were provided with notice by CBIZ that their Personally Identifiable Information and/or Protected Health Information was included in the MOVEit Data Breach.
>
> Excluded from the Settlement Class are (i) CBIZ, any entity in which CBIZ has a controlling interest, and CBIZ's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

12. The Court determines that, for settlement purposes only, the Settlement Class meets all the requirements of Federal Rules of Civil Procedure ("Rules") 23(a), (b)(2), and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives is typical of absent Settlement Class Members; that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

13. For settlement purposes only, the Court grants final approval to the appointment of Plaintiffs Gary Zahara and Ricky Feagins as the Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

14. For settlement purposes only, the Court grants final approval to the appointment, pursuant to Rule 23(g), of E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Class.

**Notice to the Settlement Class**

15. The form, content, and method of dissemination of the Notice given to the Settlement Class were adequate and reasonable, and constituted the best Notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient Notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, their right to exclude themselves, their right to object to the Settlement and appear at the Final Approval Hearing, and of these proceedings to all persons entitled to such Notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, constitutional due process, and any other legal requirements.

16. The CAFA Notice provided by the Settlement Administrator met all requirements of the Act.

17. The Settlement Class Representatives and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

18. [All objections to the settlement set forth in the Settlement Agreement having been considered and having been found either to be mooted by the settlement or not supported by credible evidence, the settlement set forth in the Settlement Agreement is in all respects, fair, adequate, reasonable, proper, and in the best interests of the Settlement Class, and is hereby approved.]

19. Every Settlement Class Member who exercised their right to opt out of the Settlement is hereby excluded from the Settlement Class.

20. Each Released Claim of each Plaintiff Released Party is hereby extinguished as against the Defendant Released Parties.

**Award of Attorneys' Fees and Expenses and Service Awards**

21. The Court having considered Plaintiffs' Motion for Attorneys' Fees and Expenses hereby grants the Motion and awards Class Counsel (as well as any agents, vendors or experts with which they may have worked on this matter) $__________ for their fees and $_______ for their

expenses in the case, hereby extinguishing any claims for any such fees, costs or expenses as against the Defendant Released Parties. Class Counsel's fee and expense award shall be paid in accordance with the Settlement Agreement. The Court finds the amount of fees and expenses to be fair and reasonable.

22. The Court grants Settlement Class Representatives each a Service Award in the amount of $2,500.00. The Service Awards shall be paid in accordance with the Settlement Agreement. The Court finds that this payment is justified by their service to the Settlement Class.

23. This award of attorneys' fees and costs, and Service Awards is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

## Other Provisions

24. The Parties to the Settlement shall carry out their respective obligations thereunder.

25. Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

26. As of the Effective Date, the Plaintiff Released Parties release any and all Released Claims as to the Defendant Released Parties, defined as: any and all past, present, and future claims, demands, rights, actions or causes of action, suits, liabilities, damages, losses, obligations, judgments, suits, penalties, costs, sanctions, attorneys' fees, remedies, matters, proceedings and/or rights of any nature and description whatsoever, whether known or unknown, contingent or absolute, existing or potential, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, liquidated or unliquidated, legal, statutory, or equitable, in the Litigation, or in any court, tribunal, or proceeding by or on behalf of the Plaintiffs or any members of the Settlement Class, arising out of or relating to the MOVEit Data Breach, and which have been asserted or could have been asserted in the Litigation.

27. As of the Effective Date, the Defendant Released Parties will be deemed to have been completely released and forever discharged from the Released Claims.

28. The Settlement Class Representatives and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Defendant Released Parties or prosecuting any claim based on any actions taken by any of the Defendant Released Parties that are authorized or required by the Settlement or by the Final Approval Order. The Settlement and/or this Final Approval Order may be pleaded as a complete defense to any proceeding subject to this section.

29. This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part

of Defendant or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Litigation.

30. This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs or any Settlement Class Member has suffered any damage; *provided*, *however*, that nothing in the foregoing, the Settlement, or this Final Approval Order shall be interpreted to prohibit the use of the Settlement or this Final Approval Order in a proceeding to consummate or enforce the Settlement or this Final Approval Order (including all releases in the Settlement and Final Approval Order), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

31. The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other Person subject to the provisions of this Final Approval Order.

32. The Court hereby dismisses the Litigation and all claims therein on the merits and with prejudice as to the Defendant, without fees or costs to any Party except as provided in this Final Approval Order.

33. Consistent with the Settlement, in the event the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement; this Final Approval Order and all orders entered in connection herewith shall be vacated and null and void. All of the Parties' obligations under the Settlement, the Preliminary Approval Order, this Final Approval Order shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

34. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction over the Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement as set forth in the Settlement Agreement.

**IT IS SO ORDERED.**

______________________________

ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE

# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PGL |
| This Document Relates To:<br>23-cv-13030-ADB<br>23-cv-12725-ADB | |

**[PROPOSED] ORDER OF PRELIMINARY APPROVAL**

**WHEREAS**, a Settlement Agreement, dated as of __________ (the "Settlement Agreement"), was made and entered into by and among the following Parties: (i) Plaintiffs Gary Zahara and Ricky Feagins (the "Settlement Class Representatives"), individually and on behalf of the Settlement Class Members, by and through E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP (collectively, "Class Counsel"); and (ii) CBIZ, Inc. ("CBIZ or "Defendant"), for the benefit of all Defendant Released Parties, by and through the Defendant's counsel of record, Michael T. Marcucci, David F. Adler, and Shimshon Balanson of Jones Day ("Defendant's Counsel"); and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the Parties and the arguments of counsel, having determined preliminarily that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement.

