UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PGL |
| This Document Relates To:<br>23-cv-13030-ADB<br>23-cv-12725-ADB | |

**DECLARATION OF CARLA A. PEAK OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT CBIZ, INC.**

I, Carla A. Peak, declare as follows:

1. I am a Managing Director of Kroll Notice Media Solutions ("Kroll Media"),[1] a business unit of Kroll Settlement Administration LLC ("Kroll"), the proposed Settlement Administrator to be appointed in the above-captioned Litigation, whose principal office is located at One World Trade Center, 285 Fulton Street, 31st Floor, New York, New York 10007. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working with me and/or under my general supervision. This declaration is being filed in connection with Preliminary Approval of the Settlement between Settlement Class Representatives Gary Zahara and Ricky Feagins and Defendant CBIZ, Inc.

2. I am a nationally recognized expert in the field of legal notice and I have served as an expert in countless federal and state cases involving class action notice plans.

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Class Action Settlement Agreement and Release (the "Settlement Agreement") attached to the Declaration of Gary F. Lynch as Exhibit 1, filed concurrently herewith.

3. Kroll has extensive experience in all types of class action matters, having managed more than 4,000 settlements, designed over 1,000 multi-media campaigns, processed more than 100 million claims, and distributed over $30 billion in payments over the past 50 years.

4. The purpose of this declaration is to provide information related to the qualifications and experience of Kroll and myself, as well as to detail the proposed "Notice Plan" designed to provide notice to Settlement Class Members about this Settlement. Kroll will work with Class Counsel to implement the Notice Plan, as well as make any decisions about notice and administration.

**BACKGROUND AND EXPERIENCE**

5. Kroll has administered class action notice plans for numerous consumer protection cases, including data breach and data privacy cases. Examples include: *Bachman v. DISA Global Solutions, Inc*., No. 2026-54282 (Texas Dist. Ct., Harris Cty.); *Bianucci v. Rite Aid Corp*., No. 2:24-cv-03356 (E.D. Pa.); *Cahill v. Memorial Heart Institute, LLC*, No. 1:23-cv-00168 (E.D. Tenn.); *Douglas v. PurFoods LLC*, No. 4:23-cv-00332 (S.D. Iowa); *Hameed-Bolden v. Forever 21 Retail, Inc*., No. 2:18-cv-3019 (C.D. Cal.); *Harris v. Lee University*, No. 1:25-cv-00107 (E.D. Tenn.); *Hasson v. Comcast Cable Communications LLC*, No. 2:23-cv-05039 (E.D. Pa.); *Hightower v. Receivables Performance Management LLC*, No. 2:22-cv-01683 (W.D. Wash.); *In re 23andMe Holding Co*., No. 25-40976-357 (Chapter 11) (Bankr. E.D. Mo.); *In re Apria Data Breach Litig*., No. 1:23-cv-01003 (S.D. Ind.); *In re Arthur J. Gallagher Data Breach Litig*., No. 1:22-cv-00137 (N.D. Ill.); *In re AT&T Inc. Customer Data Security Breach Litig*., No. 3:24-cv-00757 (N.D. Tex.); *In re CorrectCare Data Breach Litig*., No. 5:22-cv-00319 (E.D. Ky.); *In re Evolve Bank & Trust Customer Data Security Breach Litig*., No. 2:24-md-03127 (W.D. Tenn.); *In re Fred Hutchinson Cancer Center Data Breach Litig*., No. 2:23-cv-01893 (Wash. Super. Ct., King Cty.); *In re Great*

*Expressions Data Security Incident Litig.*, No. 2:23-cv-11185 (E.D. Mich.); *In re HCA Healthcare, Inc. Data Security Litig.*, No. 3:23-cv-00684 (M.D. Tenn.); *In re Lansing Community College Data Breach Litig.*, No. 1:23-cv-00738 (W.D. Mich.); *In re MCG Health Data Security Issue Litig.*, No. 2:22-cv-00849 (W.D. Wash.); *In re Regents of the University of Minnesota Data Litig.*, No. 27-CV-23-14056 (Minn. Dist. Ct., Hennepin Cty.); *In re Tenet Healthcare Corporation Data Breach Litig.*, No. DC-22-07513 (Tex. Dist. Ct., Dallas Cty.); *In re T-Mobile Customer Data Security Breach Litig.*, No. 21-md-03019 (W.D. Mo.); *In re Yahoo! Inc. Customer Data Security Breach Litig.*, No. 5:16-md-02752 (N.D. Cal.); *Miller v. NextGen Healthcare Inc.*, No. 1:23-cv-02043 (N.D. Ga.); *Newhart v. General Physician, P.C.*, No. 815961/2024 (N.Y. Sup. Ct., Erie Cty.); *Orr v. Intercontinental Hotels Group, PLC*, No. 1:17-cv-1622 (N.D. Ga.); *Rodriguez v. University Property & Casualty Insurance Co.*, No. 16-cv-60442 (S.D. Fla.); *Summers v. Sea Mar Community Health Centers*, No. 22-2-00773-7 (Wash. Super. Ct., King Cty.); *Weigand v. Group 1001 Insurance Holdings, LLC*, No. 1:23-cv-01452 (S.D. Ind.); and *Wright v. Crossroads Trading Co., Inc.*, No. 25CV479119 (Cal. Super. Ct., Santa Clara Cty.).

