**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL BELLWETHER CASES | MDL No. 1:23-md-03083-ADB-PGL<br><br>**BELLWETHER DEFENDANTS' SUBMISSION OF SUPPLEMENTAL AUTHORITY TO ADDRESS COURT'S QUESTIONS AT ORAL ARGUMENT ON MOTION TO STRIKE ABANDONED AND UNPLEADED INJURY THEORIES OR GRANT JUDGMENT ON THE PLEADING** |

On Wednesday, November 4, the Court heard oral argument on the Motion to Strike Abandoned and Unpleaded Injury Theories or Grant Judgment on the Pleadings (ECF No. 2100). The Court asked whether any courts have held (in the data breach context) that plaintiffs who contend that they only *may* incur mitigation costs or lost time in the future have not in fact suffered a qualifying separate, present, and concrete harm, *see* Hr. Tr. 43:22–46:20, as required for Article III standing, *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 436 (2021). This "concrete harm" standard is different and separate from the standard for injunctive relief (i.e., a Plaintiff faces a substantial and imminent risk of harm). *Id.* Having now had the opportunity to research that question, Defendants confirm that courts in the data breach context have repeatedly held that there is no standing from prospective mitigation costs, absent already incurred lost time or expenses (*i.e.*, "present, concrete harm").

The decision in *Dusterhoft v. OneTouchPoint Corp.*, 2024 WL 4263762 (E.D. Wis. Sept. 23, 2024)—a case on which this Court has already relied, *see* MDL Order No. 23—is illustrative. There, consistent with this Court's Rule 12(b)(1) ruling, the court declined to dismiss for lack of Article III standing the claims of four plaintiffs who "allege that each has spent time and effort combatting the impending effects of the breach." *Id.* at *7. The court then dismissed the claims of a fifth plaintiff who alleged only that he "'anticipates spending considerable time and money . . . to mitigate and address harms caused by the Data Breach.'" *Id.* ("As explained above, a future injury is insufficient to establish standing in a suit for damages. Accordingly, Dusterhoft has not alleged an injury in fact and lacks standing to bring his

Many other decisions are in accord, including:

- *Polkowski v. Jack Doheny Companies, Inc.*, 2025 WL 3079358, at *8 (E.D. Mich. Nov. 4, 2025), *appeal dismissed sub nom.*, No. 25-2075, 2026 WL 1459816 (6th Cir. Mar. 9, 2026) (cited by this Court in MDL Order No. 28): The plaintiff lacked standing where "he has not claimed that he actually incurred any mitigation costs to date, but rather that he may incur them at some unknown point in the future for some unspecified period of time." By contrast, plaintiffs in other cases had standing "based on mitigation costs they had actually

paid out of pocket for such services, and they further demonstrated that those injuries were fairly traceable to the Defendant."

- *Perlaki v. J.B. Poindexter & Co.*, 2025 WL 754503, at *4 (S.D. Tex. Mar. 10, 2025): The plaintiff "alleges that he '*anticipates* spending considerable amounts of time and money to try and mitigate his injuries' . . . While [plaintiff] may, in the future, spend money mitigating harms from the data breach, this is plainly insufficient to confer standing at the present time." (emphasis in original).

- *In re NCB Mgmt. Servs., Inc. Data Breach Litig.*, 748 F. Supp. 3d 262, 272 (E.D. Pa. 2024): The court found that "out of pocket costs" in response to an imminent risk "met the 'concreteness' requirement," but dismissed multiple plaintiffs' claims for lack of standing because "[n]one of these eight plaintiffs have alleged that they specifically suffered any of these injuries. Only the *other* eight named plaintiffs allege these additional injuries." (emphasis added).

- *Bednyak v. Financial Risk Mitigation, Inc.*, 739 F. Supp. 3d 353, 368 (E.D. La. May 31, 2024): "[T]he harms that [plaintiff] anticipates sustaining at some point in the future, i.e., time and money to mitigate the thus-far non-actualized but potential harms caused by the data breach, are not sufficiently concrete to satisfy the injury in fact requirement of Article III standing."

Courts have focused on the same shortcoming in dismissing claims under various state-law injury requirements:

- *Charlie v. Rehoboth McKinley Christian Health Care Servs.*, 598 F. Supp. 3d 1145, 1157 (D. N.M. 2022): Allegations that plaintiffs "'*anticipate* spending considerable time and money to mitigate the harms caused by the data breach'" were speculative, while allegations that plaintiffs had already spent time "monitoring for their credit for suspicious activity" sufficed for damages. (emphasis in original).

- *Doe v. Conceptions Reprod. Assocs., Inc.*, 2026 WL 1145600, at *5 (D. Colo. Apr. 28, 2026): The plaintiffs have "plausibly alleged that Mr. Markowitz reasonably *incurred* monitoring costs to mitigate or avoid further harm from the Data Breach. Unlike Plaintiffs' other alleged damages, this is an actual, non-speculative economic loss that gives rise to a negligence claim under Colorado law." (emphasis added).

