**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PGL |
| This Document Relates To:<br><br>ALL CASES | |

**BELLWETHER PLAINTIFFS' RESPONSE TO BELLWETHR DEFENDANTS' SUBMISSION OF SUPPLEMENTAL AUTHORITY TO ADDRESS COURT'S QUESTIONS AT ORAL ARGUMENT ON MOTION TO STRIKE ABANDONDED AND UNPLEADED INJURY THEORIES OR GRANT JUDGMENT ON THE PLEADINGS**

Plaintiffs file this response opposing Defendants' unauthorized and inappropriate submission of "supplemental authority," all of which predates, and therefore could have been included in, Defendants' motion to strike.[1] Briefing on the pending motion to strike is closed, and Defendants have again failed to comply with this Court's procedures. In particular, before filing this "additional paper" Defendants did not confer with Plaintiffs' counsel nor did they seek leave of Court. *See* Local Rule 7.1(b)(2) & (3). Instead, Defendants suggest that the Court gave them permission to file their submission because, during oral argument, the Court asked Defendants' counsel if she was aware of any existing precedent supporting her position. This was not an invitation for Defendants to file two additional pages of briefing. The Court allowed Defendants 15 pages of briefing in support of their motion to strike, Defendants should have

[1] Defendants cite to 6 cases decided in 2022, 2024, and 2025, and to one case decided in April 2026. In other words, the "newest" supplemental authority Defendants cite was decided approximately five months before Defendants filed their pending Motion to Strike (ECF No. 2100). Notices of supplemental authority "are commonly used in the federal court system to alert courts to *subsequent* decisions relevant to a pending motion," not to make additional arguments. *See Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 517 F. Supp. 3d 32, 33 (D. Mass. 2021) (citation omitted).

included within that brief whatever *existing* authority they believed best supported their argument. *See, e.g.*, *Woonasquatucket River Watershed Council v. U.S. Dep't of Agric.*, 186 F.4th 25, 42 n.10 (1st Cir. 2026) ("[A] party may not use [the supplemental authority rule] to raise new arguments that it failed to present in its briefs, and so, we do not consider this point further[.]") (internal citations omitted); *Buddenberg v. Est. of Weisdack*, 711 F. Supp. 3d 712, 762 (N.D. Ohio 2024) (explaining that a notice of supplemental authority "should not be treated as an invitation to subvert page limitations and submit additional briefing . . . A notice of supplemental authority 'should be used sparingly and for *new*, controlling case law—not for recently discovered case law, nor for arguments which the parties did not think to make [earlier].'") (quoting *General Elec. Co. v. Latin Am. Imports, S.A.*, 187 F. Supp. 2d 749, 752 (W.D. Ky. 2001).) (emphasis added, alteration in original).

Moreover, the authorities Defendants cite do not support their argument. Although Plaintiffs do not believe that this opposition allows them to respond at length and distinguish each of Defendants' "supplemental authorities," the cases cited by Defendants are not relevant here because they: are factually distinguishable; have little or no precedential value because they are from courts outside the First Circuit; and/or are contrary to binding First Circuit precedent.

For example, as discussed during oral argument (and unlike some of the precedents proffered by Defendants), when assessing standing in the context of a data breach, the First Circuit allows for an inference of concrete present and future harm for all class members where there has been actual misuse as to *some* members of a data breach class. *See Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365, 373 n.4 and 375-77 (1st Cir. 2023); MDL Order 19, 9-10 & 18-19. This fact makes the risk of future misuse foreseeable and concrete for similarly situated class members which, in turn makes current and future costs that may be incurred to

redress or mitigate that risk reasonable, foreseeable, and recoverable. *Id.*; *accord Sommerville v. Union Carbide Corp.*, 149 F.4th 408, 417-20 (4th Cir. 2025) (In an analogous situation where a Court was considering if exposure to an environmental toxin gave a plaintiff standing to recover for costs of medical monitoring in order to mitigate the possibility of future harm, the court applied *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), and found that the exposure materially increased the plaintiff's risk of future injury to the point that a qualified expert opined ongoing monitoring was necessary. Accordingly, the Court found the claimed future monitoring costs constituted actual and concrete injury.).

Finally, Defendants' argument that Plaintiffs' standing to recover monetary compensation for their impaired property rights and for mitigation costs turns on whether they have already incurred actual out-of-pocket losses and on when, how, or even if they might spend their recovery to mitigate their current or future risk is not the law. *See, e.g.*, *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287 (2008) (the redressability requirement for standing "focuses, as it should, on whether the *injury* that a plaintiff alleges is likely to be redressed through the litigation—not on what the plaintiff ultimately intends to do with the money he recovers.") (Emphasis in original).

DATED: November 11, 2026

By: */s/ Kristen A. Johnson*

Kristen A. Johnson (BBO# 667261)
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Square, 5th Floor
Boston, MA 02109
Tel: (617) 482-3700
Fax: (617) 482-3003
kristenj@hbsslaw.com

*Plaintiffs' Liaison & Coordinating Counsel*

By: */s/ E. Michelle Drake*
E. Michelle Drake
BERGER MONTAGUE, PC
1229 Tyler Street, NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5933
Fax: (612) 584-4470
emdrake@bm.net

By: */s/ Gary F. Lynch*
Gary F. Lynch
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
Gary@lcllp.com

By: */s/ Douglas J. McNamara*
Douglas J. McNamara
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Tel: (202) 408-4600
dmcnamara@cohenmilstein.com

By: */s/ Karen H. Riebel*
Karen H. Riebel
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 612-339-0981
khriebel@locklaw.com

By: */s/ Charles E. Schaffer*
Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
Fax: (215) 592-4663
cshaffer@lfsblaw.com

*Plaintiffs' Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: November 11, 2026

*<u>/s/ Kristen A. Johnson</u>*
Kristen A. Johnson (BBO# 667261)