2. The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

**Preliminary Settlement Class Certification**

3. The Court certifies, for settlement purposes only, the following Settlement Class pursuant to Fed. R. Civ. P. 23:

All individuals in the United States or residing on United States military installations outside the United States who were provided with notice by CBIZ that their Personally Identifiable Information and/or Protected Health Information was included in the MOVEit Data Breach

Excluded from the Settlement Class are (i) CBIZ, any entity in which CBIZ has a controlling interest, and CBIZ's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

4. The Court determines that for settlement purposes only, the proposed Settlement Class likely meets all the requirements of Federal Rules of Civil Procedure ("Rules") 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives is typical of absent Settlement Class Members; that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

5. For purposes of settlement only, Plaintiffs Gary Zahara and Ricky Feagins are preliminarily appointed as the Settlement Class Representatives.

6. For purposes of settlement only, the Court preliminarily appoints, pursuant to Rule 23(g), E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Class.

**Reasonableness of the Proposed Settlement**

7. The Court finds that: (i) the proposed Settlement resulted from extensive and good-faith negotiations at arms' length; (ii) the proposed Settlement is in the best interests of the Settlement Class Members; and (iii) the terms of the proposed Settlement as evidenced by the Settlement Agreement appear to be sufficiently fair, reasonable, and adequate in light of the risks, delays, and expenses of further litigation, warranting notice of the Settlement Agreement to Settlement Class Members, and the scheduling of a final fairness hearing.

8. The Court finds that the proposed Settlement creates an equitable claims process that will allow Settlement Class Members an opportunity to obtain reimbursement for certain types of harm they may have suffered as a result of events alleged in the Litigation. This consideration appears to be within the range of reasonableness and an adequate exchange for the Settlement Class's release of claims as described in the Settlement Agreement.

9. Accordingly, the Court grants preliminary approval of the Settlement, subject to final approval, and directs the Parties to conduct their plan for Notice as described in the Settlement Agreement.

**Notice to the Settlement Class**

10. The Court finds that the Notice proposed in the Settlement Agreement, including in form, content, and method: (a) constitutes the best practicable notice to the Settlement Class; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) is reasonable and constitutes due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfies the requirements of Rule 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

11. The Parties and Settlement Administrator are authorized to make non-material modifications to the Notices and Claim Form, such as proofing and formatting alterations, without further order from this Court.

12. The Court appoints Kroll Settlement Administration LLC as the Settlement Administrator and orders it to provide Notice to the Settlement Class Members and perform services as set forth in the Settlement Agreement.

13. The Court orders Defendant to preliminarily fund the Settlement Fund to pay for the Costs of Notice and Administration pursuant to the Settlement Agreement within thirty (30) days of the entry of this Order and receipt of payment information and a W-9 for the Escrow Account.

14. Within ten (10) days after the entry of this Order, Defendant shall provide the Settlement Administrator with the Class List containing Settlement Class Members' names and last known addresses, if available, as reflected in CBIZ's records.

15. Within thirty (30) days after receipt of the Class List, the Settlement Administrator shall send, via email to persons listed on the Class List for whom email address are included, the Short Form Notice substantially in the form submitted to the Court; and if an email address is not listed for a Settlement Class Member on the Class List, such Short Form Notice shall be sent by the Settlement Administrator to the Settlement Class Member's last known mailing address via U.S. mail. The Long Form Notice as well as the Claim Form shall be posted on a Settlement Website to be created by the Settlement Administrator. The Settlement Administrator shall also establish a toll-free phone line for Settlement Class Members to call in order to receive information about the Settlement. Finally, before the end of the Claims Period, the Settlement Administrator shall send the Reminder Notice to all Settlement Class Members for whom an email address can be found.

## Claims Process and Distribution Plan

16. The Settlement establishes a process for assessing and determining the validity of four types of claims (credit monitoring and identity theft monitoring services, Reimbursement for Ordinary Losses, Reimbursement for Extraordinary Losses, and an Alternative Cash Payment), and a methodology for paying Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves this process and the proposed Settlement Benefits Plan.

17. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form and no later than ninety (90) days after the Notice is sent by the Settlement Administrator

## Exclusions from the Class

18. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude themselves to the Settlement Administrator, at the address provided in the Notice, postmarked no later than sixty (60) days after the Notice Deadline (the "Opt-Out Deadline") and sent via first class postage pre-paid United States mail. The written request for exclusion must include the name of this Litigation or a decipherable approximation (*In re: MOVEit Customer Data Security Breach Litig.,* MDL No. 1:23-md-03083-ADB (D. Mass.) (CBIZ Actions)); the full name, address, telephone number, and signature of the Settlement Class Member or the name, address, telephone number, relationship, and signature of any individual who is acting on behalf of a deceased or incapacitated Settlement Class Member; and the words "Opt-Out" or "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement.

19. All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement. Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by all subsequent proceedings, orders, and judgments in this matter, the Settlement including but not limited to the releases set forth in the Settlement Agreement, and the Final Approval Order.