6. I have personally been involved in a variety of data breach cases, such as *Hasson v. Comcast Cable Communications LLC*, No. 2:23-cv-05039 (E.D. Pa.); *In re 23andMe Holding Co.*, No. 25-40976-357 (Chapter 11) (Bankr. E.D. Mo.); *In re Anthem, Inc. Data Breach Litig.*, No. 5:15-md-02617 (N.D. Cal.); *In re Arby's Restaurant Group, Inc. Data Security Litig.*, No. 1:17-mi-55555 (N.D. Ga.); *In re Experian Data Breach Litig.*, No. 8:15-cv-01592 (C.D. Cal.); *In re HealthEC LLC Data Breach Litig.*, No. 2:24-cv-00026 (D.N.J.); *In re: The Home Depot, Inc., Customer Data Security Breach Litig.*, No. 1:14-md-02583 (N.D. Ga.); *In re Orrick, Herrington & Sutcliffe LLP, Data Breach Litig.*, No. 3:23-cv-04089 (N.D. Cal.); *Sonic Corp. Customer Data*

*Security Breach Litig*., No. 1:17-md-02807 (N.D. Ohio); and *Torres v. Wendy's International, LLC*, No. 6:16-cv-00210 (M.D. Fla.).

7. In forming my opinions, I draw from my in-depth class action case experience. I have worked in the class action notification field for more than 20 years. During that time, I have been involved in all aspects of the design and implementation of class action notice planning, as well as the drafting of plain language notice documents that satisfy the requirements of Rule 23 and adhere to the guidelines set forth in the Manual for Complex Litigation, Fourth and by the Federal Judicial Center ("FJC").

8. The anticipated reach of the Notice Plan is consistent with other effective court-approved notice programs. Additionally, the Notice Plan is intended to comply with the FJC's 2010 Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (the "FJC Checklist"), which considers 70-95% reach among class members to be reasonable.

**NOTICE PLAN**

9. The proposed Settlement Class consists of all individuals in the United States or residing on United States military installations outside the United States who were provided with notice by CBIZ that their Personally Identifiable Information and/or Protected Health Information was included in the MOVEit Data Breach. Excluded from the Settlement Class are (i) CBIZ, any entity in which CBIZ has a controlling interest, and CBIZ's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement. It is estimated that there are approximately 585,712 individuals in the Settlement Class.

10. It is Kroll's understanding that it will be provided with the Class List pursuant to the Settlement Agreement, which will consist of an electronic list of individuals in the United States or residing on United States military installations outside the United States based on Defendant's records who were provided with notice by CBIZ that their Personally Identifiable Information and/or Protected Healthcare Information was included in files affected by the MOVEit Data Breach and, to the extent available, their last known postal addresses.

11. Kroll will send the Short Form Notice, formatted as a single postcard (the "Postcard Notice") to all Settlement Class Members for whom a physical mailing address is available on the Class List. The Postcard Notice will contain the Settlement Class Members' unique Claim ID to assist in the claims filing process.

12. Prior to mailing, known postal addresses will be checked against the National Change of Address (NCOA)[2] database maintained by the USPS; certified via the Coding Accuracy Support System (CASS);[3] and verified through Delivery Point Validation (DPV).[4]

13. Postcard Notices returned by the USPS as undeliverable will be re-mailed to any address available through the postal service forwarding order information. For any returned mailing that does not contain an expired forwarding order with a new address indicated, Kroll will conduct further address searches using credit and other public source databases to attempt to locate new addresses and will re-mail these notices where possible.

---

[2] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[3] CASS is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.

[4] Records that are ZIP+4 coded are then sent through DPV to confirm known USPS addresses, as well as identify potential addressing issues that may hinder delivery.

14. To the extent that email addresses for are available for Settlement Class Members on the Class List, and as directed by the Parties' Counsel, Kroll will send the Short Form Notice, formatted for email transmission, via email (the "Email Notice") to all Settlement Class Members for which an email address is available on the Class List.