Dated: November 6, 2026 Respectfully submitted,

By: */s/Heather Benzmiller Sultanian*
**Sidley Austin LLP**
Heather Benzmiller Sultanian (*pro hac vice*)
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
hsultanian@sidley.com

Eamon P. Joyce (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
ejoyce@sidley.com

By: */s/ Allison M. Holt Ryan*
**Hogan Lovells Cadwalader US LLP**
Allison M. Holt Ryan (*pro hac vice*)
Lance Y. Murashige (*pro hac vice*)
Danielle Desaulniers Stempel (*pro hac vice* )
555 13th Street NW
Washington, D.C. 20004
Tel: (202) 637-5600
allison.holt-ryan@hlc.com

*Counsel for Defendants Maximus, Inc., Maximus Federal Services, Inc., and Maximus US Services, Inc. (f/k/a Maximus Health Services, Inc.)*

By: */s/ Marc R. Shapiro*
**Orrick Herrington & Sutcliffe LLP**
Marc R. Shapiro (*pro hac vice*)
51 West 52nd Street
New York, NY 10019
(212) 506-3546
mrshapiro@orrick.com

Aravind Swaminathan (*pro hac vice*)
401 Union Street, Suite 3300
Seattle, WA 98101
(206) 839-4340
aswaminathan@orrick.com

*Counsel for Defendant Teachers Insurance and Annuity Association of America*

By: /s/ Kyle T. Cutts
**BakerHostetler LLP**
Kyle T. Cutts (*pro hac vice*)
127 Public Square, Suite 2000
Cleveland, OH 44114
(216) 861-7576
kcutts@bakerlaw.com

*Counsel for Defendants OSF Healthcare System, CHI Health - NE, and Virginia Mason Franciscan Health*

By: /s/ Michael J. Dailey
**Gordon Rees Scully Mansukhani LLP**
Craig J. Mariam (*pro hac vice*)
Michael J. Dailey (*pro hac vice*)
Lara S. Garner (*pro hac vice*)
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
(213) 576-5000
cmariam@grsm.com
mdailey@grsm.com
lsgarner@grsm.com

*Counsel for Defendants Milliman Solutions, LLC, Milliman, Inc. d/b/a Milliman Intelliscript, and MEMBERS Life Insurance Company*

By: /s/ Christopher G. Dean
**McDonald Hopkins LLC**
Christopher G. Dean (*pro hac vice*)
Jeffrey S. Haut (*pro hac vice*)
Luke A. Davis (*pro hac vice*)
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
(216) 348-5400
cdean@mcdonaldhopkins.com
jhaut@mcdonaldhopkins.com
ldavis@mcdonaldhopkins.com

*Counsel for Defendant Sutter Health*

By: /s/ Michael G. Latiff
**McDonald Hopkins LLC**
Michael G. Latiff (*pro hac vice*)
Timothy J. Lowe (*pro hac vice*)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
(248) 646-5070
mlatiff@mcdonaldhopkins.com
tlowe@mcdonaldhopkins.com

**McDonald Hopkins LLC**
Jennifer W. Torrez (*pro hac vice*)
300 N. LaSalle Street, Suite 1400
Chicago, IL 60654
(312) 280-0111
jtorrez@mcdonaldhopkins.com

*Counsel for Defendant Corewell Health East*

By: /s/ Kari M. Rollins
**Sheppard, Mullin, Richter & Hampton LLP**
Kari M. Rollins (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112-0015
Tel: (212) 653-8700
krollins@sheppard.com

*Counsel for Defendants Delta Dental of California, Delta Dental of Pennsylvania, Delta Dental of New York, Inc., Delta Dental Insurance Company, and Delta Dental Plans Association*

By: /s/ Jeff Tsai
**DLA Piper LLP**
Jeff Tsai (*pro hac vice*)
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Tel: (415) 836-2500
jeff.tsai@us.dlapiper.com

*Counsel for Defendant Progress Software Corporation and Ipswitch, Inc.*

By: /s/ Paulyne Gardner
**Mullen Coughlin LLC**
Paulyne Gardner (*pro hac vice*)

426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Tel: (267) 930-4770
pgardner@mullen.law

*Counsel for Defendant Pension Benefit Information, LLC*

By: /s/ Amanda N. Harvey

**Mullen Coughlin LLC**
Amanda N. Harvey (*pro hac vice*)
Kayleigh J. Watson (*pro hac vice*)
1452 Hughes Road, Suite 200
Grapevine, TX 76051
Phone: (267) 930-1697
Fax: (267) 930-4771
aharvey@mullen.law
kwatson@mullen.law

*Counsel for Welltok, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

By: *<u>/s/ Heather Benzmiller Sultanian</u>*

Heather Benzmiller Sultanian