## Objections to the Settlement

20. A Settlement Class Member who complies with the requirements of this Order may object to the Settlement, the request of Settlement Class Counsel for an award of attorneys' fees, and expenses, and/or the request for a Service Award.

21. No Settlement Class Member shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless the objection is (a) filed with the Court by the Objection Deadline; or (b) mailed via USPS First Class Mail prepaid to the Clerk of Court at the address listed in the Notice, and

postmarked no later than the Objection Deadline, which shall be sixty (60) days after the Notice Deadline, as specified in the Notice. For the objection to be considered by the Court, the objection shall set forth:

a. Clearly identify the case name and number (*In re: MOVEit Customer Data Security Breach Litig.,* MDL No. 1:23-md-03083-ADB (D. Mass.) (CBIZ Actions));

b. the full name, address, telephone number, and email address of the person objecting;

c. the full name, address, telephone number, and email address of the objector's counsel (if the objector is represented by counsel);

d. state whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection;

e. confirm whether the objector or counsel on the objector's behalf will personally appear and/or testify at the Final Approval Hearing; and

f. provide the objector's signature and the signature of the objector's duly authorized counsel or other duly authorized representative.

i. If the objector or his or her counsel intends to call witnesses or present evidence at the Final Approval Hearing, the objection also must contain a list identifying each witness and the topics of anticipated testimony that each witness will offer at the hearing.

22. Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement Agreement, if finally approved. Any Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

**Stay of Proceedings**

23. Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended against CBIZ only pending the Final Approval Hearing and issuance of the Final Approval Order, or until further order of this Court.

**Termination of Settlement**

24. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) Settlement is not finally approved by the Court or is terminated in

accordance with the Settlement Agreement; or (b) there is no Effective Date. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose other than as necessary to enforce the terms of the Settlement Agreement that survive termination, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

25. This Preliminary Approval Order shall be of no force or effect if the Final Approval Order is not entered and there is no Effective Date, and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims, including with respect to the certification of a class, they may have in this Litigation or in any other lawsuit.

**Continuance of Final Approval Hearing**

26. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator.

**Actions by Settlement Class Members**

27. The Court stays and enjoins, pending Final Approval, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Defendant related to the MOVEit Data Breach.

**Final Approval Hearing**

28. Final Approval Hearing shall take place before the Court on _______________, 202__ at _______ a.m./p.m. in Courtroom ____ before Judge Allison D. Burroughs of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse 1 Courthouse Way, Boston, Massachusetts 02210, to determine, among other things, whether: (a) the Settlement should be finally approved as fair, reasonable, and adequate and, in accordance with the Settlement Agreement's terms, all claims in the Litigation should be dismissed with prejudice as to the Defendant Released Parties; (b) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (c) the proposed Final Approval Order should be entered; (d) the application of Class Counsel for an award of attorneys' fees and expenses should be approved; and (e) the application for a Service Award to the Settlement Class Representative should be approved. Any other matters that the Court deems necessary and appropriate will also

be addressed at the hearing. Class Counsel to submit their Motion for Final Approval no later than thirty (30) days prior to the Final Approval Hearing.

29. Settlement Class Counsel shall submit their application for attorneys' fees, expenses, and Service Awards at least twenty-one (21) days before the Opt-Out/Objection Deadline. Objectors, if any, shall file any response to Class Counsel's motions no later than seventeen (17) days prior to the Final Approval Hearing. Responses to any filings by objectors, and any replies in support of final approval of the Settlement Agreement and/or Class Counsel's application for attorneys' fees, expenses, and Service Award, shall be filed no later than ten (10) days prior to the Final Approval Hearing.

30. Any Settlement Class Member who has submitted a timely objection (confirming his or her in-person appearance) and who has not timely and properly excluded himself or herself from the Settlement Class in the manner described above, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member who has elected to exclude himself or herself from the Class shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described above and in the Notice.

31. The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines under the Settlement and this Order include but are not limited to the following:

| **Event** | **Deadline** |
|---|---|
| CBIZ Provides Class List to Settlement Administrator | 10 days following entry of this Order |
| Notice Deadline | TBD (30 days after CBIZ's provision of the Class List to the Settlement Administrator) |
| Objection and Opt-Out Deadlines | TBD (60 days after Notice Deadline) |
| Claim Deadline | TBD (90 days after Notice Deadline) |
| Motion for Attorneys' Fees and Expenses and Service Award | TBD (21 days prior to the Objection and Opt-Out Deadlines) |
| Motion for Final Approval | TBD (30 days prior to the Final Approval Hearing) |
| Objections, if any, to Motion for Final Approval | TBD (17 days prior to the Final Approval Hearing) |

| | |
|---|---|
| Reply in Support of Motion for Final Approval | TBD (10 days prior to the Final Approval Hearing) |
| Final Approval Hearing | TBD (at least 130 days after Preliminary Approval) |

**IT IS SO ORDERED.**

______________________________
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE

# Exhibit D

**Notice of CBIZ MOVEit Data Breach Class Action Settlement**

**A Settlement has been proposed in a class action lawsuit about a security incident involving CBIZ that potentially compromised your personal information.**

XXX

Settlement Administrator
PO Box xxxxx
City, ST xxxxx-xxxx

<<BARCODE>>
<<ClaimID>>
<<First Name>><<Last Name>>
<<Address1>>
<<Address2>>
<<City>><<ST>><<Zip>>

A Settlement has been proposed in a class action lawsuit against CBIZ, Inc. ("Defendant" or "CBIZ"). The Settlement resolves claims brought by individuals impacted by the MOVEit Data Breach, to the extent it impacted CBIZ, which occurred in May 2023 and resulted in the potential compromise of individuals' personally identifiable information ("PII") and/or protected health information ("PHI") provided to CBIZ. Defendant denies any allegation of wrongdoing.