15. The Notice Plan contemplates a robust Class List to be provided by CBIZ that will allow for direct Notice to reach the vast majority of Settlement Class Members through direct email and postal mail, consistent with due process. Based upon information provided by the Parties' Counsel, and assuming data received is relatively up to date, Kroll estimates that direct notice will likely reach over 90% of the proposed Settlement Class Members. The reach may be higher as a result of the address searches and remails currently contemplated. These assumptions are subject to the accuracy and quality of the data received. Kroll's estimated reach for direct notice is consistent with other court-approved, best-practicable notice programs and Federal Judicial Center guidelines, which state that a notice plan that reaches over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.

16. The results of the mailing efforts will be continuously monitored and analyzed to confirm that the results fall within or exceed expectations. If the results are less than expected, Kroll will meet and confer with the Parties' Counsel to discuss what, if any, additional notification methods will be employed to ensure class notice is achieved consistent with established best practices under Rule 23.

17. Prior to the claims filing deadline, at a time agreed upon by the Parties' Counsel, Kroll will send one or more Reminder Notices via email to all Settlement Class Members for which an email can be reasonably ascertained using an email append process, who have not yet submitted

a Claim Form and have not opted out of the Settlement. The Reminder Notice will alert Settlement Class Members to the pending deadline and encourage them to file a Claim Form.

18. Prior to distributing the Reminder Notice, all email addresses will be subject to a cleansing and validation process to, among other things, remove extra spaces and fix common domain name errors, as well as compare addresses against known bad email addresses and verify email existence with Internet Service Providers ("ISPs").

19. The Reminder Notice will be formatted to avoid common "red flags" that could cause the email to be blocked by spam filters. For example, the content of the notice will be placed in the body of the email rather than as an attachment to avoid spam filters and improve deliverability. Additionally, the Reminder Notice will contain the Settlement Class Members' unique Claim ID to assist in the claims filing process.

20. The email delivery will be attempted multiple times over a 48-hour period. The email campaign will return data regarding the number of emails successfully delivered and email bouncebacks. Successfully delivered emails are not retried. Initial bouncebacks are either permanent or temporary in nature. Permanent bounces are caused by mailboxes being nonexistent or defunct and are not retried. Temporary bounces consist primarily of those that are caused by temporary technical difficulties, traffic overloads, and blocking by the receiving systems. Any temporary bounces determined to be potentially deliverable are retried. Those caused by blocking are retried after the block has been removed.

21. Kroll will work with the Parties' Counsel to create a dedicated Settlement Website. The Settlement Website URL will be determined and approved by the Parties' Counsel. The Settlement Website will contain a summary of the Settlement, will allow Settlement Class Members to contact the Settlement Administrator with any questions, provide notice of important

dates such as the Final Approval Hearing, and the deadlines to submit Claim Forms, object, or opt out of the Settlement, and will provide Settlement Class Members who file Claim Forms online the opportunity to select an electronic payment method, such as PayPal and Venmo, or payment by check. The Settlement Website will also contain downloadable copies of relevant documents including the Complaint, Settlement Agreement, Preliminary Approval Order, Settlement Benefits Plan, Long Form Notice, Claim Form, Reminder Notice, and any other materials agreed upon by the Parties and/or required by the Court.

22. Kroll will establish a toll-free telephone number for the Settlement. The toll-free telephone number will allow Settlement Class Members to call and obtain information about the Settlement through an Interactive Voice Response system, with the option for Settlement Class Members to speak with a live operator.

23. Kroll will designate a post office box to receive requests for exclusion, objections, Claim Forms, and correspondence from Settlement Class Members.

24. Kroll will establish a case-specific email address to receive and respond to Settlement Class Member inquiries.

25. Kroll will process all claims in a rational, responsive, cost effective, and timely manner, and calculate settlement payments in accordance with the Settlement Agreement and Settlement Benefits Plan.

26. Kroll will serve the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, no later than ten (10) days after the Settlement Agreement is filed with the Court.

27. The proposed Notice Plan is expected to reach the vast majority of the Settlement Class by way of the individual direct notice effort, which will be provided primarily via U.S. Mail.

28. In my opinion, the Notice Plan proposed is consistent with other effective settlement notice programs. It is the best notice practicable and meets the "reasonably certain to inform" due process communications standard of *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 315 (1950). The Notice Plan is designed and expected to meet or exceed the guidelines set forth in Rule 23, the Manual for Complex Litigation (Fourth), and the FJC Checklist.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on October 30, 2026, in Ocean City, New Jersey.

Carla A. Peak

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: October 30, 2026

*/s/ Kristen A. Johnson*
Kristen A. Johnson (BBO# 667261)