**Who's Included?** You are included in the Settlement as a "Settlement Class Member" because you have been identified as a person in the United States or who resided on a United States military installation outside of the United States and who was previously provided with notice by CBIZ that your PII and/or PHI may have been accessed or exposed as a result of CBIZ's use of MOVEit, a file transfer tool, during the MOVEit Data Breach.

**What does the Settlement provide?** Under the Settlement, CBIZ will pay $7,200,000.00 into a Settlement Fund which will be used to pay all valid claims made by Settlement Class Members, notice and administration costs, service awards, and attorneys' fees and costs. Settlement Class Members may file a claim to receive **either:** (1) reimbursement of ordinary losses up to $2,500 and reimbursement of extraordinary losses up to $10,000; **or** (2) an alternative cash payment of $100 (subject to *pro rata* reduction or increase based on total claim submission). All Settlement Class Members may also file a claim to receive two (2) years of credit monitoring and identity theft monitoring.

**How do I get a Payment?** You must complete and submit a Claim Form by **[Month XX, XXXX]**. Claim Forms may also be submitted online at [insert website] or printed from the website and mailed to the address on the form.

**What are my other options?** If you do nothing, your rights will be affected, and you won't get a payment. If you don't want to be legally bound by the Settlement, you must exclude yourself from it by **[Month XX, XXXX]**. Unless you exclude yourself, you won't be able to sue or continue to sue CBIZ or other released parties as defined in the Settlement Agreement for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (*i.e.*, don't exclude yourself), you may object to it or ask for permission for you or your lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections and requests to appear are due by **[Month XX, XXXX]**. More information about these options is available at [insert website].

**The Court's hearing.** The Court will hold a Final Approval Hearing in the case (*In re MOVEit Customer Data Sec. Breach Litig.*, MDL No. 1:23-md-03083-ABD (D. Mass.) (CBIZ Action)) on [Month XX, XXXX]. At the hearing, the Court will decide whether to approve the Settlement; Class Counsel's request for attorneys' fees and costs, and service awards to the Settlement Class Representatives (up to $2,500.00). You or your lawyer may appear at the hearing at your own expense.

**Questions?** This Notice provides only a high-level summary of the Settlement. More detail, including the Settlement Agreement, is provided at [insert website] or you can call the Settlement Administrator at [phone number].

# Exhibit E

# Notice of CBIZ, Inc.
# MOVEit Data Breach Class Action Settlement

**If you are an individual in the United States or who resided on a United States military installation outside of the United States and were provided with notice by CBIZ, Inc. that your personally identifiable information and/or protected health information was potentially compromised in the MOVEit Data Breach, you could get a payment from a class action settlement.**

A federal court has authorized this Notice. This is not a solicitation from a lawyer.

**Please read this Notice carefully and completely, as your legal rights are affected whether you act or don't act.**

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.**

- A Settlement has been proposed in class action lawsuits against CBIZ, Inc. The Settlement resolves claims against CBIZ brought on behalf of individuals in the United States or who resided on United States military installations outside of the United States and who were provided with notice by CBIZ that their personally identifiable information ("PII") and/or protected healthcare information—including names, dates of birth, addresses, email addresses, phone numbers, financial information, driver's license information, Social Security Numbers, health insurance information, medical records numbers, medical treatment information, and Medicaid and/or Medicare information—was impacted by the MOVEit data security incident (the "MOVEit Data Breach"), which occurred between May 29 and June 5, 2023. The MOVEit Data Breach resulted from an alleged vulnerability in the third-party file transfer software, MOVEit Transfer, that CBIZ used in its ordinary course of business. Claims against Progress Software Corporation ("Progress") the licensor of the MOVEit software, have not been resolved and the litigation will continue against Progress.

- Under the proposed Settlement, you may be eligible to receive two (2) years of credit monitoring and identity theft protection services in addition to reimbursement of ordinary losses up to $2,500; reimbursement of extraordinary losses up to $10,000; or an alternative cash payment of up to $100 (subject to *pro rata* reduction or increase pending total claim submission). To receive a cash payment and/or credit monitoring services, you must complete and timely submit a Claim Form, subject to approval by the Settlement Administrator.

- Please read this notice carefully. Your legal rights will be affected, and you have a choice to make now.

| Summary of Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a payment. | Online or Postmarked by [Month xx, xxxx]. |
| **EXCLUDE YOURSELF BY OPTING OUT** | Get no payment. Keep your right to file your own lawsuit against CBIZ and other Defendant Released Parties for the same claims resolved by this Settlement. Please note that if you opt out, you cannot also object to the Settlement. | Postmarked by [Month xx, xxxx]. |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | Tell the Court the reasons why you do not believe the Settlement should be approved. You can also ask to speak to the Court at the hearing on [Month xx, xxxx] about the fairness of the Settlement, with or without your own attorney. | Postmarked by or electronically filed with the Court by [Month xx, xxxx]. |
| **DO NOTHING** | Get no payment and be bound by the terms of the Settlement. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement after any appeals are resolved.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**..........................................................................................5

1. **Why did I get this notice?**
2. **What is this lawsuit about?**
3. **What is a class action?**
4. **Why is there a settlement?**

**WHO IS IN THE SETTLEMENT**..........................................................................................6

5. **Who is in the settlement?**
6. **Are there exceptions to being included?**
7. **What should I do if I'm not sure whether I am included?**

**THE SETTLEMENT BENEFITS**..........................................................................................6

8. **What does the Settlement provide?**
9. **What can I get from the Settlement?**
10. **What am I giving up if I stay in the class?**

**HOW TO GET A PAYMENT – MAKING A CLAIM**..........................................................................................8

11. **How can I get a payment?**
12. **How much will my payment be?**
13. **When will I get my payment?**

**THE LAWYERS REPRESENTING YOU**..........................................................................................8

14. **Do I have a lawyer in this case?**
15. **Should I get my own lawyer?**
16. **How will the lawyers be paid?**

**EXCLUDING YOURSELF FROM THE SETTLEMENT**..........................................................................................9

17. **How do I get out of the Settlement?**
18. **If I am a settlement class member and don't opt out, can I sue the Defendant for the same thing later?**
19. **What happens if I opt out?**

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT**..........................................................................................10

20. **How do I tell the Court I don't like the settlement?**
21. **What's the difference between objecting and opting out?**

**THE COURT'S FINAL APPROVAL HEARING ........................................................................11**

**22. When and where will the Court decide whether to approve the Settlement?**
**23. Do I have to come to the Final Approval Hearing?**
**24. May I speak at the hearing?**

**IF I DO NOTHING....................................................................................................................12**

**25. What happens if I do nothing at all?**

**GETTING MORE INFORMTION.............................................................................................12**

**26. Are more details about the Settlement Available?**
**27. How do I get more information?**

# BASIC INFORMATION

## 1. Why did I get this notice?

You received this notice because you are an individual in the United States or who resided on a United States military installation outside of the United States and who was provided with notice by CBIZ that your PII and/or PHI was impacted by the MOVEit Data Breach that resulted from an alleged vulnerability in the third-party file transfer software, MOVEit Transfer. Similarly situated individuals brought proposed class action lawsuits against CBIZ in 2023, alleging that CBIZ was negligent due to its data security practices. CBIZ denies the allegations and denies that it would be found liable. The parties have now reached a proposed settlement of the lawsuit.

A court authorized this notice to inform you about your rights under the proposed class action Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals are resolved, a Settlement Administrator appointed by the Court will make the payments that the Settlement allows, and the pending legal claims against CBIZ, will be released and dismissed.

This package explains the lawsuits, the Settlement, your rights, what benefits may be available, who is eligible for them, and how to receive them. Judge Allison D. Burroughs of the United States District Court for the District of Massachusetts is in charge of this case. The cases are *Zahara, et al., v. CBIZ Inc, et. al.*, Case No. 23-cv-12725 (D. Mass.) and *Feagins v. Progress Software Corporation, et al.*, Case No. 23-cv-13030 (D. Mass.), which were consolidated and transferred to and coordinated with, *In re: MOVEit Customer Data Security Breach Litig.*, MDL No. 1:23-md-03083-ABD (D. Mass.).

## 2. What is this lawsuit about?

The cases are putative class actions (the "Litigation") arising from the MOVEit Data Breach whereby in May 2023, cybercriminals gained unauthorized access to the MOVEit file transfer software that was used by, among many others, CBIZ, resulting in potential access to individuals' PII and/or PHI. The lawsuits assert claims against CBIZ for alleged negligent data security practices.

CBIZ denies any allegation of wrongdoing and denies that Plaintiffs would prevail or be entitled to any relief should this matter proceed to be litigated.

## 3. What is a class action?

In a class action one or more people called "Class Representative(s)" sue on behalf of themselves and other people who have similar claims. This group of people is called the "class," and the people in the class are called "Settlement Class Members" or the "Settlement Class." One court resolves the issues for all Settlement Class Members, except for people who exclude themselves from the class. The person or persons who sue are called the Plaintiff(s). The entity sued—CBIZ—is called the "Defendant."

### 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiff or Defendant. Instead, both sides agreed to a settlement. That way, they avoid the costs and risks of a trial, and Settlement Class Members can get benefits or compensation. The Settlement Class Representatives and Class Counsel think the Settlement is in the best interest of the Settlement Class.

## WHO IS IN THE SETTLEMENT?

### 5. Who is in the Settlement?

The Settlement Class is defined as: "all individuals in the United States or residing on United States military installations outside the United States who were provided with notice by CBIZ that their PII and/or PHI was included in the MOVEit Data Breach."

### 6. Are there exceptions to being included?

Yes, the following are not included in the Settlement Class are: (i) CBIZ, any entity in which CBIZ has a controlling interest, and CBIZ's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

### 7. What should I do if I am not sure whether I am included?

If you are not sure whether you are included in the Settlement Class, you can ask for free help by calling the Settlement Administrator, Kroll Settlement Administration LLC, at [phone number] or you can visit [insert website] for more information.

## THE SETTLEMENT BENEFITS

### 8. What does the Settlement Provide?

Under the Settlement, CBIZ will pay $7,200,000.00 into a Settlement Fund which will be used to pay all valid claims made by Settlement Class Members, notice and administration costs, a service award to the Settlement Class Representative, and Class Counsel's attorneys' fees and expenses. Settlement Class Members may file a claim to receive **either:** (1) reimbursement of ordinary losses up to $2,500 and reimbursement of extraordinary losses up to $10,000; **or** (2) an alternative cash payment of $100 (subject to *pro rata* reduction or increase pending total claim submissions). All Settlement Class Members may also file a claim to receive two (2) years of credit monitoring and identity theft protection services.

If the total value of all valid claims exceeds the Net Settlement Fund (the monies remaining in the Settlement Fund after the notice and administration costs, service award, and attorneys' fees and expense are deducted), the alternative cash payments will be reduced *pro rata*. In the event all valid claims do not exhaust the Net Settlement Fund, the alternative cash payments will be increased *pro rata*, up to $1,000. If any money remains in the Net Settlement Fund 180 days after the Settlement's Effective Date, any remaining monies will be used to extend the credit monitoring

and identity theft protection services claimed by Settlement Class Members. No part of the Settlement Fund will revert back to CBIZ.

## 9. What can I get from the Settlement?

Settlement Class Members may file a claim for one or more of the following settlement benefits:

Credit Monitoring and Identity Theft Protection Services: Settlement Class Members may file a claim and elect to enroll in two (2) years of credit monitoring and identity theft protection services that will include: (i) dark web monitoring with user notification if potentially unauthorized use of a Settlement Class Member's personally identifiable information is detected; (ii) identity theft insurance of up to One Million United States Dollars ($1,000,000.00); (iii) real-time credit monitoring with Equifax, Experian, and TransUnion; and (iv) access to fraud resolution and identity theft restoration agents.

In addition to credit monitoring and identity theft protection services Settlement Class Members may file claims for:

Alternative Cash Payment: in lieu of filing claims for reimbursement of ordinary or extraordinary losses, Settlement Class Members may elect to file a claim to receive an $100 cash payment (subject to the potential *pro rata* reduction or increase described above) without the need to document losses or attest to time spent as a result of the MOVEit Data Breach;

OR

Reimbursement of Ordinary Losses: Settlement Class Members may file a claim for reimbursement of unreimbursed losses up to $2,500 incurred as a result of the MOVEit Data Breach. Such ordinary losses include: (a) out of pocket expenses, including bank fees, long distance phone calls, cell phone charges (only if charged by the minute), data charges (only if based on the amount of data used), postage, or gasoline for local travel; (b) fees for credit reports, credit monitoring, or other identity theft insurance products purchased on or after May 31, 2023 through [**insert end of Claims Period**]; and (c) up to four (4) hours of lost time at $25 per hour (up to $100 total). Settlement Class Members must submit reasonable, third-party documentation in support of their claim for Ordinary Losses, except for claims of lost time (for which the Settlement Class Member must attest to the accuracy of the request for compensation). Self-prepared documents, such as handwritten receipts, are, by themselves, insufficient to receive reimbursement.

Reimbursement of Extraordinary Losses: Settlement Class Members may file a claim for reimbursement of up to $10,000 in compensation for proven monetary losses. In order to receive reimbursement of extraordinary losses, the loss must: (1) be an actual, documented, and unreimbursed monetary loss; (2) the loss was more likely than not caused by the MOVEit Data Breach; (3) the loss occurred between May 31, 2023 and the close of the Claims Period; and (4) the loss is not covered by one or more of the reimbursement for ordinary losses categories.

### 10. What am I giving up if I stay in the Class?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you will give up your right to sue, continue to sue, or be part of any other lawsuit against Defendant and other released parties concerning the claims released by this Settlement. The "Releases" section in the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The entire text of the Settlement Agreement can be viewed at [insert website].

## How to Get a Payment – Making A Claim

### 11. How can I get a payment?

You must complete and submit a Claim Form by [Month XX, XXXX]. Claim Forms may be submitted online at [insert website] or printed from the website and mailed to the address on the form. Claim Form's submitted via mail must be postmarked by [Month XX, XXXX].

Be sure to read the Claim Form instructions carefully, include all required information, and your signature. The Settlement Administrator will review your claim to determine the validity and amount of your payment.

Please be aware that, effective December 24, 2025, the United States Postal Service (USPS) changed its postmarking practices such that a postmark now reflects the date mail is first processed at an automated USPS facility, which may be one or more days after the date you actually deposited your Claim Form with the USPS. If you choose to submit by mail, to guarantee your postmark reflects the actual date of mailing, you must bring your Claim Form to a post office retail counter and request a manual (local) postmark or send it by Certified or Registered Mail.

### 12. How much will my payment be?

The amount of your payment will depend on the approved amount of your claim and the total value of all approved claims.

If you are seeking reimbursement for ordinary and/or extraordinary expenses under the Settlement, you must describe the expenses, their amount, and when and why you incurred them. You must also attest that you incurred those losses in response to the MOVEit Data Breach in this case.

Your claim must be reasonably documented – you must enclose or upload documentation sufficient to show (1) the amount of unreimbursed loss that you suffered, and (2) why you believe that the loss is reasonably attributable to the MOVEit Data Breach in the case. Documents for financial expenses may include credit card or bank statements, emails, invoices, receipts, or telephone records, including photographs of the same. Personal statements or declarations are not considered reasonable documentation, but they may be used to provide clarification, context, or support for other documentation.

### 13. When will I get my payment?

The Court will hold a Final Approval Hearing on _________ at ______ a.m. / p.m., to decide whether to approve the Settlement. Payments will be made after the Settlement is approved and becomes

final (meaning there is no appeal from the order approving the Settlement or all appeals have been rejected). Updates regarding the Settlement will be posted on the Settlement Website, [insert website].

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court appointed E. Michelle Drake of Berger Montague, PC, Gary F. Lynch of Lynch Carpenter, LLP, Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC, Karen H. Riebel of Lockridge Grindal Nauen PLLP, Charles E. Schaffer of Levin Sedran & Berman LLP, and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP as attorneys to represent the Settlement Class. These lawyers are called Class Counsel. You will not be charged for their services.

### 15. Should I get my own lawyer?

If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your own lawyer to appear in court for you if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

### 16. How will the lawyers be paid?

The attorneys representing the Settlement Class have not yet received any payment for their legal services or any reimbursement of the costs or out-of-pocket expenses they have incurred. Class Counsel plans to ask the Court for an award of attorneys' fees in an amount up to one-third of the Settlement Fund and reimbursement of litigation costs incurred litigating the claims asserted against CBIZ and out-of-pocket expenses from the Settlement Fund. Class Counsel will file their request for attorneys' fees as a percentage of the Settlement Fund along with an itemized request for the reimbursement of litigation costs and out-of-pocket expenses. Any Court-approved attorneys' fees and expenses will be paid from the Settlement Fund.

The Settlement Class is represented by two named individuals (the "Settlement Class Representatives"). In addition to the benefits that the Settlement Class Representatives will receive as member of the Settlement Class—and subject to the approval of the Court—Class Counsel will request service awards, not to exceed $2,500 each, to the Settlement Class Representatives for the efforts they have expended on behalf of the Settlement Class. Any Court-approved service award will be paid from the Settlement Fund.

The Court will determine whether to approve the amount of attorneys' fees and expenses requested by Class Counsel and the proposed service awards to the Class Representatives. Class Counsel will file an application for attorneys' fees and expenses, and service awards no later than [Month xx, xxxx]. The application will be available on the Settlement Website, [insert website], or you can request a copy by contacting the Settlement Administrator.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 17. How do I get out of the Settlement?

If you are a Settlement Class Member and you do not want the benefits from the Settlement, and you want to keep your right, if any, to sue Defendant on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement Class.

You may opt out of the Settlement by [Month xx, xxxx]. To opt out, you must send a letter or postcard via U.S. mail to the address below. You must include the following in your letter or postcard:

- The name of this Litigation, or a decipherable approximation (*In re: MOVEit Customer Data Security Breach Litig.,* MDL No. 1:23-md-03083-ADB (D. Mass.) (CBIZ Actions));
- Your full name, address, telephone number, and signature;
- The words "Opt-Out" or "Requests for Exclusion" at the top of the document or a statement that you want to opt-out of the settlement; and
- If you are filing a request for exclusion on behalf of an incapacitated or deceased Settlement Class Member for whom you are legally authorized to act, you must include your name, address, phone number, signature, and relationship to the Settlement Class Member, as well as the Settlement Class Member's name and address.

You must mail your opt-out request via First-Class postage prepaid U.S. Mail, postmarked no later than [Month xx, xxxx] to:

[Insert Settlement Administrator Address]

If you fail to include the required information, your request will be deemed invalid and you will remain a Settlement Class Members and be bound by the Settlement, including all releases.

Please see Question 11 for important information about recent changes to the United States Postal Service's postmarking practices to ensure your request for exclusion is timely.

## 18. If I am a Settlement Class Member and don't opt out, can I sue the Defendant for the same thing later?

No. You must opt out of the Settlement to keep your right to sue Defendant or other released parties for any of the claims resolved by the Settlement.

## 19. What happens if I opt out?

If you opt out of the Settlement, you will not have any rights as a member of the Settlement Class. You cannot submit a Claim and you will not receive a payment as part of the Settlement. You will

not be bound by the Settlement, releases, or by any further orders or judgments in this case. You will keep the right, if any, to sue on the claims alleged in the case at your own expense.

In addition, if you opt out of the Settlement, you cannot object to this Settlement because the Settlement no longer affects you. If you object to the Settlement and request to exclude yourself, your objection will be voided and you will be deemed to have excluded yourself.

## COMMENTING ON OR OBJECTING TO THE SETTLEMENT

### 20. How do I tell the Court if I don't like the Settlement?

If you are a Settlement Class Member and you do not opt out of the Settlement, you can object to the Settlement if you do not think it is fair, reasonable, or adequate. You can give reasons why you think the Court should not approve it. You cannot ask the Court to change or order a different settlement; the Court can only approve or deny this Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to any part of the proposed Settlement in writing. If you submit a timely objection confirming your in-person appearance, you may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

Your objection must be in writing and must:

- Clearly identify the case name and number (*In re: MOVEit Customer Data Security Breach Litig.*, MDL No. 1:23-md-03083-ADB (D. Mass.) (CBIZ Actions));
- Include your full name, address, telephone number, and email address;
- Include the full name, address, telephone number, and email address of your counsel (if you are represented by counsel);
- State whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection;
- Confirm whether you intend to personally appear and/or testify at the Final Approval Hearing and if so, whether you are or will be represented by counsel; and
- Provide your signature and the signature of your duly authorized counsel or other duly authorized representative.

If you or your counsel intend to call witnesses or present evidence at the Final Approval Hearing, your objection also must contain a list identifying each witness and the topics of anticipated testimony that each witness with offer at the Final Approval Hearing.

Any objection must be either filed electronically with the Court or mailed to the Clerk of Court, at the address set forth below. The objection must be filed with the Court—or if mailed it must be postmarked—no later than [Month xx, xxxx].

United States District Court for the District of Massachusetts
Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Please see Question 11 for important information about recent changes to the United States Postal Service's postmarking practices to ensure your request for exclusion is timely

**21. What's the difference between objecting and opting out?**

Objecting is telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you are a Settlement Class Member and do not opt out of the Settlement. Opting out of the Settlement is telling the Court that you don't want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it does not affect you.

## THE COURT'S FINAL APPROVAL HEARING

**22. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at _____ a.m. / p.m. on _____________, in Courtroom 17, 5th Floor at the federal courthouse located at 1 Courthouse Way, Boston, Massachusetts 02210 before Judge Allison D. Burroughs. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate; Class Counsel's application for attorneys' fees and expenses; and whether to approve the service awards to the Settlement Class Representatives. If there are objections, the Court will consider them. The Court may choose to hear from people who have asked to speak at the hearing. At or after the hearing, the Court will decide whether to approve the Settlement. There is no deadline by which the Court must make its decision.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this notice. The date of the Final Approval Hearing may change without further notice to the Settlement Class Members. Be sure to check the website, [insert website], for updates. You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.mad.uscourts.gov.

Class Counsel will file a motion for final approval of the Settlement by [Month xx, xxxx]. Objectors, if any, must file any response to Class Counsel's motion by [Month xx, xxxx]. Responses to any objections and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses, and service awards will be filed by [Month xx, xxxx].

### 23. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the hearing to talk about it. As long as you mailed or filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 24. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include a statement in your written objection (*see* Question 20) that you intend to appear at the hearing. Be sure to include your name, address, telephone number, and signature, as well as any other information listed above in Question 20. You cannot speak at the hearing if you opt out or exclude yourself from the Class.

## IF I DO NOTHING

### 25. What happens if I do nothing at all?

If you are a Settlement Class Member and do nothing, you will not get any money from this Settlement, and you will not be able to sue the Defendant or other released parties for the claims released by the Settlement Agreement.

## GETTING MORE INFORMATION

### 26. Are more details about the Settlement available?

This notice summarizes the proposed Settlement – more details are in the Settlement Agreement and other case documents available at [insert website], by accessing the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.mad.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the District of Massachusetts, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

### 27. How do I get more information?

Visit the website, [insert website],.com where you will find more information, including the Claim Form, a copy of the Settlement Agreement, and answers to questions about the Settlement and other information to help you determine whether you are eligible for a payment.

Contact the Settlement Administrator, [INSERT], at ________________ or by writing to _____________, Attn: CBIZ MOVEit Data Breach Settlement at:

[Insert Settlement Administrator Address]

Speak with Class Counsel by calling (412) 322-9243 or by writing to: CBIZ Class Action, Lynch Carpenter, LLP, Attn: Gary F. Lynch, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222.

**PLEASE DO NOT CONTACT THE COURT, THE COURT CLERK'S OFFICE, OR DEFENDANT TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# Exhibit F

To:
From:
Subject: CBIZ MOVEit Data Breach Class Action Settlement

**File your claim for up to $100 or more by [Month XX, XXXX]**

You may have recently received a mailed or emailed notice of a class action settlement in Massachusetts federal court regarding the MOVEit Data Breach as it relates to individuals in the United States or residing on a United States military institution outside of the United States who were provided with notice by CBIZ, Inc. that their personally identifiable information and/or protected health information was included in the MOVEit data security incident that resulted from an alleged vulnerability in the third-party file transfer software, MOVEit Transfer (the "Settlement"). If so, according to the terms of that notice, you may be eligible to receive **either:** (1) reimbursement of ordinary losses up to $2,500 and reimbursement of extraordinary losses up to $10,000; **or** (2) an alternative cash payment of $100 (subject to *pro rata* reduction or increase based on total claim submission)—in addition to two (2) years of credit monitoring and identity theft monitoring services from the proposed Settlement. To receive a payment and/or identity theft protection services, you must complete and submit a Claim Form. Submit the Claim Form you received in the mail, or file your claim at **[insert website]**. Your Claim Form must be postmarked or submitted online by [**Month XX, XXXX]**.

For more information visit the website, [insert website], where you will find more information, including the Claim Form, a copy of the Settlement Agreement, and answers to questions about the Settlement and other information to help you determine whether you are eligible for a payment or whether to exercise other rights.

**Questions? Go to [insert website] or call [phone number].**